# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 19-0125 (ABJ) |
| | ) | |
| GREGORY B. CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## SCHEDULING ORDER

After considering the matters discussed at the status conference held in this case on April 15, 2019 and the telephonic scheduling conference held on April 17, 2019, it is ORDERED that the following schedule shall apply:

| | |
|---|---|
| April 23, 2019 | The parties shall submit in writing their positions on the need for an order under Local Criminal Rule 57.7(c) and the need for a juror questionnaire.[1] |
| April 26, 2019 | The parties shall provide chambers with copies of the pleadings submitted to the Chief Judge in connection with the litigation of the attorney-client privilege issue, and defendant must notify the Court and the government whether he intends to seek to exclude any testimony on that basis. |
| May 10, 2019 | Defendant's **motion to dismiss**, see Fed. R. Crim. Proc. 12(B)(A) and (B), including any motions concerning defects in the prosecution or the indictment, and the government's **notice of its intention to introduce evidence under FRE 404(b)** are due. |
| May 31, 2019 | The government's opposition to any motions to dismiss, and defendant's opposition to any 404(b) evidence are due. |

---

1    This deadline was established at the April 15, 2019 status conference and set forth in the minute order entered on that date.  If the Court determines upon consideration of the parties' submissions and the circumstances of this case that a jury questionnaire is appropriate, the Court will set a schedule for the submission of proposed jury questions.

| June 7, 2019 | Replies in further support of any May 10 motions to dismiss and 404(b) notices are due. |
| June 10, 2019 | **Expert witness disclosures** are due. |
| June 24, 2019 | All **motions in limine** (filed by either side, including any motion to exclude a proposed expert or to exclude testimony on privilege grounds) are due. |
| July 10, 2019 | A **motions hearing** on the May 10 dispositive motions and notice concerning Rule 404(b) issues will be held at 10:00 a.m. |
| July 11, 2019 | Oppositions to the June 24 motions in limine are due. |
| July 18, 2019 | Replies in further support of the June 24 motions in limine are due. |
| July 22, 2019 | The parties' **joint pretrial statement** is due. |
| July 24, 2019 | The parties shall deliver paper and electronic copies of **exhibits** to chambers and to the deputy clerk in the formats specified below. |
| August 5, 2019 | The Court will hold the **pretrial conference** at 10:00 a.m. |
| August 12, 2019 | **Trial** will commence at 9:30 a.m. |

Given this compressed schedule, which the parties have considered and requested, the Court will not be inclined to grant any motions to extend the deadlines set forth above absent exigent circumstances.  Any motion for extension must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

### JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include:

a)      a concise **joint statement of the case** for the Court to read to prospective jurors;

b)      an **estimate of the number of days** the trial is anticipated to last;

c)      a list of all outstanding **motions in limine**;

2

d) **proposed *voir dire* questions** (which must be in the form of yes or no questions in accordance with the attached description of the Court's Criminal Voir Dire Procedure) that indicate:

    i. the *voir dire* questions on which the parties agree; and

    ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

e) **proposed jury instructions** that indicate:

    i. the instructions on which the parties agree; and

    ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority.

    iii. Any agreed or proposed instructions contained in the Standardized Criminal Jury Instructions for the District of Columbia must not be separately provided but should be identified by number. Any other proposed instructions must be provided to the Court in their entirety and should be formatted so that each individual jury instruction begins on a new page, with the source and supporting authority noted at the bottom of the page, followed by any objections and the grounds therefor.

f) **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

g) **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

h) **a list of exhibits** that each party intends to offer during trial **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, e.g., "hearsay," or "F.R.E. 403," without further argument;

    Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement. The exhibit list shall be a separate attachment to the Joint Pretrial Statement.

i) any **stipulations**, signed by counsel and the defendant;

j) a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

k)    **a proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson. The verdict form should also be a separate attachment to the Joint Pretrial Statement.

## EXHIBITS

Counsel for each party shall deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) and in a binder (or set of binders).  For the electronic copies, each exhibit should be saved as a separate PDF labeled by exhibit number and short description (for example: Def.'s Ex. 27, Email of 11/28/2006).  For the paper copies, exhibits within binders must be divided by numbered tabs, with a table of contents for each binder.  Binders may not be larger than three inches, and each must be labeled on both the front and the spine of the binder, with the name of the party, volume number, and the numbers of the exhibits found inside (for example: Defendant's Exhibits Vol. II, Exs. 28–52).  Counsel shall also deliver a second copy of the thumb drives to the deputy clerk.

**SO ORDERED**.


AMY BERMAN JACKSON
United States District Judge

DATE:  April 19, 2019

4

### Criminal Voir Dire Procedure

- The Court will read all of the voir dire questions and potential jurors will record the numbers of any questions to which they have answers on notecards provided by the Court.

- Jurors will all be moved and those who have indicated that they have answers will then provide their answers on a confidential, individual basis from the witness stand.  The Court will ask follow up questions and provide counsel with an opportunity to propose reasonable additional follow up.

- Once at least thirty-two jurors have been qualified, all other jurors will be excused. Jurors struck for cause will be excused at that time.

- The qualified jurors will be seated in the well of the courtroom in order of their juror numbers and will remain there throughout the process.

- The parties may use their strikes on any of the qualified jurors, not just the first twelve. The parties will alternate, and since the government is entitled to six strikes and defendant is entitled to ten, the striking will proceed as follows:

    > For the first four rounds, the government may strike one juror, and the defendant may strike two;
    > For rounds five and six, the government and the defendant may each exercise one strike.

- If one party passes – that is, chooses not to strike any of the qualified jurors seated in the courtroom – that party has signaled that it is satisfied with the entire panel, and it may not resume striking even if the other party has not yet exhausted its strikes.

-  If both parties pass in the same round, the process of selecting the 12 jurors will be over.

- Once both parties have passed or exhausted their strikes, the first twelve jurors remaining will be designated as the jury of twelve.  The jurors in positions thirteen and fourteen will be designated – to counsel and the Court -- as the alternates.

- The parties may then each exercise one strike for the alternates, with the government striking first.

- Any *Batson* challenges that have not been previously raised should be raised at this time.

- Once all process has been completed, the Court will seat the first fourteen qualified jurors.  The identity of the alternates will not be disclosed to the jurors.