# Exhibit 23

# IN THE
# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 12,813

ERNEST KING BRAMBLETT, *Appellant*

v.

UNITED STATES OF AMERICA, *Appellee*

Appeal from the United States District Court
for the District of Columbia

**APPENDIX**

2

Filed in Open Court June 17, 1953

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

(Grand Jury Impaneled on September 2, 1952, and Sworn in on September 3, 1952)

Criminal No. 971-'53
Grand Jury Original
Vio. 18 U.S.C. 1001

UNITED STATES OF AMERICA

v.

ERNEST KING BRAMBLETT

Indictment

COUNT ONE

In order to accomplish the purpose of a scheme, defendant Ernest King Bramblett, on or about August 27, 1949, as a member of Congress from the 11th District, State of California, presented to the Disbursing Office of the House of Representatives, in Washington, D. C., a Clerk-Hire Allowance form dated August 27, 1949, in which he designated Margaret M. Swanson to be a clerk to him in the discharge of his official and representative duties to take effect beginning September 1, 1949, said clerk to receive compensation at the basic rate of $4700.00 per annum. Defendant's purpose in the scheme was to convert to his own use the compensation authorized by this Clerk-Hire Allowance form to be paid to Margaret M. Swanson.

Defendant Bramblett, having so presented said Clerk-Hire Allowance form, did, on or about June 30, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely

714

3

the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including June 30, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during June, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation as such, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

COUNT TWO

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about July 31, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including July 31, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during July, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

COUNT THREE

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about August 31, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the

715

4

aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including August 31, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson 716 during August, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

### Count Four

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about September 29, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including September 29, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during September, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

### Count Five

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about October 31, 1950, within the District of Columbia, in a matter within the jurisdiction of a

5

department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including October 31, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during 717 ing October, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

### Count Six

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about November 30, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including November 30, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during November, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

### Count Seven

Defendant Bramblett, having presented, as alleged in Count One, the Clerk-Hire Allowance form described therein, did, on or about December 20, 1950, within the

6

District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including December 20, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Margaret M. Swanson during December, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Margaret M. Swanson was not such a clerk, as defendant well knew.

### COUNT EIGHT

On or about November 1, 1950, defendant Bramblett, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsified by a scheme a material fact. To accomplish the purpose of the scheme, the defendant, as a member of Congress from the 111th District, State of California, presented to the Disbursing Office of the House of Representatives, in Washington, D. C., a Clerk-Hire Allowance form dated November 1, 1950, in which he designated Olga Hardaway to be a clerk to him in the discharge of his official and representative duties to take effect beginning November 1, 1950, said clerk to receive compensation at the basic rate of $2,200.00 per annum. Defendant's purpose in the scheme was to convert to his own use the compensation authorized by this Clerk-Hire Allowance form to be paid to Olga Hardaway. The material fact falsified by the scheme was the designation of the said Olga Hardaway to be such clerk beginning November 1, 1950, the true fact being that defendant did not then intend the said Olga Hardaway then to begin to be such a clerk.

7

### COUNT NINE

Defendant Bramblett, having presented, as alleged in Count Eight, the Clerk-Hire Allowance form described therein, did, on or about November 30, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including November 30, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during November, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

### COUNT TEN

The allegations of Count Eight are repeated here but charge the offense on or about December 1, 1950, by the presentation by defendant Bramblett of a Clerk-Hire Allowance form, undated, designating Olga Hardaway to succeed herself to take effect beginning December 1, 1950, and to receive compensation at the basic rate of $600 per annum. The material fact falsified by the scheme was the designation of the said Olga Hardaway to be such a clerk beginning December 1, 1950, to succeed herself, the true fact being that the said Olga Hardaway was not then such a clerk so intended by defendant to begin such work at the stated compensation.

