UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

GREGORY B. CRAIG,

*Defendant.*

Case No. 1:19-cr-0125 (ABJ)

## DEFENDANT'S UNOPPOSED MOTION TO UNSEAL FILING

With the Court's permission, the government has disclosed "all grand jury transcripts" to the defense in discovery. ECF No. 24 at 1. Defendant Gregory B. Craig drew extensively from these transcripts in his Motion to Dismiss Count One, filed on May 10, 2019. *See* ECF No. 19 at 13–19, 25–27. Out of an abundance of caution, Mr. Craig redacted the portions of his Motion that referenced grand jury material and filed all exhibits containing grand jury material under seal. *See* ECF No. 18 at 1. But Mr. Craig and his counsel are not subject to any obligation of secrecy regarding proceedings before the grand jury. *See* Fed. R. Crim. P. 6(e)(2)(A)–(B). Mr. Craig hereby moves for an order lifting the seal on the unredacted version of his Motion to Dismiss Count One (ECF No. 18-1).[1]

### ARGUMENT

Federal Rule of Criminal Procedure 6(e) imposes certain obligations of secrecy regarding grand jury records, including with respect to the disclosure of grand jury records in related court

---

[1] The government does not oppose unsealing the unredacted version of Mr. Craig's Motion to Dismiss. However, the government has requested that the transcripts attached as exhibits to that Motion remain under seal at this time so as to avoid exposing them to potential witnesses or jurors. Although Mr. Craig does not believe that Rule 6(e) precludes him or his counsel from disclosing the underlying transcripts in a public court filing, he does not seek to unseal the transcripts at this time.

proceedings.  *See* Fed. R. Crim. P. 6(e)(5)–(6); *see also In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499–500 (D.C. Cir. 1998).  In particular, Rule 6(e)(6) requires that "[r]ecords . . . relating to grand jury proceedings must be kept under seal," but "only 'to the extent and as long as necessary to prevent the *unauthorized* disclosure' of such matters."  *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (emphasis added) (quoting Fed. R. Crim. P. 6(e)(6)).  Therefore, if the use of grand jury material in a court filing would not amount to an "unauthorized" disclosure under Rule 6(e), then the filing should not be sealed or redacted pursuant to Rule 6(e)(6).  Such a court filing is instead governed by the First Amendment "general right of access to court proceedings and court documents," under which court documents must be disclosed to the public "unless there are compelling reasons" for public access to be denied.  *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991).

Rule 6(e) lists certain "persons" who "must not disclose" grand jury matters, Fed. R. Crim. P. 6(e)(2)(B), but criminal defendants and their lawyers are not on the list.  *See id.*  The Rule makes clear that the list is exhaustive: "No obligation of secrecy may be imposed on any person except" as specified on the list.  *Id.* 6(e)(2)(A).  Once the government discloses grand jury material to a criminal defendant, subsequent disclosures of the material by the defendant are not forbidden under Rule 6(e)(2)(B), and thus Rule 6(e)(6) does not require that court filings be sealed or redacted to prevent such disclosures.[2]

For example, in *United States v. Akinyoyenu*, Criminal No. 1:15-cr-00042-JEB (D.D.C., filed Mar. 26, 2015), after the government provided grand jury transcripts to the defense in discovery, *id.* ECF No. 17 at 1, the defendant quoted extensively from those transcripts in an unredacted motion to dismiss the indictment that was filed on the public docket, *id.* ECF No. 56

---

[2] Notably, Rule 6(e) prohibits secondary disclosures by certain specified recipients of grand jury material, but not criminal defendants or defense counsel.  *See* Fed. R. Crim. P. 6(e)(2)(B)(vii).

at 4–9.  Judge Boasberg, in turn, quoted several of the same passages in an unredacted opinion ruling on the motion.  *See United States v. Akinyoyenu*, 199 F. Supp. 3d 34, 35–36 (D.D.C. 2016); *see also, e.g.*, *United States v. Stevens*, 771 F. Supp. 2d 556, 564–65 (D. Md. 2011); *United States v. Naegele*, 367 B.R. 15, 17–18 (D.D.C. 2007).  Similarly, the Supreme Court has long recognized that, when the government provides grand jury material to the defense "to impeach a witness" or "to test his credibility," "the secrecy of the [grand jury] proceedings is lifted discretely and limitedly."  *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 & n.7 (1958) (citing *Jencks v. United States*, 353 U.S. 657 (1957)).  Of course, Jencks material is frequently used in open court.

In this case, the government sought permission to disclose grand jury material to the defense, which the Court granted.  Apr. 15, 2019 Hrg. Tr. 23; *see also* Fed. R. Crim. P. 6(e)(3)(E)(i) ("The court may authorize disclosure . . . of a grand jury matter . . . in connection with a judicial proceeding.").  Now that the government has disclosed grand jury testimony to Mr. Craig, that testimony is no longer subject to the secrecy requirements of Rule 6(e), and thus it should not be redacted under Rule 6(e)(6).  The Court's grant of permission for the grand jury transcripts to be disclosed to the defense can be "subject to any . . . conditions that [the Court] directs."  Fed. R. Crim. P. 6(e)(3)(E)(i).  But Mr. Craig respectfully submits that there is no reason for the Court to limit the government's disclosure to Mr. Craig and his counsel only, rather than to the public, especially given the First Amendment "general right of access to court proceedings and court documents."  *Washington Post*, 935 F.2d at 287.

## CONCLUSION

The public has a right of access to the unredacted version of Mr. Craig's Motion to Dismiss Count One. Mr. Craig respectfully asks the Court to unseal that filing.

Dated: May 17, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 17, 2019, the foregoing was served on counsel of record via the Court's CM/ECF Service.

                                                  */s/ Ezra B. Marcus*
                                                  Ezra B. Marcus

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

*v.*

**GREGORY B. CRAIG**,

*Defendant.*

Case No. 1:19-cr-0125 (ABJ)

**[PROPOSED]
ORDER**

Upon consideration of Defendant Gregory B. Craig's Unopposed Motion to Unseal Filing, it is hereby

**ORDERED** that the Motion is **GRANTED**. The Clerk of Court is directed to unseal the unredacted version of Defendant's Motion to Dismiss Count One, ECF No. 18-1.

Dated: _____        _____
                                      AMY BERMAN JACKSON
                                      United States District Judge