# Exhibit 15

**From:** Craig, Gregory B (WAS) [/O=SKADDEN/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GCRAIG]
**Sent:** Saturday, June 23, 2012 12:12 AM
**To:** Ettinger, Mitchell S (WAS) [Mitchell.Ettinger@skadden.com]
**Subject:** manafort memo
**Attachments:** was1-1195424-1.doc

MEMORANDUM

To:      Mitch Ettinger
From:    Greg Craig
Subject: Andrea Manafort
Date:    June 21, 2012

You have asked me to draft a memorandum setting forth the reasons why I recommend offering Andrea Manafort a position as Associate in the Litigation Group of the Washington, D.C. office. I myself would make her an offer for reasons that I outline below, but a group of six partners and associates also interviewed Andrea. Five of the six concluded that she should either "definitely receive an offer, or that she should be given "strong consideration."

Andrea just graduated from Georgetown Law School. Her transcript is attached. She is spending this summer preparing for and taking the D.C. Bar. She would be available to start work either in the Fall or in January 2013, if that is more convenient for the firm.

In the ordinary recruiting cycle -- interviews, summer associate status, offer of employment, *etc.* -- she is out of step with others in her class through no fault of her own. Last Summer, she worked for Dewey LeBeouf in New York City. Dewey gave her an offer of employment, to begin work as an associate this coming Fall. She accepted and made plans accordingly. Needless to say, Dewey's collapse has pulled the rug out from under her personally and professionally. She now wants to practice in DC, and she very much wants to work at Skadden.

How did Andrea Manafort come to my attention? In recent months, her father and I have been working very closely on a large matter that he brought to the firm. (His project has been keeping four partners and four associates busy for the past three months.) He explained Andrea's situation to me and asked if his daughter could come to me for advice. It was a perfectly natural request, and I agreed to talk to her.

I did interview Andrea and came away thinking four things: (1) Andrea is very personable and engaging, an agreeable and charming young woman. She would be a strong member of any team. (2) Andrea is also very smart and, more than that, she has extraordinary people/communication

1

skills.  (All six of the Skadden interviewers gave her a grade of "Very Good" in the "Communication Skills" category.)  (3)  She is also one ambitious young lady.  She will work hard to succeed here.  (4)  If she had come to Skadden as a summer associate, I feel pretty confident that she would have been offered a job here.

It was my idea to bring her into the firm for interviews, and I cautioned her not to get her hopes up.  The interviewers found her to be "an easy-going personality . . . very mature and capable . . . very motivated . . . a good fit . . . personable  . . . and with good experience."  Some of the interviewers worried about her grades being "a little lower than we like."  One of her most enthusiastic supporters wrote, "[H]er transcript doesn't blow me away . . . That's my basis for 'strong consideration' rather than 'definite offer'."

My own thoughts on this point are these:  (1) Her third year at Georgetown is what brings down her GPA; and (2) Andrea may have let down a bit in that year thinking (understandably) that her career was secure and she could take it easy.

I guess the final factor here involves future business.  Her father, Paul Manafort, is thrilled with the firm's performance for him and his clients, and he will likely refer significant business to us in the future.  That likelihood becomes a certainty if we have Andrea working here.

In sum, I recommend that we give Andrea an offer.  My prediction is that she will do very well here, that she will be a fast learner and that she will be well-liked.  I think there is virtually no chance that she will disappoint, but if she does -- for whatever reason -- there is nothing to prevent us from giving her a very early warning.

Thank you for the chance to make the case.

2

3

Confidential Treatment Subject to Rule 6(e)

SAU 158271
USA-REL-0158475