**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| *v.* | **Case No. 1:19-cr-0125 (ABJ)** |
| **GREGORY B. CRAIG**, | |
| *Defendant.* | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

The government chose to prosecute a concealment scheme under 18 U.S.C. § 1001(a)(1), rather than a false statements case under § 1001(a)(2), and so the grand jury did not need to find that any particular statement was false and material.  But if Count One is to proceed (in whole or in part) on the theory that it rests on affirmative false statements, then the government should be required to specify exactly which statements are alleged to be false, and why.  Mr. Craig's Motion for a Bill of Particulars ("Mot."), ECF No. 17, does not seek "every detail of the government's evidence," nor is it "simply an attack on the merits of the government's case." Gov't Opp'n to Def.'s Mot. for Bill of Particulars ("Opp'n"), ECF No. 24 at 1.  Mr. Craig's motion makes a simple point: if the government truly believes this is a straightforward false statements case, then it should be required to identify with precision what the alleged false statements are.

**LEGAL STANDARD**

A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant . . . to prepare a defense." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  Mr. Craig's argument is not based on a "special

exception" for false statement cases, as the government contends, *see* Opp'n at 6, but on the general principle that the type of offense charged matters in determining how much "precision" is needed "to prepare a defense." *Butler*, 822 F.2d at 1193.

In a case charged under 18 U.S.C. § 1001 based on affirmative statements (and, again, we assume for purposes of this Motion that this prosecution is based, at least in part, on affirmative statements), the specific statements at issue are the heart of the case. Falsity and materiality are essential elements of the offense, *see, e.g.*, *United States v. Pickett*, 353 F.3d 62, 66–67 (D.C. Cir. 2004), and a defendant cannot effectively defend against those elements – nor can a jury evaluate them – without knowing exactly which statements are alleged to be false and material, and why. That is why "[t]he government must provide information as to exactly what the false statements are [and] what about them is false." *United States v. Trie*, 21 F. Supp. 2d 7, 21–22 (D.D.C. 1998); *accord United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006).

## ARGUMENT

There are several deficiencies in the government's Opposition. Paragraph 50.b alleges that documents "drafted" by Mr. Craig constitute part of the "manner and means" of the charged scheme offense. Mr. Craig is alleged to have "drafted" four different documents during the period of the charged scheme, of which two – the documents referenced in Paragraphs 59 and 60 – were circulated only internally within Skadden. *See* Indictment ¶¶ 56, 59, 60, 62. In his Motion, Mr. Craig requested that the government specify whether the two internal documents are alleged to be part of the "manner and means" of the scheme. Mot. at 6. The government responded by listing all four documents that Mr. Craig drafted, including the ones referenced in Paragraphs 59 and 60. *See* Opp'n at 8–9. But elsewhere in its Opposition, the government states that the internal drafts in Paragraphs 59 and 60 "themselves do not constitute crimes" and are

merely "background" to the meeting with the FARA Unit that occurred on October 9, 2013. *Id.* at 11. If the government stipulates that these internal communications – which were never sent to the FARA Unit – cannot constitute elements of the charged offense, then the "manner and means" allegation in Paragraph 50.b has been appropriately limited and clarified. Otherwise, a bill of particulars is needed.

As to Paragraph 56, which assembles an undifferentiated list of alleged "material false and misleading statements and omissions" in Mr. Craig's letter of June 3, 2013, Mr. Craig asked that the government specify which alleged statement falls in which category. Mot. at 7–8. The government's response is that the distinction does not matter, because "its burden [is] to simply plead that the Defendant made a materially false *statement or omission* to the FARA Unit." Opp'n at 10–11 (emphasis added). The government's refusal to identify any alleged false statements in Paragraph 56 only serves to underscore what Mr. Craig pointed out in his Motion to Dismiss Count One: "To understand what the government believes is wrong with the listed statements, one must read them in tandem with the *omitted* facts listed in Paragraph 63." ECF No. 19 at 12 (emphasis added). If this is to be a case about affirmative false statements, then the government should be required to specify which statements are alleged to be false, and what makes them false.

