**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Crim. Action No. 19-0125 (ABJ) |
| GREGORY B. CRAIG, | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of defendant's Motion for a Bill of Particulars [Dkt. # 17] ("Mot. BOP"), the Opposition [Dkt. # 24] ("Opp."), the Reply [Dkt. # 28], and a thorough review of the indictment in this case [Dkt. # 1], the motion will be denied in part and granted in part.

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Rule 7(f) authorizes the court to direct the government to file a bill of particulars, and the defendant may request such relief, "to ensure that the charges brought against [him] are stated with enough precision to allow [him] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). But the D.C. Circuit and the courts in this district have emphasized that "'if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars' is generally not justified." *United States v. Han,* 280 F. Supp. 3d 144, 148–49 (D.D.C. 2017), quoting *Butler*, 822 F.2d at 1193; *see also Han,* 280 F. Supp. 3d at 149 ("A bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case.");

*United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004), quoting *Overton v. United States,* 403 F.2d 444, 446 (5th Cir.1968) ("It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial.").

The Court has reviewed the indictment closely with these principles in mind. The sixty-seven-paragraph indictment in this case is extremely detailed and specific, and it quotes not only the particular statements made in submissions to the Department of Justice in 2013 that are alleged to be false and misleading, *see e.g.*, Indictment [Dkt. # 1] ¶¶ 56, 62, but also the emails and documents generated in connection with the December 2012 activities at issue that are alleged to be inconsistent with those statements. *See* Indictment ¶¶ 36–41. Indeed, the fact that the charging document and the discovery that has been provided have supplied the defendant with sufficient information to place him on notice of the allegations against him and to enable him to prepare his defense is apparent from the face of the motion itself. *See, e.g.*, Mot. BOP at 6 (defendant identifies the specific emails involved when he describes the deficiency of the allegation in ¶ 50.b that he "drafted false and misleading descriptions of his media contacts . . . for distribution within the Law Firm…."). Also, one can hardly conclude from the motion that the defendant has been left in the dark about the charges against him, since the highly argumentative pleading is largely an attack on the legal underpinnings and factual merits of the prosecution.

Defendant objects to language in paragraphs 50.b, 52, 56, 61, and 65 of the Indictment. Paragraph 50 lists some of the "manner and means" by which the defendant allegedly carried out the scheme alleged in paragraph 49 "to avoid registration as an agent of the Ukraine," and, as noted above, there is no lack of clarity as to what is meant by paragraph 50.b: "Craig drafted false and misleading descriptions of his media contacts, in particular his contacts with Reporter 1

and Reporter 2, for distribution within the Law Firm and to the FARA Unit." Indictment ¶ 50.b. Paragraph 52 alleges: "Under FARA, when responding to the FARA Unit's inquiries, CRAIG had a duty to provide material information and not to willfully make misleading statements or omit material facts." Indictment ¶ 52. Defendant submits that the government "should identify each instance when Mr. Craig should have provided material information to the FARA Unit and failed to do so, what specific omitted material information should have been provided on that occasion, and what provision of law obligated him to provide him with that information." Mot. BOP at 7. But the indictment identifies each meeting or communication by date, alleged omissions are clearly itemized in paragraph 63, and the defense has been provided with the correspondence or reports of witness interviews describing the meetings in question. Opp. at 8. While the government may well be required to identify the source of any duty to disclose it alleges was violated, either in connection with the defendant's motion to dismiss or at a later point in the proceedings, the omission of that information from the indictment does not offend Rule 7(c)(1).

With respect to paragraph 56, a very specific list of alleged material false statements and omissions, the defendant asks the Court to require the government to specify "which of these statements is alleged to be false, which is misleading, what if any material fact was omitted, and what duty required disclosure of that material fact." Mot. BOP at 8 ("[I]t is impossible to discern what if any statement is allegedly false and what if any statement is alleged to be misleading, and whether there is a meaningful difference between the two.").[1] The defense does not cite any authority for the proposition that it is entitled to receive the answer to that question at this time,

---

1 Similarly, with respect to ¶50(b), the defendant also contends that "[t]he government should state precisely which written statements drafted by Mr. Craig were false and which were misleading in violation of U.S.C. §1001 (a)(1)." Mot. BOP at 6.

and the Court does not find paragraph 56 of the indictment to be insufficient, particularly given the detailed nature of that paragraph and availability of the list of alleged omissions that appears in paragraph 63. *See United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) ("A bill of particulars is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence.").

The Court does agree, though, that the indictment lacks the necessary specificity in a few of instances complained about in the motion. On page 8, defendant points to language in the fourth of the allegations he challenges, paragraph 61 of the indictment: "On or about October 9, 2013, . . . [defendant] made false and misleading statements to the FARA Unit that were consistent with the misleading statements he had made to the Law Firm's General Counsel orally and in writing on or about September 19 and 20, 2013." Mot. BOP at 8. Paragraph 61 goes on to say, "[i]n particular, CRAIG claimed that his media contacts were solely reactive and for the purpose of correcting information." *Id.* So while this paragraph obviously does have some particularity, the government must inform the defendant what additional statements made on October 9, 2013, if any, are alleged to have been false and misleading. Similarly, with respect to the fifth allegation identified, paragraph 65 of the indictment, the government must specify the statements referred to in the allegation that on or about October 19, 2017, in a meeting with the Special Counsel's office, the defendant "repeated certain of the false and misleading statements he had made to the FARA Unit." *Id.* at 11.

The government must supply the defendant with this information by May 28, 2019. All other requests for particularization are hereby denied.

SO ORDERED.

AMY BERMAN JACKSON
United States District Judge

DATE: May 21, 2019