UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                 *v.*<br><br>GREGORY B. CRAIG,<br><br>                 *Defendant.* | Case No. 1:19-cr-0125 (ABJ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PARAGRAPH 65 OF THE INDICTMENT AS SURPLUSAGE**

      The government has not charged an offense based on Mr. Craig's alleged statements to the Special Counsel's Office ("SCO") during his 2017 interview, as alleged in Paragraph 65 of the Indictment. The government also concedes that Paragraph 65 of the Indictment, although alleged as part of the "Execution of the Scheme," does not describe any part of the offense actually charged in Count One; it relates to a time years after the "scheme" alleged in Count One had ended. Gov't Opp. to Def.'s Mot. to Strike ("Opp."), ECF No. 33, at 4–5. The government even hedges as to whether it plans to offer evidence in support of that allegation at all. *See id.* at 6 (explaining how the government would establish the alleged 2017 statements "should the government elicit evidence at trial in support of paragraph 65"). There was no reason for the government to include Paragraph 65 in the Indictment other than to tar Mr. Craig.

      The government's admission that Paragraph 65 is not part of the charged offense in Count One means that the alleged statements in Paragraph 65 are "other acts" that should be evaluated under Federal Rule of Evidence 404(b). The inclusion of Paragraph 65 in the Indictment appears to have been an end-run around the notice-and-objection procedure for evidence subject to that Rule.

Evidence related to Paragraph 65 should be subject to the full strictures of Rule 404(b) and the balancing test mandated by Rule 403. *See United States v. Brown*, 597 F.3d 399, 406 (D.C. Cir. 2010). It is doubtful that evidence related to the SCO interview can meet those tests, given the minimal probative value of evidence of different statements made almost four years later to different people in response to different questions in a different context. There is also a high likelihood of prejudice and juror confusion. It will be difficult enough for the jury to determine precisely what questions were asked and exactly what answers were given at the 2013 meeting that is the subject of Count One. Complicating that process by asking the jury to dissect and compare a different set of questions and answers from a different meeting years later asks too much.

There will also be significant factual disputes about what was said at the 2017 SCO interview. For example, the government claims that Mr. Craig stated during the SCO interview that he "did not have any knowledge or insight about how Ukraine would release or 'roll out' the Report." Opp. at 4. But in the FBI 302 of the SCO interview, Mr. Craig discusses at length his knowledge that Ukraine had engaged a public relations firm to craft a strategy for the roll-out of the report worldwide, that the public relations firm had created media plans as part of that strategy, and his objections to being involved in the activities contemplated by those plans. The 302 also includes his ready acknowledgement that he made contact with David Sanger of the New York Times after Jonathan Hawker of the public relations firm initiated contact with Mr. Sanger. It is simply not credible to transmute that discussion into an allegation that Mr. Craig stated he "did not have *any knowledge or insight*" about Ukraine's roll-out of the Report. *Id.* (emphasis added).

Although the government asks the Court to defer a ruling on the admissibility of evidence in support of Paragraph 65, *see* Opp. at 4, at times the government appears to suggest that the inclusion of Paragraph 65 in the Indictment somehow bears on the admissibility of evidence of the SCO interview. *See id.* at 2 ("If the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).") (citation omitted). The government's apparent view that the inclusion of Paragraph 65 among the allegations of Count One has some bearing on the analysis of the admissibility of the evidence only confirms that including it is unfairly prejudicial and that it should be stricken.[1]

Regardless, if the government persists in its efforts to offer this evidence, Mr. Craig intends to file a motion *in limine* to exclude evidence related to the SCO interview pursuant to Rules 404(b) and 403. The evidence referenced in Paragraph 65 should be fully subject to the standards in those Rules, notwithstanding the Indictment's mischaracterization of Paragraph 65 as part of Count One, and the government's failure to file a timely 404(b) notice with respect to evidence related to the 2017 SCO interview.

---

[1] This Motion becomes moot if the Court grants Mr. Craig's Motion to Dismiss Count One. ECF No. 23.

Dated: June 7, 2019							Respectfully submitted,

*/s/ William W. Taylor, III*
William W. Taylor, III (D.C. Bar No. 84194)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 7, 2019, the foregoing was served on counsel of record via the Court's CM/ECF Service.

                                                */s/ Ezra B. Marcus*
                                                Ezra B. Marcus