# EXHIBIT 1



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 10, 2019

*Via Email*

William W. Taylor, III
William J. Murphy
Zuckerman Spaeder LLP
1800 M Street NW, Suite 1000, North Tower
Washington, DC 20036-5807

Re:     *United States v. Gregory B. Craig*, 19-cr-00125 (ABJ)

Dear Counsel:

      We write to follow up on our conversation of June 7, 2019, and your email of the same date, regarding the testimony that the government plans to elicit from Heather Hunt, Kenneth A. Gross, and if necessary, an information technology specialist from Skadden, Arps, Slate, Meagher & Flom ("Skadden"). As you know, Heather Hunt, an official in the Department of Justice, National Security Division's Foreign Agents Registration Act Registration Unit (FARA Unit), is the person who corresponded with your client during 2013 and met with him on October 9, 2013. Based on your client's false and misleading statements to her and others, as well as his material omissions, she reversed her determination that your client and Skadden were required to register as agents of Ukraine. Similarly, Kenneth A. Gross, a Skadden partner, provided advice within the firm regarding the FARA implications of the Ukraine engagement in 2012, and also attended the October 9, 2013 meeting between Skadden and the FARA Unit. In short, Ms. Hunt and Mr. Gross are fact witnesses.

      None of these individuals' testimony constitutes expert testimony. As you are aware, on April 15 and 22, 2019, we produced to you the FBI-302 interview reports for these individuals, as well as their testimony as fact witnesses before the grand jury in this matter. We expect their testimony at trial to be consistent with these prior statements. In addition, at trial, we plan to ask Ms. Hunt questions relevant to the materiality of Mr. Craig's statements and omissions—namely, whether she would have reversed her determination that Skadden and Mr. Craig had acted as Ukraine's agents if she had been provided accurate, truthful, and complete information about Mr. Craig's dissemination of the report and his media contacts.

      You have indicated that you do not agree "at this juncture" that Ms. Hunt and Mr. Gross's expected testimony does not require expert notice. But we do not plan to qualify either of these

witnesses as experts or to seek their expert opinions as part of their testimony. If you believe these fact witnesses' testimony should be circumscribed, we expect that you will file motions *in limine* in accordance with the Court's scheduling order.

Finally, in our conversation on the morning of June 7, 2019, among other things, we advised you that in the event the parties are unable to reach agreement on an appropriate stipulation, the government expects to call as a witness an information technology specialist from Skadden. The purpose of this individual's testimony will be: (1) to admit into evidence emails collected from the Skadden email system and explain the time and date, in Eastern Standard Time, when emails collected from Skadden's system were sent and/or received; and (2) to admit into evidence reports generated by Skadden's document management system and explain what the reports show (*e.g.*, that a certain Skadden employee's account created a document, edited a document, or opened and viewed a document).[1] In our conversation on June 7, you indicated that you agreed that this proposed testimony by a Skadden information technology specialist does not constitute expert testimony and does not require notice. We were thus surprised when you sent us an email after 4 p.m. today taking a different position (namely, that you take no position on whether a witness providing testimony on Skadden's document management system is an expert). In any event, the Skadden employee's testimony will be on the two points described herein and will not include expert opinion testimony.

Sincerely,

JESSIE K. LIU
United States Attorney

By: _____/s/_____
Fernando Campoamor Sánchez
Molly Gaston
*Assistant United States Attorneys*
Jason B.A. McCullough
*Trial Attorney*, National Security Division

Enclosure

---

[1]      We enclose as an example a report that we referenced during the call, SAU 237138, which is described in the indictment at paragraph 60 and which we have previously produced to you. It states on its face the dates on which your client, identified as "Craig, Gregory B," took different acts with respect to the September 20, 2013 draft response to the FARA Unit. The report demonstrates that on September 20, 2013, your client's acts with respect to the draft response included "Create," "Check Out," "Edit," Check in," and "Email Document." On September 24, 2013, your client's acts with respect to the draft response included "Check Out," "Access," and "Edit." The report further states that your client continued to "Check Out" and "Access" the document on September 26, October 4, and October 9, 2013.

2

| Library | Activity Date | Activity Time | Activity | Document Number | Version | Document Name | Client | Matter | Client Name | Matter Name | Author | Typist | application |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WASSR01A | 9/20/2013 | 5:11 PM | Create | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/20/2013 | 5:11 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/20/2013 | 5:11 PM | Edit | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/20/2013 | 5:11 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/20/2013 | 5:11 PM | Email Document | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/20/2013 | 5:11 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 1:30 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 1:30 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 1:59 PM | Edit | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 1:59 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 2:32 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 2:32 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 2:38 PM | Edit | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/24/2013 | 2:38 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/26/2013 | 6:19 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/26/2013 | 6:19 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 9/26/2013 | 6:19 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/4/2013 | 8:48 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/4/2013 | 8:48 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/4/2013 | 9:03 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/4/2013 | 9:32 PM | Check Out | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/4/2013 | 9:32 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/9/2013 | 2:36 PM | Access | 1265005 | 1 | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |
| WASSR01A | 10/9/2013 | 5:15 PM | Check In | 1265005 | | gbc 2 draft fara letter | 999990 | 999 | Unassigned | Unassigned | Craig, Gregory B | GCRAIG | MS WORD |

# Redacted

Confidential Treatment Subject to Rule 6(e)

SAU 237138