UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 1:19-CR-00125 (ABJ) |
| GREGORY B. CRAIG, | : |
| Defendant. | : |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER TESTIMONY

Comes now the United States, by and through undersigned counsel, and moves *in limine* to preclude the defendant from eliciting improper character testimony. Although the defense has confirmed that the defendant intends to call character witnesses at trial, it has declined to provide any information about the number or identity of such proposed witnesses. The government does not contest that the defendant should be permitted to call character witnesses to give limited testimony about his reputation for truthfulness, but the Court should ensure that such testimony stays within the narrow confines provided for character witnesses under the Federal Rules of Evidence and is limited to two, or at most three, such witnesses.

**A. The Federal Rules of Evidence Limit the Use of Character Testimony**

Consistent with the Federal Rules of Evidence, the Court should limit the defendant's character witnesses to brief testimony regarding their knowledge or opinion of his reputation for truthfulness. Under Federal Rule of Evidence 404(a)(1), a defendant may offer evidence of a "pertinent trait of character." *Id.* In the instant case, where the defendant is charged with a scheme to make material false statements and misleading omissions, truthfulness is a pertinent character

trait. *See, e.g.*, *United States v. Brown*, 503 F. Supp. 2d 239, 241-42 (D.C. Cir. 2007) (defendants charged with obstruction of justice and making false statements permitted to offer character evidence with respect to "truthfulness and veracity" of defendants).

But Rule 405(a) provides that the proper inquiry of a witness called to provide character testimony of a pertinent character trait is limited to two questions: whether the witness is aware of the defendant's reputation for the specified character trait, and whether the witness has an opinion about the defendant's character for the trait. Fed. R. Evid. 405(a) ("When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion."); *Brown*, 503 F. Supp. 2d at 241 (quoting from Fed. R. Evid. 405(a)); *United States v. Lewis*, 482 F.2d 632, 637 (D.C. Cir. 1973) (character evidence "is confined to evidence of his reputation in the community"). Character witnesses cannot testify about a defendant's specific acts of good character. *See Michelson v. United States*, 335 U.S. 469, 477 (1948) (a character witness "may not testify about defendant's specific acts").

Accordingly, at trial, the defendant's character witnesses' direct testimony should be restricted to the witness's knowledge of the defendant's reputation for truthfulness or the witness's opinion as to his truthfulness. *See, e.g., id.* at 471-472 (1948) (character evidence at trial consisted of how long witness had known defendant; if witness knew others who knew defendant; if witness had occasion to discuss defendant's reputation for truthfulness; and what that reputation was). The defendant's character witnesses should not be permitted to testify about specific instances of the defendant's truthful conduct, both because Rule 405 precludes it, and because doing so as part of character evidence violates the principle, codified in Rule 404(b), that a party cannot introduce evidence of specific acts to prove conformity or propensity. *See* Fed. R. Evid. 405(b) (specific instances only admissible when character is an essential element of a charge, claim, or defense);

Fed. R. Evid. 404(b) (evidence of an act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character").

### B. The Defendant Should be Limited to Two Character Witnesses

The Court has broad discretion to control the number of character witnesses, and for the sake of fairness, efficiency, and to prevent confusion or needless cumulative testimony, the Court should limit the defendant to two character witnesses.

Courts have broad discretion to limit the number of character witnesses at trial, and many have limited the defense to two or three. *See United States v. Jones*, 43 F.R.D. 511, 515 (D.D.C 1967) ("It is well established that a trial judge may within his discretion limit the number of 'character' witnesses called by a defendant and sound judicial management would suggest that he do so."); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (upholding trial court's decision to limit defendant to three character witnesses); *United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997) (trial court did not err in limiting defendant to two character witnesses); *United States v. Johnson*, 730 F.2d 683, 688 (11th Cir. 1984) (agreeing with trial court that defendant's three character witnesses gave ample opportunity to establish character, and "any further testimony would not have significantly aided the jury"); *United States v. Henry*, 560 F.2d 963, 965 (9th Cir. 1977) (trial court did not abuse discretion when it limited defendant to two character witnesses rather than the four he had requested).

In addition, character testimony is subject to the same Rule 403 test as any other relevant evidence—that is, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, waste of time, or needlessly cumulative evidence. *See United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (citing Rule 403 when upholding trial court's exclusion of character witnesses). In this case,

presenting more than two character witnesses would be needlessly cumulative and would not aid the jury. With each character witness, the probative value of such testimony would lessen, while the dangers contemplated under Rule 403 would increase—in particular, the dangers of confusion, waste of time, and needlessly cumulative evidence. Indeed, given the redundant and highly duplicative nature of such testimony—when properly limited under Rule 405—the risk of unfair emphasis to the jury is heightened. The defendant should thus be restricted from presenting more than two such witnesses for the same proposition.

### C. The Defendant Should Not Elicit Character Testimony on Cross-Examination

Relatedly, the defense should be precluded from eliciting character evidence from the government's witnesses on cross examination during the government's case-in-chief. Not only would this be outside of the scope of the government's direct examination, but it would be confusing and unfairly prejudicial. *See United States v. Southers*, 583 F.2d 1302, 1309 (5th Cir. 1978) (upholding trial court's decision not to allow defendant to elicit character testimony on cross-examination of government witnesses because of potential confusion). Of course, if the defendant wishes to call any of the government's fact witnesses in his case as one of his character witnesses, he is free to do so.

### D. The Government Can Cross-Examine Character Witness on Specific Instances of Conduct

After the defendant elicits a character witness's general testimony on a specific character trait (here, truthfulness), the government can then cross-examine the witness on specific instances of conduct of the same trait. "On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Fed. R. Evid. 405(a). Such cross-examination allows the government to properly test the credibility of the defendant's character witness. *See Brown*, 503 F.Supp.2d at 245 (quoting *Lewis*, *supra*, 482 F.2d at 638 for

the proposition that "it is well settled, here and elsewhere, that it may become appropriate on cross-examination to ask a good-character witness whether he has heard reports of particular events . . . which are inconsistent with the reputation to which he has testified"). There must be a good faith basis that that the specific incident on which the government cross-examines the character witness occurred. *Id*. at 245; *Lewis*, 482 F.2d at 639. The government will of course abide by this requirement when cross-examining the defendant's character witnesses.

E. **Conclusion**

Under the Federal Rules of Evidence, the defendant should be properly limited to two, or at most three, character witnesses, who should appear during the presentation of defendant's case, and whose testimony should consist only of their knowledge or opinions of the defendant's character for truthfulness. If the defendant chooses to call character witnesses, he opens the door to the government's cross-examination of these witnesses regarding specific incidents of the defendant's conduct inconsistent with a character for truthfulness.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By: /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov

        JOHN C. DEMERS
        ASSISTANT ATTORNEY GENERAL


        By:  /s/ Jason B.A. McCullough
        JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave NW
        Washington, D.C.  20530
        Telephone: 202-616-1051
        Jason.McCullough@usdoj.gov

Dated:   June 24, 2019

**Certificate of Service**

    I certify that, by virtue of the Court's ECF system, a copy of the foregoing motion has been sent to counsel for the defendant on June 24, 2019.

                                          /s/ Molly Gaston
                                          Molly Gaston
                                          Assistant United States Attorney