**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:19-CR-00125 (ABJ)** |
| | : | |
| **GREGORY B. CRAIG,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

———————————————————————

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE CLAIMS OF SELECTIVE PROSECUTION OR ENFORCEMENT, OR SEEKING JURY NULLIFICATION

The United States of America hereby moves *in limine* to preclude the defense from eliciting testimony, admitting evidence, or making any arguments regarding selective prosecution or enforcement, or otherwise seeking jury nullification. In particular, the defense should be precluded from introducing evidence or making arguments suggesting that the defendant was prosecuted after another component of the Department of Justice allegedly declined to charge him; that the charges against him reflect selective enforcement of the Foreign Agents Registration Act, 22 U.S.C. § 611 et seq. (FARA) or false statements under 18 U.S.C. § 1001; or regarding the collateral impact of a conviction on the defendant and his family. Any such claims are improper and inadmissible.

As an initial matter, it is not clear whether the defendant intends to attempt to raise any such claims at trial, but he has made some of those arguments to the government and before Judge Howell in advance of his indictment in this case. As recently as June 20, 2019, counsel to the defendant accused the government in an email of an "outrageous abuse of prosecutorial discretion" for charging him. In addition, the defense has completely refused to respond to the government's

repeated requests for reciprocal discovery in this case, and it is therefore unclear what type of evidence, if any, the defense will seek to introduce.  As a result, in an abundance of caution, the government brings these issues before the Court.

A.     **Claims of Selective Prosecution or Enforcement**

The defendant should be precluded from attempting to ask any questions or admit any evidence designed to insinuate that the government has engaged in selective prosecution of the defendant or enforcement of FARA.  This should include the exclusion of evidence or arguments regarding investigation of the defendant by the U.S. Attorney's Office for the Southern District of New York (SDNY), or evidence (including that elicited through cross-examination) or argument regarding other prosecutions under FARA or 18 U.S.C. § 1001.  Any such arguments are improper before the jury and irrelevant.

As an initial matter, the defendant waived his right to make any claims of selective prosecution in support of his defense at trial because he did not include them in his motions to dismiss.  *United States v. Choi*, 818 F.Supp.2d 79, 90 (D.D.C. 2012) (claims of selective or vindictive prosecution "must be made prior to the commencement of trial, or they are by default deemed waived under Rule 12(e)").  It is the job of the Court, and not the jury, to decide the issue of selective prosecution.  *United States v. Washington,* 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is to be determined by the court . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crime for which she was charged.") (internal citations omitted); *United States v. Berrigan*, 482 F.2d 171, 175 (3rd Cir. 1973) ("By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to instructions of law delivered by the court.  The question of discriminatory prosecution relates not to the guilt or innocence of

[defendants].")  The defendant did not argue in his motions to dismiss that his indictment is the result of a selective investigation, or that the indictment should be dismissed because he was prosecuted under FARA or Section 1001 in a way that other individuals have not been, and he cannot bring such claims before the jury.

Furthermore, evidence or arguments about the investigation of the defendant by SDNY, or the facts, nature, or number of other FARA or false statements prosecutions by the Department of Justice, are irrelevant.  Evidence is relevant if "the fact is of consequence in determining the action." Fed. R. Evid. 401(b).  Evidence that is not relevant, of course, is not admissible. Fed. R. Evid. 402.  The fact of the SDNY investigation, or its transfer to the District of Columbia, is not of any consequence in determining the facts in this case or the defendant's guilt or innocence. Indeed, the only way SDNY's investigation would affect the defendant's trial would be if witnesses interviewed by SDNY testify and need to be refreshed or confronted by records of these prior interviews; but the government and defendant's ability to refresh or confront a witness through the use of an SDNY interview does not require commentary by the government, defense counsel, or the witness as to transfer of the investigation to the District of Columbia, and any such commentary should be expressly excluded.

Likewise, other investigations or prosecutions under FARA or concerning false statements to the National Security Division are of no consequence to whether the defendant made false statements in this case. *See, e.g., United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (whether another person arrested with defendant was charged was irrelevant because it did "not make the facts relating to [defendant's] knowledge and participation . . . more or less probable").  Indeed, the only purpose of arguments to the jury about the details of the SDNY investigation, or about other enforcement of FARA or Section 1001, would be to encourage jury nullification—a purpose

that is plainly improper. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification). The defendant should not be permitted to elicit testimony or make arguments about these issues.

Even if the Court believes or finds that the government's earlier investigation of the defendant or other FARA or false statement prosecutions are in some way marginally relevant, the minor probative value of the evidence would be far outweighed by the severe dangers contemplated in Rule 403. Fed. R. Evid. 403 (requiring the court to balance probative value of evidence against "danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.") Here, the probative value of such evidence would be minor, in contrast with the high likelihood that the jury would be confused and consider the evidence for improper purposes. *See, e.g., United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) ("Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues"); *United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (upholding district court prohibition on cross-examination about government's decision whether to prosecute others in the same case). To the extent that there is any relevance in the facts of the SDNY investigation or the historical enforcement of FARA, the danger of unfair prejudice and confusion should prohibit their admission.

**B.      Collateral Consequences of Conviction**

It would also be improper for the defense, either through cross examination, the defendant's own testimony, or any other means, to reference the collateral effects of a conviction on the defendant's family, reputation, or career. *See Shannon v. United States*, 512 U.S. 573, 579 (1994)

(consequences of a verdict is irrelevant and improper for jury to consider); *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991) (jury is prohibited from considering potential punishment which could result from a conviction).  This black-letter law applies no less in the context of a defendant for whom the consequences involve severe reputational harm rather than a risk of prolonged imprisonment.

## C.  Conclusion

Based on the above arguments, the government respectfully requests that the Court preclude the defendant from introducing evidence, eliciting testimony, or arguing before the jury any matters implicating claims of selective prosecution, selective enforcement, or jury nullification, including but not limited to:

- Any purported motive for the government's decision to prosecute the defendant;

- Any alleged declination of prosecution of the defendant by any component of the Department of Justice;

- The facts, nature, or number of other prosecutions brought under any section of the Foreign Agents Registration Act (FARA);

- The facts, nature, or number of other prosecutions brought for false statements to the under 18 U.S.C. § 1001, whether to the National Security Division or other entities;

- The collateral impact of a conviction on the defendant's family, reputation, or career;

- That the jury should disregard the applicable law or nullify a proper verdict based on the facts and the law.


Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By:  _/s/ Molly Gaston_____
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)

MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov


JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL


By:  /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   June 24, 2019

**<u>Certificate of Service</u>**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing motion has been sent to counsel for the defendant on June 24, 2019.


/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney