# Exhibit 8

**From:** Paul Manafort [pmanafort@dmpint.com]
**Sent:** Thursday, August 23, 2012 10:24 AM
**To:** Craig, Gregory B (WAS)
**Subject:** Letter to MoJ
**Attachments:** SK Letter to MOJ.pdf

Greg
I did some research today regarding the genesis of the letter you have. I was mistaken as to the author. The letter that you have was drafted by MoJ and sets up MoJ undertaking the procedure outlined below. Assuming the letter is acceptable to you, I need it dated July 18, 2012 which works the timetable the MoJ wants to use for the procedure below. With this letter, dated July 18, and your August 22 letter, the MoJ has everything it needs.
Pls let me know if you can forward the letter to me. I have attached it again to this email.
Paul

---

**Subject:** MoJ Procedure

The Ministry of Justice has started a procedure of "purchasing services in terms of providing legal expert opinion". This procedure is conducted in accordance with the law of Ukraine "On State Purchases", which requires that all services with budget of over 100 000 UAH are purchased through tender procedure.

However, in Skadden's case there already was an agreement for the amount of 95 000 UAH, which was concluded outside the tender procedure due to the low amount. MoJ have exchanged letters, in which Skadden a) explains that the services to be provided under the original contract require involvement of experts of the higher level and pay grade and b) explains that the amount of materials to be researched is much higher than expected, therefore requires more labor and expenditures. In addition, Skadden has to make certain number of trips to Ukraine, reimbursement of expenses for which was not initially budgeted in the contract.

In this situation MoJ is entitled to implement a procedure of "purchases of services from one supplier".
"Purchases of Services from one supplier" is a procedure, according to which the Client concludes a contract on purchasing services after conducting negotiations, provided that the qualification of the Supplier of Services correspond to the qualification requirements (Art. 8 of the Law "On State Purchases" of Ukraine).

Upon receipt of all necessary documents from Skadden (as specified in the letter signed by Deputy Minister of Justice Sedov), MoJ will write a justification memorandum (saying that based on conducted negotiations and continuity of the previously concluded contract only Skadden can provide these particular legal services), and take the decision, publishing the results of the decision on the state web-portal. Then, MoJ will deal with the Cabinet of Ministers to get the funding in the amount of XYZ UAH from the budget of Ukraine to pay Skadden to finish the report. This procedure has been implemented extensively during Euro-2012, and neither comes as surprise in Ukraine or constitutes a violation of procedures.

In other words, the mechanism to be applied is in full compliance with the Ukrainian law.

SAU 005404

USA-REL-0005669

Ministry of Justice of Ukraine

On 10 April 2012 our company Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates and Ministry of Justice of Ukraine entered into a contract on preparing expert examination as to compliance with the principle of the rule of law. According to the § 3 the price of the contract shall constitute UAH 95,000.

Besides, according to § 5.2 the Employer shall submit to the Executor copies of materials relating to the case which is to be the subject of examination and which is currently under consideration before the European Court of Human Rights as well as the list of questions which are to be examined.

Materials relating to the case of *"Tymoshenko v. Ukraine"* which is currently considered by the European Court of Human Rights as well as the questions which are to be considered in the course of the hearing in the above case have been transferred with the purpose of conducting expert examination as to the compliance with the rule of law and the European Court of Human Rights case law in the above case.

Due to the complexity of the aforementioned case conducting of an examination which would comply with § 2 of the contract will require involving of specialists of higher class than it was planned when the contract was concluded. Besides, a huge amount of materials which are to be inspected will require more working hours than it is laid down in the contract.

Execution of the above task requires also carrying out of a certain amount of business travels to Ukraine while the contract does not provide for reimbursement of expenses incurred by the Executor

Bearing in mind all the aforementioned the Executor is not able to perform the above task upon the terms set in the contract of 12 April 2012, hence, with the purpose of execution of the task an additional contract settling the aforementioned issues should be concluded.

Yours faithfully

Gregory B. Craig

Confidential Treatment Subject to Rule 6(e)

SAU 005405

USA-REL-0005670