**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **GREGORY B. CRAIG**, <br><br> *Defendant.* | **Case No. 1:19-cr-0125 (ABJ)** |

**OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE CHARACTER TESTIMONY**

The government has accused Defendant Gregory B. Craig of conduct involving dishonesty. Mr. Craig has numerous friends and professional colleagues who believe he is an honest man and who know his reputation for honesty, integrity, and good character. The Federal Rules of Evidence allow him to present that proof to the jury in this case. The Supreme Court "has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed." *Michelson v. United States*, 335 U.S. 469, 476 (1948).

The government has taken the arbitrary position that "presenting more than two character witnesses would be needlessly cumulative and would not aid the jury." Gov't Mot. *In Limine* to Exclude Improper Character Testimony ("Mot."), ECF 43 at 4. There is no basis for the Court to set a numerical limit on character witnesses, and certainly not before the trial begins. The government's other attempts to curtail character testimony are similarly meritless, premature, or both. The motion *in limine* should be denied.

## ARGUMENT

Trial courts have "[w]ide discretion" regarding character testimony and the cross-examination of character witnesses. *Michelson*, 335 U.S. at 480. But "[t]he discretion which trial judges are . . . summoned to exercise is an *informed* discretion – one which takes into account all relevant factors deserving of consideration." *United States v. Lewis*, 482 F.2d 632, 643 (D.C. Cir. 1973) (emphasis added). A trial court errs when it "acts without the information essential to comprehension and treatment of those factors" because it is "in the dark on pivotal aspects of the testimony which the witnesses would give." *Id.*

There is a broad range of potential character evidence in this case. Mr. Craig has had a long and varied life and career, and he should be permitted to present evidence of how other people view his character and his reputation for truthfulness across different time periods and contexts. It is impossible to say now, in the abstract, before any character witnesses have testified or even been identified, that any such witness will be "needlessly cumulative." Mot. at 4.

Moreover, depending on how the government chooses to present its case, truthfulness may not be the only pertinent character trait. *See Lewis*, 482 F.2d at 637 (stating that a defendant's "presentation, in terms of number of such traits, may be as narrow or as broad as he chooses so long as it remains germane to issues on trial"); *United States v. Brown*, 503 F. Supp. 2d 239, 243 (D.D.C. 2007) (explaining that traits other than truthfulness may be relevant in a false statements case, and giving example of "professional diligence"). For example, if the government attempts to show in its case-in-chief that Mr. Craig compromised his professional ethics in order to please a client, then Mr. Craig's professional integrity as a member of the bar for nearly a half century would be a pertinent character trait in addition to his reputation for

honesty. If the government suggests that Mr. Craig was motivated to serve the interests of a foreign country in a manner inconsistent with American policy, then his patriotism and devotion to this country could become a pertinent character trait as well.

With little information about how the government will present its case, any decision made now about the number of character witnesses that Mr. Craig may call in his defense would be arbitrary and premature. *See, e.g.*, *United States v. McDonnell*, 2014 WL 3545206, at *1 (E.D. Va. July 16, 2014) (denying "as premature" government motion *in limine* to limit number of character witnesses and noting that "[t]he cumulative or permissible nature of character witnesses presented by Defendants will be assessed in context at trial"); *Brown*, 503 F. Supp. 2d at 240 & n.1 (declining mid-trial to make "specific rulings" on character evidence "as such evidentiary decisions are not yet ripe").

The government appears to be arguing that the number of character witnesses can be capped even at this juncture because, *as a universal matter*, more than two "would be needlessly cumulative and would not aid the jury." Mot. at 4. But the cases belie any such across-the-board cap. *See, e.g.*, *United States v. Davis*, 863 F.3d 894, 900 (D.C. Cir. 2017) (noting that trial court permitted the defense to call "seven character witnesses to testify to her honesty and trustworthiness"); *United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1351 (D.C. Cir. 2002) ("six character witnesses"); *United States v. Aronds*, 210 F.3d 373, at *9 (6th Cir. 2000) (unpublished) ("six character witnesses"); *Michelson*, 335 U.S. at 471 ("Defendant called five witnesses to prove that he enjoyed a good reputation.").

