# EXHIBIT 19

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: ▮▮▮▮
FAX: ▮▮▮▮
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 16, 2012

To:   Ministry of Justice of Ukraine

From: Gregory B. Craig

On April 10, 2012, Skadden, Arps, Slate, Meagher & Flom LLP entered into an agreement with The Ministry of Justice of Ukraine. At that time, it was agreed that the amount of the contract would be UAH 95,000.

Materials relating to the case of *"Tymoshenko v. Ukraine"* are currently being considered by the European Court of Human Rights. Skadden has now been asked to consider the questions raised in that case. The Ministry has given Skadden the additional assignment of conducting an expert examination as to Ukraine's compliance with the rule of law and the European Court of Human Rights case law in the Tymoshenko case.

Due to the complexity of the case, conducting an examination that would comply with §2 of the contract will require specialists of a higher class and greater training than was originally planned when the initial contract was concluded. In addition, because of the volume of materials that need to be inspected, carrying out the assignment will require many more working hours than was first contemplated in the contract.

Carrying out this assignment also requires business travel to Ukraine, but the initial contract does not provide for reimbursement of expenses incurred by Skadden.

Skadden respectfully submits that it is not able to perform the above task upon the terms set in the contract of April 10, 2012, and recommends that an additional contract settling the aforementioned issues should be concluded.

Yours faithfully,



Gregory B. Craig
Skadden Arps Slate Meagher & Flom LLP

Ministry of Justice of Ukiraine

On 10 April 2012 our company Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates and Ministry of Justice of Ukraine entered into a contract on preparing expert examination as to compliance with the principle of the rule of law. According to the § 3 the price of the contract shall constitute UAH 95,000.

Besides, according to § 5.2 the Employer shall submit to the Executor copies of materials relating to the case which is to be the subject of examination and which is currently under consideration before the European Court of Human Rights as well as the list of questions which are to be examined.

Materials relating to the case of *Tymoshenko v. Ukraine* which is currently considered by the European Court of Human Rights as well as the questions which are to be considered in the course of the hearing in the above case have been transferred with the purpose of conducting expert examination as to the compliance with the rule of law and the European Court of Human Rights case law in the above case.

Due to the complexity of the aforementioned case conducting of an examination which would comply with § 2 of the contract will require involving of specialists of higher class than it was planned when the contract was concluded. Besides, a huge amount of materials which are to be inspected will require more working hours than it is laid down in the contract.

Execution of the above task requires also carrying out of a certain amount of business travels to Ukraine while the contract does not provide for reimbursement of expenses incurred by the Executor

Bearing in mind all the aforementioned the Executor is not able to perform the above task upon the terms set in the contract of 12 April 2012, hence, with the purpose of execution of the task an additional contract settling the aforementioned issues should be concluded.

Yours faithfully

Gregory B. Craig

Ministry of Justice of Ukiraine

On 10 April 2012 our company Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates and Ministry of Justice of Ukraine entered into a contract on preparing expert examination as to compliance with the principle of the rule of law. According to the § 3 the price of the contract shall constitute UAH 95,000.

Besides, according to § 5.2 the Employer shall submit to the Executor copies of materials relating to the case which is to be the subject of examination and which is currently under consideration before the European Court of Human Rights as well as the list of questions which are to be examined.

Materials relating to the case of *"Tymoshenko v. Ukraine"* which is currently considered by the European Court of Human Rights as well as the questions which are to be considered in the course of the hearing in the above case have been transferred with the purpose of conducting expert examination as to the compliance with the rule of law and the European Court of Human Rights case law in the above case.

Due to the complexity of the aforementioned case conducting of an examination which would comply with § 2 of the contract will require involving of specialists of higher class than it was planned when the contract was concluded. Besides, a huge amount of materials which are to be inspected will require more working hours than it is laid down in the contract.

Execution of the above task requires also carrying out of a certain amount of business travels to Ukraine while the contract does not provide for reimbursement of expenses incurred by the Executor

Bearing in mind all the aforementioned the Executor is not able to perform the above task upon the terms set in the contract of 12 April 2012, hence, with the purpose of execution of the task an additional contract settling the aforementioned issues should be concluded.

