UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**GREGORY B. CRAIG**,<br><br>*Defendant.* | **Case No. 1:19-cr-0125 (ABJ)** |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING SPECIAL COUNSEL'S OFFICE INTERVIEW**

The government's Opposition to Defendant's Motion *In Limine* to Exclude Statements to Special Counsel's Office About this Case ("Opp."), ECF 58, is a non-sequitur. The government argues that "Rule 801(d)(2) of the Federal Rules of Evidence . . . classifies Defendant's statements as 'not hearsay,'" *id.* at 1 – but Mr. Craig has not sought to exclude evidence of his 2017 interview with the Special Counsel's Office ("SCO") on the grounds that his statements are hearsay. Rather, Mr. Craig's Motion seeks to exclude evidence of "alleged *false* statements to the SCO in 2017." Motion *In Limine* To Exclude Evidence Regarding Special Counsel's Office Interview ("Mot."), ECF 46, at 1 (emphasis added). The government is generally free to introduce Mr. Craig's own statements in 2017 if they are relevant and the government is offering the statements *for their truth*. That is the point of the party admissions rule. Mr. Craig would likely stipulate to having made most or all of the statements falling in that category that are referenced in the government's Opposition. *See* Opp. at 2–3.

What the government cannot do is introduce statements that it believes are *false*, and then "argue to the jury," as it admittedly seeks to do, that "Defendant repeated the false and misleading statements that he made to the FARA Unit during his SCO interview in 2017." Opp.

at 5. That is the sort of evidence and argument that implicates Rule 404(b).[1] The government cannot disguise other-crimes evidence under the rubric of party admissions and assert that the statements at issue are "not hearsay—and therefore admissible." *Id.* at 4. The mere fact that a statement is "not hearsay" under Rule 801 does not mean that it can bypass the hurdles to admissibility set forth in Rules 404(b) and 403.

The government has argued previously that it should be able to offer evidence of alleged false statements during the SCO interview in order to show what was said at the FARA Unit meeting on October 9, 2013, and to show absence of mistake. *See id.* at 6 (referencing Gov't Opp'n to Def.'s Mot. to Strike Paragraph 65 of the Indictment, ECF 33, at 4–5). As explained in Mr. Craig's Motion, the dubious probative value of alleged false statements from 2017 for those purposes is substantially outweighed by the harms enumerated in Rule 403. Specifically, introducing evidence of alleged (but uncharged) false statements from 2017 would create an impermissibly high risk of confusion, delay, and prejudice to Mr. Craig, including the possibility that the jury would effectively substitute the alleged 2017 statements for the alleged 2013 statements when rendering its verdict. Mr. Craig would effectively need to defend against an uncharged false statement offense in addition to the charged scheme offense.

The government should not be allowed to introduce evidence of alleged "false and misleading statements" to the SCO in 2017, Indictment ¶ 65, nor should it be able to "argue to the jury" that "Defendant repeated the false and misleading statements that he made to the FARA Unit during his SCO interview in 2017." Opp. at 5.

---

[1] The government acknowledged during the July 10 motions hearing that it is "not arguing that the Special Counsel interview is part of the scheme" charged in Count One. July 10, 2019 Hrg. Tr. 117:3–8.

Dated: July 18, 2019                                     Respectfully submitted,

                                                         */s/ William W. Taylor, III*
                                                         ──────────────────────────
                                                         William W. Taylor, III (D.C. Bar No. 84194)
                                                         Paula M. Junghans (D.C. Bar No. 474419)
                                                         Ezra B. Marcus (D.C. Bar No. 252685)
                                                         ZUCKERMAN SPAEDER LLP
                                                         1800 M Street N.W. Suite 1000
                                                         Washington, D.C. 20036
                                                         Tel: (202) 778-1800
                                                         Fax: (202) 822-8106
                                                         Email: wtaylor@zuckerman.com
                                                         Email: pjunghans@zuckerman.com
                                                         Email: emarcus@zuckerman.com

                                                         William J. Murphy (D.C. Bar No. 350371)
                                                         Adam B. Abelson (D.C. Bar No. 1011291)
                                                         ZUCKERMAN SPAEDER LLP
                                                         100 East Pratt Street, Suite 2440
                                                         Baltimore, MD 21202
                                                         Tel: (410) 332-0444
                                                         Fax: (410) 659-0436
                                                         Email: wmurphy@zuckerman.com
                                                         Email: aabelson@zuckerman.com

                                                         *Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 18, 2019, the foregoing was served on counsel of record via the Court's CM/ECF Service.

> */s/ Ezra B. Marcus*
> Ezra B. Marcus