**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |   |
|---|---|---|
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:19-CR-00125 (ABJ)** |
| | : | |
| **GREGORY B. CRAIG,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| _____: | | |

## GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION _IN LIMINE_ TO EXCLUDE IMPROPER CHARACTER TESTIMONY

Aside from Defendant's argument that, depending on circumstances at trial, he may have reason to introduce character witnesses for traits other than truthfulness, Defendant's response to the government's motion _in limine_ regarding character witnesses fails to explain why testimony of more than two character witnesses regarding Defendant's reputation for truthfulness would not be needlessly cumulative and unhelpful to the jury.  In addition, Defendant does not address the government's argument that mixing fact and character evidence by cross-examining the government's witnesses about Defendant's character would be confusing and prejudicial.  The government's motion should be granted.

### A.  The proper scope of character testimony under the Federal Rules of Evidence

Because he did not otherwise address the government's description of boundaries of proper character testimony, the government takes Defendant's statement that he will "stay within the confines of proper character testimony" (at 6) to mean that he agrees that such testimony consists only of a direct answer limited to two questions:  whether the witness is aware of Defendant's

reputation for the specified character trait, and whether the witness has an opinion about Defendant's character for the trait (Government's Motion *in Limine*, Dkt. No. 54 at 2).

### B. Limitations on cumulative testimony are necessary and proper

At this pre-trial juncture, the only trait that the false statements charges against Defendant directly implicate is truthfulness.   *See United States v. Brown*, 504 F. Supp. 2d 239, 241 (D.D.C. 2007) (charges of false statements and obstruction by their nature implicate truthfulness and veracity).  If, after the government's case-in-chief, Defendant believes the government has called into question other relevant character traits, he can raise with the Court his desire to call character witnesses for other traits.  But there is no reason that the Court cannot at this point—at least with respect to character witnesses regarding truthfulness—impose reasonable limits on the evidence Defendant seeks to admit.  In particular, Defendant provides no explanation as to how it would be helpful to the jury, rather than merely cumulative and prejudicial, to have more than two witnesses testify that Defendant has a reputation for truthfulness.

Furthermore, Defendant's claim that "he should be permitted to present evidence of . . . his reputation for truthfulness across different time periods and contexts" (at 2) is without merit. Character evidence is subject to the same Rule 403 balancing test as any other evidence, and in this case, that test weighs heavily in favor of limiting Defendant to two witnesses.  In particular, the testimony of each additional character witness—providing essentially the same answer regarding Defendant's reputation for truthfulness—is less probative and more prejudicial.  In addition, the more remote from the time period and context of this case—2012-2013, when Defendant worked at a law firm—that the "different time periods and contexts" about which Defendant's witnesses propose to opine are, the less probative the testimony.  The Court should

grant the government's motion and limit Defendant to two character witnesses regarding Defendant's reputation for truthfulness.

### C. The defense should not be permitted to elicit character testimony on cross-examination

Defendant fails to respond to the government's argument that eliciting character testimony on cross-examination of government witnesses would be confusing and unfairly prejudicial, or the case supporting the proposition.  (Government's Motion *in Limine*, Dkt. No. 54 at 4).  But it undoubtedly risks confusion to the jury to have one witness wear two hats and provide two different kinds of testimony in the same sitting.  Indeed, special precautions are sometimes needed for witnesses who have dual roles—such as having a fact witness who is also an expert witness handle those roles separately.  *See, e.g.*, *United States v. Garcia*, 752 F.3d 382, 392 (4th Cir. 2014) ("[I]ndividuals who testify as expert and fact witnesses can cause jury confusion" and require adequate safeguards, including "requiring the witness to testify at different times, in each capacity").  Defendant provides no reason why he cannot, in his case, re-call any fact witness whom he wishes to use as a character witness.  The government's motion to preclude the defense from eliciting character testimony on cross-examination of government witnesses should be granted.

### D. Conclusion

For the foregoing reasons, the government's motion *in limine* to preclude improper character testimony should be granted.  Defendant should be limited to two character witnesses regarding Defendant's reputation for truthfulness, and should be precluded from eliciting character evidence on cross-examination.  If, after the government's case in chief, Defendant believes the government has called into question other pertinent character traits, Defendant can raise the issue with the Court.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By:   /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov


JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL


By:   /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   July 18, 2019

**<u>Certificate of Service</u>**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Reply has been sent to counsel for the defendant on July 18, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney