# Exhibit 1:  Proposed *Voir Dire*

**PROPOSED VOIR DIRE**

**Agreed *Voir Dire* Questions Between the Parties**

1. I am Judge Amy Berman Jackson, and I will preside over this trial.

    The lawyers representing the United States during this trial will be Assistant United States Attorneys Fernando Campoamor-Sanchez, Molly Gaston, and Jason McCullough. Assisting them at trial will be Amanda Rohde. [STAND UP]

    The lawyers representing the defendant during this trial, all from the law firm of Zuckerman Spaeder, will be William W. Taylor, William J. Murphy, Paula M. Junghans, Adam Abelson, and Ezra Marcus. [STAND UP]

    Do you believe that you know, or have any connection to or association with, any of these people, including me?

2. The defendant in this case is Gregory B. Craig. Mr. Craig is a lawyer who resides in the District of Columbia. [STAND UP][1] Do you believe that you know, or have any connection to or association with Mr. Craig?

3. The following is a partial list of individuals or law firms and companies whose names may come up in connection with this case. [LIST]. Do you, to your knowledge, have any personal, family, or business connection of any sort with them?

4. Have you seen, read, or heard anything at all about this case in any form of media, including newspaper, television, radio, or internet?

5. During the pendency of this trial, I will instruct you not to watch, read, or listen to any news or online postings related to this case, including in newspapers, television, radio, or internet. Would you have any trouble following that instruction?

6. Do you have difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

7. Are you taking any medications, or have a physical condition, that could make it difficult for you to sit as juror and give your full attention to the trial and the evidence in this case?

8. Do you have difficulty speaking, understanding, reading, or writing the English language?

---

[1]   Defendant proposes an insert to this *voir dire* question, identified below.

9. Have you ever served as a juror before, either on a grand jury or a petit jury, on the federal, state, or local level?

10. Have you or any close friend or family member been the victim of or witness to a crime, regardless of whether that crime was reported to law enforcement?

11. Have you or any close friend or family member ever been accused of, arrested for, or charged with a crime?

12. Have you or any members of your family been employed by any federal, state, or local law enforcement agency?

13. Have you or any members of your family worked for the federal government?

14. Have you or any members of your family or close friends worked in the legal profession in any way, including as a lawyer, paralegal, administrative assistant in any law office, including a prosecutor's or public defender's office?

15. Have you or any members of your family or close friends worked in a firm engaged in lobbying?

16. Have you or any members of your family or close friends worked in a firm engaged in public relations work or media consulting business?

17. Do you, any member of your immediate family, or any close friend have any connection to the country or government of Ukraine?

18. Some of the investigation leading to this trial was conducted by the Special Counsel Robert S. Mueller, III.  Is there anything regarding the Special Counsel's Office that would prevent or hinder you in any way from rendering a fair and impartial verdict in this case based solely on the evidence presented and my instructions on the law?

19. The indictment involves charges of false statements and concealing information.  Is there anything about the nature of those charges that would make it difficult for you to be a fair and impartial juror in this case?

20. Some of the witnesses in this case may be people who testify as part of a guilty plea and cooperation agreement with the government.  Is there anything about that circumstance that will make it difficult for you to evaluate their testimony fairly and impartially in accordance with my instructions?

21. In every trial, the defendant is presumed to be innocent throughout the trial and the defendant cannot be found guilty of an offense unless and until the government has proven each element

of that offense beyond a reasonable doubt. Would you find it difficult for any reason to obey that instruction?

22. If you were selected as a juror in this case, would it be difficult for you to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of law?

23. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

24. Do you know of any reason why you cannot sit as a juror in this case and judge the evidence presented fairly and impartially and apply the law as instructed by me?

**Questions for Which Parties Propose Alternative *Voir Dire* Questions**

A. **Government's Proposed Additional Instruction (Opposed by Defendant)**

   1. <u>Proposed additional question</u>: During this trial, one or more law enforcement officers may testify as a witness. I will instruct you that you must not give either greater or lesser weight to the testimony of law enforcement witnesses, and that you must treat them as you would any other witness. Would you find it difficult for any reason to obey that instruction?

B. **Defendant's Additional Questions (Opposed by the Government)**

   1. <u>Proposed additional question</u>: The lawyers representing the United States are employees of the United States Attorney's Office for the District of Columbia, and the National Security Division of the Department of Justice. The United States Attorney is Jessie Liu. Do you know or have you had any dealings, directly or indirectly, with Ms. Liu, or with any other member of the staff of the United States Attorney's Office for the District of Columbia, or the National Security Division of the Department of Justice?

   2. <u>Proposed insert to Question no. 2</u>: Over the years since the early 1970s, he has worked at the law firm of Williams and Connolly, for Senator Edward M. (Ted) Kennedy, for Secretary of State Madeline Albright, and for Presidents William Jefferson Clinton and Barack Obama. Most recently, he was a partner in the firm of Skadden Arps Meagher & Flom.

   3. <u>Proposed additional question</u>: Do you have any strong opinions or feelings about the government of Ukraine?

   4. <u>Proposed additional question</u>: During this trial, one or more law enforcement officers may testify as a witness. Would you tend to give greater or lesser weight to the testimony of a government official or law enforcement officer simply because he or she is a government official or law enforcement officer? I will instruct you that you must not give either greater or lesser weight to the testimony of law enforcement witnesses, and that you must treat them as you would any other witness. Would you find it difficult for any reason to obey that instruction?

   5. <u>Proposed additional question</u>: In general, would you view evidence presented by the defense differently than you would evidence presented by the prosecution?