UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>   *v.*<br><br>**GREGORY B. CRAIG**,<br><br>   *Defendant.* | Case No. 1:19-cr-0125 (ABJ) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT TWO**

Pursuant to the Court's Minute Entry of July 16, 2019, Defendant hereby submits this Supplemental Brief to address 28 C.F.R. § 5.2(g) and 22 U.S.C. § 612(d).

**I.   28 C.F.R. § 5.2(g)**

As explained in Defendant's Reply Brief, the documents that are filed or furnished "under the provisions of [FARA]," 22 U.S.C. § 618(a)(2), include registration statements, *id.* § 612(a), supplemental statements, *id.* § 612(b), attachments to those documents, *id.* § 612(a)(1)–(11), submissions in support of a national defense exemption, *id.* § 613(f), submissions of informational materials, *id.* § 614(a), and amended registration statements, *id.* § 618(g).

A Department of Justice regulation creates a procedure for persons to obtain advisory opinions about the statute's application to contemplated conduct. 28 C.F.R. § 5.2. This regulation provides that requests for such advisory opinions must meet specified requirements. A willful violation of this regulation is a crime under 22 U.S.C. § 618(a)(1) (referencing violations of "any provision of [FARA] or any regulation thereunder"). Whether or not submissions pursuant to 28 C.F.R. § 5.2 are covered by § 618(a)(2) as documents submitted "under the provisions of [FARA]" is not free from doubt, but that issue is not before the Court. *See* Reply Brief, ECF 37,

at 2 n.1 & 7–8.[1] The fact that the agency has promulgated very specific requirements for requests for advisory opinions helps to demonstrate, however, that § 618(a)(2) does *not* cover *ad hoc* letters not referenced in any provision of FARA or in any regulation.

Under 28 C.F.R. § 5.2, "[a]ny present or prospective agent of a foreign principal" may request a statement of the Justice Department's "present enforcement intentions" with respect to a contemplated activity. *Id.* § 5.2(a). The contemplated course of conduct must be "actual, as opposed to hypothetical," and a request "may not involve only past conduct." *Id.* § 5.2(b). The regulation itemizes specific pieces of information that must be included in such a request, and it commands that a request "shall . . . contain in detail all relevant and material information bearing on the [matter] for which review is requested." *Id.* § 5.2(e).

A requester must affirmatively "certify that the review request contains a true, correct, and complete disclosure with respect to the proposed conduct." *Id.* § 5.2(f). And if the Justice Department seeks additional information after a request has been submitted, the requester must submit the information, certifying that it is "a true, correct, and complete disclosure of the requested information." *Id.* § 5.2(g).[2]

FARA's false statement provision makes no express reference to documents submitted under a regulation, *see* 22 U.S.C. § 618(a)(2), unlike other sub-parts of § 618 that *do* expressly

---

[1] Regardless of whether requests under 28 C.F.R. § 5.2 – or in follow-up submissions under § 5.2(g) – are "other document[s]" subject to § 618(a)(2), willful omissions of material facts in those submissions are subject to criminal penalties under 22 U.S.C. § 618(a)**(1)**. That is because advisory opinion requests must contain "all relevant and material information bearing on the [matter] for which review is requested." 28 C.F.R. § 5.2. Submitting a willfully incomplete advisory opinion request is thus a willful violation of "any regulation [under FARA]," and subject to the criminal penalties imposed by 22 U.S.C. § 618(a)(1).

[2] Defendant does not understand the Court to be asking whether 28 C.F.R. § 5.2(g) applies to the letter at issue in Count Two. Section 5.2 in its entirety, including § 5.2(g), plainly covers only proactive requests for the Justice Department's views and enforcement intentions concerning a requester's present or future activity – not requests from the FARA Unit for information about a person's past or ongoing activity.

reference "any provision of [FARA] *or any regulation thereunder.*" 22 U.S.C. § 618(a)(1) (emphasis added); *see also id.* § 618(c), (f), (g). The fact that § 618(a)(2) references documents submitted "under the provisions of [FARA]," but not documents submitted under the regulations, suggests that submissions pursuant to a regulation like 28 C.F.R. § 5.2 are not covered. *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 23 (1983) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each."). The Supreme Court has also explained that there can be no prosecution under FARA for omission of a material fact "required to be stated" in a covered document "[u]nless *the statute*, fairly read, demands the disclosure of the information which petitioner failed to give." *Viereck v. United States*, 318 U.S. 236, 242 (1943) (emphasis added); *see also id.* at 243 (conviction could not be sustained based on regulatory disclosure requirements that were not specifically authorized by Congress in FARA).

