## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA

    **v.**

GREGORY B. CRAIG,

      *Defendant.*

_____

         :
         :
         :      **Case No. 1:19-CR-00125 (ABJ)**
         :
         :
         :
         :

## GOVERNMENT'S SUPPLEMENTAL SUBMISSION
## REGARDING COUNT TWO

Both of the provisions that the Court directed the parties to brief on July 16, 2019 (Hrg. Tr. 7/16/19 19:6-16)—28 C.F.R. § 5.2(g) and 22 U.S.C. § 612(d)—support the Government's position that 22 U.S.C. § 618(a)(2) is not limited to registration statements and supplements, but also includes "any other document" submitted under the provisions of FARA.  This includes the letter submitted by Defendant on October 11, 2013.

1.      The first provision, 28 C.F.R. § 5.2(g), exemplifies why Section 618(a)(2) applies to "any other document" submitted under FARA, not just to documents provided with a registration statement.  *See* ECF No. 35, at 13-15.  In 28 C.F.R. § 5.2(a), the Attorney General established a process by which a present or prospective agent of a foreign principal may seek an advisory opinion as to "the present enforcement intentions of the Department of Justice" with regard to whether contemplated activity "requires registration and disclosure pursuant to" FARA. 28 C.F.R. § 5.2(a).[1]  The advisory opinion process would be wholly undermined if prospective

---

[1]      The Department of Justice promulgated such regulations within two months of assuming responsibility for the administration of FARA.  Administration of FARA, 7 Fed. Reg. 4717 (June 25, 1942).

registrants were free to mislead the Department of Justice when seeking advisory opinions about whether their conduct requires registration under FARA, which would be the case under Defendant's cramped interpretation that Section 618(a)(2) applies only to registration statements and documents filed therewith.  The effective implementation of FARA depends on the receipt of accurate information from persons and entities potentially subject to the Act.  For this reason, the advisory opinion procedures support the interpretation that Section 618(a)(2) applies to willful false statements and material omissions, not only "in any registration statement or supplement thereto," but also "in *any other* document filed with *or furnished to* the Attorney General" as part of the comprehensive scheme of the Attorney General's regulation of FARA. 22 U.S.C. § 618(a)(2) (emphasis added).[2]

Significantly, the regulation contemplates the sort of scenario that occurred here.  It requires that, after there has been an oral exchange of information with the Department, the party seeking the advisory opinion must memorialize its representations in writing.  22 C.F.R. § 5.2(g). These written submissions following oral representations provide information that the Department of Justice needs to determine whether the sender is required to register.  They constitute just one example of documents other than registration statements and documents filed therewith whose veracity is imperative.

The October 11, 2013 letter from Defendant is a similar example.  In that letter, Defendant sought to persuade the FARA Unit to reverse its prior determination that Defendant and his firm

---

[2]    *See also Caraco Pharmaceutical Laboratories, Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 418-419 (noting that several of the Supreme Court's cases, including *Ardestani*, "support giving 'under' [] broad meaning" to include the "comprehensive scheme of regulation" provided by the governing provisions). That is why it is particularly meaningful that Section 618(a)(2) refers generally to "the provisions of this subchapter," not *a* particular provision of FARA. Both advisory opinions and the exchange of correspondence at issue here exist as a by-product of FARA's "comprehensive scheme of regulation," but not any particular provision of the statute.

were required to register under FARA.  After two rounds of correspondence, the FARA Unit had

advised the Defendant's firm to register under FARA.  *Id.* ¶ 58.  Defendant and others from the

firm met with the FARA Unit to convince it to change its determination.  *Id.* ¶ 61.  After hearing

the oral presentation, the FARA Unit directed the Defendant to provide a written submission to

confirm the representations he had made during the meeting.  *Id.* ¶ 62.  Just as with Section 5.2(g),

the FARA Unit sought to ensure that information furnished orally that could form the basis for a

determination would be subject to FARA's false statement provision, and it was the practice of the

FARA Unit to have critical representations made in such meetings reduced to writing.  *See, e.g.,*

ECF No. 48-1, Hunt Grand Jury Tr., at 39:19-40:17, 49:7-18.   The false and misleading

representations in Defendant's October 11, 2013, letter were not a mere summary of the meeting:

they were factual representations bearing on a key question, namely, whether Defendant had acted

"at the order, request, or under the direction or control" of Ukraine when contacting the media.  22

U.S.C. § 611(c).  The Defendant was emphatic that the report had been provided "in response to

requests from the media" (not at Ukraine's request or direction) and that, in speaking with the

media, Defendant "did not consult with Ukraine, did not inform Ukraine, did not act under

instruction from Ukraine and was in no way serving as an agent for Ukraine."  ECF No. 35-7.

