**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**UNITED STATES OF AMERICA**

    **v.**                                             **Case No. 1:19-CR-00125 (ABJ)**

**GREGORY B. CRAIG,**

    **Defendant.**

_____

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND
TESTIMONY ABOUT OTHER REPORTS AND FARA ENFORCEMENT**

The indictment in this case charges Defendant with making false and misleading statements and material omissions to officials at the Department of Justice about his work on behalf of Ukraine. Defendant is not charged with failing to register as Ukraine's agent under the Foreign Agents Registration Act (FARA). Nevertheless, Defendant recently disclosed that he expects to introduce evidence and testimony at trial about other attorneys who performed unrelated work on Ukraine's behalf, but who did not register under FARA. Specifically, Defendant asserts that he will introduce this evidence through his proposed expert, Amy Jeffress, and through cross-examination of government witness Heather Hunt. The proposed evidence and testimony are irrelevant, prejudicial, and will confuse the jury. The Court should exclude them.

**I.     Introduction**

On July 14, 2019, the defense notified the government of its intention to introduce evidence of other Ukraine reports at trial. On July 16, 2019, at a hearing on this matter, the defense notified the Court of its intention, and described the proffered evidence in some detail. *See* Hrg. Tr. 7/16/19 at 4:15-18 (describing the defense's "development of potential testimony and evidence related to

other matters in which law firms in Washington, or elsewhere did work, comparable to the work that was done by Skadden on the Tymoshenko Report, and did not register under FARA.")  On July 19, 2019, Defendant filed a Notice stating that he would not seek to introduce evidence during trial, in any way, of one particular report published in October 2010.  ECF No. 71.  In a teleconference minutes after the filing, however, the defense described its intention to use other, similar evidence:

> To the extent there are others—and there are others—other major law firms that did other sorts of reports, our expert is going to testify about those.  It's going to be part of her testimony regarding what experienced, qualified lawyers and law firms did during the relevant timeframe.  It's going to also, I think, be part of our cross-examination of the folks from the FARA unit about what they did in terms of determining, you know, who was required to register, what was material to their decision-making process in terms of seeking or requiring registration.

Hrg. Tr. 7/19/19 at 19:17-20:1.

The defense's descriptions of the proffered evidence, over the course of these two hearings, make clear that the evidence that Defendant is seeking to introduce is wholly irrelevant to the charges the jury in this case will consider, as well as prejudicial and confusing.  The Court should exclude it.

## II.     ARGUMENT

### A.  <u>Proposed Expert Testimony</u>

Defendant's ever-evolving description of the testimony of his proffered expert, Amy Jeffress, now includes descriptions of reports conducted by other law firms and "what experienced, qualified lawyers and law firms did during the relevant timeframe."  *Id*.  Defendant's newest articulation of the substance of Ms. Jeffress's testimony is the same improper bolstering to which the government has already objected (*See* ECF No. 67 at 5)—that is, Defendant will suggest to the jury that because other "experienced, qualified" attorneys writing reports about Ukraine did not

register under the Foreign Agents Registration Act (FARA), Defendant—as a reasonable practitioner—also believed that he was not obligated to do so.

In addition, the proposed testimony would be unhelpful and confusing to the jury. First, as previously described at length in the government's filings, what other lawyers and law firms did in 2011 with respect to preparing reports for foreign principals is not probative of the issue before the jury in this case: whether Defendant made false statements and material omissions to the FARA Unit in 2013. Second, such testimony is not even probative of Defendant's state of mind in 2012, when he failed to register as an agent of Ukraine. Third, testimony about the mere fact that other lawyers and law firms conducted reports for foreign principals—without information about these lawyers' media contacts and distribution of the report, whether a foreign principal had asked them to do so, and any communications they may have had with the FARA Unit—is not analogous to Defendant's situation in 2012 and thus would be misleading. No evidence or testimony, expert or otherwise, about other lawyers' or firms' reports should be permitted.

      a.   <u>The proposed testimony is not relevant</u>

As stated in the government's previous motions, Defendant was not charged with willfully failing to register as an agent of Ukraine in 2012. Accordingly, testimony about what a reasonable practitioner might have believed about his registration obligation, or testimony about other reports about Ukraine conducted in 2011 (and whether their authors registered under FARA), are not probative of Defendant's willfulness or the materiality of the false statements and material omissions he is charged with making to the FARA Unit in 2013. *See* United States' Reply in Support of Motion *in Limine* to Exclude Defendant's Proffered Opinion Testimony, ECF No. 67

at 2-3; Government Reply in Support of Its Motion *in Limine* to Exclude Claims of Selective Prosecution, ECF No. 68 at 3.

      b.  The proposed testimony is not even probative of Defendant's state of mind in 2012

