**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**GREGORY B. CRAIG**,<br><br>*Defendant.* | **Case No. 1:19-cr-0125 (ABJ)** |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**
**REGARDING JURY UNANIMITY AND THE UNIT OF PROSECUTION**

The Court has asked the parties to address how Count One, if not dismissed, should be presented to the jury for a verdict, including specifically whether the verdict form should include special interrogatories and how to ensure jury unanimity. Our answers, as explained more fully below are:

(1) As reflected in both parties' proposed jury instructions, unanimity should be ensured through a special unanimity instruction – not through a verdict form with special interrogatories like the one used in the first *Safavian* trial. In particular, there should not be special interrogatories designed to differentiate between concealment offenses and false statement offenses, like the ones used in *Safavian*. The government's proposed jury instruction for Count One now acknowledges that a conviction cannot rest solely on a false statement. *See* ECF 72-2 at 11; *United States v. Safavian*, 528 F.3d 957, 967 n.12 (D.C. Cir. 2008).

(2) Unanimity is required with respect to "a material fact," because that is an element of the offense. That can be accomplished with a special unanimity instruction, such as the instruction that Defendant has proposed. *See* ECF 72-2 at 15. If the Court

concludes that Count One charges both a concealment scheme and a falsification scheme, then the jurors should be instructed that they must also be unanimous as to whether the material fact on which they agree was falsified or concealed. If the manner and means allegations in ¶ 50 of the Indictment are presented to the jury as distinct alternative descriptions of an element of the offense—the "trick, scheme or device" used to conceal a material fact—then a special unanimity instruction should be given as to that element as well. Special interrogatories are not needed to ensure unanimity.

## I. THE OFFENSE CHARGED IN COUNT ONE

The offense alleged in Count One is:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device **a material fact**

18 U.S.C. § 1001(a)(1) (emphasis added).

Unlike § 1001(a)(2), which focuses on a "statement or representation," § 1001(a)(1) focuses on "a material fact." Each of the other elements of the offense is tied to a particular material fact. The *material fact* must be falsified, concealed, or covered up, and the falsification, concealment or cover up *of the material fact* must be by trick, scheme, or device. The defendant must have acted knowingly and willfully in concealing or falsifying *the material fact* by trick, scheme or device. And the duty to disclose – whether a legal issue to be determined by the Court,

a factual element to be found by the jury, or some combination[1] – must be a duty to disclose *a specific material fact*. *Safavian*, 528 F.3d at 964.

Count One lists a series of "facts material to the FARA Unit's inquiry" that are alleged to have been concealed. Indictment, ECF 1, ¶ 63. No other material facts are specified in the Indictment.

## II. ARGUMENT

### A. No individual statement should be submitted to the jury as a possible basis for its verdict using a special interrogatory.

A false statement alone cannot be the "means" of a scheme offense under § 1001(a)(1), so the jury should not receive special interrogatories like the ones given in the first *Safavian* trial. In its opposition to the motion to dismiss Count One, the government argued that the Count could stand, even if there is no duty to disclose the information Mr. Craig is charged with concealing, "because Defendant's scheme included false statements." ECF 32 at 26 (header formatting omitted). The government cited *Safavian* as having allowed "the false statements portion of the charge" to survive (as reflected in special verdicts returned after the first trial), notwithstanding the dismissal of the "concealment portion" for lack of a duty. *Id.* at 27. But a verdict on Count One in this case cannot be based on the making of a false statement, because as the government's proposed instruction for Count One recognizes, "[a] false statement alone cannot constitute a trick, scheme or device." ECF 72-2 at 12; *accord Safavian*, 528 F.3d at 967

[1] Pursuant to the Court's Minute Order of July 17, 2019, Defendant intends to file a separate brief addressing the question of whether the duty to disclose is a question of law, a question of fact, or a mixed question of law and fact.

n.12.[2] Mr. Craig was not indicted for making false statements or representations in violation of 18 U.S.C. § 1001(a)(2), and he cannot be tried for such an offense even if called something else.

Even if a false statement alone could support a conviction under § 1001(a)(1), none of the communications referenced in this Indictment could do so, and thus none of them can be submitted to the jury in a special interrogatory. The Indictment references three communications from Mr. Craig to the FARA Unit during the time period of the scheme charged in Count One: a letter on June 3, 2013, Indictment ¶ 56, a meeting on October 9, 2013, *id.* ¶ 61, and a letter on October 11, 2013, *id.* ¶ 62. Although the Indictment alleges that each communication included "false and misleading statements," there is no grand jury finding that any of the statements at the October 9 meeting or in the October 11 letter was *material*. *See id.* ¶ 61 (no reference to materiality); *id.* ¶ 62 (same).[3] The June 3 letter is alleged to have contained "material false and misleading statements and omissions," *id.* ¶ 56, but the statute of limitations would bar a conviction based on the June 3 letter, as the government has acknowledged by proposing an instruction requiring the jury to find an act *after* the limitations date of October 3, 2013. *See* ECF 72-2 at 11–12. Thus, even if § 1001(a)(1) could theoretically be violated by an individual statement, it would be improper to allow the jury to render its verdict in this case based on any of the individual communications referenced in the Indictment.

---

[2] Although the defendant in *Safavian* was late to raise an objection to treating the § 1001(a)(1) offenses as allowing conviction for individual false statements, 528 F.3d at 967 n.12, on remand the government prosecuted the false statements charges as separate counts under 18 U.S.C. § 100(a)(2). Likewise, in *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999), the indictment charged false statements separately under 18 U.S.C. § 1001(a)(2), as well as part of a scheme offense under 18 U.S.C. § 1001(a)(1). The independent counsel never argued that it was entitled to a verdict on the scheme offense under § 1001(a)(1) based solely on one of the false statements also alleged in a separate count under § 1001(a)(2).

[3] Although a Bill of Particulars could not cure the absence of a grand jury finding that a particular fact or statement was material, it is noteworthy that, in expanding on Paragraph 61 in its Bill of Particulars, the government did not suggest that any of the particular statements at the October 9 meeting was material. *See* ECF 31 at 1–4.

**B. The jury should be instructed that it must be unanimous as to a particular "material fact."**

"Federal crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime. . . [A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). In *Richardson*, the Court grappled with defining when the jury must be unanimous about which "brute facts make up a particular element." *Id.* The specific issue in *Richardson* was whether the jury had to be unanimous about which drug crimes (a minimum of three) constituted the "series" of violations required to find a Continuing Criminal Enterprise (CCE) offense. *Id.* at 817-18. The Court interpreted the CCE statute to make each specific "violation"—i.e., each predicate drug crime—an element of the offense, meaning that the jury needed to agree on at least three specific "violations." *Id.* at 819. The Court noted the potential unfairness in allowing a conviction without unanimous agreement on the facts:

> The first of these considerations increases the likelihood that treating violations simply as alternative means, by permitting a jury to avoid discussion of the specific factual details of each violation, will cover up wide disagreement among the jurors about just what the defendant did, or did not, do. The second consideration significantly aggravates the risk (present at least to a small degree whenever multiple means are at issue) that jurors, unless required to focus upon specific factual detail, will fail to do so, simply concluding from testimony, say, of bad reputation, that where there is smoke there must be fire.

*Id.* at 819. The Court noted the latitude that states have under the Due Process Clause to define crimes in ways that increase the risks of conviction despite juror disagreements about or inattention to the essential facts, *id.*, but saw "no reason to believe that Congress intended to come close to, or to test, those constitutional limits when it wrote this statute." *Id.* at 820.[4] The

---

[4] There is (at present) no constitutional requirement for jury unanimity in a state criminal prosecution. The Supreme Court will reconsider that question this Term in *Ramos v. Louisiana*, Docket No. 18-5924.

Court held that the lower courts were wrong not to require the jury to agree unanimously on which underlying violations the defendant committed in finding him guilty of a CCE offense.

The analysis in *Richardson* governs this case. The plain text of section 1001(a)(1) (as well as the government's own proposed instruction) tells us that "a material fact" is an element of the offense. An indictment that charged a defendant with concealing or falsifying one fact could not support a conviction for concealing or falsifying a different fact. *See United States v. Miller*, 891 F.3d 1220, 1236 (10th Cir. 2018) (indictment constructively amended in prosecution for "furnish[ing] false or fraudulent material information" under 21 U.S.C. § 843(a)(4)(A) because jury was permitted to convict based on a different piece of material information from the one in the indictment). Because "a material fact" is an element under § 1001(a)(1), *Richardson* makes clear that the jury must be unanimous as to a particular material fact.[5]

The government agrees that a unanimity instruction should be given, but its instruction calls for unanimity on "at least one act of concealment or falsification" rather than on at least one material fact. ECF 72-2 at 12. The government's proposed instruction fails to assure unanimous agreement on an essential element: "a material fact." If, for example, the jury interpreted "an act of concealment" to refer to the October 11, 2013 letter, the jury could be divided about whether

[5] The concealment portion of the special verdict form in *Safavian* recognized that jurors must be unanimous as to the material fact that was concealed. In each of the § 1001(a)(1) counts, the form separately asked whether the defendant had "concealed his assistance to Mr. Abramoff in GSA-related activities" ***or*** "concealed Mr. Abramoff's business relationships with GSA." *United States v. Safavian*, Case No. 1:05-cr-00370-PLF, Verdict Form, ECF 119, at 2–4. Even if the Court were to apply the pre-*Richardson* test for reversal based on non-unanimity articulated in *United States v. Sayan*, 968 F.2d 55, 65 (D.C. Cir. 1992), there is "a genuine risk" in this case that different jurors could vote to convict based on concealment of different material facts. The Court of Appeals has long encouraged giving a special unanimity instruction on the defendant's request. *United States v. Mangieri*, 694 F.2d 1270, 1279-81 (D.C. Cir. 1982); *see also United States v. Crisci*, 273 F.3d 235, 237 (2d Cir. 2001) (unanimity instruction cured duplicity of single count alleging seven false statements).

Mr. Craig knowingly and willfully concealed by trick, scheme or device any one of the numerous material facts alleged in Paragraph 63.

There is no need for a unanimity instruction as to whether the material fact on which the jurors agree was falsified or concealed, because Count One charges a concealment scheme only. *See* Reply in Support of Motion to Dismiss Count One, ECF 36 at 9–10. The only material facts referenced in the Indictment are alleged to have been concealed, not falsified. *See* Indictment ¶ 63. But the government's proposed jury instruction treats Count One as though it charges *both* a concealment scheme and a falsification scheme. *See* ECF 72-2 at 11 (requiring a jury finding that "[t]he defendant concealed or covered up a fact for which there was a legal duty to disclose imposed by statute, regulation, or government form, *or the defendant falsified a fact*" (emphasis added)). If the Court allows Count One to proceed and concludes that it properly charges both a concealment scheme and a falsification scheme, the jury should be instructed that it must be unanimous as to whether a material fact was falsified or concealed. This should be accomplished in the unanimity instruction, not through special interrogatories.

Finally, *Richardson* does not require unanimity on the manner and means allegations in Paragraph 50 because 18 U.S.C. § 1001(a)(1) does not make the manner and means an essential element of the offense. However, the jury must be unanimous about the "trick, scheme or device" element. If the manner and means allegations in Paragraph 50 are used as descriptions of three alternative "schemes" by which material facts were concealed, then the jury should receive an instruction concerning unanimity on the scheme element, similar to the one that Defendant has proposed with regard to a material fact. *See* ECF 72-2 at 15.[6]

[6] In a conspiracy or fraudulent scheme case, the "manner and means" is not an element of the offense, except insofar as it describes *which* conspiracy or scheme, if there is evidence of more than one. Often the "manner and means" allegations for a scheme offense include several

## CONCLUSION

If it does not dismiss Count One, the Court should ask the jury to return a verdict of guilty or not guilty, without any special interrogatories. The Court should instruct the jury that, to convict, it must be unanimous that the government proved beyond a reasonable doubt that Mr. Craig knowingly and willfully concealed by trick, scheme or device a specific material fact identified in Paragraph 63 of the Indictment.

---

paragraphs that give a complete description of a multi-step process, not as alternative bases for conviction. *See, e.g.*, *United States v. Bikundi*, 2016 WL 912169, *36–37 (D.D.C. March 7, 2016) (unanimity not required among "manner and means" allegations that listed six sequential steps that led to the ultimate submission of fraudulent bills in a scheme to defraud Medicare). Jury unanimity is required only as to elements – *e.g.*, which material fact; which trick, scheme or device.

Dated: July 29, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

/s/ *Ezra B. Marcus*
Ezra B. Marcus