**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **No. 1:19-CR-00125 (ABJ)** |
| | : | |
| | : | |
| **GREGORY B. CRAIG,** | : | |
| **Defendant.** | : | |

**NOTICE OF GOVERNMENT'S POSITION ON VERDICT FORM**
**AND SPECIAL INTERROGATORIES**

Pursuant to the Court's direction on July 16, 2019, the United States hereby provides the Court with its position on whether the verdict form in this case must contain special interrogatories regarding Count One, which charges Defendant with a scheme to falsify and conceal under 18 U.S.C. § 1001(a)(1). The United States' position is that no special interrogatories are required in this case because the Court's jury instructions can provide the appropriate guidance to the jury. Nevertheless, if the Court determines that interrogatories are advisable or necessary to ask the jury to specify whether they agree that Defendant falsified or concealed material facts, or both, the United States attaches a proposed simple verdict form.

I.      **Background**

The Court is considering whether a verdict form with special interrogatories as to Count One is necessary or advisable. The Court first raised the issue in a motions hearing. *See, e.g.,* Hrg. Tr. 7/10/19 at 47:4-8 (asking whether the jury should be asked, "Do you find that he made a false statement in this letter, or do you find that he omitted material facts from this letter?"). On July 16, 2019, the Court asked the parties to brief the issue, including whether the verdict form should contain special interrogatories on the manner and means of the scheme, and whether the

jury must be unanimous on the manner and means of the scheme.  *See* Hrg. Tr. 7/16/19 at 20:9-14.

## II.     Discussion

It is the United States' position that a special verdict form is not required as to Count One. If the Court does, however, choose to employ interrogatories in the verdict form in this case, it should be for the limited purpose of determining the jury's specific findings regarding false statements and concealment, and the government attaches a proposal for the Court's consideration.

### a.    The jury is not required to agree on manner and means

The jury does not need to unanimously agree on the manner and means of the scheme charged in Count One as long as they unanimously agree that all of the elements of the offense are met.  In *United States v. Bikundi*, Chief Judge Howell examined this question when rejecting the challenge by the defendant, who had been convicted of a health care fraud scheme, that his conviction should be vacated because the jury had not been instructed that it had to unanimously agree on the manner and means of the fraud.   No. 14-030 (BAH), 2016 WL 912169, at *36 (D.D.C. Mar. 7, 2016), aff'd, 926 F.3d 761 (D.C. Cir. 2019).   Chief Judge Howell held that jurors do not need to be unanimous regarding the manner and means alleged in the indictment because they are not elements of the offense.   *Id*. at *38 (noting that D.C. Circuit has not addressed the precise question in a fraud offense, "but in analogous circumstances has found that the means used to commit an offense, as described in an indictment, are not subject to a specific unanimity instruction"); *see also United States v. Schiro*, 679 F.3d 521, 533 (7th Cir. 2012) (holding that jurors do not have to agree on means).   The verdict form in this case does not need to include a special interrogatory on the manner and means of the scheme charged in Count One.

      b.  <u>As long as the jury is instructed on unanimity, the verdict form need not include interrogatories</u>

In order to reach a guilty verdict on Count One, the members of the jury need to agree unanimously that the government has proven each of the elements of the offense; this includes that the jury unanimously agree on at least one material fact that Defendant concealed or falsified.  As long as the jurors are instructed on this, the verdict form does not need to contain special interrogatories, because "juries are presumed to follow their instructions."  *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

In order to make sure that there is no confusion as to this issue, the United States attaches for the Court's consideration as Exhibit 1 a revised proposed instruction for Count One, which adopts some of the language from the unanimity portion of the Count 1 instruction Defendant proposed as part of the Joint Pretrial Statement filed on June 22, 2019.  *See* ECF No. 72-2 at 16.  In the revision at Exhibit 1, the government has adopted Defendant's unanimity language that the jury needs to agree on the fact concealed.  Nevertheless, a notable difference remains between the government's and the defense's proposed instructions in that, because the indictment charges falsification in addition to concealment, the government's proposed unanimity instruction directs the jury that they can agree on a concealed fact or a falsified fact, while Defendant's instruction addresses only concealment.[1]  If the Court instructs the jury regarding unanimity in this way, the government respectfully submits that the verdict form does not need to include a special interrogatory on unanimity.

---

[1]     The government's revised instruction at Exhibit 1 also includes additional support for the government's proposed definition of "willfully" in this context.

c.   <u>If the verdict form is to include interrogatories, they should be simple</u>

For all of the reasons articulated in the government's Response in Opposition to the Defendant's Motion to Dismiss Count One, ECF No. 32, and in the hearing before the Court on July 10, 2019, the government believes that Defendant had a clear duty to disclose material facts to the FARA Unit.  The government recognizes, however, that this issue is pending before the Court.  The Court could, in an abundance of caution, choose to use a special verdict form to record—for the benefit of a potential appeal on the duty question—whether the jury reaches a guilty verdict on Count One based on concealment, falsification, or both.   If the Court chooses to do so, the interrogatories to make such a determination can be simple, and the government's proposal for such a verdict form is attached as Exhibit 2.

The government would not support a verdict form that would require the jury to check or otherwise indicate the specific fact or facts upon which they unanimously agreed, as such a form would be unnecessary, long, and potentially confusing.

**III.    Conclusion**

The government respectfully submits that a verdict form with special interrogatories is unnecessary in this case, and supports the simple verdict form attached to the Joint Pretrial Statement.  ECF No. 71-6.  If the Court finds that a verdict form with special interrogatories is advisable, however, the government respectfully requests that it use the interrogatories proposed in the form attached as Exhibit 2.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:  /s/ Molly Gaston
      FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
      MOLLY GASTON (VA 78506)
      Assistant United States Attorneys
      United States Attorney's Office
      555 Fourth Street, N.W.
      Washington, D.C.  20530
      Telephone: 202-252-7698/202-252-7803
      Fernando.Campoamor-Sanchez@usdoj.gov
      Molly.Gaston@usdoj.gov


      JOHN C. DEMERS
      ASSISTANT ATTORNEY GENERAL


By:  /s/ Jason B.A. McCullough
      JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
      Trial Attorney
      Department of Justice
      National Security Division
      950 Pennsylvania Ave NW
      Washington, D.C.  20530
      Telephone: 202-616-1051
      Jason.McCullough@usdoj.gov


Dated:   July 29, 2019

## __Certificate of Service__

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Notice has been sent to counsel for the defendant on July 29, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney

# Exhibit 1

## Government's Proposed Jury Instruction for Count One

### Nature of the Offense

Count One of the indictment charges that from June 3, 2013, to January 16, 2014, within the District of Columbia and elsewhere, the defendant, knowingly and willfully, falsified, concealed, or covered up by a trick, scheme, or device material facts in a matter within the jurisdiction of the FARA Unit.

### Elements of the Offense Charged

The defendant can be found guilty of this crime only if the government has proven all of the following elements beyond a reasonable doubt:

1) That on least one occasion after October 3, 2013,

2) The defendant

   a. concealed or covered up a fact for which there was a legal duty to disclose imposed by statute, regulation, or government form,[1] or

   b. the defendant falsified a fact;[2]

3) The fact was material;

4) The defendant falsified, concealed, or covered up the fact by using a trick, scheme, or device;

5) The defendant acted knowingly and willfully; and,

6) The defendant falsified, concealed, or covered up the material fact in a matter within the jurisdiction of the executive branch of the government of the United States.

A fact is "material" if it has the natural tendency to influence or is capable of influencing a decision of the decision-making body to which it is addressed, that is the FARA Unit.  The government is not required to prove that the statement actually influenced the actions of the FARA Unit.[3]

The term "using a trick, scheme, or device" means acting in a way intended to deceive others.[4]  A false statement alone cannot constitute a trick, scheme, or device.  A trick, scheme, or device

---

[1]   *United States v. Bowser*, 2018 WL 1478967 (D.D.C.).

[2]   Transcript of Jury Instructions at 66, *United States v. Safavian*, No. 05-cr-370 (D.D.C. Dec. 16, 2008), ECF No. 244.

[3]   *Bowser, supra.*

[4]   *Id.*

requires proof, beyond a reasonable doubt, of an affirmative act designed to deceive others by preventing or delaying discovery of information.[5]

A defendant acts "knowingly and willfully" if he acts knowing that the statement was false, fictitious, or fraudulent and knowing that his conduct was unlawful, even if he does not know the specific provision that the conduct violates.[6]

A matter is "within the jurisdiction of the executive branch of the government of the United States" if the FARA Unit has the power to exercise authority in that matter.[7]

Unanimity—Special—Count One

The government contends that the defendant engaged in a scheme to falsify and conceal between June 3, 2013, and January 16, 2014. You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that as part of the scheme, the defendant either falsified or concealed a material fact after October 3, 2013. However, in order to return a guilty verdict on this count, you must all agree as to at least one fact that the defendant falsified or concealed.

---

[5]     *Safavian, supra* at 79.

[6]     *Bowser, supra*; *see also Bryan v. United States*, 524 U.S. 184 (1998) ("a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful."); *see also* Brief of the United States in *Ajoku v. United States of America*, 2014 WL 1571930 (U.S.) at 10 (in which Solicitor General conceded error in government's earlier position on the definition of "willfully," and took position, upon further consideration, that "[t]o find that a defendant "willfully" made a false statement in violation of Section 1035, a jury must conclude "that he acted with knowledge that his conduct was unlawful." The same interpretation should apply to 18 U.S.C. 1001's materially identical prohibition on "knowingly and willfully" making a false statement in a matter within the jurisdiction of the federal government.")

[7]     *Id.*

# Exhibit 2

**Government's Proposed Verdict Form with Special Interrogatories for Count One**

**COUNT ONE**

As to Count One of the Indictment, charging defendant Gregory B. Craig with a scheme to conceal or falsify a material fact pursuant to 18 U.S.C. § 1001(a)(1), we, the members of the jury, unanimously find the defendant:

Guilty _____          Not Guilty _____

If we have found the defendant GUILTY of COUNT I, it is because we have agreed unanimously (*check one or both*):

_____ On at least one material fact that the defendant <u>falsified</u> as part of the scheme;

AND/OR

_____ On at least one material fact that the defendant <u>concealed</u> as part of the scheme, for which there was a legal duty to disclose imposed by statute, regulation, or government form.