**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| *v.* | **Case No. 1:19-cr-0125 (ABJ)** |
| **GREGORY B. CRAIG**, | |
| *Defendant.* | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**
**<u>REGARDING THE DUTY TO DISCLOSE</u>**

In its Minute Order of July 17, 2019, the Court ordered the parties to brief "whether, at trial, the duty to disclose will be a question of law or a question of fact." Count One cannot go to the jury unless the Court holds – as a matter of law – that Defendant Gregory B. Craig was subject to a legal duty to disclose the alleged material facts referenced in Paragraph 63 of the Indictment. If the Court concludes as a matter of law that such a duty existed, then the jury will be left to decide whether Mr. Craig breached the duty by willfully concealing those facts by trick, scheme, or device, despite knowing he had a duty to disclose them, and whether the facts were material.

**I.      The Court must decide, as a matter of law, whether Mr. Craig was subject to a legal duty to disclose the facts he is alleged to have withheld.**

Whether an individual violates 18 U.S.C. § 1001(a)(1) by not disclosing certain specific information turns on whether he has a duty to disclose that information. The existence of such a duty is a question of law, because it requires a determination whether Congress, either directly or by delegating authority to an agency, imposed such a duty where none otherwise exists.

The government's own jury instruction – proposed for Count One – recognizes that, for the government to be able to impose criminal penalties under § 1001(a)(1) for failure to provide

material information, there must be a specific duty to disclose that information. The duty must be tied to or derive from some specific legislative authority. To be precise, the government's instruction requires proof beyond a reasonable doubt that Mr. Craig knowingly and willfully concealed a material fact "for which there was a legal duty to disclose imposed by statute, regulation or government form." ECF 79-1; *see United States v. Safavian*, 528 F.3d 957, 965 (D.C. Cir. 2008) ("[t]he government cites no regulation or form or statute to this effect"); *id.* at n. 7 (noting jury instruction given in *United States v. Moore*, 446 F.3d 671, 680 (7th Cir. 2006), that required jury to find breach of a duty to "disclose a particular fact . . . aris[ing] from requirements in federal statutes, regulations, or government forms"). Whether a statute, regulation, or government form imposes such a duty is a classic question of law that a court must decide, not a factual issue for the jury.

The D.C. Circuit's opinion in *Safavian* held that there was no duty in that case because there were no "specific requirements for disclosure of specific information." 528 F.3d at 964. The government agreed in that case that "there must be a legal duty to disclose for there to be a concealment offense in violation of § 1001(a)(1)." *Id.* And the Court's analysis in *Safavian* focused on the import of applicable legal requirements, not on the evidence presented at trial. The existence of a legal duty is inherently a legal question because it concerns the meaning of statutes, regulations, or forms which embody statutory or regulatory requirements. *See United States v. Blackley*, 167 F.3d 543, 550 (D.C. Cir. 1999) (noting disclosure duty arising from government form to which a response was "required by law").[1]

---

[1] In *Blackley*, the court declined to decide "whether th[e] judicially created requirement" of a duty to disclose "is an element of the crime to be presented to the jury or a purely legal determination to be decided by the court." 167 F.3d at 550. The court held that, even if the issue was for the jury to decide, any error in failing to give a jury instruction on duty was harmless. 167 F.3d at 550–51. Nothing in *Blackley* casts doubt on the need for a threshold legal

This Court observed in its Minute Order that, in *Safavian*, the Court of Appeals "refer[red] to the jury instructions in *Moore* in a footnote." *See Safavian*, 528 F.3d at 965 n.7 (citing *Moore*, 446 F.3d at 678, 680). *Safavian* invoked the jury instructions in *Moore* not to suggest that the existence of a duty is necessarily a jury question, but rather to reject the government's argument that a duty can arise from the choice to respond to a government inquiry. *See id.* In its brief in *Safavian*, the government had cited *Moore* as part of its argument that, "once one begins speaking when seeking government action or in response to questioning, one must disclose all relevant facts." Final Br. for the United States, *United States v. Safavian*, 2007 WL 4119154, at *23 (Nov. 16, 2007). In service of that argument, the government had quoted only a portion of the jury instruction in *Moore* regarding the duty to disclose. *See id.* at *24. The D.C. Circuit filled in the rest of the *Moore* jury instruction – which required that the duty originate in a statute, regulation, or form – simply to show that *Moore* did not actually "support[] [the government's] position" that a duty can arise from answering a government official's questions. *Safavian*, 528 F.3d at 965 n.7.

The reason that the existence of a criminally-enforced duty to disclose must be a question of law is that it turns on whether *Congress* has imposed such a duty, either through explicit statutory language, or through an authorized regulation. In *Viereck v. United States*, 318 U.S. 236 (1943), a case involving the statutory precursor to 22 U.S.C. § 618(a)(2), the government prosecuted the defendant, a registered foreign agent, for failing to report on a supplemental registration statement certain activities that the government proved at trial he had conducted. The jury was instructed, consistent with a form promulgated by the Secretary of State (then responsible for administering FARA), that it could convict the defendant if it found that he had

---

determination that disclosure of specific facts is required by a statute, regulation, or form, with or without a jury instruction on duty.

engaged in the activities and had failed to report them, even if he had undertaken the activities for his own benefit rather than that of his foreign principal. The question before the Supreme Court was whether the explicit statutory reporting duty of a registered agent was as broad as the State Department had declared it to be. The Supreme Court held that the statutory duty imposed by Congress was not that broad, the instruction was therefore erroneous, and the Court invalidated the conviction. The Supreme Court determined that the State Department regulation, by including activities undertaken by a registered agent on his own behalf, extended the reporting duty beyond what Congress had actually required in the statute. Whether an agency regulation that imposes a duty on an individual is legislatively authorized is necessarily a legal question for the Court, not a factual or mixed question for the jury.

The same principle applies to a duty to disclose facts for purposes of § 1001(a)(1), because *Viereck* is rooted in the general principle that federal criminal liability must be created by Congress, not by an agency of the government. "One may be subjected to punishment for crime in the federal courts only for the commission or omission of an act defined by statute, or by regulation having legislative authority, and then only if punishment is authorized by Congress." *Viereck*, 318 U.S. at 241. As the Court later observed in *United States v. Lanier*, 520 U.S. 259, 265 n.5 (1997) (citations omitted), "conduct may not be treated as criminal unless it has been so defined by [a competent] authority . . . before it has taken place." Under our Constitution, as Chief Justice Marshall observed in a decision cited in the same footnote in *Lanier*: "The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its

punishment." *United States v. Wiltberger,* 18 U.S. 76, 95 (1820); *see also United States v. Davis*, 139 S. Ct. 2319, 2333 (2019) (quoting *Wiltberger*). Thus, to be a basis for criminal punishment, a duty to disclose must be imposed by Congress, and whether Congress has done so is a question of law for the Court. Fair warning of criminal liability in this context means more than knowledge of the kind of information an agency wants; it requires that the defendant be subject to a duty to provide information set out in a statute or a validly authorized regulation.

The legal inquiry in *Viereck* is somewhat different from the inquiry here, *i.e.*, whether there is a duty that can be enforced through a concealment prosecution under § 1001(a)(1). *Viereck* involved a specific statutory disclosure requirement, and the question was whether Congress had authorized punishment for violating a regulation purportedly issued under that statute. Section 1001(a)(1) is a general statute that works in tandem with specific disclosure obligations imposed by Congress, either explicitly or by valid regulation. There is no general duty to disclose information to the government in response to a government inquiry. The question to be answered here is: has Congress authorized criminal punishment for a willful failure to disclose the specific facts that are alleged to have been withheld?

The conclusion that the existence of a duty to disclose information to a government agency is a question of law is bolstered by civil cases concerning the allocation of responsibility between judge and jury to determine the existence of a legal duty and to determine whether a duty has been breached by applying it to the facts. *Cf. United States v. Gaudin*, 515 U.S. 506, 512 (1995) (analogizing to civil cases in evaluating whether materiality is a factual or legal issue). For example, the existence of a duty of care in a negligence action is a question of law for the Court. *See In re Sealed Case*, 67 F.3d 965, 968 (D.C. Cir. 1995) (the existence of the duty of care element of a negligence claim under District of Columbia law is a question of law for the

court); *Whetzel v. Jess Fisher Mgmt. Co.*, 282 F.2d 943, 946 (D.C. Cir. 1960) (same); *Cavalier v. Catholic Univ. of Am.*, 306 F. Supp. 3d 9, 39 (D.D.C. 2018) (same). Courts also have consistently ruled that the existence of a duty to disclose for purposes of civil liability is a question of law.[2]

## II.     The breach of a legal duty to disclose information to a government agency is a question of fact for the jury.

If a duty exists to disclose a particular material fact, then the jury will be left to decide whether the elements of § 1001(a)(1) are satisfied with respect to that fact. In particular, the jury will need to decide whether the government has proved, beyond a reasonable doubt, that (1) Defendant took action to conceal that fact; (2) the concealment was by trick, scheme, or device; (3) the fact was material to the FARA Unit's decision making; and (4) Defendant's decision to conceal that fact was knowing and willful – *i.e.*, that he knew he had a legal duty to disclose that material fact, and concealed it with a bad purpose to disobey or disregard the law.

These are serious factual questions for the jury, all related to the question of duty, but none of them requiring the jury to make the legal determination as to whether Mr. Craig had any duty – derived from statute, regulation, or form – to provide certain information in the first place.

## CONCLUSION

A duty to disclose sufficient to support a concealment prosecution under § 1001(a)(1) must originate in some pre-existing legal provision enacted by Congress or pursuant to

---

[2] *See, e.g.*, *Lucky Cap. Mgmt., LLC v. Miller & Martin, PLLC*, 762 F. App'x 719, 724–25 (11th Cir. 2019) (fraudulent concealment under Georgia law); *Leprino Foods Co. v. DCI, Inc.*, 727 F. App'x 464, 472–73 (10th Cir. 2018) (negligent nondisclosure under Restatement); *Ibe v. Jones*, 836 F.3d 516, 527 (5th Cir. 2016) (fraudulent inducement under Texas law); *Multicare Health Sys. v. Lexington Ins. Co.*, 539 F. App'x 768, 770 (9th Cir. 2013) (negligent failure to disclose under Washington law); *Harding County v. Frithiof*, 575 F.3d 767, 772 (8th Cir. 2009) (contract under South Dakota law); *Franciscan Skemp Heathcare, Inc. v. Central States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 598 (7th Cir. 2008) (negligent misrepresentation under Wisconsin law).

Congress's delegated authority. The concealment scheme charged in Count One can proceed to trial only if the Court first decides, as a matter of law, that such a duty exists with respect to the facts that Mr. Craig is alleged to have withheld.

Dated: July 31, 2019                         Respectfully submitted,

                                             /s/ William W. Taylor, III
                                             William W. Taylor, III (D.C. Bar No. 84194)
                                             Paula M. Junghans (D.C. Bar No. 474419)
                                             Ezra B. Marcus (D.C. Bar No. 252685)
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street N.W. Suite 1000
                                             Washington, D.C. 20036
                                             Tel: (202) 778-1800
                                             Fax: (202) 822-8106
                                             Email: wtaylor@zuckerman.com
                                             Email: pjunghans@zuckerman.com
                                             Email: emarcus@zuckerman.com

                                             William J. Murphy (D.C. Bar No. 350371)
                                             Adam B. Abelson (D.C. Bar No. 1011291)
                                             ZUCKERMAN SPAEDER LLP
                                             100 East Pratt Street, Suite 2440
                                             Baltimore, MD 21202
                                             Tel: (410) 332-0444
                                             Fax: (410) 659-0436
                                             Email: wmurphy@zuckerman.com
                                             Email: aabelson@zuckerman.com

                                             *Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                             /s/ *Ezra B. Marcus*

                                             Ezra B. Marcus