UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 1:19-CR-00125 (ABJ) |
| | : | |
| **GREGORY B. CRAIG,** | : | |
| **Defendant.** | : | |

## NOTICE OF GOVERNMENT'S RESPONSE TO COURT'S 7/17/19 MINUTE ORDER

The United States responds to this Court's July 17, 2019, Order, which asked the parties "to brief the question of whether, at trial, the duty to disclose will be a question of law or a question of fact." Because the "duty to disclose" element of the § 1001(a)(1) count is a mixed question of law and fact, the United States recommends that it be submitted to the jury at trial.

### I.  Background

The grand jury charged Defendant, Gregory B. Craig, with two counts:  (1) a scheme to falsify and conceal material facts in violation of 18 U.S.C. § 1001(a)(1), and (2) false statements under the Foreign Agents Registration Act (FARA) in violation of 22 U.S.C. § 618(a)(2).  The question of the "duty to disclose" arises under Count One, which charges that Defendant, when responding to inquiries by the Department of Justice's FARA Unit, had a duty to provide material information and not to willfully make misleading statements or omit material facts.  In addition to making several false and misleading statements to the FARA Unit, Defendant concealed from the FARA Unit various facts material to its inquiry, such as his acts in furtherance of Ukraine's media plan, including Defendant's contacts with, and distribution of a pre-publication copy of his report to, reporters for the *New York Times*.

   II.     Discussion

   The Fifth Amendment's due-process clause and the Sixth Amendment's jury-trial right together "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995). The jury, *Gaudin* declared, "must find all the elements." *Id.* at 515. Accordingly, "if jury instructions remove an element of a crime from the jury's consideration, then those instructions are flawed as a matter of law." *United States v. DeFries*, 129 F.3d 1293, 1311 (D.C. Cir. 1997).

   The D.C. Circuit recognizes that "every element of a crime of which a defendant is charged should ordinarily be submitted to a jury" but, following *Gaudin*, the Circuit expressed "uncertain[ty]" about whether a duty to disclose was an element of the § 1001(a)(1) concealment offense. *United States v. Blackley*, 167 F.3d 543, 550 (D.C. Cir. 1999). In *Blackley*, the defendant argued that the trial court had erred "in refusing to give the jury an instruction that to find [him] guilty of concealment under § 1001, it must find that [his] failure to report the various checks he received violated a legal duty." *Id.* In addressing this claim, *Blackley* noted that "some circuits have held that the government must generally prove that a defendant has a legal duty to disclose before it can convict for concealment under § 1001." *Id.* (citing *United States v. Irwin*, 654 F.2d 671 (10th Cir. 1981)). "But," *Blackley* additionally noted, "it is uncertain, since *Gaudin*, whether this judicially created requirement is an element of the crime to be presented to the jury or a purely legal determination to be decided by the court." *Id.* *Blackley* did not resolve this question and instead simply "[a]ssum[ed]" that a duty to disclose "is an element of concealment to be charged to the jury"; based on this assumption, *Blackley* additionally concluded that any

2

purported instructional error was harmless because it was "unimaginable" that the jury would not have found a duty in that case.  *Id.* at 550-51.

Since *Blackley*, however, the D.C. Circuit appears to have determined that a duty to disclose is indeed an element of a § 1001(a)(1) concealment offense.  Citing, among other authorities, *Irwin*,[1] the Circuit has declared that "there *must* be a legal duty to disclose in order for there to be a concealment offense in violation of § 1001(a)(1)."  *United States v. Safavian*, 528 F.3d 957, 964 & n.6 (D.C. Cir. 2008) (emphasis added).  *Safavian* also approvingly cited *United States v. Moore*, 446 F.3d 671 (7th Cir. 2006), which identified the first element of a § 1001(a)(1) offense as this:  "the defendant must make a statement, or have a duty to disclose the information." 446 F.3d at 677.[2]  In apparently concluding that a duty to disclose is a judicially-created element

---

[1] *Irwin* held that "it must be established by the Government that the law required disclosure of the information at the time the defendant allegedly concealed it to sustain" a concealment offense.  654 F.2d at 679.  But, *Irwin* concluded, though the government in that case had "attempted to show" such a duty "through the testimony" of one of its witnesses, that witness only described a "customary" practice and, indeed, a *defense* witness testified that "he was not aware of any [Economic Development Administration] regulation or law" that imposed the requisite duty.  *Id.*  Accordingly, *Irwin* held, "it was not shown that there was a legal duty to disclose" and the defendant's § 1001 convictions could not "stand."  *Id.*  *Safavian* also cited (at 964 n.6) *Blackley* and *United States v. Calhoon*, 97 F.3d 518 (11th Cir. 1996), which pronounced that "[f]alsity through concealment exists where disclosure of the concealed information is required by a statute, government regulation, or form."  *Id.* at 526.

[2] *See also*, *e.g.*, *United States v. White Eagle*, 721 F.3d 1108, 1116 (9th Cir. 2013) ("The district court properly instructed the jury that a conviction under 18 U.S.C. § 1001(a)(1) requires that: (1) the defendant had a duty to disclose material information * * * ."); *United States v. Gibson*, 409 F.3d 325, 332 (6th Cir. 2005) ("An essential element of a violation of 18 U.S.C. § 1001 is that the defendants had a duty to disclose the particular information allegedly concealed from the government."); *United States v. Curran*, 20 F.3d 560, 566 (3d Cir. 1994) ("In order to convict under a Section 1001 concealment charge, the government must show that a defendant had a legal duty to disclose the facts at the time he was alleged to have concealed them."); *United States v. Kingston*, 971 F.2d 481, 489 (10th Cir. 1992) ("The essential elements of a § 1001 concealment prosecution are: 1) the defendant knowingly concealed a fact by any trick, scheme, or device; 2)

of the concealment offense, *Safavian* concomitantly suggests that it should be—as *Blackley* phrased it—"presented to the jury," 167 F.3d at 550.

Moreover, though questions of law undoubtedly predominate the issue of the defendant's "legal duty to disclose," *Blackley*, 167 F.3d at 550, they are mixed with questions of fact, which confirms that this element should be submitted to the jury. For example, there is a temporal component to the element—Defendant must have been subject to the duty at the time he purportedly concealed a material fact. Similarly, there is a source component to it—Defendant's duty must stem from a statute, regulation, or form.[3] Finally, deciding whether Defendant has a duty to disclose "requires the determination" of a "subsidiary question[] of purely historical fact"—"'what [information] was [concealed].'" *Gaudin*, 515 U.S. at 512. And, per *Gaudin*, such a "'mixed question of law and fact'" has "typically been resolved by juries." *Id.*; *see also id.* at 513 (there is a "historical and constitutionally guaranteed right of criminal defendants to demand that the jury decide guilt or innocence on every issue, which includes application of the law to the facts").[4]

---

the defendant acted willfully; 3) the fact concealed was material; 4) the subject matter involved was within the jurisdiction of a department or agency of the United States; and 5) the defendant had a legal duty to disclose the fact concealed.").

3    For example, as described in n.1 *supra*, *Irwin* found insufficient evidence to support that defendant's concealment convictions because the government's witnesses had not "shown" a disclosure duty stemming from "any law or regulation." 654 F.2d at 678-79.

4    *Gaudin* additionally confirms that the *Crop Growers* court's description of the duty to disclose as a question "of law" does not control the present analysis. *See United States v. Crop Growers Corp.*, 954 F. Supp. 335, 345 (D.D.C. 1997). As this Court correctly recognized in its Order, *Crop Growers* addressed a motion to dismiss and, *Gaudin* noted, such a "demurrer[] to the indictment * * * of course raises a question of 'law'" if the prosecution has failed to properly charge the offense. 515 U.S. at 517.

Consistent with the import of *Gaudin* and *Safavian*, in last year's trial of David Bowser,

the government introduced exhibits and testimony that established the defendant's duty to disclose

material facts in the course of an investigation by the Office of Congressional Ethics (OCE).

Specifically, in rejecting the defendant's post-trial motion for judgment of acquittal, the district

court found Exhibit 507 (a certification form) and Exhibit 516 (an acknowledgement form)

established that, "although Mr. Bowser may not have had any preexisting duty to disclose

documents or information to the OCE, a duty was imposed upon him after he signed forms

agreeing that he would not 'falsif[y], conceal[], or cover[] up by any trick, scheme or device' a

'material fact' within the purview of the OCE's investigation."  *United States v. Bowser*, 318 F.

Supp. 3d 154, 170 (D.D.C. 2018).   Further, the trial testimony of the OCE's investigative counsel

established that the "purpose of these certifications" was to provide "the OCE a 'tool' by which it

can 'protect the veracity of the information' that it receives."  *Id.*   "Accordingly," *Bowser*

concluded, "the evidence adduced in the government's case-in-chief [wa]s sufficient to support

Mr. Bowser's concealment conviction."  *Id.*[5]

---

[5]     Consistent with the instructions the United States has proposed here, *see* ECF No. 72, in instructing the jury, the *Bowser* court admonished the jurors that they had to find beyond a reasonable doubt that "Mr. Bowser falsified, concealed, or covered up a fact, for which there was a legal duty to disclose imposed by statute, regulation, or government form."  *United States v. Bowser*, No. 16-CR-59 (D.D.C.), ECF No. 87, at 13; *see also United States v. Siemaszko*, No. 3:06-CR-712 (N.D. Oh.), ECF No. 343, at 2154 (charging jury that it had to find following "element[]" beyond a reasonable doubt: "that the defendant concealed a fact that he had a duty to disclose"); *United States v. Mubayyid*, No. 05-CR-40026 (D. Mass.), ECF No. 457, at 166-68 (charging jury that: "Mere failure to reveal a material fact is not sufficient to satisfy th[e trick, scheme, or device] element; there must be an affirmative act of concealment. Furthermore, the defendant must have had a legal duty to disclose the material fact at the time he was alleged to have concealed it.").

In this trial, the government expects to introduce evidence of Defendant's duty, including that it stemmed from FARA and that the purpose of the FARA Unit's targeted inquiry was to enforce FARA by determining whether Defendant was obligated to register as an agent of Ukraine.

### III. Conclusion

The government respectfully suggests that Defendant's duty to disclose is a mixed question of fact and law and an element of the concealment offense that should be submitted to the jury.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By:   /s/ Molly Gaston
    FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
    MOLLY GASTON (VA 78506)
    Assistant United States Attorneys
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C.   20530
    Telephone: 202-252-7698/202-252-7803
    Fernando.Campoamor-Sanchez@usdoj.gov
    Molly.Gaston@usdoj.gov

JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL

By:   /s/ Jason B.A. McCullough
    JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
    Trial Attorney
    Department of Justice
    National Security Division
    950 Pennsylvania Ave NW
    Washington, D.C.   20530
    Telephone: 202-616-1051
    Jason.McCullough@usdoj.gov

Dated:   July 31, 2019

## Certificate of Service

    I certify that, by virtue of the Court's ECF system, a copy of the foregoing Notice has been sent to counsel for the defendant on July 31, 2019.

                                        /s/ Molly Gaston
                                        Molly Gaston
                                        Assistant United States Attorney