UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 19-0125 (ABJ) |
| | ) | |
| GREGORY B. CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated on the record at the pretrial conference held on this date, the Government's Motion in Limine [Dkt. # 42] to exclude expert testimony was heard and granted in part with respect to the first opinion set forth in Defendant's Disclosure of Expert Witness [Dkt. # 40]. Otherwise, it remains under advisement.

A ruling on the Government's Motion in Limine [Dkt. # 43] to exclude character evidence was heard and deferred until the close of the government's case.

Defendant's Motion in Limine [Dkt. # 45] to exclude possible hearsay testimony by Richard Gates and Jonathan Hawker was heard and rendered moot given the government's announcement of its intention not to elicit statements made by any individual other than the defendant from those witnesses. This does not preclude the defendant from objecting to particular questions that it believes are designed to elicit hearsay or other objectionable testimony at trial, and the Court is not ruling at this time whether any particular statement meets the definition of hearsay under Fed. R. Evid. 801(c)(2).

Defendant's Motion in Limine [Dkt. # 46] seeking to exclude alleged false statements made to the Office of Special Counsel was heard and taken under advisement.

Defendant's Motion in Limine [Dkt. # 47] seeking to exclude evidence related to payments to the law firm by the Ukrainian Ministry of Justice, including related emails and invoices, was heard and taken under advisement.

Defendant's Motion in Limine [Dkt. # 48] seeking to exclude testimony by Heather Hunt of the Department of Justice National Security Division FARA Unit was heard, and it was granted to the extent it sought to exclude testimony by the witness concerning whether the defendant or the law firm was required to register under FARA; whether either was required to file a supplement; and what the provisions of the statute mean. The Court ruled that neither Hunt nor any expert proffered by the government or the defense will be permitted to instruct the jury on what the law requires, including the nature of any duty to disclose; that is solely the province of the Court. The Court also ruled that while materiality, which is an issue for the jury to decide,

involves the application of an objective standard, the witness may testify as to whether statements of fact made to her influenced her own decision making, and it further rules at this time that she may also testify whether other facts would have influenced her decision making. *See United States v. Kingston,* 971 F.2d 481, 486–87 (10th Cir. 1992); *United States v. Matsumaru,* 244 F.3d 1092, 1102 (9th Cir. 2001). Finally, the Court ruled that if the government seeks to elicit such testimony in the form of an expert opinion, as opposed to a lay opinion, it may do so provided that the witness is found to be qualified as an expert and the defense has had opportunity to conduct voir dire concerning her qualifications, if it chooses to do so.

Defendant's Motion in Limine [Dkt. # 76] and Government's Motion in Limine [Dkt. # 77] concerning what is being called "non-registration evidence" were denied in part and granted in part. Evidence concerning other law firms or organizations that prepared reports for foreign entities and did not register, and whether the FARA Unit took any action with respect to any failure to register is excluded as irrelevant. The defense may cross examine Heather Hunt concerning her knowledge of, and any importance to her of, public relations activities undertaken in the United States by such law firms or organizations. But it may not question her about the legal conclusion of whether they were obligated to register or whether enforcement proceedings were initiated.

The Court did not hear argument concerning the Government's Motion in Limine [Dkt. # 44] to exclude evidence related to selective prosecution, which it had intended to address in connection with the motions in limine [Dkt. ## 76, 77] concerning the non-registration evidence. The motion is hereby granted as moot or conceded with respect to the categories of evidence listed in the first, second, fifth, and sixth bullet points on page 5 of the government's motion. The Court hereby grants that portion of the motion seeking to exclude evidence related to the fourth bullet point: "[t]he facts, nature, or number of other prosecutions brought for false statements under 18 U.S.C. § 1001, whether to the National Security Division of other entities," since that evidence could have no possible relevance other than to support the selective prosecution or jury nullification arguments defendant disavows any intention of making. With respect to the third bullet point, "[t]he facts, nature, or number of other prosecutions brought under any section of [FARA]," the Court rules that such evidence would not be admissible at trial to advance a selective prosecution argument. Claims of selective prosecution are determined by the Court, not the jury, *see United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983), and any claim of selective prosecution should be raised prior to trial, not during trial. *United States v. Choi*, 818 F. Supp. 2d 79, 90 (D.D.C. 2011) (claims of selective or vindictive prosecution "must be made prior to the commencement of trial, or they are by default deemed waived under Rule 12(e)").

Moreover, defendant has not met the predicate for advancing such an argument. "In order to prove a selective-prosecution claim, the claimant must demonstrate that the prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 458 (1996). Applying *Armstrong,* the D.C. Circuit has called for a two-pronged showing that: (1) the defendant was "singled out for prosecution from among others similarly situated" and (2) "[the] prosecution was improperly motivated, *i.e.*, based on race, religion or another arbitrary classification." *Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000), quoting *Washington*, 705 F.2d at 494 (D.C. Cir. 1983) (edit

in original); *see United States v. Blackley*, 986 F. Supp. 616, 617–18 (D.D.C. 1997); *United States v. Palfrey*, 499 F. Supp. 2d 34, 39 (D.D.C. 2007).

Defendant cannot support a contention that he was "singled out for prosecution from among others similarly situated;" at least three others have been charged with making false statements to the Department of Justice or the Special Counsel's Office with respect to work done in connection with the Ukraine. *See* Indictment (Redacted) [Dkt. # 13], *United States v. Richard W. Gates, III*, 17-cr-201 (D.D.C. Oct. 30, 2017); Superseding Indictment [Dkt. # 201], *United States v. Paul Manafort*, 17-cr-201 (D.D.C. Feb. 16, 2018); Information [Dkt. # 1], *United States v. Alex Van der Zwaan*, 18-cr-31 (D.D.C. Feb. 16, 2018); *see also* Information [Dkt. # 1], *United States v. W. Samuel Patten*, 18-cr-260 (D.D.C. Aug. 31, 2018). And defendant does not allege that the prosecution was motivated by any arbitrary or improper classification.

The evidence may not be used to cross-examine Heather Hunt because whether another entity was prosecuted may turn on a number of factors other than any alleged similarities between those cases and the case at hand, and this defendant is not being prosecuted for failure to register in any event. Whether the evidence may be introduced in connection with the testimony of the proposed expert will be determined in connection with the ruling on the admissibility of her testimony, and whether it may be used in connection with any testimony of defendant will be determined if and when it becomes clear whether he will testify, and the precise nature and purpose of the evidence has been ascertained.

SO ORDERED.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: August 6, 2019