UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            :
                                            :
**UNITED STATES OF AMERICA**                :
                                            :
   **v.**                    :   Case No. 1:19-CR-00125 (ABJ)
                                            :
**GREGORY B. CRAIG,**                       :
                                            :
   **Defendant.**             :
                                            :
_____ :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S COMPLETENESS OBJECTIONS TO GOVERNMENT'S EXHIBIT LIST

The Government hereby advises the Court of the status of Defendant's Completeness Objections to the Government's Exhibit List (ECF No. 89).

The parties have resolved Defendant's completeness objections on a number of the Government's exhibits. The Government hereby advises the Court that the following memorializes the parties' understanding as to the status of certain Government Exhibits identified in ECF No. 89:

| GX  | Date     | Resolution                                                                                     |
|-----|----------|------------------------------------------------------------------------------------------------|
| 27  | 2/10/12  | Admitted.                                                                                      |
| 29  | 2/13/12  | Exhibit withdrawn.                                                                             |
| 58  | 4/11/12  | Exhibit withdrawn.                                                                             |
| 65  | 4/17/12  | Exhibit withdrawn.                                                                             |
| 69  | 4/17/12  | Exhibit withdrawn.                                                                             |
| 70  | 4/17/12  | Admitted.                                                                                      |
| 110 | 4/19/12  | Admitted.                                                                                      |
| 112 | 5/7/12   | Admitted.                                                                                      |
| 113 | 5/7/12   | Government agrees to introduce GX 114 in addition to GX 113, but is not required to do so at the same time. |
| 116 | 5/10/12  | Admitted.                                                                                      |
| 205 | 7/30/12  | Admitted.                                                                                      |
| 358 | 12/11/12 | Exhibit withdrawn.                                                                             |

| GX  | Date | Resolution |
|-----|------|------------|
| 540 | ND   | If the exhibits are introduced, the Government will introduce GX 540 and DX 94 in succession. |

The parties have been unable to resolve the completeness objections on the Government Exhibits set forth in the table below. For the Court's convenience, the Government has reproduced the Defendant's description of its completeness objection along with the Government's response.

| GX | Date | Defendant's Completeness Obj. | Government's Response |
|----|------|-------------------------------|----------------------|
| 200 | 7/30/12 | In this email, Mr. Craig explains to Mr. Manafort his major "concern" that the Ministry of Justice was going to create its own translation of the report and "falsely leak a story that 'Skadden Finds Tymoshenko Guilty' [or] 'Skadden Report Exonerates Ukraine,'" because "[t]hat kind of story would be a disaster." The government intends to focus on the last line, "We have to join arms to get something just a little more nuanced. Yes?" Mr. Manafort's response in the complete string, DX 88, shows that both Mr. Craig and Mr. Manafort understood Mr. Craig's question to be a diplomatic way of demanding that Mr. Manafort take steps to prevent the Ministry from twisting and mischaracterizing the Skadden Report's conclusions. Mr. Manafort proposed a way to ameliorate that concern – by delivering a translated version at the same time as the English version, and delivering both in hard copy. The need to admit only the complete string (DX 88) is particularly important given that Mr. Manafort will not be a witness. | Manafort's state of mind is not at issue in this trial, and his response is not relevant.<br><br>Furthermore, DX 88 does not contribute any meaning to Defendant's statement that the "worst thing that could happen to the project, to this law firm, to your guy and to me would be to have someone on [Manafort's] side falsely leak a story that 'Skadden Finds Tymoshenko Guilty' 'Skadden Report Exonerates Ukraine.' . . . We have to join arms and get something just a little more nuanced." In his response, Manafort does not address these comments by Defendant. Instead, Manafort addresses only logistics (the timing of translations). GX 200 can be fairly interpreted without the introduction of additional emails that take the conversation in a different direction. |

| GX | Date | Defendant's Completeness Obj. | Government's Response |
|---|---|---|---|
| 566 | | In GX 566, Sergiy Vlasenko, Ms. Tymoshenko's lawyer, posed a number of questions to Mr. Craig about Skadden's engagement, and Mr. Van Der Zwaan responded that Mr. Craig was traveling but would respond to Mr. Vlasenko "at his earliest opportunity." The complete string, DX 57, contains Mr. Craig's answers to Mr. Vlasenko's questions and should be used instead. | The Government will not suggest that Defendant did not respond to Mr. Vlasenko. Rule 106 does not require the introduction of all information that relates to a subject, but only that information "that in fairness" should be considered at the same time.<br><br>In addition, Defendant's response is impermissible hearsay and Defendant cannot introduce his own statements. |
| 577 | | This is an email string among Skadden personnel about an editorial in the Kyiv Post raising questions about how Skadden had been paid. GX 577 is only part of the string.<br>In DX 92, the complete string that should be used instead, the head of marketing in Skadden's London office confirmed that Skadden could only disclose such information if "the government" – Skadden's client – authorized such disclosure, and added, "We do not offer this kind of commentary up in [sic] usual circumstances – on or off the record. Negative or positive." | The exhibit at DX 92 includes impermissible hearsay by a non-witness. Defendant cannot introduce the statement—"We do not offer this kind of commentary up in [sic] usual circumstances – on or off the record. Negative or positive."—for the truth of the matter asserted, and there is no other relevant purpose or hearsay exception. |

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By: /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov

JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL

By: /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   August 11, 2019

## Certificate of Service

      I certify that, by virtue of the Court's ECF system, a copy of the foregoing Response to Defendant's Completeness Objections to Government's Exhibit List has been sent to counsel for the Defendant on August 11, 2019.

                                    /s/ Fernando Campoamor-Sánchez
                                    Fernando Campoamor-Sánchez
                                    Assistant United States Attorney