IUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Crim. Action No. 19–0125 (ABJ) |
| GREGORY B. CRAIG, | ) | |
| Defendant. | ) | |

**ORDER**

The Court held a pretrial conference on August 6, 7, and 9, 2019 at which, among other things, it heard argument and ruled on the admissibility of the parties' exhibits. This order reflects those rulings, as well as rulings on some exhibits for which the Court had deferred ruling during the pretrial conference.

The Court reserved ruling on a number of exhibits related to what has been referred to as "Project Two" in anticipation of the government's selection of some subset of documents to introduce and the possible redaction of those documents. But the Court finds that evidence related to the existence of Project Two is relevant to the jury's consideration of whether defendant's statements to the FARA Unit were false or misleading, or if information was omitted that would have made the statements not misleading.

The Court also excluded for now the FARA registration statement of FTI, but stated that the defense is not precluded from cross-examining Mr. Hawker to elicit any bias arising out of any promises or threats made by the government to Mr. Hawker or other FTI representatives being interviewed in connection with this trial concerning FTI's lack of registration.

Upon review of the parties' filings [Dkt. ## 89, 90, and 92] on their completeness objections and pursuant to Federal Rule of Evidence 106, the Court rules as follows: the government must use the entire email string found in DX 88 instead of what has been marked as GX 200. With respect to GX 566 and GX 577, the objection is overruled, and the exhibits will be admitted as is; the proffered additional content in both exhibits is hearsay, and also, the Court finds that it need not in fairness be considered with the government exhibit. DX 19 may only be admitted as an attachment to the first email transmitting it, and the date of the email will be the date on defendant's exhibit list for this exhibit. The exhibit may not be admitted for the fact that it was sent on April 5, 2012. DX 23 must be introduced as an attachment to an email that fairly reflects the time of its creation, and DX 359 may be introduced only at the same time as the document shown at GX 609, which includes a reference to the bill number.

For the reasons stated on the record at the pretrial conference, the Court also ruled as follows:

All exhibits listed below for which no objections were made or to which objections have been withdrawn are **ADMITTED**.

| | | | |
|---|---|---|---|
| GX 1–7 | GX 118–119 | GX 214 | GX 325 |
| GX 11–13 | GX 121–124 | GX 216 | GX 327–329 |
| GX 25 | GX 126–127 | GX 220–221 | GX 331–332 |
| GX 27 | GX 129 | GX 223–234 | GX 350–357 |
| GX 28 | GX 131–132 | GX 250 | GX 359–64 |
| GX 30–32 | GX 150 | GX 252 | GX 366–392 |
| GX 34–57 | GX 152 | GX 254–255 | GX 394–395 |
| GX 59–61 | GX 154–158 | GX 257–259 | GX 397–401 |
| GX 64 | GX 160–161 | GX 261–264 | GX 403 |
| GX 66–68 | GX 164 | GX 266–270 | GX 410–415 |
| GX 70–71 | GX 166–167 | GX 272 | GX 417–420 |
| GX 101–105 | GX 170–171 | GX 275–281 | GX 422 |
| GX 107–108 | GX 173–174 | GX 300–305 | GX 425–448 |
| GX 110–112 | GX 176–190 | GX 307 310 | GX 450–451 |
| GX 114 | GX 202–208 | GX 312–313 | GX 460–480 |
| GX 116 | GX 210–212 | GX 315–323 | GX 500 |

| | | | |
|---|---|---|---|
| GX 503–506 | GX 625–626 | DX 85–98 | DX 224–231 |
| GX 510 | GX 675–678 | DX 100–103 | DX 235–236 |
| GX 517–518 | *** | DX 105–110 | DX 238–241 |
| GX 521–523 | DX 1 | DX 112–132 | DX 243–248 |
| GX 525 | DX 3–4 | DX 134–137 | DX 251–259 |
| GX 529–532 | DX 6 | DX 139–142 | DX 263 |
| GX 534 | DX 8–9 | DX 147–155 | DX 265–267 |
| GX 536–537C | DX 11–18 | DX 157 | DX 269–276 |
| GX 544 | DX 20–22 | DX 159–162 | DX 285–287 |
| GX 560–565 | DX 24–28 | DX 164 | DX 289–295 |
| GX 568 | DX 30 | DX 167–176 | DX 297 |
| GX 571 | DX 32–33 | DX 178–181 | DX 299–300 |
| GX 573–576 | DX 35–44 | DX 189–194 | DX 302–303 |
| GX 578–580 | DX 46 | DX 196 | DX 305–312 |
| GX 584 | DX 48–50 | DX 199–203 | DX 314 |
| GX 588–589 | DX 52–59 | DX 207–209 | DX 329 |
| GX 593 | DX 63–71 | DX 211–212 | DX 331–333 |
| GX 601 | DX 75 | DX 214–216 | DX 335–356 |
| GX 607 | DX 77–81 | DX 218–220 | DX 360–366 |
| GX 614–619 | DX 83 | DX 222 | DX 368 |

The Court denied Defendant's Motion in Limine [Dkt. # 47] to exclude evidence regarding the Government of Ukraine's procurement process. *See also* August 8, 2019 Minute Order. Accordingly, all exhibits for which the only objection was "MIL Procurement," listed below, are **ADMITTED**.

| | | | |
|---|---|---|---|
| GX 217–219 | GX 585–587 | GX 597–598 | GX 604–606 |
| GX 548–550 | GX 590–592 | GX 600 | GX 608 |
| GX 581–583 | GX 594–595 | GX 602 | GX 611–613 |

The defense withdrew its completeness objections to the following government exhibits, so they are **ADMITTED**.

| | | | | |
|---|---|---|---|---|
| GX 8 | GX 128 | GX 151 | GX 260 | GX 599 |
| GX 34–35 | GX 130 | GX 201 | GX 265 | GX 603 |
| GX 106 | GX 133 | GX 209 | GX 273 | GX 609 |
| GX 117 | GX 149 | GX 251 | GX 567 | |

The Court also ruled that the following exhibits are **ADMITTED**:

| | |
|---|---|
| GX 14–19 | GX 115 |
| GX 63 | GX 165 |
| GX 109–110 | GX 222 |

3

GX 256
GX 306 subject to laying foundation
GX 326 for establishing chronology
GX 421 with redactions
GX 449 for cross-examination
GX 528
GX 535 for rebuttal
GX 547 for cross-examination
GX 569, 570, 572 only one, others duplicative
GX 650–672 as demonstratives
\*\*\*
DX 34
DX 47 with redaction
DX 51 only statement regarding defendant being "enraged," reserve on middle email
DX 60 for cross-examination

DX 73 with redaction
DX 84
DX 99 for cross-examination
DX 156 with redaction
DX 184 with redaction
DX 187
DX 197
DX 242 with transmittal email
DX 249 if defendant testifies
DX 250 with corrected date
DX 268 article only
DX 334
DX 76 Haskell admitted if he testifies, Van der Zwaan response excluded
DX 357–358
DX 367

The following exhibits are **ADMITTED** only for the fact that the statements they contain were made (and responded to, if applicable), and the jury will be given a limiting instruction that they may not be considered for the truth of any matter asserted.

GX 253
GX 264A
GX 274
GX 396[1]

---

1   With respect to this exhibit, the government may state in opening that on December 13, 2012, Mr. Manafort sent an email re: "Well done" to the defendant expressing satisfaction with the initial rollout of the report. It may not assert that this evidence will show that defendant was in fact involved in "backgrounding" or that defendant's "backgrounding" was "key."

The Court **RESERVED** ruling on the following exhibits:

| | | | |
|---|---|---|---|
| GX 9–10 | DX 61 | DX 177 | DX 320 |
| GX 162–163 | DX 62 | DX 195 | DX 322 |
| GX 172 | DX 104 | DX 262 | DX 324 |
| GX 452–457 | DX 111 | DX 283 | DX 330 |
| *** | DX 133 | DX 301 | |
| DX 2 | DX 165 | DX 313 | |
| DX 34 | DX 176 | DX 317 | |

The following exhibits were **WITHDRAWN** by the parties:

| | | | |
|---|---|---|---|
| GX 8 | GX 69 | GX 358 | DX 188 |
| GX 29 | GX 168 | GX 526 | DX 205 |
| GX 58 | GX 175 | *** | DX 282 |
| GX 65 | GX 324 | DX 163 | DX 284 |

The following exhibits are **EXCLUDED**:

| | | | |
|---|---|---|---|
| GX 26 | DX 74 | DX 195 | DX 301 |
| GX 125 | DX 76 | DX 206 | DX 313 |
| GX 365 | DX 143 | DX 213 | DX 318–319 |
| GX 393 | DX 145 | DX 221 | DX 330 |
| GX 402 | DX 182 | DX 234 | |
| GX 547 | DX 183 | DX 260–261 | |
| *** | DX 186 | DX 277–281 | |

Further, the Court ruled on August 12, 2019 that if any out of court statements made by Mr. Manafort are admitted for the truth of any matter asserted, the defense may introduce the fact of his convictions for the offenses reflected in DX 326 and DX 327 to impeach his credibility.

Finally, the parties are ordered to provide the Court with revised exhibit lists omitting any exhibits that have been withdrawn or excluded. The exhibits should not be re-numbered; there will simply be gaps in the sequence. Exhibits still under advisement should be listed.

**SO ORDERED.**

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: August 13, 2019