# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA**

*v.*

**GREGORY B. CRAIG**,

       *Defendant.*

**Case No. 1:19-cr-0125 (ABJ)**

---

## MOTION FOR ADMISSION OF EVIDENCE
## BEARING ON DEFENDANT'S STATE OF MIND

At the pretrial conference, the Court excluded or reserved ruling on several defense exhibits containing statements from or to Defendant Gregory B. Craig that bear on his state of mind at the time he spoke with journalists in December 2012 and corresponded with the FARA Unit in 2013. *See* Aug. 9, 2019 Hrg. Tr. at 279–80. These exhibits are: DX 2 (reserved), DX 62 (reserved), DX 104 (reserved), DX 111 (reserved), DX 165 (reserved), DX 177 (reserved), DX 183 (excluded), DX 186 (excluded), DX 283 (reserved), and DX 317 (reserved).

The exhibits are not hearsay because they are offered not to prove historical facts that were asserted by or to Mr. Craig in particular statements, but as evidence of Mr. Craig's state of mind. In a prosecution for an offense in which willfulness is an element and good-faith is a defense, statements to or by the defendant that tend to show the defendant's innocent state of mind can be offered by the defense. *See, e.g.*, *United States v. Galecki*, 2019 WL 3403890, at *12 (4th Cir. July 29, 2019) (statements to the defendant); *United States v. Detrich*, 865 F.2d 17, 19–21 (2d Cir. 1988) (same); *Jenkins v. United States*, 415 A.2d 545, 547 (D.C. 1980) (same); *United States v. McCorkle*, 511 F.2d 477, 479 (7th Cir. 1974) (statements by the defendant). Such statements can be offered regardless of whether the defendant testifies. *See United States*

*v. Kokenis*, 662 F.3d 919 (7th Cir. 2011) (holding that defendant who did not testify could assert good faith defense through other means, noting that "hearsay statements of the defendant may suggest a defendant's belief").

Mr. Craig's state of mind when he corresponded with the FARA Unit is central to this case because he is accused of knowingly and willfully concealing material facts as to which he had a known duty to disclose.  Mr. Craig's state of mind at the time he spoke with journalists in December 2012 is also central to this case, because it bears on whether his statements to the FARA Unit about the purpose of those contacts were true or false.

Irrespective of whether the statements of historical fact in the above-referenced exhibits are true, the exhibits are relevant to Mr. Craig's state of mind, and they are therefore admissible non-hearsay.  For example, DX 2 contains an email relaying statements to and from Mr. Craig at the outset of the Ukraine project that show his expectations regarding whether the Skadden Report would be released.  As relayed by Cliff Sloan, who will be a witness in this trial, Mr. Craig was told that, "if we reached a negative conclusion about the fairness of the trial, it would be up to the client whether to release our report or keep it confidential."  DX 2, Email from C. Sloan to D. Zornow (Feb. 13, 2012).  Irrespective of whether the underlying statement was true, it *was conveyed to and relayed by Mr. Craig*, and it is evidence that Mr. Craig was not knowingly misleading the FARA Unit when he stated that "the law firm viewed the distribution of the report as a matter that would be decided by the Ukraine Government in its sole discretion." Indictment, ECF 1, ¶ 56.

Similarly, in DX 165, Alex Van Der Zwaan wrote to Mr. Craig about Ukraine's continued efforts to suggest changes to the Report's conclusions and repeated refusals to accept delivery of the completed Report as written.  What matters about this exhibit is not the *fact* that

Ukraine kept trying to change the Report and kept refusing to accept delivery, but the *impression on Mr. Craig* left by that course of conduct.  Mr. Van Der Zwaan's email, and other instances of Mr. Craig being made aware of Ukraine's obvious dissatisfaction with the Report (as written) and plans to mischaracterize it in a false media roll-out, are evidence that he was acting to correct misinformation when he spoke to journalists around the time of the Report's release, just as he told the FARA Unit.  *See, e.g.*, DX 177; DX 183; DX 186; DX 283.

Also relevant to Mr. Craig's state of mind is DX 317 – Mr. Craig's memo to the Ukraine project file regarding his follow-up call with Heather Hunt from the FARA Unit.  The memo is offered not for the truth of any particular statement made by Ms. Hunt or by Mr. Craig as reported in the memo, but the fact that Mr. Craig made the call and wrote the memo at all.  Those events show that Mr. Craig was earnestly trying to stay on the right side of FARA and keep the FARA Unit informed.

In support of its argument that evidence bearing on Mr. Craig's state of mind should be excluded, the government cited *United States v. Day*, 591 F.2d 861 (D.C. Cir. 1978), and *United States v. Brown*, 490 F. 2d 758 (D.C. Cir. 1973).  *See* Aug. 9, 2019 Hrg. Tr. at 280:2–3.  The government's reliance on those cases is misplaced.  *Day* and *Brown* hold that, when a hearsay statement is primarily relevant (and prejudicial) because of the truth of the matter asserted, and only tangentially relevant because of its bearing on the listener's state of mind, the statement must be excluded.  *See Brown*, 490 F.2d at 764 (describing "concept of 'relative relevance'" in line with then-proposed Rule 403).

The statements at issue in the above-referenced exhibits are relevant *primarily* because they bear on Defendant's state of mind; any hearsay effect is tangential.  It does not matter if Ukraine *actually* wanted complete authority over the decision whether to release the Report to

the public.  What matters to this case is that that was Mr. Craig's impression – his state of mind.  *See* DX 2.  It does not matter if Ukraine *actually* continued to want changes in the Report and refused to accept delivery after Skadden viewed the Report as being complete.  What matters to this case is that Mr. Craig believed those things to be true in the months leading up to the Report's release in December 2012.

By invoking *Brown* and *Day*, the government may be suggesting that the above-referenced exhibits are somehow equivalent to the anticipated testimony of Mr. Hawker and Mr. Gates that was the subject of Defendant's Motion *In Limine* related to hearsay.  *See* Reply in Support of Motion *In Limine* to Exclude Hearsay, ECF 63, at 1, 4–6 (discussing *Brown* and *Day*).  The government is mistaken if that is its intention.  Neither Mr. Gates's nor Mr. Hawker's "understanding" of what Defendant had agreed to do with respect to the media plan is at issue in this case.  *See Brown*, 490 F.2d at 762, 780 (excluding statements that "the prosecution sought to justify . . . under the state of mind exception to the hearsay rule as somehow explaining [the declarant's] actions" because there was no issue in the case "that would justify an inquiry into the [declarant's] state of mind"); *Day*, 591 F.2d at 883 (excluding statements as hearsay because "[the declarant's] state of mind . . . is immaterial" to the case).  The question in *Brown* and *Day*, as with the testimony of Mr. Gates and Mr. Hawker at issue in Defendant's Motion *In Limine*, is whether a hearsay statement can be introduced if the significance of the statement when considered for its truth far eclipses any trivial or irrelevant non-hearsay purpose for which the statement is offered – *e.g.*, for the state of mind of a witness whose mental state is not at issue.

In contrast, Mr. Craig's state of mind *is* at issue, as the Court recognized.  Aug. 9, 2019 Hrg. Tr. at 280:17–19.  He should be permitted to establish, through reliable contemporaneous records, that his mental state was inconsistent with the charged offense.  Such contemporaneous

records can be much more powerful than a bare denial of *mens rea* after a criminal charge has been filed.  They are classic *ante litem motam* statements that show Mr. Craig's state of mind at times before these charges were filed, and even before the FARA Unit's inquiry.  *See United States v. Casoni*, 950 F.2d 893, 912 (3d Cir. 1991) (fact that document was generated *ante litem motam* is "appropriate for consideration in evaluating the document's trustworthiness").

A statement is not hearsay if it is offered to show what was in the speaker's or the listener's mind, not for its truth of the statements made.  A defendant in a criminal case may offer statements that he sent or received that tend to show his innocent state of mind, regardless of whether the defendant testifies.

Dated: August 15, 2019                                        Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 15, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

_/s/ Ezra B. Marcus_
Ezra B. Marcus