**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| **UNITED STATES OF AMERICA**    *v.*    **GREGORY B. CRAIG**,    *Defendant.* | **Case No. 1:19-cr-0125 (ABJ)** |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**
**REGARDING LITERAL TRUTH INSTRUCTION**

In *United States v. Safavian*, 528 F.3d 957 (D.C. Cir. 2008), the Court of Appeals recognized that "literal truth would [be] a complete defense" to "charged violations of § 1001(a)(1)." *Id.* at 967. The literal truth defense is relevant as a concept only when a charge is based on statements as opposed to omissions. The *Safavian* decision discussed literal truth in the context of a concealment scheme offense only because the defendant had failed to preserve the argument that a false statement alone cannot be a trick, scheme, or device, *id.* at 967 n.12, and so the court was in the odd position of treating a false statement *as though* it amounted to a concealment scheme. *Safavian* does stand for the proposition, however, that to the extent an indictment charges a *falsification* scheme under § 1001(a)(1), literal truth is a complete defense. *Id.* at 967. The Indictment in this case does not charge a falsification scheme because it alleges that material facts were concealed, Indictment, ¶ 63, but does not identify any material facts that were falsified. To the extent the Court disagrees, it should instruct the jury that literal truth is a complete defense to falsification.

The concept of literal truth does have a role to play in the context of a concealment scheme: it dictates that a literally true statement to a government official, even if misleading,

cannot be the source for a duty to disclose additional information so as to satisfy the "trick, scheme, or device" element. As this Court has recognized, making a statement to a government official that is literally true but misleading cannot, on its own, violate § 1001. In the *Manafort* case, in rejecting a multiplicity challenge to an indictment that charged the same conduct under both 22 U.S.C. § 618(a)(2) and 18 U.S.C. § 1001, this Court contrasted the elements of those two offenses as follows:

> The FARA provision also covers statements that are misleading due to a willful omission of material fact, 22 U.S.C. § 618(a)(2), but a willful omission of a material fact that renders a statement misleading would not constitute a violation of section 1001 as well if the statement were literally true.

*United States v. Manafort*, 313 F. Supp. 3d 311, 315 (D.D.C. 2018) (citing *Safavian* and *United States v. Milton*, 8 F.3d 39, 45 (D.C. Cir. 1993)). Unlike the proscriptions of § 618(a)(2), which criminalizes the omission of facts that would be necessary to make affirmative statements not misleading, the mere fact of making a statement to a government official does not generate a duty under § 1001 to disclose additional information if the statement is literally true but misleading.

Consider several examples of answers to questions by government officials that are literally true but arguably misleading:

- A non-citizen resident of the United States returns from Mexico, and at the border, a border patrol agent asks if she is a citizen. She replies, "It's good to be back home."

- A factory owner knows that her factory is unsafe. An OSHA investigator visits the factory and asks the owner if she is aware of any safety risks onsite. She answers: "We haven't had any employee safety complaints in the last 20 years."

- A motorist knows she is driving 75 MPH on a stretch of highway where the speed limit is 65 MPH, but she is driving at about the same speed as the cars around her. A patrol officer (who, let's assume, works for a federal agency) pulls her over and asks: "Do you know how fast you were driving?" She answers: "I thought I was driving at about the speed of the road."

Providing a literally true response to a government official's specific question cannot support a concealment scheme, even if the answer is arguably misleading in light of the clear intent of the official's question. The mere fact that additional information would be necessary to make the statement not misleading does not generate a duty to provide the additional information; there must be some independent source for a duty to disclose.

Accordingly, as set forth in Defendant's proposed jury instruction for Count One, "making a statement while omitting other information is not a trick, scheme or device if the statement the defendant made is literally true." ECF 72-2 at 14.

Dated: August 15, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*
William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                                  /s/ *Ezra B. Marcus*
                                                  Ezra B. Marcus