UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**GREGORY B. CRAIG**,<br><br>*Defendant.* | Case No. 1:19-cr-0125 (ABJ) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM
REGARDING WILLFULNESS INSTRUCTION**

The government agrees in its proposed instruction on the elements of Count One that the willfulness element requires proof beyond a reasonable doubt that Mr. Craig *knew*, *i.e.*, was subjectively aware, that his conduct was unlawful.  ECF 79-1 at 3.  The flip side is that Mr. Craig must be acquitted if there is any reasonable basis in the evidence to find that he subjectively and honestly believed that his conduct was lawful, even if he was wrong in that belief, and even if that belief was objectively unreasonable.  "This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist."  *Cheek v. United States*, 498 U.S. 198, 202 (1991).  We have proposed supplemental language on good faith in the attached instruction.

Where the parties diverge is whether the jury should be focused on the specific mixed questions that together comprise knowledge that concealing a material fact is unlawful.  Mr. Craig's proposed instruction tells the jury that he had to know (1) that he had a duty to disclose the material facts he is alleged to have concealed, (2) that he was concealing those facts, and (3) that the facts were material to the FARA Unit's inquiry.  The government's proposed instruction sandwiches the general statement that Mr. Craig had to know that he was acting

unlawfully between the definition of "knowingly" and a statement that he did not have to know the specific criminal prohibition. By coupling the "knowingly" requirement of knowledge "that the statement was false, fictitious or fraudulent" with the "willfully" requirement that "his conduct was unlawful," the government's instruction is likely to mislead the jury about what Mr. Craig had to know. Jurors hearing the government's instruction will think: "Of course if you know you are making a false, fictitious or fraudulent statement you must know it is against the law—even if you are not a distinguished lawyer." That risk is compounded by the sentence telling the jury that Mr. Craig did not have know "the specific provision that the conduct violates."

Instead, the jury should be instructed that it can only convict Mr. Craig if it finds that he knew he had a legal duty to disclose the specific facts he is alleged to have withheld. The Supreme Court has explained that a heightened willfulness requirement applies when a criminal statute "present[s] the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan v. United States*, 524 U.S. 184, 194–95 (1998). There is no general duty to disclose information in response to a government agency's inquiry, nor is there any general duty on one who responds to a government inquiry to "choose between saying everything and saying nothing." *United States v. Safavian*, 528 F.3d 957, 965 (D.C. Cir. 2008). Exceptions to that general rule exist only where a statute, regulation, or form imposes a "specific requirement[] for disclosure of specific information." *Id.* at 964.

The Court has determined that such a duty existed in this case. Memorandum Opinion and Order, ECF 85 at 3–5, 18–37. Defendant preserves his objection to this ruling, but even if it is correct, there can be little doubt that the duty the Court identified is difficult to discern, even for an experienced lawyer. The Court located the duty, in part, in FARA's disclosure

requirements and in the forms that FARA registrants must submit. *Id.* at 3, 22, 27–31. But the statute and form require disclosures only by "an agent of a foreign principal," 22 U.S.C. § 612(a), and the Court has indicated that it does not intend to ask the jury to determine whether Mr. Craig was a foreign agent. Aug. 9, 2019 Hrg. Tr. at 267:8–9. Although FARA and the standard registration form identify the information that *foreign agents* must disclose, they do not give notice that anyone other than a foreign agent must disclose that information.

The due process concerns that underlie *Safavian* demand more than just fair notice of what information is to be disclosed; they also demand notice *of the legal duty to disclose it*. *See United States v. Kanchanalak*, 192 F.3d 1037, 1046–47 (D.C. Cir. 1999) (inquiring whether regulation gave fair notice that disclosure of allegedly concealed information was required); *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 347 (D.D.C. 1997) (inquiring whether regulations "unambiguously required disclosure" of the allegedly concealed information). Accordingly, prior decisions found disclosure duties in statutes, regulations, and forms that set forth a legal requirement that expressly applied to the defendant. *See, e.g.*, *United States v. Moore*, 446 F.3d 671, 678 (7th Cir. 2006) (noting contractual provision that expressly obligated defendant to disclose information); *United States v. Blackley*, 167 F.3d 543, 550 (D.C. Cir. 1999) (noting "reporting requirements of [form] SF-278" to which the defendant "was required by law to respond").

There is no statute, regulation, or form that expressly imposes a duty to disclose on people who *may* be foreign agents and choose to respond to a FARA Unit inquiry. This Court concluded that such a duty nonetheless arose by virtue of Mr. Craig's engagement with the FARA Unit's inquiry, but the duty that the Court identified is not easily discernable from any statute, regulation, or form. Even if the Court's holding that a duty arose from the FARA Unit's

inquiry "does not contravene the *Safavian* opinion," Mem. Op. at 31, such a duty certainly would not have been generally apparent during the time period of the offense charged in Count One in light of *Safavian*. It is thus all the more important that the jury be instructed that it must find a "voluntary, intentional violation of a *known legal duty*." *Cheek v. United States*, 498 U.S. 192, 200 (1991) (emphasis added) (citation omitted).

As Judge Friedman recognized in *United States v. Trie*, 21 F. Supp.2d 7 (D.D.C. 1998), a defendant accused of willfully causing another person to violate 18 U.S.C. § 1001 in light of a duty imposed under a substantive statutory regime must have actually known about that duty, or else he could not have known his conduct was unlawful. *See id.* at 15 ("As a matter of logic, the government cannot prove that a defendant willfully caused the making of a statement he knew to be false in the absence of evidence that the defendant knew that the statement was required to be made."). Similarly, in order for Mr. Craig to have known his conduct was unlawful, he must have known that he was subject to a legal duty to disclose the information that he is alleged to a have concealed, and the jury should be instructed to that effect.[1]

---

[1] The Court invited further briefing on whether the principle applied in *Trie* is "a recognized principle in the Supreme Court" or elsewhere. Aug. 9, 2019 Hrg. Tr. at 263–64. As discussed above, *Safavian* envisions that a statute, regulation or form would give an individual subject to that statute, regulation or form "fair warning" of the legal duty. 528 F.3d at 964. In the absence of explicit notice in the form of a statute or regulation, the due process interests in fair warning recognized in *Safavian* require proof that the defendant himself knew of the duty. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982) ("[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed.").

In *Cheek v. United States*, 498 U.S. 192 (1991), and *Ratzlaf v. United States*, 510 U.S. 135 (1994), the Supreme Court applied the principle that a statutory willfulness element requires actual knowledge of the legal duty or prohibition at issue when the duty or prohibition is sufficiently obscure or technical that people may violate it without meaning to break the law. *See Bryan*, 524 U.S. at 194 (explaining that *Cheek* and *Ratzlaf* involved "highly technical statutes that presented a danger of ensnaring individuals in apparently innocent conduct"). Courts similarly require proof of "a voluntary and intentional violation of a known legal duty" in criminal copyright infringement cases. 3 Modern Federal Jury Instructions, No. 54A-13 at 54a-

Given that the Court's duty analysis hinges on the FARA Unit's inquiry, the jury must be required to determine whether Mr. Craig knew that any duty applied to a particular material fact that he did not disclose. There is nothing like a form in this case that announced to Mr. Craig which facts he was required to disclose. Even if Mr. Craig knew of a general legal duty to respond completely to anything the FARA Unit asked—a duty we dispute[2]—he did not act willfully unless he knew that the FARA Unit wanted to know a particular material fact that he did not disclose. For purposes of the willfulness analysis, it is Mr. Craig's understanding of what the FARA Unit was inquiring about that matters, especially if his legal duty arises from the FARA Unit's inquiry.

Finally, knowledge that concealment of a fact is unlawful hinges on knowledge that the fact is material. Here again, liability under § 1001 depends in part on understanding FARA which, in 2013, was an obscure statute with almost no enforcement history, no published advisory opinions, and little public explication of statutory terms. In his concurring opinion in *United States v. Moore*, 612 F.3d 698, 702 (D.C. Cir. 2010), then-Judge Kavanaugh noted the

---

26 & cmt. (collecting cases). The reason for the heightened willfulness requirement in *Cheek* was that a citizen might not understand the duties imposed by the tax law because of the "proliferation" of tax provisions, not because of the complexity of the whole scheme or the particular duties at issue (willful tax evasion and willful failure to file a return based on a claimed belief that wages are not taxable income). 498 U.S. at 199. The duty in *Ratzlaf*—not to break up monetary transactions to avoid currency reporting requirements—was not in itself complex, but it was unfamiliar and it potentially encompassed conduct done for many reasons other than the nefarious evasion of reporting standards. As those decisions show, duties enforced by criminal statutes may be "highly technical" because they are not readily apparent, even if the particular duty is not complex.

[2] The Court has suggested that Defendant does not dispute that a duty exists to be complete in response to questions from the FARA Unit. Mem. Op. at 34 n.12; Aug. 9, 2019 Hrg. Tr. at 269:10–13. For avoidance of doubt, Defendant continues to dispute that any such duty exists. *See, e.g.*, Mot. to Dismiss Count One, ECF 23 at 23 ("[N]o legal duty was violated even if Mr. Craig omitted *responsive* information, and that is so even if he gave answers that, by virtue of being non-responsive or incomplete, were misleading by negative implication." (internal quotation marks and citations omitted)).

"risk of abuse and injustice" in prosecutions under section 1001. *Id.* at 703. "Proper application of statutory mens rea requirements and background mens rea principles can mitigate the risk of abuse and unfair lack of notice in prosecutions under § 1001 and other regulatory statutes. In § 1001 cases, that means proof that the defendant knew that making the false statement would be a crime." *Id.* The issue Moore had raised on appeal was whether signing a false name on a delivered package was "material," and the D.C. Circuit held that it was. The point of Judge Kavanaugh's concurrence was that, although Moore had not requested an instruction on knowledge of illegality below and had not raised willfulness on appeal, concerns about the breadth of materiality could be mitigated by requiring proof that the defendant knew his conduct was illegal:

> In the second trial, prosecutors tacked on a false statements charge under § 1001. The charged false statement? Moore signed the wrong name on a Postal Service delivery form, PS Form 3849. Unlike many government forms, PS Form 3849 contained no warning that an inaccurate statement might be a crime. And it is not otherwise clear that Moore (or most people) would know that signing the wrong name on a postal delivery form is a crime. But the defense did not request a knowledge-of-law instruction, and the District Court did not require the Government to prove that the defendant knew his conduct was unlawful.

*Id.* at 702-03. Knowledge of the materiality of the allegedly concealed fact, as well as knowledge of duty, are essential but unfamiliar components of the overall question whether the defendant knew his conduct was unlawful.

Dated: August 15, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*
William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 15, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                                    /s/ *Ezra B. Marcus*
                                                    Ezra B. Marcus

## DEFENDANT'S REVISED MENS REA INSTRUCTION

**Knowing and Willful**
A defendant acts "knowingly" if he acts knowing that the statement was false, fictitious, or fraudulent.

A defendant acts "willfully" if he knows his conduct is unlawful – in other words, if he acts with a bad purpose to disobey or disregard the law.[1] Willfulness is the voluntary, intentional violation of a known legal duty.[2] Here, the government alleges that Mr. Craig breached a duty to provide certain information to the FARA unit of the Department of Justice in response to questions posed to him by the FARA unit. In addition to proving that Mr. Craig had and violated a duty under the law as I have explained it to you, the government must also prove beyond a reasonable doubt that Mr. Craig knew he had such a duty and knowingly and intentionally violated it.[3]

The government must prove that Mr. Craig knew that he had a legal duty not to omit a material fact in his communications with the FARA unit in the meeting on October 9, 2013 and the October 11, 2013 letter to the FARA unit.[4] To prove that he knowingly and intentionally violated that duty, the government must prove that Mr. Craig knew that the FARA unit was requesting that he disclose the fact; that he knew the fact was material to the FARA unit's inquiry, and that he knew he had a legal duty to disclose material facts to the FARA Unit in response to such an inquiry.[5]

---

[1] *United States v. Wynn*, 61 F.3d 921, 927 (D.C. Cir. 1995); *Bryan v. United States*, 524 U.S. 184, 191-92 (1998).

[2] As Judge Friedman recognized in *United States v. Trie*, 21 F. Supp. 2d 7, 15 (D.D.C. 1998), when a false statement charge under 18 U.S.C. § 1001 is rooted in enforcement of a complex and unusual regulatory scheme (there the Federal Election Campaign Act), willfulness requires knowledge of specific statutory prohibitions. In this case, as in *Trie*, "the statutory and regulatory schemes are complex and technical and proscribe behavior that an ordinary person would not know is criminal." *Id.* In addition, the existence of a duty to disclose information to the FARA Unit is not readily apparent from the face of any statute, so an especially rigorous willfulness requirement is necessary to limit criminal penalties to intentionally unlawful conduct. The quoted language comes from *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness in the tax context).

[3] In *Cheek v. United States*, 498 U.S. 192, 201-02 (1991), the Court explained that the complexity of federal tax law means that citizens may honestly not realize they have breached a duty imposed by the tax law, even if that belief is wrong and objectively unreasonable. The same is true with regard to whether the law imposes a duty to disclose information to the FARA Unit. *See* Model Jury Instructions: Third Circuit: Criminal No. 6.26.7203, Comment at 703 (2009); 2B Federal Jury Practice and Instructions § 67:25 note at 679 (6th ed. 2010).

[4] The D.C. Circuit's decision in *Savafian* recognizes that due process requires that a defendant charged with concealment have notice of both the agency's request for the information allegedly concealed and of a legal duty to provide such information. 528 F.3d at 964-65. The Court has rejected our argument that Congress did not impose such a legal duty with regard to voluntary submissions to the FARA unit in connection with a determination whether a person has an obligation to register. To prove a *willful* violation of such a duty, the government must show that the defendant knew about the legal duty as well as the agency's interest in the facts.

[5] *See Safavian*, 528 F.3d at 964-965 (explaining requirement of fair notice both of the information sought by the agency and the legal duty to provide such information). A stringent willfulness standard applies when a statute does not give clear notice of a legal duty.

A defendant does not act willfully if he believes in good faith that his actions comply with the law,[6] meaning he believed that he had no legal duty to disclose the facts to FARA Unit, even if that belief is contrary to the conclusion you have reached about the existence of a duty, and even if you find that the belief is unreasonable.[7]  A good faith belief is one that is honestly and genuinely held.[8]  However, you may consider the reasonableness of the defendant's belief together with all of the other evidence to determine whether the defendant held the belief in good faith.[9]  If you have a reasonable doubt that Mr. Craig was aware of the legal duty, or that he knew that he was violating the duty by failing to disclose a material fact, then you must find Mr. Craig not guilty.

---

[6] 3 Modern Federal Jury Instructions, 59-17 at 59-43.
[7] 3 Modern Federal Jury Instructions 59-17 at 59-43.
[8] Model Jury Instructions: Third Circuit: Criminal No. 6.26.7203 at 703.
[9] Pattern Federal Jury Instructions: Seventh Circuit: Criminal, at 875 (2012); *see also* Modern Federal Jury Instructions 59-17 at 59-43.