UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**GREGORY B. CRAIG**,<br><br>*Defendant.* | **Case No. 1:19-cr-0125 (ABJ)** |

### DEFENDANT'S OBJECTION TO JURY INSTRUCTION REGARDING A FARA-BASED OR NON-STATUTORY DUTY

In order to give rise to a specific requirement for disclosure of specific information, a statute, regulation, or form must have *actually obligated* the Defendant to disclose that information. Defendant respectfully declines to submit a proposed instruction that would enable the jury to find a duty to disclose material facts to the FARA Unit arising from any of the sources identified in the Court's Memorandum Opinion. ECF 85. Defendant acknowledges that the Court's Memorandum Opinion defines the duty to disclose in a way that presents questions that must be submitted to the jury.[1] But in order to preserve his legal position that the Court's ruling on duty is incorrect, Defendant respectfully objects to any instruction that would effectuate it for the reasons set forth below.

---

[1] Defendant's position remains that the threshold question of whether a statute, regulation, or form imposes a duty to disclose is a question of law that the Court must resolve, because it involves interpretation of materials having the force of law. *See* ECF 81. When such a duty is *unconditional*, there is nothing left for the jury to decide. But if the requisite duty arises from a statute whose applicability depends on a mixed question of law and fact (like whether a person *is* "an agent of a foreign principal" subject to the disclosure obligations under 22 U.S.C. § 612(a)), or if the duty depends on a pure question of fact (like what questions were asked during the FARA Unit inquiry), the jury must decide those questions. During the Pretrial Conference, undersigned counsel agreed that "the legal question underlying the legitimacy of having an omissions count in the first place" is a question of law for the Court, but did not mean to suggest that the Court can take from the jury any predicate factual questions presented by a particular statute, regulation, or form. Aug. 7, 2019 Hrg. Tr. 156:19–24.

**I.     Defendant objects to an instruction that would permit the jury to find a duty to disclose arising from FARA's registration requirement or the FARA registration form.**

The Court has determined that the requisite disclosure duty in this case arises, at least in part, from FARA – specifically from 22 U.S.C. § 611 (defining who is an agent of a foreign principal), § 612(a) (imposing a duty to file a registration statement on an agent of a foreign principal), and the associated registration form. ECF 85 at 3, 22, 27–31. There is no question that 22 U.S.C. § 612(a) does impose a duty to disclose certain facts in a registration statement. That duty is criminally enforceable. *Id.* § 618(a). But § 612(a) could not support a jury finding of a duty to disclose in this case for several reasons, and so a jury instruction to that effect would not be appropriate.

*First*, by its terms, § 612(a) only imposes a disclosure duty on "an agent of a foreign principal." A statute, regulation, or form can only impose a "specific requirement[] for disclosure of specific information" if it actually obligates the defendant to disclose that information. *Safavian*, 528 F.3d at 964; *see also United States v. Singhal*, 876 F. Supp. 2d 82, 95 (D.D.C. 2012) (declining to find a duty to disclose in SEC Rule 10b-5 for foreign issuer that had sought an exemption to that Rule). Neither § 612(a) nor any other provision of FARA imposes any disclosure duty on the process of determining whether someone is a foreign agent. The Justice Department has, by regulation, imposed a disclosure duty on individuals who affirmatively seek guidance regarding their possible obligation to register. *See* 28 C.F.R. § 5.2. But no statute, regulation, or form expressly requires disclosure of any information by a person who may be an agent and who merely responds to an inquiry from the FARA Unit. As the Court is aware, Congress has rebuffed requests to provide statutory authority to make such responses mandatory. *See* Mot. to Dismiss Count Two, ECF 20 at 4 & nn.1–2. An administrative letter from the FARA Unit stating that a person has to register also does not impose any duty; the

Justice Department can seek a judicial order to compel registration, 22 U.S.C. § 612(f), but it did not seek such an order with regard to Skadden.

Although § 611(c) identifies the facts that are material to whether a person is a foreign agent, no provision of FARA requires disclosure of those facts. Those facts are not identical to the facts that a foreign agent must disclose in a registration statement under § 612(a) (although there is overlap). For example, a foreign agent must disclose a complete list of its employees, *id.* § 612(a)(3), and all political contributions within the past 60 days, § 612(a)(8). Neither piece of information would likely be material to whether a person is a foreign agent as defined in § 611(c). And more importantly, § 612(a) imposes a duty of disclosure only on an individual who *actually is* "an agent of a foreign principal."

The Court has indicated that it does not intend to ask the jury to determine whether Mr. Craig was a foreign agent. Aug. 9, 2019 Hrg. Tr. at 267:8–9. That course is appropriate because § 612(a) cannot be a basis for a disclosure duty in this case. But if the Court's view is that the duty to disclose *does* arise from § 612(a), then the question of whether Mr. Craig was "an agent of a foreign principal" must be litigated at trial. Unlike the Court in reviewing a motion to dismiss the Indictment, the jury may not accept as true the allegation in Paragraph 42 of the Indictment that Mr. Craig had a duty to register under FARA. Whether Mr. Craig acted as an agent of a foreign principal is a mixed question of law and fact[2] as to which he must have an opportunity to present evidence and the jury must be instructed to demand proof beyond a

---

[2] At the Pretrial Conference, the Court suggested that whether Mr. Craig had to register under FARA is a legal question, not a fact question. Aug. 9, 2019 Hrg. Tr. at 267. That is incorrect. Whether any particular conduct requires registration requires application of the definitions of an agent of a foreign principal in § 611 to disputed evidence concerning what Mr. Craig did and why he did it. It is no different from the application of the definition of any legal mandate or prohibition to historical fact. If Mr. Craig's duty to disclose turns on whether he had a duty to register, then he is entitled to litigate that question at trial and the jury must determine whether the government has offered proof beyond a reasonable doubt of a duty to register.

reasonable doubt.  *See United States v. Gaudin*, 515 U.S. 506 (1995) (Constitution requires jury determination of materiality under § 1001 because it is a mixed question of law and fact); *Washington v. Texas*, 388 U.S. 14, 19 (1967) (The "right to present a defense" is "a fundamental element of due process of law"); *Chambers v. Mississippi*, 410 U.S. 284, 302, (1973) (the preclusion of all inquiry by the defense on a particular aspect of the case violates due process).

*Second*, as the Court noted in its Memorandum Opinion, FARA makes the disclosure duties in § 612(a) criminally enforceable through § 618(a), but only to the extent that one fails to submit a registration statement, § 618(a)(1), or omits information in a registration statement that is required to be included or that is necessary to make the statements made not misleading, § 618(a)(2).  *See* Mem. Op., ECF 85 at 46–57.  Congress having chosen to limit criminal liability in that way, it would be improper to use § 612(a) as a basis for a *broader* range of potential criminal liability by way of 18 U.S.C. § 1001(a)(1).  Section § 612(a) requires the inclusion of certain information in a registration statement, and it supports criminal penalties only for failure to file a registration statement when required or for material omissions in a registration statement.[3]

*Third*, even if § 612(a) applied to Mr. Craig because he was in fact an "agent of a foreign principal," and even if it could impose a criminally enforceable duty to disclose outside the context of a registration statement, any disclosure duty imposed by that statutory provision "expires when the agent ceases activities on behalf of the foreign principal." *United States v. McGoff*, 831 F.2d 1071, 1082 (D.C. Cir. 1987).  The Indictment alleges that Mr. Craig became an agent of Ukraine by virtue of activity ending on December 12, 2012.  *See* Indictment ¶ 42.

---

[3] Thus, knowledge of § 618 would not under any circumstances be sufficient to prove knowledge of a legal duty applicable to a meeting with the FARA Unit and a follow-up letter.

Even if that allegation is found to be true, Mr. Craig could have had no disclosure duty during the time period of the charged concealment scheme from June 3, 2013 through January 16, 2014.

II.     **Defendant objects to an instruction that permits the jury to find a duty to disclose that is not set forth in a statute, regulation, or form.**

Defendant also objects to the jury being told that it can find a duty to disclose any particular material fact based on questions posed by the FARA Unit or Mr. Craig's responses to those questions, and respectfully declines to propose a jury instruction to that effect. The defense is unsure whether the Court views Mr. Craig's engagement with the FARA Unit's inquiry as a standalone source of a duty, independent of any provision of FARA, or whether it views the questions put to Mr. Craig by the FARA Unit as lending specificity to a pre-existing duty that ultimately derives from 22 U.S.C. § 612.[4] If the former, there is no duty under § 612(a) for the reasons articulated above. If the latter, *Safavian* precludes finding a duty to disclose from a person's voluntarily participation in an inquiry – even when that inquiry relates to the potential application of a statute. 528 F.3d 957, 964-65 (D.C. Cir. 2008).

An agency's statutory authority to conduct an inquiry does not imply that a citizen has a duty to disclose information to the agency in response. Every proper factual inquiry by a federal agency is undertaken pursuant to some statutory authority to determine and take action concerning an issue within the agency's purview. For every such inquiry, statutes or regulations determine what kinds of information the agency needs to determine and take action about the issue before it; the statute or regulation dictates what matters are within the agency's jurisdiction

---

[4] *See* ECF 85 at 3 ("the statute is not the sole source of the duty."); 22; 27; 28 ("it is FARA that provides the source of the statutory duty"); 29 (the "statute itself, including the definitions section, placed defendant on notice of his obligations, which were enforceable with criminal sanctions"); 30 ("[t]he prosecution is not premising criminal liability on the mere fact that Craig engaged in some conversation with the Unit and for that reason alone, he was obligated to keep going"); 30-31 (duty arose "out of the specific statutory disclosure requirements that formed the sole predicate for both the written and oral communications"); 31 ("deliberate engagement with the FARA Unit . . . was an additional source of a duty").

and which facts are material.  But citizens have no general duty to disclose information in response to such an inquiry.  Rather, as the government's own proposed jury instruction recognizes, the duty must arise from a specific statute, regulation or form putting the person on notice of a legal duty to provide specific information.  The FARA Unit's questions may have identified specific information the Unit wanted to obtain, but did not, and could not, create (or give notice of) a legal duty to provide it.

For example, in *Safavian*, GSA's Inspector General clearly had statutory authority to investigate Safavian's conduct under the Inspector General Act.  5 U.S.C. app. §§ 4, 6.  The legal requirement that the Inspector General was investigating was the Ethics in Government Act, which, like FARA, is a "disclosure statute," requiring federal employees like Safavian, among other things, to disclose gifts and financial interests to expose potential influences.  5 U.S.C. app. § 101 (persons required to file reports); 102 (contents of report).  Title I of the Act is called "Financial Disclosure Requirements of Federal Personnel."  The Office of Government Ethics promulgated regulations under Title IV of the Ethics in Government Act that prohibited an employee like Safavian from accepting a gift from a "prohibited source."  5 C.F.R. 2635.202(b); *id.* § 2635.203.  But the D.C. Circuit was unequivocal that nothing in this scheme requiring disclosure and regulating the conduct of federal employees required Safavian to disclose information to the Inspector General's office.

Rather than looking at the source of the investigator's (undisputed) authority to conduct the inquiry, the court looked to see if any legal authority obligated Safavian *to provide the requested information*.  The government cited only employee standards of conduct as a source for a duty:

> These standards are formulated as fourteen "general principles" that executive branch "employees shall apply . . . in determining whether their conduct is

> proper." 5 C.F.R. § 2635.101(b). They range from exceedingly vague — "Employees shall put forth honest effort in the performance of their duties," § 2635.101(b)(5) — to somewhat more descriptive — "Employees shall not use public office for private gain." § 2635.101(b)(7). Only one has anything to do with disclosure. See § 2635.101(b)(11) ("Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities."). These strictures are of no more help to the government's argument than the regulation on seeking ethics advice. Their relationship to Safavian's duty under § 1001(a)(1) is tenuous at best. If an employee violates a standard of conduct, he may be subject to disciplinary action. § 2635.106(a). We cannot see how this translates into criminal liability under 18 U.S.C. § 1001(a)(1) whenever someone seeking ethical advice or being interviewed by a GSA investigator omits "relevant information."

*Safavian*, 528 F.3d at 964. Even though a government investigator might ask about specific facts relevant to an employee's regulated ethical duties, the omission of relevant information did not "translat[e] into criminal liability under 18 U.S.C. § 1001(a)(1)" because none of the employee standards – nor even the possibility of administrative discipline for violating them – imposed a duty to disclose material facts subject to criminal punishment. *Id.*

## CONCLUSION

Defendant objects to a jury instruction that would enable the jury to find the requisite duty to disclose either from § 612(a) and the associated registration form or from the FARA Unit's inquiry. Defendant reserves the right to object more specifically to any instruction proposed by the government or the Court.

Dated: August 15, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 15, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                                  /s/ *Ezra B. Marcus*
                                                  Ezra B. Marcus