UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:19-CR-00125 (ABJ) |
| | : | |
| GREGORY B. CRAIG, | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO COURT'S 8/9/19 REQUEST FOR BRIEFING
REGARDING THE LITERAL TRUTH DEFENSE**

The defendant, Gregory Craig, urges this Court to instruct the jury that, "[m]aking a statement while omitting other information is not a trick, scheme or device if the statement the defendant made is literally true." ECF No. 72-2 at 15. The defendant's proposal is an incorrect statement of law. Although literal truth is a narrow defense available to charges of affirmatively making a false statement under § 1001, it is not a defense to the scheme element of a concealment offense under § 1001(a)(1). That is because misleading statements, though not in and of themselves criminalized by § 1001, are part and parcel of a concealment scheme; misleading statements and half-truths are devices deployed to hide information and thereby promote concealment. If the "literal truth" of a misleading statement negated the existence of a trick, scheme or device, then concealment schemes could not be charged under § 1001(a)(1). The defense's proposed jury instruction should therefore be rejected. In this case, the jury need not be instructed on literal truth at all.

**DISCUSSION**

In *Bronston v. United States*, 409 U.S. 352, 353, 359-60 (1973), the Supreme Court held that a literally true statement may not form the basis for a perjury prosecution under 18 U.S.C. § 1621, "even if the statement is incomplete, intentionally misleading or misleading by negative

implication." *In re Grand Jury Proceedings*, 117 F. Supp. 2d 6, 28 (D.D.C. 2000) (internal quotation marks and citation to *Bronston* omitted); *accord United States v. Dean*, 55 F.3d 640, 662 (D.C. Cir. 1995) ("Although it may be, as Mark Twain said, that '[o]ften, the surest way to convey misinformation is to tell the strict truth,' a statement that is literally true cannot support a perjury conviction.") (internal citation omitted). "But the *Bronston* literal truth defense is a narrow one. It applies only where a defendant's allegedly false statements were *undisputedly* literally true." *United States v. Sarwari*, 669 F.3d 401, 406 (4th Cir. 2012) (emphasis in original; internal quotation marks and citations omitted; collecting authorities from the Second, Third, Ninth, and Tenth Circuits). The literal truth defense also applies to prosecutions for *false statements* under any of 18 U.S.C. § 1001's three subsections. *United States v. Milton*, 8 F.3d 39, 45 (D.C. Cir. 1993). But the defense is inapplicable to *concealment schemes* charged under § 1001(a)(1).

Preliminarily, even to the extent that literal truth supplies a defense to false statements, there is authority supporting its application even more narrowly than the defense is applied to perjury under *Bronston*. In *United States v. Harrod*, 981 F.2d 1171 (10th Cir. 1992), the Tenth Circuit affirmed the evidentiary sufficiency of a § 1001 conviction for making a false statement on a federal form, over the defendant/appellant's contention that the answer he supplied on the form was literally true. In rejecting the challenge, the Tenth Circuit explained that "the federal perjury statute . . . implicates significantly different policy concerns than does a prosecution under 18 U.S.C. § 1001." *Id.* at 1175. Unlike a court proceeding, where "it is not the witness's duty to ensure the answer is exactly what the questioner desires to hear," "[w]hen seeking information outside the adversarial context of trial, the government needs and expects those who answer its inquiries—like [on federal forms]—to answer truthfully and precisely." *Id.*

Just as false statement offenses implicate different policy concerns than perjury offenses, concealment offenses implicate different policy concerns and conduct than false statement offenses. *See generally United States v. Crop Growers Crop.*, 954 F. Supp. 335, 344 (D.C.C. 1997) ("Section 1001 proscribes two different types of conduct: concealment of material facts and false representations."). It therefore should come as no surprise that certain defenses and principles applicable to affirmative false statements, such as literal truth, do not apply to concealment schemes. The Second Circuit, for one, has recognized as much.

In *United States v. Stephenson*, 895 F.2d 867, 873 (2d Cir. 1990), the Second Circuit rejected Stephenson's contention that a literally true statement could not form the basis of a § 1001(a)(1) offense, where the statement "was meant to conceal [Stephenson's] own initiation of [a] bribery scheme." Thus, even if the statement at issue was "construed to be 'literally true,'" because "the jury still could have found that [Stephenson] misrepresented and concealed what had occurred," it could find a § 1001(a)(1) offense. *Id.* at 874. The Court elaborated:

> From the record it is apparent that the jury could well have found that Stephenson initiated the contacts with [ ] Commerce Department officials with whom he spoke to deflect suspicion from himself after he learned that the FBI was investigating his activities. He was not simply reporting [a] conversation [ ] to [a Commerce Department official]; [Stephenson] was actively seeking to mislead [the Commerce Department official] into believing that [another person], and not he, was responsible for the attempted bribery. There was ample evidence for the jury to find that Stephenson had falsified, concealed, or covered up the fact of his solicitation of a bribe, in clear violation of Section 1001.

*Id.*; *see also United States v. Subeh*, No. 04-CR-6077T, 2006 WL 219968, *11 (W.D.N.Y. Jan. 24, 2006) (explaining that the Second Circuit's rejection of the literal truth defense in *Stephenson* was based on the fact that Stephenson was charged under § 1001(a)(1)).

*Stephenson* illustrates that misleading statements and half-truths are part and parcel of concealment schemes; they are devices aimed at hiding information a person does not want to

3

reveal and constitute classic acts in furtherance of a scheme to conceal material information. To conclude otherwise would afford respondents to government inquiries, like the defendant, the ability to turn those inquiries "into a cat and mouse game in which clever [respondents] could, with impunity, practice fraud upon the government." *United States v. Calhoon*, 97 F. 3d 518, 529 (11th Cir. 1996) (finding that Medicare form imposed disclosure duty on hospital employee, which he violated by submitting misleading, if technically true, information). Consequently, the literal truth of a misleading statement does not negate the scheme element. To the contrary, misleading statements are powerful proof of deceitful intent, which underpin and evidence a trick, plan, or scheme.

To the extent that the concern the defense's proposed instruction aims to address is that the jury might find the defendant guilty based on misleading statements alone, that concern is fully addressed in the offense instructions proposed by the government, *see* ECF 79-1 at 2, and the defense, *see* ECF 72-2 at 14. Both proposed instructions require the jury to find that the defendant "concealed or covered up a fact" (government) or "concealed a fact" (defense). The instructions on concealment do not invite a guilty verdict based on a misleading statement; the jury must find that a material fact was actually concealed. And to the extent the defense's proposed instruction aims to protect against the false statement component of the scheme charge—as opposed to the concealment component—the proposed instruction is misplaced, because, as explained above and confirmed by *Stephenson*, a misleading statement is a means by which a material fact can be concealed or covered up.

The defendant wrongly relies on this Court's opinion in *United States v. Manafort*, 313 F. Supp. 3d 311 (D.D.C. 2018), to support his position that literal truth is a defense to the scheme

element of a concealment offense under 18 U.S.C. § 1001(a)(1).[1]  Specifically, the defense relies on one clause of a sentence in *Manafort*: "[A] willful omission of material fact that renders a statement misleading would not constitute a violation of section 1001 [ ] if the statement were literally true." *Id.* at 315 (emphasis added) (citing *United States v. Safavian*, 528 F.3d 957, 967 (D.C. Cir. 2008) and *United States v. Milton*, 8 F.3d 39, 45 (D.C. Cir. 1993)).  The meaning of this clause is substantially narrower than the one the defense attempts to assign it.  It does not stand for the proposition, as the defense contends, that a willful omission is not punishable under § 1001(a)(1) if a statement made as part of a concealment scheme is literally true.  Rather, this sentence means what it says: a *statement*—as opposed to a *willful omission*—is not punishable under § 1001 if it is literally true.  That is because, as § 1001 itself makes clear, false statements and willful omissions are two different things—the former are punishable under any one of § 1001's three subsections, while willful omissions are punishable only under § 1001(a)(1) when made as part of a scheme.  In fact, this Court recognized that distinction within the sentence immediately following the clause on which the defense erroneously relies: "[T]he only willful omissions of material fact that are covered by section 1001 are those made by 'trick, scheme, or device.'" *Manafort*, 313 F. Supp. 3d at 315 (quoting 18 U.S.C. § 1001(a)(1)).[2]

---

[1] At the final pretrial conference, this Court observed that the defense relied on *Safavian*, *infra*, but noted that it could not find the particular sentence from *Safavian* quoted in the defense's jury-instruction submission.  *See* 8/9/2019 Tr. at 259-60.  That is because the quotation cited in the defense submission is not from *Safavian*; the quote actually comes from this Court's opinion in *Manafort*, which in turn cited to *Safavian* and *Milton*, *infra*.  According to the defense submission, ECF No. 72-2 at 15, it relies principally on *Manafort*, and secondarily on *Safavian* and *Milton*, to support its proposed literal truth instruction.  However, as explained below, this Court's opinion in *Manafort*, consistent with *Safavian* and *Milton*, and consistent with the position this Court set forth at the final pretrial conference, strictly limits the applicability of the literal truth defense to affirmative false statements.

[2] The defense reliance on *Manafort* is divorced from the case's context, in which this Court analyzed whether FARA's false statements provision, 22 U.S.C. § 618(a)(2), is multiplicitous with § 1001.  (It is not.)  The entire applicable passage from which the defense selectively cites to

The distinction between false statements, to which literal truth is a defense, and willful omissions made as part of a scheme, to which literal truth is not a defense, is evident from *Safavian*—to which the defense also wrongly cites in support of its position. Pertinently, in *Safavian*, the D.C. Circuit reversed and remanded those parts of Safavian's § 1001 convictions arising from false statements, because the district court improperly excluded expert testimony that may have supported the literal truth of Safavian's claim to the GSA ethics official that Jack Abramoff had "no business" with the agency. *Safavian*, 528 F.3d at 967. What the defense ignores, and which fatally undermines the proposition for which it relies on *Safavian*, is that the D.C. Circuit's determination that "literal truth would have been a complete defense" applied only to its evaluation of those parts of Safavian's § 1001(a)(1) convictions based on affirmative false statements. *See id.* at 965-67. The Circuit had already scuttled altogether those parts of Safavian's § 1001(a)(1) convictions based on willful omissions, because Safavian had no legal duty to disclose the facts he was accused of omitting. *See id.* at 963-65.[3] And *Milton*, to which *Safavian*

---

support its position on literal truth is: "The FARA provision also covers statements that are misleading due to a willful omission of material fact, 22 U.S.C. § 618(a)(2), but a willful omission of material fact that renders a statement misleading would not constitute a violation of section 1001 as well if the statement were literally true. [Citations omitted.] Further, FARA covers willful omissions of material fact without limitation, [ ], but the only willful omissions of material fact that are covered by section 1001 are those made by 'trick, scheme, or device.'" 313 F. Supp. 3d at 315. An important distinction between the FARA false statements provision and § 1001, which this Court drew in *Manafort*, is that, in addition to false statements and willful omissions, § 618(a)(2) explicitly proscribes certain misleading statements. Section 1001 does not.

[3] This Court already synthesized the analysis at the final pretrial conference, observing:

> THE COURT: I think you have to remember that the counts in *Safavian* were broken up into separate specifications, which we are not doing here. At that point in the opinion, the Court was talking about the specification in Count Two, specification C, for making a false statement to the ethics officer, and Count Five, the only guilty verdict there was also specification C, and that was a false statement to the committee. So at that point in the opinion, the Court wasn't talking about omissions and it wasn't talking about the elements of a scheme. The discussion

cited and to which the defense has pointed in support of its position, also confirms that the literal truth defense is only applicable to false statements, not willful omissions. *Milton* was a § 1001 prosecution "for aiding and abetting the *making* of false statements," not a prosecution for a concealment scheme. 8 F.3d at 45 (emphasis added).

Although the caselaw exploring the applicability of the literal truth defense to concealment schemes is admittedly limited, consisting essentially of *Stephenson*, the defendant does not cite a single authority supporting the proposition that the literal truth of a misleading statement negates the scheme element of a concealment offense charged under § 1001(a)(1)—there is no such authority. In fact, the contention that literal truth negates the existence of a scheme is antithetical to § 1001(a)(1)'s plain requirements and the very notion of a concealment scheme. That is because, as Twain said, "[o]ften, the surest way to convey misinformation is to tell the strict truth."

## CONCLUSION

A misleading statement *itself* does not constitute a crime under § 1001(a)(1); rather, what constitutes a crime is the scheme to conceal the information obscured by a misleading statement. Accordingly, at the close of this case, the government will not argue—and has not charged in the indictment—that the defendant is guilty of making misleading statements alone. Rather, the government will argue to the jury—as charged in the indictment—that the defendant schemed to make materially false statements and willfully omit material information from the FARA Unit to avoid registering and protect his reputation. To further that scheme, the defendant made misleading statements and provided half-truths in response to the Unit's targeted inquiry about his

---

was part of the same part of the ruling that we discussed earlier this week, the ruling on the expert. . . .

*See* 8/9/2019 Tr. at 260-61.

7

engagement with Ukraine.  The literal truth of any of those statements does not negate the defendant's scheme or otherwise exculpate him.  Literal truth therefore should not be set forth as a defense to the scheme element of the § 1001(a)(1) charge or otherwise be addressed in this Court's charge to the jury.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By: /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov

JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL

By: /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   August 15, 2019


## **CERTIFICATE OF SERVICE**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing has been sent to counsel for the defendant on August 15, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney