UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.           : | No. 1:19-CR-00125 (ABJ) |
| : | |
| GREGORY B. CRAIG,    : | |
| Defendant.    : | |

**GOVERNMENT'S RESPONSE TO COURT'S 8/9/19 REQUEST FOR BRIEFING
REGARDING WILLFULNESS STANDARD**

The United States hereby responds to this Court's August 9, 2019, request that the government address the willfulness standard for Count One. As described in the United States' proposed jury instructions, to find Defendant guilty of a § 1001(a)(1) violation, the jury must find that he knew his "conduct was unlawful, even if he does not know the specific provision that the conduct violates." ECF No. 72-2, at 12; *see also* ECF No. 79-1, at 3 & n.6.

**I.      Background**

Count One charges Defendant, Gregory B. Craig, with a scheme to falsify and conceal material facts in violation of 18 U.S.C. § 1001(a)(1). Specifically, Count One charges that Defendant, when responding to inquiries by the Department of Justice's FARA Unit, had a duty to provide material information and not to willfully make misleading statements or omit material facts. In addition to making several false and misleading statements to the FARA Unit, Defendant concealed from the FARA Unit various facts material to its inquiry, such as his acts in furtherance of Ukraine's media plan, including Defendant's contacts with, and distribution of a pre-publication copy of his report to, reporters for the *New York Times*.

## II.     Discussion

Pursuant to the false-statements statute, it is a crime in any matter within the jurisdiction of the executive for a person "knowingly and willfully" to falsify, conceal, or cover up "by any trick, scheme, or device, a material fact." 18 U.S.C. § 1001(a)(1). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" *Bryan v. United States*, 524 U.S. 184, 191 (1998) (citation omitted); *see also Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 n.9 (2007) (same). To carry this burden, however, the government need not show that Defendant knew about the specific provision he is charged with violating or prove that he "disregard[ed] * * * a known legal obligation." *Bryan*, 524 U.S. at 198-99. It is sufficient if Defendant was aware that the charged conduct was, in a general sense, in violation of the law: "knowledge that the conduct is unlawful is all that is required." *Id.* at 196

Consistent with the general criminal-law interpretation of "willfully" articulated in *Bryan*, the government's proposed instruction correctly explains that a "defendant acts 'knowingly and willfully' if he acts knowing that the statement was false, fictitious, or fraudulent and knowing that his conduct was unlawful, *even if he does not know the specific provision that the conduct violates*." ECF No. 72-2, at 12 (emphasis added); *see also United States v. Moore*, 612 F.3d 698, 704 & n.* (D.C. Cir. 2010) (Kavanaugh, J., concurring) ("the Supreme Court's precedents arguably require district courts in § 1001 cases to give a willfulness instruction that requires proof that the defendant knew his conduct was a crime"; but "[t]o say that the Government must prove the defendant knew the conduct was a crime is not necessarily to say that the Government must

2

prove the defendant knew the specific code provision proscribing the conduct, except with respect to certain highly technical statutes") (citing *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994) (anti-structuring statute); *Cheek v. United States*, 498 U.S. 192, 200 (1991) (tax statute)).[1]

Citing *United States v. Trie*, 21 F. Supp. 2d 7 (D.D.C. 1998), Defendant nonetheless asserts that, "when a false statement charge" is "rooted in enforcement of a complex and unusual regulatory scheme," willfulness "requires knowledge of specific statutory prohibitions." ECF No. 72-2, at 14 n.3. But *Trie* is doubly inapt because it involved (a) a different statute and (b) the willfulness provision of the aiding-and-abetting statute, *see* 18 U.S.C. § 2(b). Specifically, *Trie* held, "when a contributor is charged as an aider and abettor in the federal election law context for causing an innocent intermediary to make a false statement to the [Federal Election Commission], the prosecution must prove that 'defendant knew of the [political party] treasurers' reporting obligations, that he attempted to frustrate those obligations, and that he knew his conduct was unlawful.'" 21 F. Supp. 2d at 14 (quoting *Curran*, 20 F.3d at 569). Critically, *Trie* emphasized, its holding—*viz.*, the jury had to find the defendant specifically "knew of the [Democratic National Committee's] reporting obligations" pursuant to federal election law—was "compelled" by the "complexity and nature of federal election law" and the "overlay of the Section 2(b) willfulness requirement on the Section 1001 charge." *Id.* at 15-16. Neither circumstance is present here.

---

[1] Though the D.C. Circuit, in *United States v. Hsia*, 176 F.3d 517, 522 n.3 (D.C. Cir. 1999), "seemed to assume (in addressing a mens rea issue under a different statute) that proving the defendant's knowledge of the law may not be required in § 1001 cases," *Moore*, 612 F.3d at 704 (Kavanaugh, J., concurring), *Hsia* "referenced a Third Circuit decision that pre-dated the Supreme Court's clarifying decisions in *Bryan* and later cases," *id.*; *see also United States v. Curran*, 20 F.3d 560 (3d Cir. 1994).

First, unlike the present case, *Trie* involved false statements in reports pursuant to the Federal Election Campaign Act (FECA), the legislative history of which, *Trie* found, specifically reflects congressional "concern that the complexity and nature of federal election law might ensnare innocent individuals unless the government is required to prove a high level of intent." 21 F. Supp. 2d at 15-16 (citing H.R. Rep. No. 94-917, at 4 (1976); 12 Cong. Rec. 8577 (March 30, 1976)). Even assuming the correctness of *Trie*'s conclusion about the inherently complex and technical nature of FECA, *but see United States v. Benton*, 890 F.3d 697, 714-15 (8th Cir. 2018),[2] there is nothing complex or unusual about FARA. As this Court recognized in rejecting Defendant's challenge to Count One, FARA is a straightforward disclosure statute, whose "clear provisions" require "people to reveal when they are engaged in political or public relations activities on behalf of foreign clients." ECF No. 85, at 28-29. Neither FARA nor Section 1001 thus risks criminalizing innocent conduct because knowingly lying to government officials about one's public-relations work for a foreign client is plainly unlawful.

---

[2] Like *Trie*, *Benton* involved charges that the defendants caused false campaign reports to be submitted to the Federal Election Commission in violation of § 1001. Unlike *Trie*, however, *Benton* found that the district court properly instructed on willfulness when it admonished the jurors that a "'person need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that he knows the law forbids.'" 890 F.3d at 715. In rejecting the defendants' claim that willfulness required "'knowledge of what the law required,'" *Benton* concluded that neither FECA nor the false-statements statute was a "'highly technical statute[] that presented the danger of ensnaring individuals engaged in apparently innocent conduct.'" *Id.* (quoting *Bryan*, 524 U.S. at 194-95); *see also United States v. Danielczyk*, 788 F. Supp. 2d 472, 490-91 (E.D. Va. 2011) ("Campaign contribution laws are not so complex or surprising that the average citizen would likely be trapped by them. Thus, this Court will not extend *Ratzlaf* and *Cheek*'s highest *mens rea* standard to the field of election law and will not dismiss Counts Two and Three for inability to prove *mens rea*."), *rev'd on other grds*, 683 F.3d 611 (4th Cir. 2012).

Second, unlike the present case, *Trie* involved Section 2(b) *and* Section 1001, which "both require the government to prove willful conduct." 21 F. Supp. 2d at 15. And, *Trie* reasoned, because Section 1001 requires the government prove the defendant willfully made a false statement while Section 2(b) requires the government prove the defendant willfully caused a prohibited act, "[a]s a matter of logic, the government cannot prove that a defendant willfully caused the making of a statement he knew to be false in the absence of evidence that the defendant knew that the statement was required to be made." *Id.* Here, Defendant is not charged with causing an innocent intermediary to make false statements. Rather, the grand jury has charged Defendant himself with making false statements and omitting material facts.

\* \* \* \* \*

Contrary to Defendant's claim, the "special treatment" accorded the willfulness provisions of other statutes is not necessary here. *Cheek*, 498 U.S. at 200. Proof that Defendant knew his conduct was unlawful more than suffices to protect against the danger of convicting him for "apparently innocent activity." *Bryan*, 524 U.S. at 195. Accordingly, the government need not additionally prove Defendant's knowledge of the specific FARA disclosure duty.[3]

---

[3] Consistent with the United States' proposed willfulness instruction, the *Bowser* court admonished those jurors that the "person need not be aware of the specific law or rule that his conduct may be violating." *United States v. Bowser*, No. 16-CR-59 (D.D.C.), ECF No. 87, at 13.

### III.     Conclusion

The government respectfully submits that its proposed willfulness instruction is correct and should be given to the jury.

                              Respectfully submitted,

                              JESSIE K. LIU
                              UNITED STATES ATTORNEY

By:    /s/ Molly Gaston
        FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
        MOLLY GASTON (VA 78506)
        Assistant United States Attorneys
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C.   20530
        Telephone: 202-252-7698/202-252-7803
        Fernando.Campoamor-Sanchez@usdoj.gov
        Molly.Gaston@usdoj.gov

JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL

By:    /s/ Jason B.A. McCullough
        JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave NW
        Washington, D.C.   20530
        Telephone: 202-616-1051
        Jason.McCullough@usdoj.gov

Dated:     August 15, 2019

**Certificate of Service**

     I certify that, by virtue of the Court's ECF system, a copy of the foregoing has been sent to counsel for the defendant on August 15, 2019.

                                  /s/ Molly Gaston
                                  Molly Gaston
                                  Assistant United States Attorney