UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:19-CR-00125 (ABJ) |
| | : | |
| GREGORY B. CRAIG, | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ADMISSION OF EVIDENCE BEARING ON DEFENDANT'S STATE OF MIND**

The defendant has moved (ECF No. 96) to admit his own or other witnesses' out-of-court statements contained in emails and other documents. He claims—as he must, given the firm prohibition against hearsay—that the statements are proof of his "state of mind." But none of the defendant's proffered exhibits reflect or establish his state of mind when he responded to the FARA Unit's inquiry in 2013, which is the state of mind the jury will be charged with deciding. Rather, the defendant's proffered exhibits either relate to issues arising during the drafting of the Skadden Report in 2012—well before the concealment scheme is alleged to have begun—or memorialize his own self-serving statements in 2014—well after the concealment scheme is alleged to have ended. Because the proffered exhibits do not relate to the state of mind at issue in this trial, they should be excluded.

**DISCUSSION**

The Federal Rules of Evidence provide a hearsay exception for "a statement of the declarant's *then-existing* state of mind (such as motive, intent, or plan)" Fed. R. Evid. 803(3) (emphasis added). "[T]he state of mind exception to the hearsay rule allows the admission of extrajudicial statements to show the state of mind of the declarant at that time *if that is the issue in*

1

*the case.*" *United States v. Day*, 591 F.2d 861, 882 (D.C. Cir. 1978) (emphasis in the original) (quoting *United States v. Brown*, 490 F.2d 758, 762 (1970)).  The Eighth Circuit has elaborated on the policies and principles underlying Rule 803(3):

> Underlying the Rule 803 exceptions is the idea that "circumstantial guarantees of trustworthiness" may be found in some hearsay statements, making them as reliable as in court testimony.  Fed. R. Evid. 803 advisory committee's note.  A key circumstantial guarantee of trustworthiness in respect to Rule 803(3) is that it requires that statement be contemporaneous with the defendant's "then existing' state of mind, emotion, sensation, or physical condition."  The advisory committee's note reports that the rule is essentially a specialized application of Rule 801(1), premised on the supposition that "substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation."  Fed. R. Evid. 803(1) advisory committee's note; *see also United States v. Udey*, 748 F.2d 1231, 1243 (8th Cir. 1984) (connecting Rule 803(3) to Rule 803(1) when discussing the lapse of time between an event and a statement about the event).

*United States v. Naiden*, 424 F.3d 718, 722 (8th Cir. 2005); *see also United States v. LeMaster*, 54 F.3d 1224, 1231 (6th Cir. 1995) ("To be admissible under Rule 803(3) as an exception to the hearsay rule, the declarant must not have had an opportunity to reflect and possibly fabricate or misrepresent his thoughts.") (citing *United States v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992)).

The defendant's brief cites several cases outside of this Circuit (at 3), in passing and without discussion, which he incorrectly claims support the admission of his proffered evidence. Instead, these cases affirm that the state-of-mind exception to the hearsay rule applies to evidence of the defendant's state of mind *at issue in the case*.  For example, the defendant cites *United States v. Galecki*, 2019 WL 3403890, at *12 (4th Cir. July 29, 2019), in which the defendant, charged with shipping controlled substance analogues, wanted to introduce statements by his former lawyer that chemists had informed the former lawyer that the substance the defendant was shipping were not substantially similar to a controlled substance.  In that case, the proffered statements were directly relevant to the defendants' *mens rea* at issue—namely, whether they knew that the substances they shipped were illegal analogues *at the time they shipped them*.  *See also United*

2

*States v. Detrich*, 865 F.2d 17, 19-21 (2d Cir. 1988) (statement at issue—that friend was getting married—bore directly on whether defendant knew that suit he was taking to friend for friend's wedding contained drugs); *Jenkins v. United States*, 415 A.2d 545, 547 (D.C. 1980) (statement to defendant by courthouse staff that his case had been dismissed was directly relevant to whether he knowingly failed to appear).[1]

No case that the defendant cites supports the proposition that hearsay is admissible as long as it tends to establish the defendant's state of mind at some point in time other than at the time of the charged offense. Indeed, such an interpretation of the state-of-mind exception would swallow the hearsay rule.

The state of mind at issue in this trial, which the jury will be charged with deciding, is the defendant's state of mind in 2013 when he responded to the FARA Unit's questions about his media contacts and distribution of the Skadden Report. None of the defendant's proffered exhibits reveal his state of mind at that point in time—the point in time at which the crime is alleged to have occurred. Of the defendant's ten proffered "state-of-mind" emails, nine pertain to irrelevant details about the process of drafting the report in 2012, well before the concealment scheme is alleged to have begun. The last email, DX 317, is an email attaching the defendant's own hearsay written in 2014, after the concealment scheme is alleged to have ended. All of these emails are therefore inadmissible and should be excluded. Specifically:

- <u>DX 2</u>: According to the defendant's brief (at 2), the defendant intends to use this document to admit Cliff Sloan's recounting of the statements of Doug Schoen. Notably, the government sponsored Schoen's testimony on August 16, 2019, and the defense chose not to ask

---

[1] The defendant also cites *United States McCorkle*, 511 F.2d 477, 479 (7th Cir. 1974), but *McCorkle* is a completeness case that is inapposite here.

him any questions about his out-of-court statements on the phone call, as described by Sloan (nor did they refresh him with the proposed exhibit).  Furthermore, what the defendant was told in February 2012 is not contemporaneous with or probative of his state of mind in June 2013.  The exhibit should be excluded.

- <u>DX 165, 177, 183, 186, 283</u>:  The defendant's brief treats these exhibits in bulk as probative of the defendant's state of mind based on Ukraine's efforts in 2012 to suggest changes to the report and refusals to accept the report.  These exhibits also are not contemporaneous with or probative of the defendant's state of mind in 2013, and should be excluded.

- <u>DX 62, 104, 111, 165</u>:  The defendant's brief makes no specific argument for the admission of these exhibits.  On their face, they are hearsay and irrelevant to the defendant's state of mind in 2013.  They should be excluded.

- <u>DX 317</u>:  The defendant hopes to admit into evidence this piece of self-serving hearsay—his own memorandum documenting a conversation with Heather Hunt on February 27, 2014, *after* the charged scheme had ended.  But for evidence to establish state of mind, it has to have *preceded* the event in which the state of mind is at issue.  *See, e.g., Galecki*, *supra* at *12 (explaining that "if defendants received information from [lawyer after the alleged crime], his testimony could not provide context for Defendants' state of mind at the time of the alleged crime"); *LeMaster*, *supra*, at 1231-32 (affirming district court's exclusion of out-of-court statement, offered under Rule 803(3), made day after FBI interview forming basis of § 1001 false statements prosecution, because it did not bear on defendant/appellant's intent the day before); *cf. United States v. Wertz*, 625 F.2d 1128, 1136 (4th Cir. 1980) ("Any subsequent account by an accused of his prior subjective mental impressions and reactions which is always influenced by self-interest, is to be carefully scrutinized.") (citation omitted).

## **CONCLUSION**

None of the cases cited in passing by the defendant support his incredibly broad reading of the state-of-mind exception to the hearsay rule, nor is any of his proffered evidence probative of the defendant's state of mind at the time he made statements to and omitted information from the FARA Unit in 2013—which is the state of mind at issue in this case. The defendant's motion should be denied and his proffered evidence excluded.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar Number 472845

By:  /s/ Molly Gaston
        FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
        MOLLY GASTON (VA 78506)
        Assistant United States Attorneys
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Telephone: 202-252-7698/202-252-7803
        Fernando.Campoamor-Sanchez@usdoj.gov
        Molly.Gaston@usdoj.gov


        JOHN C. DEMERS
        ASSISTANT ATTORNEY GENERAL

By:  /s/ Jason B.A. McCullough
        JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave NW
        Washington, D.C. 20530
        Telephone: 202-616-1051
        Jason.McCullough@usdoj.gov

Dated: August 18, 2019

## Certificate of Service

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion has been sent to counsel for the defendant on August 18, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney