**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| *v.* | **Case No. 1:19-cr-0125 (ABJ)** |
| **GREGORY B. CRAIG**, | |
| *Defendant.* | |

**DEFENDANT'S OBJECTION TO GOVERNMENT'S**
**PROPOSED JURY INSTRUCTION ON DUTY**

As this Court noted in its August 6 Memorandum Opinion, "a concealment offense in violation to section 1001(a)(1)" requires "a legal duty to disclose" that comes from a statute, regulation or form.  ECF 85 at 21-22.  In both its initial and revised proposed jury instructions for Count One, the government acknowledged the requirement of "a legal duty to disclose imposed by statute, regulation, or government form."  ECF 72-2 at 11; ECF 79-1.  In order for a statute, regulation, or form to impose a duty to disclose, it must actually *require* the disclosure. The government's new proposed Duty to Disclose instruction, ECF 100 (attached again here), asserts a duty based on participation in a government inquiry, not one imposed by a statute, regulation or form.  It also misstates the statutory standards that determine whether a registration statement must be filed under FARA.

No statute, regulation, or form imposes the duty articulated in the government's proposed instruction.  The government's submission ties the duty specifically to 22 U.S.C. § 612(a).  But that provision imposes a duty to file a true and complete registration statement upon becoming an agent of a foreign principal.  It does not impose any duty with respect to responses to an inquiry by the FARA Unit into whether a person might have an obligation to file a registration

statement.  Disclosing information to the FARA Unit in response to such an inquiry would not satisfy a statutory obligation to file a registration statement.  By the same token, failing to disclose information to the FARA Unit in response to such an inquiry does not violate a statutory duty to file a true and complete registration statement because the determination in an informal agency process of whether someone must register is different in both substance and form from the filing of a document by someone who is required to register.

Even if the Court expands the statutory frame of reference to include FARA sections 611 and 618, those FARA provision do not impose the duty set out in the government's proposed instruction.  *See* ECF 85 at 28 (citing 22 U.S.C. § 618(a)); *id.* at 29 (citing 22 U.S.C. §§ 611, 618).  Section 611 sets out the definitions of terms, including "agent of a foreign principal" that determine whether the duty in section 612 applies to a particular person.  Section 611 itself imposes no duty; it merely identifies persons who may be subject to, among other provisions, the obligation to file a registration statement under § 612(a).  Even if a duty to disclose could be based on § 611 in combination with § 612(a), the government's proposed instruction is wrong because it purports to describe a duty that does not depend on whether the person in question actually is an agent of a foreign principal who has a duty to register.[1]  Under the government's proposed instruction, the duty to disclose applies to a person who "choose[s]  to respond to [the FARA Unit's] questions" and "a person who tries to convince the FARA Unit that he does not have to register,"  even if the person has no duty to file a registration statement.  ECF 100.  There is no statutory duty tied to those actions.

---

[1]  The government's opening statement confirmed that position:  "regardless whether the defendant was obligated to register, it is a crime to lie and hide things from the FARA Unit during its law enforcement inquiry."  Trial Tr. Aug. 15, 2019 at 568.  It *is* a crime to lie to the FARA Unit about a material fact, but Mr. Craig is not charged with any false statements of material fact.  However, the government's position is that even someone who has no obligation to file a registration statement has a duty to disclose.

Section 618(a) imposes two duties.  First, § 618(a)(1) provides a criminal penalty for willfully violating any provision of FARA, which would include the obligation to file a registration statement.  But Mr. Craig had no statutory obligation to file a registration statement in 2013,[2] which means that § 612(a) and § 618(a)(1) in combination cannot be the source of a duty to disclose in responding to FARA Unit inquiries at that time.  Second, § 618(a)(2) provides a criminal penalty for, *inter alia*, "willfully omit[ting] any material fact required to be stated [in certain filings] or willfully omit[ting] a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading." But this Court has already correctly ruled that § 618(a)(2) does not apply to Mr. Craig's oral and written communications with the FARA Unit, so it cannot be the source of a statutory duty.  ECF 85 at 44-57.

The government's proposed duty instruction is legally erroneous and should not be given. The duty it describes is independent of any provision of FARA and is derived from choosing to respond to a government inquiry or trying to convince a government agency about a determination it should make—precisely the kind of non-statutory duty the D.C. Circuit rejected as a basis for criminal liability under § 1001(a)(1) in *Safavian*.  Mr.  Safavian first reached out to GSA's general counsel for an ethics opinion about whether he could accept a golfing trip as a gift, trying to convince the agency he could do so.  528 F.3d at 961-62.  Later, Safavian responded to an inquiry by the GSA Inspector General.  *Id.* at 962-63.  Yet neither the contact Safavian initiated, nor the contact to which he chose to respond created a legal duty to disclose for purposes of liability under § 1001(a)(1).  *Id.* at 963-65.  GSA's general counsel and inspector general had statutory authority to conduct their inquiries like the FARA Unit had here, and the

---

[2] *United States v. McGoff*, 831 F.2d 1071, 1082 (D.C. Cir. 1987).

Ethics in Government Act is a disclosure statute aimed at exposing the source of influence on government action like FARA, but those circumstances did not create a statutory duty to disclose. As in *Safavian*, the government points to no statutory language imposing a duty on Mr. Craig to disclose specific information to the FARA Unit.

Because the duty posited in the government's instruction does not depend on whether a person has a duty to register under FARA, the middle paragraph of the instruction, which purports to explain when someone is required to register, is not relevant to the jury's determination of the existence or scope of the duty and should not be given for that reason alone. This paragraph is also improper because it uses statutory terms such as "political activities," "public relations counsel" and "publicity agent" without accurately defining them. *See* ECF 72-2 at 21-22 (proposed defense instructions). The jury is likely to be misled into believing that Mr. Craig had a duty to register under this instruction without regard to whether he was acting under Ukraine's direction and for its benefit as FARA requires.

Finally, the government's proposed instruction articulates the scope of its inquiry-based duty in two inconsistent ways. In one place, the government's proposed instruction states that there is a duty to disclose "information called for by the question"; in two other places, it states that there is a duty to disclose information "material to the decision." Neither rule is faithful to *Safavian*, but a duty to disclose *all material* information is much broader than a duty to disclose material information that is *responsive* to questions. One is a duty to provide complete responses to questions that were actually asked; the scope of the duty would depend on jury findings about historical facts. The other is a duty to provide material information even if no question was asked about a particular fact. The Court's articulation of what must be disclosed appears to be

limited to information responsive to questions.  *See, e.g.*, ECF 85 at 37 ("[T]his case . . . is not

based on a failure to 'volunteer' anything.").

Dated: August 19, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 19, 2019, the foregoing was served on counsel of

record via the Court's CM/ECF service.

_____ /s/ *Ezra B. Marcus*_____
Ezra B. Marcus

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **No. 1:19-CR-00125 (ABJ)** |
| | : | |
| | : | |
| **GREGORY B. CRAIG,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO COURT'S 8/9/19 REQUEST FOR PROPOSED INSTRUCTION REGARDING DUTY

The United States hereby responds to this Court's August 9, 2019, request that the parties propose an instruction for the Court to provide the jury regarding the duty to disclose that the Court found as a matter of law. The following proposed instruction is based on the Court's Memorandum Opinion and Order (ECF No. 85), and the Foreign Agents Registration Act, 22 U.S.C. § 612(a):

### DUTY TO DISCLOSE

A duty to disclose is a requirement that a person not intentionally withhold or omit information material to a decision. It is a requirement that a person, when posed specific questions, answer those questions truthfully and completely, without intentionally omitting information called for by the question.

The Foreign Agents Registration Act (FARA) is a federal statute that requires anyone who acts as an agent of a foreign principal, to include a foreign government or a foreign person, to register with the FARA Unit of the Department of Justice. Any person in the United States who is involved in political activities, including any activity that the person intends to, in any way influence any section of the public, or acts within the United States as a public relations counsel, publicity agent, information-service employee, or political consultant, has a duty to disclose information concerning that representation to the Department of Justice under FARA. Registering under FARA involves completing a form that asks specific questions about the work for a foreign principal. Persons required to register under FARA have a legal duty to disclose the information asked for by the form.

The FARA Unit may pose specific questions to a person to decide whether he has

to register, and, if the person chooses to respond to those questions, he has a legal duty to disclose information material to the decision.  Similarly, a person who tries to convince the FARA Unit that he does not have to register also has a legal duty to disclose information material to the decision.

The government respectfully suggests that such an instruction could precede the instruction enumerating the elements of the offense already provided by the parties, and that such an instruction obviates the need to specify within the elements of the offense that the duty is "imposed by statute, regulation, or government form."   *See e.g.,* United States' Proposed Instruction for Count One, ECF No. 79-1 (proposing that jury be instructed that "there was a legal duty to disclose imposed by statute, regulation, or government form").

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By:   /s/ Molly Gaston
            FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
            MOLLY GASTON (VA 78506)
            Assistant United States Attorneys
            United States Attorney's Office
            555 Fourth Street, N.W.
            Washington, D.C.   20530
            Telephone: 202-252-7698/202-252-7803
            Fernando.Campoamor-Sanchez@usdoj.gov
            Molly.Gaston@usdoj.gov

     JOHN C. DEMERS
     ASSISTANT ATTORNEY GENERAL

By:   /s/ Jason B.A. McCullough
            JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
            Trial Attorney
            Department of Justice
            National Security Division
            950 Pennsylvania Ave NW
            Washington, D.C.   20530

2

Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:     August 15, 2019

**<u>Certificate of Service</u>**

      I certify that, by virtue of the Court's ECF system, a copy of the foregoing has been sent to counsel for the defendant on August 15, 2019.


                        <u>/s/ Molly Gaston</u>
                        Molly Gaston
                        Assistant United States Attorney