**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| v. | :   No. 1:19-CR-00125 (ABJ) |
| | : |
| | : |
| **GREGORY B. CRAIG,** | : |
| Defendant. | : |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

In a filing this morning (ECF No. 112), the defendant moved for reconsideration of the Court's ruling (ECF No. 93 at 4) on a specific government exhibit, GX 396. The defendant's eleventh-hour attempt to re-litigate the Court's sound evidentiary ruling with respect to GX 396 is improper, without merit, and should be denied.

**I.     Legal Standard**

The defendant's motion fails to set forth—much less meet—the high legal standard for a motion for reconsideration. "To prevail on a motion for reconsideration, the moving party must demonstrate either that (1) there has been an intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct clear error or prevent manifest injustice." *United States v. Booker*, 613 F.Supp.2d 32, 34 (D.D.C. 2009) (citing *United States v. Ferguson,* 574 F.Supp.2d 111, 113 (D.D.C. 2008); *United States v. Libby,* 429 F.Supp.2d 46, 47 (D.D.C. 2006). Furthermore, "[a]rguments that could have been, but were not, raised previously and arguments that the court has already rejected are not appropriately raised in a motion for reconsideration." *Id*. (internal citations omitted).

The defendant's motion fails to establish any error in the Court's ruling on GX 396, nor does it articulate any "manifest injustice" he would suffer by its admission. In truth, the motion is exactly what *Booker* says is not appropriately raised in a motion for reconsideration: an attempt to re-litigate an argument that the Court has already rejected. It should be denied.

Indeed, in this case, there would be prejudice *to the government* if the Court were to exclude any part of the exhibit at this late stage. Because the defendant waited almost a week to file his motion, in the interim, the government relied upon and used GX 396 in its opening statement, consistent the Court's Order. ECF No. 93 n.1. It would thus not be fair at this point to exclude any part of the admitted exhibit.

## II.   The Court Correctly Admitted the Exhibit

GX 396 consists of an email thread between the defendant and Paul Manafort. In it, the defendant—whose defense in this trial is that he did not participate in the public relations rollout of the Skadden Tymoshenko Report—receives an email from Paul Manafort thanking him for backgrounding journalists as part of that rollout. Instead of correcting Manafort or expressing puzzlement at such a suggestion, the defendant replies, in part, "I thought the Kyiv Post was terrific. I am glad it went so well. [Tymoshenko's lawyer] is a very stupid man and does daily damage to his client's case." The defendant's motion (at 4-7) misleadingly discusses only the defendant's phrase, "I thought the piece in the Kyiv Post was terrific," without acknowledging that the defendant went on to state that he was "glad it went so well"—"it" logically being the initial rollout of the Report for which Manafort had congratulated him in the previous email. Indeed, the very phrase that the defendant leaves out of his motion—"I am glad it went so well"—illustrates why Manafort's email is vital to completeness and to the jury's ability to understand the proper

context of the defendant's response:  not for its truth, but to understand to what the defendant is responding.

None of the email chain is hearsay.  First, the government is offering the defendant's statement as that of a party opponent under Federal Rule of Evidence 801(d)(2)(A).  Second, the government is offering Manafort's email not for its truth, but for its effect on the defendant, the reaction that it does or does not generate, and for completeness.  The Court has already made clear that it will give a limiting instruction when GX 396 comes into evidence to ensure that the jury does not consider Manafort's email for any truth asserted in it.  ECF No. 93 at 4.  For all of these reasons, the email chain is properly admitted.

The defendant's other arguments about the exhibit do not bear on whether the government proffers them for a non-hearsay purpose.  For instance, the defendant's motion discusses at length the Kyiv Post article to which his email refers; but the defendant has already elicited extensive testimony about the Kyiv Post article and has admitted the article itself into evidence.  *See, e.g.*, 8/16/18 Tr. 924-927; 8/19/19 Tr. 1079-1080.  Based on this, the defense is free to argue why the defendant responded the way he did when mentioning the Kyiv Post article to Manafort.  Furthermore, the government does not understand that Manafort is "unavailable" to the defense as the defendant's motion asserts (at 2).  Although the government determined that it could not sponsor Manafort's testimony, the government is unaware of any efforts by the defendant to call him as a witness.

**III.    Conclusion**

The defendant's motion does not meet the high standard for a motion to reconsider, and simply seeks to improperly re-litigate an issue settled by the Court.  The motion should be denied.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar Number 472845

By:  /s/ Molly Gaston
        FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
        MOLLY GASTON (VA 78506)
        Assistant United States Attorneys
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        Telephone: 202-252-7698/202-252-7803
        Fernando.Campoamor-Sanchez@usdoj.gov
        Molly.Gaston@usdoj.gov

        JOHN C. DEMERS
        ASSISTANT ATTORNEY GENERAL

By:  /s/ Jason B.A. McCullough
        JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave NW
        Washington, D.C.  20530
        Telephone: 202-616-1051
        Jason.McCullough@usdoj.gov

Dated:   August 19, 2019

## Certificate of Service

    I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion has been sent to counsel for the defendant on August 19, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney