# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 19-0125 (ABJ) |
| GREGORY B. CRAIG, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On August 19, 2019, for the reasons stated on the record in the courtroom, the Court granted in part and denied in part Defendant's Motion [Dkt. # 96] to introduce out of court statements as follows: Defendant's Exhibits 2, 62, 111, 165, 283, and 317 are EXCLUDED. DX 104 is ADMITTED. DX 177 may be admitted if DX 178 is also admitted for completeness; and DX 183 may be admitted if DX 186 is also admitted for completeness.

The Court also ruled on the record on August 19 with respect to other exhibits that remained under advisement: Defendant's Exhibits 34 and 133 were EXCLUDED. The Court will take up DX 61 if it becomes relevant with Richard Gates or another witness with personal knowledge of the issues related to retaining FTI.

With respect to other exhibits that were discussed at the pretrial conference but remain under advisement, the Court hereby rules that: DX 176 is excluded as irrelevant; DX 195 is excluded as irrelevant and containing hearsay, although the document may be used for impeachment if it includes a statement that is inconsistent with the declarant's in court testimony; DX 262 contains hearsay, particularly in the emails written by Ben Chang, and it is largely irrelevant, but Gates may be questioned about the fact that he sought to use the New York Times article as part of an effort to persuade the State Department to issue a statement favorable to Ukraine. DX 301, concerning activity by the European Human Rights Court in late April 2013 is irrelevant. DX 313, which relates to a January 2013 release by Tymoshenko's lawyer of his own emails reacting to the Skadden Report, containing his characterizations of aspects of the report he considered helpful to Tymoshenko, contains hearsay and is irrelevant.

Defendant's Exhibits 320–325 all relate to the guilty plea and sentencing of Alexander Van der Zwann. The fact of his conviction may be used to impeach his credibility as a declarant pursuant to Federal Rule of Evidence 806 if an out of court statement of his is admitted for the truth of the fact of the matter asserted. Neither DX 323, an excerpt of statements made by the prosecutor at the time of the plea; DX 322, Van der Zwaan's sentencing memorandum; nor DX 324, the government's sentencing memorandum, may be admitted in evidence; the Court notes that the prosecution stated at the pretrial conference that it did not intend to dispute that Mr. Van

der Zwaan gave FTI early access to the draft Skadden Report without the defendant's permission. The Court would revisit the ruling on DX 322 if the government sought to introduce testimony or out of court statements by Mr. Van der Zwaan denying that he did so.

Defendant's Motion for Reconsideration [Dkt. # 112] of the Court's earlier ruling admitting GX 396 – with the limitation that it may only be introduced for the fact that it was sent and responded to, and not to establish the truth of any matter asserted in the email – will be DENIED. The motion argues, among other things, that the document is not relevant with those limitations, so the government must be intending to utilize it for prohibited purposes, but the Court disagrees. The defense has endeavored to show at several points in the trial to date that the Ministry of Justice and its consultants were quite dissatisfied with the depiction of the Skadden report in the media at the time of the public release of the report, but the fact that the lead consultant for the Ukraine made the congratulatory statements in the email tends to show that at the time the email was sent, the sender was pleased with the depiction of the report in the media. Moreover, what the defendant said in response bears on his state of mind at the time as well. The Court expects the government to abide by the ruling concerning the use of the exhibit, and the jury will be instructed concerning the limitations as well.

SO ORDERED.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: August 21, 2019