# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| *v.* | **Case No. 1:19-cr-0125 (ABJ)** |
| **GREGORY B. CRAIG**, | |
| *Defendant.* | |

## NOTICE OF AUTHORITY REGARDING RESTRICTIONS ON CROSS-EXAMINATION OF CHARACTER WITNESSES

Mr. Craig intends to call four witnesses who will testify to their opinion of Mr. Craig's character for honesty and integrity and law-abidingness and their knowledge of Mr. Craig's reputation for those character traits. The government has stated its intent to cross-examine Mr. Craig's character witnesses with questions along the lines of, "If you knew XYZ, would your testimony regarding your opinion or Mr. Craig's reputation be different?" Although that form of question is not *per se* objectionable, *see* Fed. R. Evid. 405(a) ("On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct"), and the Court has broad discretion over evidentiary matters, *United States v. Lewis*, 482 F.2d 632, 643 (D.C. Cir. 1973), the Court can and should bar the government from using the cross-examinations of Mr. Craig's character witnesses to pose hypotheticals about the evidence that is disputed in this case. Pursuant to the Court's request, Mr. Craig directs the Court to the following exemplar authorities:

- *Lewis*, **482 F.2d at 638-39:** District court erred in permitting cross-examination of character witnesses on "particular events, including prior convictions or arrests of the accused." The D.C. Circuit then set out the following "restrictions designed to mitigate

the potential hazard" of such cross-examination and instructed that "[t]he process demands close supervision" with "heavy responsibility on trial courts to protect the practice from any misuse":

(1)    "The matters the witness is to be asked about should first be established to the trial judge's satisfaction as actual events";

(2)    "The questions put to the witness should be carefully and narrowly framed"; and

(3)    "The questions, of course, must be restricted to events affecting the character trait or traits the accused has placed at issue."

- *United States v. Williams*, **738 F.2d 172, 177 (7th Cir. 1984):** District court erred by permitting the government, in prosecution for insurance and mail fraud, to ask character witnesses whether they would "change their opinion" if they were to "assume that it could be proven" that the defendant "gave false information to the insurance company and to police" – even though the defendant was not charged with lying to the police. Such questioning "allowed the prosecution to foist its theory of the case repeatedly on the jury and to force an unsuspecting witness to speculate the effect of a possible conviction." *Id*. "[T]his line of questioning is error because it assumes away the presumption of innocence." *Id.* (citing cases).

- *United States v. Guzman*, **167 F.3d 1350, 1352 (11th Cir. 1999):**

Once a defendant calls a character witness, Federal Rule of Evidence 405(a) allows the government to cross-examine that witness regarding their knowledge of specific instances of the defendant's misconduct in order to help the jury evaluate the quality of the character testimony. The government may not, however, pose hypothetical questions that assume the guilt of the accused in the very case at bar. "These guilt-assuming hypotheticals strike at the very heart of the presumption of

innocence which is fundamental to Anglo-Saxon concepts of fair trial." (quoting *United States v. Candelaria-Gonzalez*, 547 F.2d 291, 294 (5th Cir. 1977)).[1]

- *United States v. Mason*, **993 F.2d 406, 408-09 (4th Cir. 1993)**:

    Although an argument can be made that guilt-assuming hypothetical questions may be probative of the credibility of a non-expert witness, an opinion elicited by a question that assumes that the defendant is guilty can have only negligible probative value as it bears on the central issue of guilt. *See United States v. Morgan*, 554 F.2d 31, 34 (2d Cir. 1977). And, in addition to a proper application of the rules of evidence, adherence to a basic concept of our justice system, the presumption of innocence, is not served by this line of questioning. *See United States v. Oshatz*, 912 F.2d 534, 539 (2d Cir. 1990). We are in harmony with all circuits, except one, that, when called upon to address this issue, condemned the use of guilt-assuming hypothetical questions asked of lay character witnesses, whether testifying about a defendant's reputation in the community for a character trait or expressing an opinion about a trait.[2]

- *United States v. Kellogg*, **510 F.3d 188, 194 (3d Cir. 2007)**:

    Without necessarily distinguishing whether the issue involved cross-examining an opinion witness or a reputation witness, those courts have broadly held such questions are improper [*citing cases*]. Generally, the reason given for these holdings is that a guilt-assuming hypothetical impairs the presumption of innocence and thus violates the defendant's due process rights [*citing cases*]. A few Courts have also noted that an alternative basis for holding guilt-assuming hypotheticals are improper is that they are unfairly prejudicial to the defendant [*citing cases*], which would indeed seem to follow necessarily from a conclusion that there had been a due process violation.

---

[1] In *United States v. White*, 887 F.2d 267, 274-75 (D.C. Cir. 1989), the D.C. Circuit held that the district court in that case did not abuse its discretion in permitting the cross-examination at issue there. It did not hold that cross-examination on disputed matters in criminal cases is *per se* permissible. Nonetheless, the Eleventh Circuit noted in *Guzman* that the *White* panel "cit[ed] cases that do not support th[e] proposition" that "character witness testifying to opinion of the accused may be cross-examined with guilt-assuming hypotheticals." *Guzman*, 167 F.3d at 1352.

[2] The only circuit the *Mason* court concluded approached the issue differently was the D.C. Circuit in *White*. But as noted above (*see* n.1, *supra*) *White* stands merely for the proposition that a district court has discretion on evidentiary issues such as the scope of cross-examination, and that the district court in that case did not abuse its discretion.

- ***United States v. Oshatz***, **912 F.2d 534, 539 (2d Cir. 1990)**:

> We do not doubt that to some extent a guilt-assuming hypothetical question might be probative of the credibility of testimony given by a non-expert character witness. Steadfast adherence to a favorable opinion by a witness asked to assume the defendant's guilt might provide some basis for concluding that the witness is simply supporting the defendant, rather than providing credible testimony about his character. But we share the view . . . that such cross-examination is nevertheless to be prohibited because it creates too great a risk of impairing the presumption of innocence. Moreover, after a jury has repeatedly heard a prosecutor assure a trial judge that he has a good-faith basis for asking permitted hypothetical questions, the jury might infer from the judge's permission to ask a guilt-based hypothetical question that the prosecutor has evidence of guilt beyond the evidence in the record.

Dated: August 27, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 27, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

_____/s/ *Adam B. Abelson*_____
Adam B. Abelson
