UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:19-cr-0125 (ABJ) |
| **GREGORY B. CRAIG**, | |
| *Defendant.* | |

### MOTION TO PRECLUDE IMPROPER CLOSING ARGUMENT BASED ON GOVERNMENT EXHIBITS 396 AND 402

Defendant Gregory B. Craig hereby moves for an order precluding the government, during closing argument, from improperly encouraging the jury to draw inferences from two emails that Paul Manafort sent to Mr. Craig that extend beyond the limited purpose for which the Court admitted the emails.

Subsequent to the interactions with reporters from the *New York Times* that are at the heart of this case, and shortly after the Skadden Report had been released to the public, Mr. Craig received two emails from Mr. Manafort, responding to one (GX 396) but not the other (GX 402). Over Defendant's objections, the Court admitted both exhibits, clarifying that the emails from Mr. Manafort were not being admitted for their truth, but merely for the fact that they were sent. *See* ECF 117 (restating prior ruling regarding GX 396); Aug. 29, 2019 Trial Tr. at 3173:6–9 (giving limiting instruction regarding GX 402).

The Court initially excluded GX 402 at the pretrial conference because "the purpose for which [Mr. Manafort's statements were] said is ambiguous.  And absent Mr. Manafort to explain it, I think that . . . the relevance is not clear enough," and it "is a little unfair to ask the jury to draw some inference from words that aren't in it [from] a person who won't be here to explain

it." Aug. 7, 2019 Hrg. Tr. 224:13–23. The Court indicated at that time that it might revisit GX 402 if Mr. Craig "opened the door" by testifying that he had been "harsh on the Ukraine, and . . . that's how you know whatever it is you need to know about my intent." *Id.* Tr. 225:24–226:11. The Court ultimately did allow the government to cross-examine Mr. Craig with a redacted version of GX 402 (with the limiting instruction noted above).

Without abandoning his objections to the admission of these exhibits, Mr. Craig hereby moves for an order precluding the government from encouraging the jury to draw inferences from these exhibits that extend beyond the limited purpose for which the Court admitted them. Closing arguments must be based on evidence in the record and reasonable inferences from the evidence. *E.g.*, *United States v. Maddox*, 156 F.3d 1280, 1282 (D.C. Cir. 1998). When an attorney makes a closing argument based on matters not in the record, he "makes himself an unsworn witness[, a]nd when it is the prosecutor who goes outside the record, the effect is to deprive the defendant of his right to cross-examine the witnesses against him." *Id.*

The government chose not to call Mr. Manafort as a witness because it "determined that it could not sponsor [his] testimony," ECF 114 at 3,[1] but he was nonetheless heard in this trial. The government has expressly indicated that it would try to persuade the jury that, despite telling Mr. Manafort and Mr. Hawker in the wake of the Harvard Club meeting that he was unwilling to speak with journalists, Mr. Craig nonetheless spoke with reporters at the *New York Times* because Mr. Manafort subsequently asked him to do so. *See, e.g.*, ECF 22 at 4 ("At trial, the government will present evidence that Craig spoke to reporters about the Report in advance of its public release in December 2012 . . . because Ukraine, through Manafort and Ukraine's public relations firm, asked him to do so."). In its opening statement, the government stated that "you

---

[1] The government has the power to immunize a witness for any testimony and thus could have compelled Mr. Manafort to testify. It chose not to do so.

2

will hear from Jonathan Hawker that [Mr. Craig took steps consistent with the media plan] because there was a reversal to the reversal. The defendant was back on board, helping with the rollout of the report." Aug. 15, 2019 Trial Tr. 578:1–7. But Mr. Hawker testified only that, at a meeting with Mr. Manafort in the days after the meeting at the Harvard Club, Mr. Manafort said he would "speak to [Mr. Craig] . . . about the reversal, you know, to the reversal in relation to media relations." Aug. 20, 2019 Trial Tr. 1120:1–10.[2] The government presented no evidence that Mr. Manafort actually did have such a conversation with Mr. Craig. Trial Tr. 2062-66.

The government should not be permitted to use impermissible inferences from GX 396 and GX 402 to fill gaps in its evidence. The Court ruled that GX 396 and GX 402 could be admitted only for the fact that they were sent. The government should not be permitted to argue to the jury that they are evidence that Mr. Manafort and the Ukrainian government were, in fact, pleased with Mr. Craig's media contacts (or the Skadden Report itself); that Mr. Manafort asked Mr. Craig to contact reporters as part of the media roll-out of the Report; that Mr. Craig contacted reporters because Mr. Manafort asked him to do so; or that he contacted reporters because he believed it would please Mr. Manafort or Ukraine. Any such argument would rely on the *truth* of any assertions, express or implied, in GX 396 and GX 402 – not the mere fact that the assertions were made – and thus would violate the Court's limiting instruction.

The admission of GX 396 and GX 402 without any opportunity to cross-examine Mr. Manafort has already caused substantial unfair prejudice. The prejudice from these exhibits would be exacerbated if the government is permitted to encourage the jury to draw inferences beyond the limited purpose for which the Court admitted them.

---

[2] The Court properly struck Mr. Hawker's testimony that the decision to put David Sanger's name in a media plan document "came out of [a] discussion between Greg and Paul Manafort." Aug. 20, 2019 Trial Tr. at 1240:4–14.

Dated: August 31, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*

William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

                                                                      /s/ *Ezra B. Marcus*
                                                                      Ezra B. Marcus