**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

*v.*

**GREGORY B. CRAIG**,

*Defendant.*

Case No. 1:19-cr-0125 (ABJ)

**DEFENDANT'S MEMORANDUM REGARDING**
**JURY INSTRUCTIONS ON THE FOREIGN AGENTS REGISTRATION ACT**

In the parties' Joint Pretrial Statement, Defendant Gregory B. Craig proposed three FARA-related jury instructions. *See* ECF 72-2 at 21 ("Agent of a Foreign Principal"); *id.* at 22 ("Political and Public Relations Activities Requiring Registration as a Foreign Agent"); *id.* at 24 ("No Duty to Register After Last Act as Agent").

Mr. Craig submits this memorandum to (1) propose an additional FARA-related jury instruction to address specific trial evidence and (2) clarify, in light of the evidence at trial and the Court's modified ruling on the duty to disclose, why the elements of willfulness and materiality require instructing the jury on the elements of registration under FARA.

**A.   FARA instruction regarding activities outside the United States**

The government has elicited testimony and introduced documentary evidence concerning (1) a press release issued by the Ukraine Ministry of Justice at the time it announced Skadden's engagement, and (2) participation by Alex van Der Zwaan in political meetings in Ukraine and Poland. *See, e.g.*, Trial Tr. 1146-50; 1496; 1879–82; 3142-43. There is no evidence suggesting that these activities, which occurred outside the United States, were directed at influencing policy or public opinion in the United States as opposed to in Ukraine or the European Union.

The jury should be instructed that no obligation to register under FARA can result from activities directed at public opinion in Ukraine or European Union policy. A proposed instruction is below:

**SUPPLEMENTAL INSTRUCTION REGARDING
AGENT OF A FOREIGN PRINCIPAL**

The Foreign Agent Registration Act does not apply to, and does not require registration by, a person who engages in political activities or public relations directed outside the United States.[1] I instruct you as a matter of law that whether Mr. Craig suggested changes to a press release issued by the Ministry of Justice concerning the engagement of Skadden, in response to leaks to the media in Ukraine, or whether Mr. Craig was aware that Alex van Der Zwaan participated in meetings with European politicians outside the United States, has no bearing on whether Skadden or Mr. Craig had an obligation to register under FARA.

**B.    The trial evidence and charges also require giving Mr. Craig's previously proposed FARA-related instructions.**

The government objected to all three of Defendant's previously proposed FARA-related instructions because, *inter alia*, "the defendant is not charged with willfully failing to register as an agent of a foreign principal under FARA." ECF 72-2 at 21, 22, 24. During trial, the government acknowledged that "the Court needs to instruct the jury about [FARA]" in the context of duty. Aug. 26, 2019 Trial Tr. at 2616:11–12; *see also* ECF 100 (government proposed jury instruction on duty to disclose).[2] Regardless, the statutory standards that govern who must register as a foreign agent are pertinent at least to the elements of materiality and willfulness.

In order to find the element of materiality, the jury must identify a concealed fact that had "a natural tendency to influence, or [wa]s capable of influencing" the FARA Unit's determination whether Skadden and Mr. Craig were required to register as foreign agents. *United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010). Materiality is an objective inquiry.

---

[1] 22 U.S.C. § 611(c).

[2] The government acknowledged the need for FARA instructions related to duty before the Court informed the parties that it does not believe the duty to disclose in this case is imposed by the FARA statute itself.

*See, e.g.*, *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1122 (D.C. Cir. 2009) ("materiality requirement is met if the matter at issue is 'of importance to a reasonable person in making a decision about a particular matter or transaction'"). When the government decision at issue relates to the application of a legal standard to specific facts, the jury cannot assess materiality without being instructed on the legal standard that the agency was applying. In such a context, the statute itself is a component of the "question[] of purely historical fact" of "what decision was the agency trying to make." *United States v. Gaudin*, 515 U.S. 506, 512 (1995). In ruling on motions *in limine*, this Court concluded that information about the statute can come only in the form of jury instructions. *See* Aug. 6, 2019 Hrg. Tr. at 84 (discussing "jury instructions about FARA"). The Court should give Defendant's proposed FARA-related instructions because they bear on materiality.

The statutory standards under FARA are also relevant to the element of willfulness. The Court has indicated that it intends to instruct the jury that the duty to disclose in this case is a duty not to omit information in answer to questions that would make any response false or misleading. To prove willfulness, the government must prove beyond a reasonable doubt that Mr. Craig knew—*i.e.*, was subjectively aware—that an alleged omission rendered something he said in response to a question from the FARA Unit false or misleading. The jury will therefore need to understand the statutory requirements for registration under FARA, as set forth in Defendant's proposed FARA-related jury instructions, in order to assess Mr. Craig's belief that information he is alleged to have concealed did not make his statements false or misleading in the context of discussing whether Mr. Craig's actions were for or in the interests of Ukraine at the October 9 meeting—the "why" of what he did. The jury cannot understand the centrality of

Mr. Craig's *purpose* in speaking with media without understanding the statutory criteria for registration.

Dated: September 1, 2019

Respectfully submitted,

*/s/ William W. Taylor, III*
William W. Taylor, III (D.C. Bar No. 84194)
Paula M. Junghans (D.C. Bar No. 474419)
Ezra B. Marcus (D.C. Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wtaylor@zuckerman.com
Email: pjunghans@zuckerman.com
Email: emarcus@zuckerman.com

William J. Murphy (D.C. Bar No. 350371)
Adam B. Abelson (D.C. Bar No. 1011291)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
Email: wmurphy@zuckerman.com
Email: aabelson@zuckerman.com

*Attorneys for Defendant Gregory B. Craig*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2019, the foregoing was served on counsel of record via the Court's CM/ECF service.

/s/ *Ezra B. Marcus*
Ezra B. Marcus
