UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.        : | No. 1:19-CR-00125 (ABJ) |
| : | |
| GREGORY B. CRAIG, : | |
|              Defendant.    : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MEMORANDUM REGARDING JURY INSTRUCTIONS ON
THE FOREIGN AGENTS REGISTRATION ACT**

The defendant is not charged with willfully failing to register as an agent of Ukraine under the Foreign Agents Registration Act.  In addition, the Court has made clear that the duty to disclose on which it will instruct the jury is that once the defendant undertook to respond to the FARA Unit's targeted inquiry, "he had to answer the questions truthfully, and he could not omit facts that left his answers false or misleading in their absence."  8/27/19 Tr. at 2647-2648.  Accordingly, any instruction to the jury on the Foreign Agents Registration Act (FARA) should be general and simple, and none of the defendant's proposed jury instructions on FARA should be given.

I.     **Discussion**

   a.  **The defendant's newly proposed FARA instruction is wholly unnecessary**

In his memorandum, the defendant proposes a supplemental instruction regarding the applicability of FARA to activities outside of the United States because there was evidence at trial that the defendant commented on a proposed press release by the Government of Ukraine and approved of political meetings in Europe by an associate at Skadden (ECF No. 122 at 2).  But the government has been clear that it does not allege, nor did the grand jury charge, a willful failure to register under FARA by the defendant.  Now that the Court has determined that the defendant's

1

duty to disclose material information flowed not from his disclosure obligations under FARA, but from the FARA Unit's targeted inquiry, there is no reason to give multiple jury instructions about what conduct requires registration under FARA.  Indeed, if the Court were to give the instruction proposed by the defendant, it would likely confuse and mislead the jury, because the issue before the jurors is not whether various activities outside of the United States would require FARA registration—it is whether the defendant was truthful and complete in his responses to the questions posed by the FARA Unit in the course of its law enforcement inquiry.

### b. The defendant's previously proposed FARA instructions remain unnecessary and confusing

For the same reason, the FARA instructions that the defendant previously proposed (ECF No. 72-2 at 22-25) are unnecessary and potentially confusing to the jury.

First, the defendant contends that FARA's standards are relevant to the question of the materiality of the defendant's false statements and omissions to the FARA Unit.  But the instructions that the defendant previously proposed (72-2 at 22 and 23) are incorrect as a matter of law and suggest that the jury must determine whether the defendant was obligated to register under FARA.[1]  To the extent that the Court needs to instruct the jury in this case on FARA's general legal framework to explain the determination that the FARA Unit was making regarding the defendant, the instruction need not be complicated or detailed, should hew closely to the statute, and should not suggest in any way that the jury needs to determine whether the defendant was

---

[1] For instance, the defendant's proposed instruction "Agent of a Foreign Principal" (ECF No. 72-2 at 22) quotes selectively from the definition set forth in the statute at 22 U.S.C. § 611(a)(1)(i)-(ii), and mischaracterizes the applicable legal standard for determining whether one is an agent; it also implies that the jury needs to determine whether the defendant acted as Ukraine's agent. Similarly, the defendant's proposed instruction "Political and Public Relations Activities Requiring Registration as a Foreign Agent" (ECF No. 72-2 at 23) inaccurately and incompletely summarizes the applicable statutory provisions.

obligated to register. Should the Court decide to give a FARA instruction to the jury, the government respectfully proposes the following consistent with these principles:

### The Foreign Agents Registration Act

The Foreign Agents Registration Act (FARA) requires any agent of a foreign principal to register with the Department of Justice and make certain public disclosures.

FARA's definition of an "agent of a foreign principal" includes "any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal" and who engages within the United States in political activities for or in the interests of the foreign principal, or who acts within the United States as a public relations counsel, publicity agent, information-service employee, or political consultant for or in the interests of the foreign principal.

The term "public-relations counsel" includes any person who engages directly or indirectly in informing, advising, or in any way representing a principal in any public relations matter pertaining to political or public interests, policies, or relations of the foreign principal.

The term "publicity agent" includes any person who engages directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind.

22 U.S.C. § 611.

Second, the defendant argues incorrectly that FARA's statutory provisions are relevant to the element of willfulness in this case. The Court will instruct the jury that the defendant had a duty to answer the FARA Unit's direct questions truthfully and completely, separate and apart from the statutory framework on which the FARA Unit's inquiry was based. The question of fact for the jury, then, is whether the defendant did so—not whether the defendant was obligated to register as an agent of Ukraine as a result of his actions in December 2012. While the defense is free to make closing arguments about the defendant's purpose in speaking with the media in December 2012, that is relevant to the jury only if the defendant then provided the FARA Unit with truthful and complete answers about his activity and his purpose in the face of direct questions.

**II.     Conclusion**

The defendant's proposed jury instructions on FARA are unnecessary and potentially confusing, and should not be given.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:  /s/ Molly Gaston
FERNANDO CAMPOAMOR-SÁNCHEZ (DC 451210)
MOLLY GASTON (VA 78506)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7698/202-252-7803
Fernando.Campoamor-Sanchez@usdoj.gov
Molly.Gaston@usdoj.gov


JOHN C. DEMERS
ASSISTANT ATTORNEY GENERAL

By:  /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH (DC 998006; NY 4544953)
Trial Attorney
Department of Justice
National Security Division
950 Pennsylvania Ave NW
Washington, D.C.  20530
Telephone: 202-616-1051
Jason.McCullough@usdoj.gov

Dated:   September 2, 2019

## **Certificate of Service**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion has been sent to counsel for the defendant on September 2, 2019.

/s/ Molly Gaston
Molly Gaston
Assistant United States Attorney