### COUNT ELEVEN

Defendant Bramblett, having presented, as alleged in Count Ten, the Clerk-Hire Allowance form described

therein, did, on or about December 20, 1950, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including December 20, 1950, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during December, 1950, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

### Count Twelve

The allegations of Count Eight are repeated here but charge the offense on or about January 1, 1951, by the presentation by defendant Bramblett of a Clerk-Hire Allowance form, dated January 1, 1951, designating Olga Hardaway to succeed herself to take effect beginning January 1, 1951, and to receive compensation at the basic rate of $800 per annum. The material fact falsified by the scheme was the designation of the said Olga Hardaway to be such a clerk beginning January 1, 1951, to succeed herself, the true fact being that the said Olga Hardaway was not then such a clerk so intended by defendant to begin such work at the stated compensation.

### Count Thirteen

Defendant Bramblett, having presented, as alleged in Count Twelve, the Clerk-Hire Allowance form described therein, did, on or about January 31, 1951, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of

8

---

Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including January 31, 1951, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during January, 1951, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

### Count Fourteen

Defendant Bramblett, having presented, as alleged in Count Thirteen, the Clerk-Hire Allowance form described therein, did, on or about February 28, 1951, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including February 28, 1951, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during February, 1951, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

### Count Fifteen

The allegations of Count Eight are repeated here but charge the offense on or about March 1, 1951, by the presentation by defendant Bramblett, of a Clerk-Hire Allowance form, undated, designating Olga Hardaway to succeed herself to take effect beginning March 1, 1951, and to receive compensation at the basic rate of $100 per annum. The material fact falsified by the scheme was the designa-

9

10

tion of the said Olga Hardaway to be such a clerk beginning March 1, 1951, to succeed herself, the true fact being that the said Olga Hardaway was not then such a clerk so intended by defendant to begin such work at the stated compensation.

### COUNT SIXTEEN

Defendant Bramblett, having presented, as alleged in Count Fifteen, the Clerk-Hire Allowance form described therein, did, on or about March 30, 1951, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including March 30, 1951, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during March, 1951, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

### COUNT SEVENTEEN

The allegations of Count Eight are repeated here but charge the offense on or about April 1, 1951, by the presentation by defendant Bramblett of a Clerk-Hire Allowance form, dated April 1, 1951, designating Olga Hardaway to succeed herself and Janet Dunnett to take effect beginning April 1, 1951, and to receive compensation at the basic rate of $800 per annum. The material fact falsified by the scheme was the designation of the said Olga Hardaway to be such a clerk beginning April 1, 1951, to succeed herself and Janet Dunnett, the true fact being that the said Olga Hardaway was not then such a clerk so intended by defendant to begin such work at the stated compensation.

722

11

### COUNT EIGHTEEN

Defendant Bramblett, having presented, as alleged in Count Seventeen, the Clerk-Hire Allowance form described therein, did, on or about April 30, 1951, within the District of Columbia, in a matter within the jurisdiction of a department and agency of the United States, namely the aforementioned Disbursing Office of the House of Representatives, knowingly and wilfully falsify by a scheme a material fact, by knowingly and wilfully continuing in full force and effect up to and including April 30, 1951, the designation contained in said document. The material fact falsified by the scheme was the representation by that designation that the said Olga Hardaway during April, 1951, was a clerk to defendant in the discharge of his official and representative duties and entitled to receive compensation, the true fact being that the said Olga Hardaway was not such a clerk, as defendant well knew.

723

LEO A. ROVER
*United States Attorney in and
for the District of Columbia*

A TRUE BILL:
THADDEUS U. SANDIFER
(*Deputy*) Foreman.

724

\*     \*     \*     \*     \*     \*     \*

Filed July 27, 1953

### Motion to Dismiss Indictment

Comes now the defendant by his attorney and respectfully moves this Court to dismiss the indictment herein for the following reasons:

1. The grand jury which indicted this defendant was invalidly constituted in that a qualified class of jurors was intentionally and systematically excluded from the panel. The Jury Commission for the District of Columbia, intentionally and systematically excluded from the grand jury