As to Paragraph 61, Mr. Craig requested that the government specify exactly what he is alleged to have said during the meeting on October 9, 2013 that was false and, if the alleged false statement was in response to a question, the language of the question. Mot. at 8–11. Paragraph 61 alleges that Mr. Craig "claimed that his media contacts were solely reactive and for the purpose of correcting misinformation," and in its Opposition, the government states that "witnesses can testify" that Mr. Craig made this "claim[]" during the meeting. Opp'n at 12. But

the FBI 302s and grand jury transcripts provided in discovery reveal that no witness present at the October 9 meeting recalls the "solely reactive" formulation exactly as it is alleged in the Indictment.  If the government intends to commit itself to that exact language with no witness to back it up, then so be it; that will present an issue regarding "the sufficiency of the evidence at trial," as the government suggests.  Opp'n at 11.  But the government is apparently unwilling to limit itself to *any* exact language because the only thing the witnesses can specifically remember about the October 9 meeting is what was *not* said.  *See id.* at 12 (suggesting that the Court consult the list of ten omissions in Paragraph 63 "for additional context" on Mr. Craig's alleged "false and misleading statements and omissions" made during the October 9 meeting).  The government should be required to specify "exactly" what false statements Mr. Craig is alleged to have made during that meeting.  *See Trie*, 21 F. Supp. 2d at 21–22.

With respect to Paragraph 65, Mr. Craig has moved separately to strike that allegation as prejudicial "surplusage."  ECF No. 21.  But Paragraph 65 also lacks specificity, alleging only that, in an interview by the Special Counsel's Office (SCO) four years after his meeting with the FARA Unit, Mr. Craig "repeated *certain* of the false and misleading statements he had made to the FARA Unit concerning the timing and nature [of] his contacts with journalists about the Report."  Indictment ¶ 65 (emphasis added).  In its Opposition, the government quotes two passages from an FBI 302 from the SCO interview.  Opp'n at 12–13.  Assuming those are the only alleged "false and misleading statements" from the SCO interview, the government has provided the necessary particulars.  If Paragraph 65 is not stricken and evidence of the SCO interview is admitted at trial, the defense will demonstrate that the quoted portions of the FBI 302 do not reflect any false statement by Mr. Craig.

Finally, the government repeatedly emphasizes the voluminous discovery that it has provided in this case. *See* Opp'n at 4 ("over one million pages of documents"); *see also id.* at 1, 5, 7, 11, 13–14. But "it is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided." *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011); *accord Anderson*, 441 F. Supp. 2d at 19; *Trie*, 21 F. Supp. 2d at 21 n.12.

The government's primary answer to these cases is to cite the D.C. Circuit's statement that a bill of particulars is not required "if the requested information is available in some other form." Opp'n at 6–7 (quoting *Butler*, 822 F.2d at 1193). But in *Butler*, the "requested information" was not buried among millions of pages provided in discovery, but rather was presented plainly in the government's response to a motion for a bill of particulars, which "furnished essentially the information that [the defendant] had requested." 822 F.2d at 1194. In that circumstance, and in light of the deferential standard of review for orders granting or denying a bill of particulars, the Court of Appeals "c[ould] not say that the district court abused its discretion." *Id.* The situation is entirely different here where, if the Court denies the Motion to Dismiss Count One on the theory that the Indictment alleges affirmative false statements, Mr. Craig will be facing trial on a false statement theory despite the government's failure to specify with precision the false statements that he is alleged to have made.

Almost all of the government's other cases were conspiracy prosecutions in which a defendant requested a bill of particulars identifying the alleged co-conspirators, listing all overt acts involved, or providing other details of the conspiracy.[1] These cases were governed by "the

---

[1] *See United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 178–79 & n.5 (D.D.C. 2015); *United States v. Savoy*, 889 F. Supp. 2d 78, 114–16 (D.D.C. 2012); *United States v. Sanford*, 841 F. Supp. 2d 309, 314–15 (D.D.C. 2012); *United States v. Martinez*, 764 F. Supp. 2d 166, 173–74

general rule in conspiracy cases . . . that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Sanford*, 841 F. Supp. 2d at 317.

The government's only case involving false statements—*United States v. Han*, 280 F. Supp. 3d 144 (D.D.C. 2017)—is also not on point.  The defendant in *Han* was charged with making false statements as part of a securities fraud offense, and the indictment both specifically identified the content of the alleged false representations and explained what made them false. *See United States v. Han*, Case No. 15-cr-00142-JEB, Superseding Indictment, ECF No. 32, ¶¶ 11–14.  The defendant was alleged to have made those same false representations in many different communications to investors, and he requested a bill of particulars to clarify which communications were at issue.  *United States v. Han*, Mot. for Bill of Particulars, ECF No. 39, at 10.  Given that complaint, the government was able to clear up any ambiguity by pointing to specific documents that it had highlighted during a reverse proffer session, in a statement of offense in support of a proposed plea agreement, and in the response to the motion for a bill of particulars.  *United States v. Han*, Gov't Opp'n to Mot. for Bill of Particulars, ECF No. 52, at 9–16; *see also Han*, 380 F. Supp. 3d at 149.  Here, the problem with the Indictment is not that it fails to state which documents are at issue, but rather that it fails to specify *what statements are alleged to be false, and why.*

(D.D.C. 2011); *United States v. Brodie*, 326 F. Supp. 2d 83, 91–92 (D.D.C. 2004); *United States v. Ramirez*, 54 F. Supp. 2d 25, 29–31 (D.D.C. 1999).

## CONCLUSION

The government complains that identifying specific alleged false statements will "only serve[] to limit the government's proof at trial to the facts included in the bill of particulars." Opp'n at 7; *see also id.* at 13 (arguing that Mr. Craig "seeks . . . to tie the government's hands at trial in terms of its presentation of evidence"). Respectfully, that is the point of a bill of particulars. If the government truly believes it has properly alleged a straightforward false statements case (notwithstanding the fact that the grand jury did not return a charge under 18 U.S.C. § 1001(a)(2)), then it should not be afraid to put its cards on the table. Mr. Craig seeks an order requiring the government to produce a bill of particulars specifying the statements that are alleged to be false, consistent with the information sought in Mr. Craig's Motion.

Dated: May 21, 2019                                Respectfully submitted,


                                                   */s/ William W. Taylor, III*
                                                   William W. Taylor, III (D.C. Bar No. 84194)
                                                   Ezra B. Marcus (D.C. Bar No. 252685)
                                                   ZUCKERMAN SPAEDER LLP
                                                   1800 M Street N.W. Suite 1000
                                                   Washington, D.C. 20036
                                                   Tel: (202) 778-1800
                                                   Fax: (202) 822-8106
                                                   Email: wtaylor@zuckerman.com
                                                   Email: emarcus@zuckerman.com

                                                   William J. Murphy (D.C. Bar No. 350371)
                                                   Adam B. Abelson (D.C. Bar No. 1011291)
                                                   ZUCKERMAN SPAEDER LLP
                                                   100 East Pratt Street, Suite 2440
                                                   Baltimore, MD 21202
                                                   Tel: (410) 332-0444
                                                   Fax: (410) 659-0436
                                                   Email: wmurphy@zuckerman.com
                                                   Email: aabelson@zuckerman.com

                                                   *Attorneys for Defendant Gregory B. Craig*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 21, 2019, the foregoing Defendant's Motion for a Bill of Particulars was served on counsel of record via the Court's CM/ECF service.

    /s/ *Ezra B. Marcus*        
Ezra B. Marcus