The government claims that "many" courts "have limited the defense to two or three" character witnesses, Mot. at 3, but not one of the cases the government cites supports an arbitrary pre-trial numerical limit, much less establishes that imposing such a pre-trial limit is a routine

exercise of trial court discretion.  In *United States v. Johnson*, 730 F.2d 683 (11th Cir. 1984), the court affirmed a district court's ruling *during* trial that precluded the defense from calling a fourth witness to testify about the bad character of a *government* witness – not about the defendant's character.  *Id.* at 687–88.  A ruling during trial was likewise at issue in *United States v. Scholl*, 166 F.3d 964 (9th Cir. 1999), and the government neglects to mention that the trial court had allowed the defendant to elicit character testimony from two witnesses during the government's case-in-chief *in addition* to the three character witnesses who testified during the defense case-in-chief.  *Id.* at 972 n.2.

Another of the government's cases, *United States v. Henry*, 560 F.2d 963 (9th Cir. 1977), involved an application by an indigent defendant for the court to subpoena character witnesses at the government's expense, and thus presented only the question of whether the witnesses' presence was necessary "for an adequate defense" under Federal Rule of Criminal Procedure 17(b).  The decision in *Henry* was not an evidentiary determination made under Federal Rules of Evidence 403, 404, and 405.  *United States v. Gray*, 105 F.3d 956 (5th Cir. 1997), arose under "the rigorous 'plain error' standard of review" because the defendant had not objected at trial to the court's decision to limit three co-defendants to two character witnesses each.  *Id.* at 963.  Finally, the government's lone case from this jurisdiction, *United States v. Jones*, 43 F.R.D. 511 (D.D.C. 1967), involved a ruling on a venue-transfer motion by the defendant, not an evidentiary ruling.  *Id.* at 512.  The court did remark that courts are permitted to limit character evidence – approvingly citing a case in which the defendant was limited to *six* character witnesses – but only in rejecting the defendant's argument that the case should be transferred to Las Vegas for the convenience of his *forty* potential character witnesses.  *Id.* at 515.

In summary, none of the government's cases supports an across-the-board pre-trial numerical cap on character witnesses. Indeed, several of them expressly *disavow* a rigid cap. *See Johnson*, 730 F.2d at 688 ("[A] trial judge should not use an 'unvarying rule' as to the number of character witnesses allowed without regard to the circumstances of the case, because such a 'rule' would be arbitrary and not an exercise of discretion." (citation omitted)); *Scholl*, 166 F.3d at 972 ("We resist the implication that the number of character witnesses rather than the quality of their testimony should determine the strength of argument." (quoting *Henry*, 560 F.2d at 965)).

Nor is there any basis for precluding the defense from eliciting character testimony from the government's witnesses on cross-examination. The government has issued trial subpoenas to several of Mr. Craig's former colleagues at Skadden who worked on the Tymoshenko report. As an initial matter, much of what these witnesses have to say as "fact witnesses" about the project itself will likely reflect well on Mr. Craig's character, and we do not take the government to be trying to limit such testimony. *See* Mot. at 4 (distinguishing "the government's fact witnesses" from "character witnesses"). But even if government witnesses have true character testimony to offer – that is, testimony of Mr. Craig's good character based on his reputation or the witnesses' opinions not tethered to the facts of the case – the Court should allow the defense to elicit such testimony from those witnesses on cross-examination rather than require that they be recalled as defense witnesses. *See, e.g.*, *Scholl*, 166 F.3d at 972 n.2 (noting that defense elicited character testimony during government's case-in-chief). At minimum, it is premature to determine that character testimony will necessarily be "outside of the scope of the government's direct examination." Mot. at 4.

## CONCLUSION

Having accused Mr. Craig of a crime of dishonesty, the government cannot now wave off all proper character testimony as "redundant and highly duplicative." Mot. at 4. Mr. Craig does not plan to call needlessly cumulative character witnesses. We will stay within the confines of proper character testimony, and we expect the government to do the same in its cross-examination of character witnesses. *See Lewis*, 482 F.2d at 637–39; *Brown*, 503 F. Supp. 2d at 240–47. There is no need for the Court to set specific boundaries on the number of character witnesses and the scope of relevant character testimony prior to trial. The government's motion *in limine* should be denied.

Dated: July 11, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 11, 2019, the foregoing was served on counsel of record via the Court's CM/ECF Service.

                                                  */s/ Ezra B. Marcus*
                                                  Ezra B. Marcus