Yours faithfully                                                                 Gregory B. Craig

July 16, 2012

To:     Ministry of Justice of Ukraine

From:   Gregory B. Craig

On 10 April 2012, Skadden, Arps, Slate, Meagher & Flom LLP entered into an agreement with The Ministry of Justice of Ukraine. It was agreed that the amount of the contract would be UAH 95,000.

Materials relating to the case of *"Tymoshenko v. Ukraine"* are currently being considered by the European Court of Human Rights. At that time, Skadden has now been asked to consider the questions raised in that case. ~~The questions which are to be considered in the course of the hearing in the above case have also been transferred to Skadden~~ Arps for the purpose of conducting a rather searching expert examination as to Ukraine's compliance with the rule of law and the European Court of Human Rights case law in the Tymoshenko case.

Due to the complexity of the case, conducting an examination that would comply with §2 of the contract will require specialists of a higher class than was originally contemplated when the contract was concluded. In addition, because of the volume of materials that need to be inspected, carrying out the assignment will require many more working hours than ~~it is laid down~~ in the contract.

Carrying out this assignment also requires business travel to Ukraine ~~while~~ but the contract does not provide for reimbursement of expenses incurred by Skadden.

Skadden respectfully submits that if it is not able to perform the above task upon the terms set in the contract of 10 April 2012, an additional contract settling the aforementioned issues should be concluded, and recommends that the Ministry has given Skadden the additional assignment.

                                            Yours faithfully,

                                            Gregory B. Craig



**Gregory B. Craig**

Please put in the files for my signature.

To: Mrs. J. Shapiro
From: Gregory B. Craig
(Skadden Arps)

Ministry of Justice of Ukraine

*entered into an agreement with The* [margin note]

July 16, 2012

*It was agreed that the amount of the* [margin note]

On 10 April 2012 ~~our company~~ Skadden, Arps, Slate, Meagher & Flom LLP ~~and Affiliates~~ and Ministry of Justice of Ukraine ~~entered into a contract~~ on preparing expert examination as to compliance with the principle of the rule of law. ~~According to the § 3~~ *the* price of the contract ~~shall~~ *would* constitute UAH 95,000.

*being* [margin note] *also* [margin note]

~~Besides, according to~~ § 5.2 the Employer shall submit to the Executor copies of materials relating to the case which is to be the ~~subject of~~ examination and which is currently under consideration before the European Court of Human Rights ~~as well as the list of questions which are to be examined~~.

Materials relating to the case of "Tymoshenko *on* v. Ukraine" ~~which~~ *are* currently considered by the European Court of Human Rights, ~~as well as~~ the questions which are to be considered in the course of the hearing in the above case have been transferred *with* the purpose of conducting expert examination as to ~~the~~ *Ukraine's* compliance with the rule of law and the European Court of Human Rights case law in the ~~above~~ *Tymoshenko* case.

*to Skadden Arps the conducting*

Due to the complexity of the ~~aforementioned~~ case, ~~conducting~~ of an examination *that* ~~which~~ would comply with § 2 of the contract will require ~~involving of~~ *originally* specialists of higher class than ~~it~~ was planned when *the* contract was concluded.

*In addition because of the volume of* [margin note]

Besides, ~~a huge amount of~~ materials ~~which are to~~ be inspected, *carrying out the* will require more working hours than it is laid down in the ~~contract~~.

*Carrying out the assignment also requires that new assignment*

~~Execution of the above task requires also carrying out of~~ a certain amount of business travel*s* to Ukraine while the contract does not provide for reimbursement of expenses incurred by the ~~Executor~~ *Skadden*.

*Skadden respectfully reports that*

~~Bearing in mind all the aforementioned the~~ ~~Executor~~ is not able to perform the above task upon the terms set in the contract of 12 April 2012, ~~hence, with the purpose of execution of the task~~ an additional contract settling the aforementioned issues should be concluded.

Yours faithfully

Gregory B. Craig