But the Court need not decide whether submissions pursuant to 28 C.F.R. § 5.2 are covered under 22 U.S.C. § 618(a)(2), because even if they are, the regulation only reinforces the fact that the letters at issue in this case are not covered by the statute or any regulation. Requests for advisory opinions under 28 C.F.R. § 5.2 have specifically prescribed contents, *id.* § 5.2(e), so Congress could sensibly choose to subject those submissions to a prohibition against "omit[ting] any material fact required to be stated therein." 22 U.S.C. § 618(a)(2). Requests under 28 C.F.R. § 5.2 are expressly required to contain "all relevant and material information bearing on the [matter] for which review is requested," *id.* § 5.2(e), and they must be accompanied by a certification that their contents are accurate and complete, *id.* § 5.2(f); *see also id.* § 5.2(g). In contrast, a response to a "possible obligation letter" is not governed by any statute or regulation, its contents are unregulated, and it need not contain a certification of completeness. Congress did

not subject such informal documents to the specialized criminal prohibition against omissions of material information contained in § 618(a)(2).

A response to a "possible obligation letter" is informal correspondence with the FARA Unit, similar to inquiries from any of a number of federal agencies seeking information, responses to which must be true, of course, but which carry no legal duty to supply all relevant information. *United States v. Safavian*, 528 F.3d 957, 964–65 (D.C. Cir. 2008). Responses to a "possible obligation letter" are categorically different from the registration statements, supplements, and other documents covered under 22 U.S.C. § 618(a)(2) – even if that class of other documents might be read to include requests under 28 C.F.R. § 5.2.

## II.     22 U.S.C. § 612(d)

Section 612(d) offers three important insights regarding 22 U.S.C. § 618(a)(2).

**First**, by virtue of its parallel language, § 612(d) shows that Congress had registration statements and supplements in mind when, in § 618(a)(2), it prohibited the omission of material facts and documents "necessary to make the statements *therein* and the documents furnished *therewith* not misleading." (emphasis added); *see id.* § 612(d) (referencing omissions of facts "necessary to make the statements made *in a registration statement and supplements thereto*, and the documents furnished therewith, not misleading" (emphasis added)). The parallelism between § 612(d) and § 618(a)(2) shows that registration statements and supplements are the archetypal documents that Congress had in mind in § 618(a)(2).[3]

**Second**, § 612(d) refutes the government's surplusage argument about § 618(a)(2). The government argued in its opposition brief that the residual category of "other document[s]" in

---

[3] FARA contains an additional cross-reference to § 618(a)(2) that likewise illuminates which documents Congress had in mind. *See* 22 U.S.C. § 616(b) (stating that the failure of the Attorney General to transmit a "registration statement," "amendment," or "supplement thereto" to the Secretary of State "shall not be a bar to prosecution under this subchapter").

4

§ 618(a)(2) cannot be limited to statutorily-required submissions because § 618(a)(2) also references a "registration statement," and the definition of "registration statement" in § 611(k) already encompasses all of the attachments to a registration statement. ECF 35 at 12–13. As an initial matter, there is no surplusage issue because attachments to a registration statement do not exhaust the category of statutorily required submissions. *See supra* at 1. But even if they did, § 612(d) demonstrates that Congress was not concerned about redundancies created by the expansive definition of "registration statement" in § 611(k). Notwithstanding that definition, Congress separately referenced "registration statement[s] and supplements thereto, and the copies of the documents furnished therewith" in § 612(d). There is no reason for the Court to strain to read § 618(a)(2) so as to avoid a surplusage concern that Congress had ignored not only in § 612(d), but also in many other provisions of FARA, including § 618(a)(2) itself, which make separate references to registration statements and supplements, even though supplements are already included in § 611(k)'s definition of "registration statement."

**Finally**, § 612(d) encapsulates the structural relationship between §§ 618(a)(1) and (a)(2), with (a)(2) serving as a backstop to (a)(1). Section 618(a)(1) criminalizes the failure to file a required document, but as set forth in § 612(d), the filing of a required document does not foreclose prosecution for a willful false statement or material omission in that document. Section 612(d) thus explains how § 618(a)(1) and (a)(2) work in tandem, with (a)(1) ensuring that the required documents are submitted, and (a)(2) enforcing the integrity of the submitted documents. That relationship explains which documents Congress understood itself to be policing in § 618(a)(2): the ones that are required to be submitted under § 618(a)(1).

Dated: July 23, 2019 Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                                /s/ *Ezra B. Marcus*
                                                Ezra B. Marcus