If potential registrants mislead the FARA Unit into concluding they are not obligated to

register (whether through the advisory opinion process, by submitting information called for by

the exemptions in Section 613, or through written correspondence like the Defendant's), they

frustrate the Attorney General's administration of FARA (and undermine one of Congress's

objectives in transferring FARA to an agency with investigative authorities).[3]  It is for this reason

---

[3]      Likewise, if the false statement provision were limited to advisory opinions sought under
the FARA regulations, it would be limited to those who proactively seek the FARA Unit's
guidance, believing they have no registration obligation, and exclude those, like the Defendant,

that Congress, in Section 618(a)(2), prohibited willful false statements and material omissions, not only in registration statements and supplements, but also in "any other document," such as the October 11, 2013 letter, submitted under FARA.[4]  A signed letter submitted to the Attorney General for the purpose of affecting a registration determination, whether through an advisory opinion process under 28 C.F.R. § 5.2 or in response to a letter of determination from the FARA Unit, falls squarely within the ambit of the statute.

2.      The second provision, 22 U.S.C. § 612(d), is further textual evidence that Congress intended the false statement provision of Section 618(a)(2) to sweep more broadly than registration statements, supplements thereto, and documents filed therewith.  Section 612(d) makes clear that *post hoc* registration will not absolve an individual of liability for willfully failing to file before that point, nor does it preclude the government from prosecuting "a willfully false statement of material fact" therein.  But Section 612, entitled "Registration statement," addresses only registration statements and supplements thereto and documents filed *therewith*,[5] not "any other" document that may be submitted under FARA.  *See* 22 U.S.C. § 612(a) (explaining the filing requirement and providing, in detail, the contents required in a registration statement).  Conspicuously absent from the subsection is reference to "any other document," which expansive language appears in Section 618(a)(2).

---

whom the Department identifies as potential registrants and requests information from. Of course, individuals who consciously desire not to file under FARA are less likely to seek out the FARA Unit for advice, more likely to be contacted as part of a FARA investigation, and more likely to mislead in order to avoid registration.

[4]      Indeed, even Defendant recognizes that "any other document" is not limited to those documents "required" by FARA (i.e., registration statements) in acknowledging that a request for an advisory opinion "may be subject to the provisions of § 618(a)(2)."  ECF No. 37, at 9.

[5]      To be clear, the documents to be filed with a registration statement include the registrant's organizational documents (22 U.S.C. § 612(a)(2)) and agreement with its foreign principal (*id.* at § 612(a)(4), (a)(9)).  All other information identified in § 612(a) is provided on the registration statement itself.

Indeed, it is clear from the plain language that Section 612(d) and Section 618(a)(2) address different sets of documents. Section 612(d) refers to "a registration statement or supplement thereto" (including, by definition, documents provided therewith[6]) while Section 618(a)(2) refers more broadly to false statements "in any registration statement or supplement thereto" *and* "in any other document filed with or furnished to the Attorney General under the provisions of" FARA. Congress did not intend for Section 612(d) to signal a limitation on the application of the false statement provision to only registration statements and supplements thereto and those documents filed therewith, because Congress included two additional categories in Section 618(a)(2) when it expanded the false statement provision in 1942. 56 Stat. at 257, *codified as amended at* 22 U.S.C. § 618(a)(2).[7]

Where, as here, "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Nken v. Holder*, 556 U.S. 418, 430 (2009) (internal quotation marks omitted). In Section 618(a)(2), by using the phrase "any other document" and omitting the limiting reference used in Section 612(d) to documents filed or furnished "therewith," Congress intentionally and purposely provided for an expansive application of Section 618(a)(2) to FARA-related submissions other than, and in addition to, those documents filed with registrations statements and supplements.

---

[6]   22 U.S.C. § 611(k) (The term "registration statement" includes "all documents and papers required to be filed therewith . . . whether attached thereto or incorporated therein by reference").

[7]   The 1942 Amendment addressed false and misleading statements and omissions by "Any person who … [1] in any registration or supplement thereto or [2] in any statement under section 4(a) hereof concerning the distribution of political propaganda or [3] in any other document filed with or furnished to the Attorney General under the provisions of this Act[.]"

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845


By:  /s/ Fernando Campoamor Sánchez
FERNANDO CAMPOAMOR-SANCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov

JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL


By:  /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   July 23, 2019

**<u>Certificate of Service</u>**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Supplemental Submission Regarding Count Two has been sent to counsel for the Defendant on July 23, 2019.

<u>/s/ Fernando Campoamor-Sánchez</u>
Fernando Campoamor-Sánchez
Assistant United States Attorney