As described in the government's reply in support of its selective prosecution motion, because Defendant has not proffered evidence that he knew about these other reports—and more importantly, that he knew the details of these other attorneys' media contacts and dissemination of their reports,[1] and considered those circumstances in making his own decision whether to register under FARA—he cannot claim that they informed his state of mind in 2012 when he failed to register as an agent of Ukraine.[2] *See* ECF No. 68 at 3-4.  Furthermore, whatever Defendant may have thought in 2012 about other attorneys' obligations to register under FARA, the FARA Unit informed him in no uncertain terms on September 5, 2013, that Defendant and his firm were obligated to register.  Indictment, ECF No. 1 ¶ 58.  Despite this, Defendant continued to make false and misleading statements and material omissions in response to the FARA Unit's inquiry. *Id*. ¶¶ 61-63.

      c.  The proposed testimony would be misleading

To the extent that Ms. Jeffress plans to testify, in sum, that other well-respected attorneys wrote Ukraine reports and did not register under FARA, such testimony would be highly

---

[1]    Merely writing a report for a foreign principal does not necessarily mean that one has an obligation to register under FARA.  In Defendant's case, the FARA Unit explained in its September 5, 2013 letter that Defendant and his firm had an obligation to register because Defendant's "dissemination of the report to the media" and "communications with the media" were political activities under 22 U.S.C. § 611(o) under FARA, and because Defendant's activities constituted registrable conduct under FARA's definitions of "public relations counsel, publicity agent, and information service employee" as defined in Sections 611(g)-(i).

[2]    Indeed, Defendant never mentioned these reports in any of his interactions with the FARA Unit.

misleading and unfairly prejudicial.  It would omit essential details about these other attorneys'
actions, including the nature of these other attorneys' media contacts regarding their reports; these
other attorneys' dissemination of their reports; and whether any of these attorneys had been asked
to contact the media or disseminate their reports by a foreign principal.  If, on the other hand, Ms.
Jeffress has gathered these vital details and plans to testify about them, Defendant has not provided
such information as the basis for Ms. Jeffress's opinion and thus has not complied with his
obligations under Rule 16.  *See* United States' Reply in Support of Motion *in Limine* to Exclude
Defendant's Proffered Opinion Testimony, ECF No. 67 at 5-7.

> d.  Rule 403

Even if the Court finds that Defendant's proposed expert testimony about other attorneys
and their reports would be minimally probative, the Rule 403 balancing test weighs heavily in
favor of excluding it.  There is a real danger with any witness that such testimony about other
individuals' unrelated actions could be confusing and misleading to the jury; with expert
testimony, that danger is compounded by the authority that comes with being qualified as an
expert.  *See United States v. Doe*, 903 F.2d 16, 19-20 (D.C. Cir. 1990) (expert testimony risks
unduly biasing jury because of its "aura of special reliability").  Furthermore, there is a real risk of
Defendant's trial devolving into one or more mini-trials on the irrelevant question of whether other
attorneys might have been obligated to register under FARA in 2011—years before Defendant's
charged conduct.  Defendant's proposed testimony by Ms. Jeffress regarding other attorneys and
their reports should be excluded.

> B.  Proposed Cross-Examination of Department of Justice Witnesses

Defendant also wishes to cross-examine Heather Hunt, and any other FARA Unit
employees who testify, about their actions with respect to other law firms and lawyers "in terms

of determining, you know, who was required to register, what was material to their decision-making process in terms of seeking or requiring registration." Hrg. Tr. 7/19/19 at 19. Defendant is certainly entitled to cross-examine Ms. Hunt about the information material to her decision-making, and who was required to register under FARA. What he is not permitted to do is use these other reports as a backdoor for an improper selective enforcement claim by asking Ms. Hunt why the FARA Unit failed to take enforcement action against the other attorneys who wrote Ukraine reports.

Whether the FARA Unit took enforcement actions against other individuals or law firms is not relevant. *See, e.g., United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) ("Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues"); *United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (upholding district court prohibition on cross-examination about government's decision whether to prosecute others in the same case). At the same time, if Defendant is permitted to cross-examine Ms. Hunt about other attorneys who wrote Ukraine reports—who may well not have engaged in any registrable activity under FARA—and in so doing, to imply that the government has selectively enforced the statute, it would be confusing and misleading to the jury and unfairly prejudicial. *See* Government's Motion *in Limine* to Exclude Claims of Selective Prosecution or Enforcement, ECF No. 44 at 2-4. The Court should not permit Defendant to cross-examine Ms. Hunt about other Ukraine reports and whether their authors were obligated to register under FARA.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:  /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov


JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL


By:  /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   July 24, 2019

## Certificate of Service

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion in Limine to Exclude Evidence and Testimony About Other Reports and FARA Enforcement has been sent to counsel for the defendant on July 24, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney