```
 1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3      United States of America,       )  Criminal Action
                                        )  No. 19-CR-125
 4                     Plaintiff,       )
                                        )  JURY TRIAL
 5      vs.                             )  Day 16
                                        )
 6      Gregory B. Craig,               )  Washington, DC
                                        )  September 4, 2019
 7                     Defendant.       )  Time:  9:00 a.m.
        _____
 8
                    TRANSCRIPT OF JURY TRIAL - DAY 16
 9                            HELD BEFORE
              THE HONORABLE JUDGE AMY BERMAN JACKSON
10                  UNITED STATES DISTRICT JUDGE
        _____
11
                       A P P E A R A N C E S
12
        For Plaintiff:      Fernando Campoamor-Sanchez
13                          Molly Gulland Gaston
                            U.S. ATTORNEY'S OFFICE FOR THE
14                            DISTRICT OF COLUMBIA
                            555 Fourth Street, NW
15                          Washington, DC 20530
                            (202) 252-7698
16                          Email: Fernando.campoamor-sanchez@usdoj.gov
                            Email: Molly.gaston@usdoj.gov
17                          Jason Bradley Adam McCullough
                            U.S. Department of Justice
18                          950 Pennsylvania Avenue, NW
                            Washington, DC 20530
19                          (202) 233-0986
                            Email: Jason.mccullough@usdoj.gov
20
        For Defendant:      William James Murphy
21                          William W. Taylor, III
                            Adam B. Abelson
22                          ZUCKERMAN SPEADER, LLP
                            100 East Pratt Street
23                          Suite 2440
                            Baltimore, MD 21202
24                          (410) 949-1146
                            Email: Wmurphy@zuckerman.com
25                          Email: Wtaylor@zuckerman.com
                            Email: Aabelson@zuckerman.com
```

**Paula M. Junghans**
**Ezra B. Marcus**
ZUCKERMAN SPAEDER, LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
(202) 778-1814
Email: Pjunghans@zuckerman.com
Email: Emarcus@zuckerman.com

_____

Court Reporter:     Janice E. Dickman, RMR, CRR, CRC
                    Official Court Reporter
                    United States Courthouse, Room 6523
                    333 Constitution Avenue, NW
                    Washington, DC  20001
                    202-354-3267

1          THE COURTROOM DEPUTY:  Your Honor, we have criminal

2     action 19-125, the United States of America v. Gregory B.

3     Craig.  Mr. Craig is present in the courtroom, Your Honor.

4          Counsel, please approach the lectern, identify

5     yourself for the record.

6          MR. CAMPOAMOR-SANCHEZ:  Good morning, Your Honor.

7     Molly Gaston, Jason McCullough, Fernando Campoamor for the

8     United States.  And also paralegal specialist Amanda Rohde is

9     with us.

10          THE COURT:  All right.  Good morning.

11          MR. TAYLOR:  Good morning, Your Honor.  Bill Taylor,

12     Bill Murphy, Adam Abelson, Paula Junghans, and Ezra Marcus for

13     Mr. Craig.

14          THE COURT:  Good morning.  I note the defendant is

15     present.

16          Are we ready to bring the jury in for jury

17     instructions?

18          MR. CAMPOAMOR-SANCHEZ:  Yes, Your Honor.

19          THE COURT:  Okay.  Let's do that.

20          MR. TAYLOR:  Yes.

21          THE COURT:  I'm sorry?  I didn't say --

22          (Whereupon the jurors enter the courtroom.)

23          THE COURT:  All right.  Good morning.  I note for the

24     record, all the jurors are present, even though we had to be

25     here early.  I appreciate that very much.  And I'm sure that no

 1    one has been discussing and researching the case this evening.

 2         My function in this trial is to conduct the trial in

 3    an orderly, fair, and efficient manner; to rule on questions of

 4    law; and to instruct you on the law that applies in this case.

 5    It's your duty to apply the law as I instruct you.  You should

 6    consider all the instructions as a whole and you may not ignore

 7    or refuse to follow any of them.

 8         So this is the point when I'm going to give you the

 9    instructions, and Mr. Haley is going to give you a copy of what

10    I'm about to read.  If you're the kind of person that it helps

11    you pay attention to read along, you can read along; if you

12    have no interest in reading along, you don't have to read

13    along.  But we're giving them to each of you for your

14    convenience.

15         All right.  I've now provided you with a copy of the

16    instructions.  During your deliberations you may, if you want,

17    refer to these instructions.  While you may refer to any

18    particular portion of the instructions, you are to consider the

19    instructions as a whole and you may not follow some and ignore

20    others.  If you have any questions about the instructions, you

21    should feel free to send me a note.  And you're going to be

22    asked to return your instructions to me, through Mr. Haley,

23    when your verdict is returned.

24         Your function as the jury is to determine what the

25    facts are in this case.  You are the sole judges of the facts.

1    While it's my responsibility to decide what is admitted as

2    evidence during the trial, you alone decide what weight, if

3    any, to give to that evidence.  You alone decide the

4    credibility or believability of the witnesses.

5            You should determine the facts without prejudice,

6    fear, sympathy, or favoritism.  You should not be improperly

7    influenced by anyone's race, ethnic origin, or gender.  Decide

8    the case solely from a fair consideration of the evidence.

9            You may not take anything I may have said or done as

10   indicating how I think you should decide the case.  If you

11   believe that I've expressed or indicated any such opinion, you

12   should ignore it.  The verdict in this case is your sole and

13   exclusive responsibility.

14           If any reference by me or the attorneys to the

15   evidence is different from your own memory of the evidence,

16   it's your memory that should control during your deliberations.

17           During the trial I've permitted those jurors who

18   wanted to do so to take notes.  You may take your notebooks

19   with you to the jury room and use them during your

20   deliberations if you wish.  As I told you at the beginning of

21   the trial, though, your notes are only to be an aid to your

22   memory, they are not the evidence in this case and they should

23   not replace your own memory of the evidence.  Those jurors who

24   have not taken notes should rely on their own memory of the

25   evidence.  The notes are to be for the notetaker's own personal

1    use.

2              During your deliberations, you may consider only the

3    evidence properly admitted in this trial.  The evidence in this

4    case consists of the sworn testimony of the witnesses, the

5    exhibits that were admitted into evidence, and the facts and

6    testimony stipulated to by the parties.

7              During the trial you were told that the parties had

8    stipulated, that is, agreed to certain facts.  You should

9    consider any stipulation of fact to be undisputed evidence.

10             When you consider the evidence, you're permitted to

11   draw from the facts that you find that have been proven, such

12   reasonable inferences as you feel are justified in light of

13   your experience.  You should give any evidence such weight as

14   in your judgment is fairly entitled to receive.

15             As I've told you many times, and it's important to

16   emphasize now, the statements and arguments of lawyers are not

17   evidence.  They are only intended to assist you in

18   understanding the evidence.  Similarly, the questions asked by

19   the lawyers are not evidence.

20             The indictment is merely the formal way of accusing a

21   person of a crime.  You must not consider the indictment as

22   evidence of any kind either.  You may not consider it as any

23   evidence of Mr. Craig's guilt or draw any inference of guilt

24   from it.

25             The lawyers in this case sometimes objected when the

1    other side asked a question, made an argument, or offered

2    evidence that the objecting lawyer believed was not proper.

3    You must not hold such objections against the lawyer who made

4    them or the party he or she represents.  It's the lawyer's

5    responsibility to object to evidence that they believe is not

6    admissible.

7           If, during the course of the trial, I sustained an

8    objection to a lawyer's question, you should ignore the

9    question, and you must not speculate as to what the answer

10   would have been.  If, after a witness answered a question, I

11   ruled that the answer should be stricken, you should ignore

12   both the question and the answer and they should play no part

13   in your deliberations.

14          During the course of this trial a number of exhibits

15   were admitted in evidence.  Sometimes only those parts of an

16   exhibit that are relevant to your deliberations were admitted.

17   Where this has occurred, I've required that the irrelevant

18   parts of the statement to be blacked out or deleted.  Thus, as

19   you examine the exhibits, you may see a statement where there

20   appear to be omissions.  It will -- sometimes the word

21   "redacted" will appear and sometimes it will just be blacked

22   out.  At that point you should consider only the portions that

23   were admitted.  You shouldn't guess as to what's been taken

24   out.

25          Every defendant in a criminal case is presumed to be

1    innocent.  The presumption of innocence remains with the

2    defendant throughout the trial unless and until the government

3    has proved him guilty beyond a reasonable doubt.  This burden

4    never shifts throughout the trial.  The law does not require

5    Mr. Craig to prove his innocence or to produce any evidence at

6    all.  If you find that the government has proven beyond a

7    reasonable doubt every element of the offense with which

8    Mr. Craig is charged, it's your duty to find him guilty.  On

9    the other hand, if you find the government has failed to prove

10   any element of the offense beyond a reasonable doubt, it's your

11   duty to find Mr. Craig not guilty.

12        The government has the burden of proving Mr. Craig

13   guilty beyond a reasonable doubt.  In civil cases, it's only

14   necessary to prove that a fact is more likely true than not, or

15   in some cases that its truth is highly probable.  In criminal

16   cases such as this one, the government's proof must be more

17   powerful than that.  It must be beyond a reasonable doubt.

18   Reasonable doubt, as the name implies, is a doubt based on

19   reason, a doubt for which you have a reason based on the

20   evidence or lack of evidence in the case.  If, after careful,

21   honest, and impartial consideration of all the evidence, you

22   cannot say that you are firmly convinced of the defendant's

23   guilt, then you have a reasonable doubt.

24        Reasonable doubt is the kind of doubt that would

25   cause a reasonable person, after careful and thoughtful

1    reflection, to hesitate to act in the graver or more important

2    matters in life.  However, it's not an imaginary doubt, nor a

3    doubt based on speculation or guesswork; it's a doubt based on

4    reason.  The government is not required to prove guilt beyond

5    all doubt or to a mathematical or scientific certainty.  Its

6    burden is to prove guilt beyond a reasonable doubt.

7           There are two types of evidence from which you may

8    determine what the facts are in this case; direct evidence and

9    circumstantial evidence.  When a witness, such as an

10   eyewitness, asserts actual knowledge of a fact, that witness's

11   testimony is direct evidence.  On the other hand, evidence of

12   facts and circumstances from which reasonable inferences or

13   conclusions may be drawn is circumstantial evidence.

14          Let me give you an example.  It's not a very good

15   example, but it's the one we have.  Assume a person looked out

16   the window and saw that snow was falling.  If he later

17   testified in court about what he had seen, his testimony would

18   be direct evidence that snow was falling at the time he saw it

19   happen.  Assume, however, that he looked out a window and saw

20   no snow on the ground, and then he went to sleep and saw snow

21   on the ground after he woke up.  His testimony about what he

22   had seen would be circumstantial evidence that it had snowed

23   while he was asleep.

24          The law says both direct and circumstantial evidence

25   are acceptable as a means of proving a fact.  The law does not

1    favor one form of evidence over another.  It's for you to

2    decide how much weight to give to any particular evidence,

3    whether it's direct or circumstantial.  You're permitted to

4    give equal weight to both.  Circumstantial evidence does not

5    require a greater degree of certainty than direct evidence.  In

6    reaching a verdict in this case, you should consider all the

7    evidence presented, both direct and circumstantial.

8              In determining whether the government has proved the

9    charges against defendant beyond a reasonable doubt, you must

10   consider the testimony of all the witnesses who have testified.

11             You are the sole judges of the credibility of the

12   witnesses.  You alone determine whether to believe any witness

13   and the extent to which the witness should be believed.

14   Judging a witness's credibility means evaluating whether the

15   witness has testified truthfully and also whether the witness

16   accurately observed, recalled, and described the matters about

17   which the witness testified.

18             You may consider anything that in your judgment

19   affects the credibility of the witness.  For example, you may

20   consider the demeanor and the behavior of the witness on the

21   witness stand; the witness's manner of testifying; whether the

22   witness impresses you as a truthful person; whether the witness

23   impresses you as having an accurate memory and recollection;

24   whether the witness has any motive for not telling the truth;

25   whether the witness had a full opportunity to observe the

1    matters about which he or she testified; whether the witness

2    has any interest in the outcome of this case, or friendship or

3    hostility toward other people concerned with this case.

4            In evaluating the accuracy of a witness's memory, you

5    may consider the circumstances surrounding the event, including

6    any circumstances that would impair or improve the witness's

7    ability to remember the event, the time that elapsed between

8    the event and any later recollections of the event, and the

9    circumstances under which the witness was asked to recall

10   details of the event.

11           Inconsistencies or discrepancies in the testimony of

12   a witness, or between the testimony of different witnesses, may

13   or may not cause you to discredit such testimony.  Two or more

14   persons witnessing an incident or transaction may hear or see

15   it differently; an innocent misrecollection, like a failure of

16   recollection, is not an uncommon experience.  In weighing the

17   effect of the inconsistency or discrepancy, always consider

18   whether it pertains to a matter of important or unimportant

19   detail, and whether the inconsistency or discrepancy results

20   from innocent error or intentional falsehood.

21           You may consider the reasonableness or

22   unreasonableness, the probability or improbability of the

23   testimony of a witness in determining whether to accept it as

24   true and accurate.  You may consider whether the witness has

25   been contradicted or supported by other evidence that you

1   credit.

2          If you believe that any witness has shown him or

3   herself to be biased or prejudiced, for or against either side

4   in this trial, you may consider and determine whether such bias

5   or prejudice has colored the testimony of the witness so as to

6   affect the desire and capability of that witness to tell the

7   truth.

8          And I want to emphasize one more time, it's up to

9   you, and not to me or any of the lawyers, to decide who is

10   credible and which factors weigh most heavily in making that

11   decision.  It doesn't matter what anyone else's opinion is.

12   You should give the testimony of each witness such weight as in

13   your judgment it's fairly entitled to receive.

14          You've heard that one witness, Richard Gates, entered

15   into a plea agreement with the government pursuant to which

16   Mr. Gates agreed to testify truthfully in this case and the

17   government agreed to dismiss charges against him and bring

18   Mr. Gates's cooperation to the attention of his sentencing

19   judge and consider filing papers with his judge so that the

20   judge considers imposing a more lenient sentence than that

21   judge might otherwise impose.

22          The government's permitted to enter into this kind of

23   plea agreement, and you may, in turn, accept the testimony of

24   such a witness and consider it along with all of the other

25   evidence in determining whether the government has proved the

1     defendant's guilt beyond a reasonable doubt.  You may consider

2     all the factors I just listed that would apply when considering

3     the credibility of any witness.  A witness who has entered into

4     a plea agreement is under the same obligation to tell the truth

5     under penalty of perjury as any other witness.

6            However, you may consider whether a witness who has

7     entered into such an agreement has an interest different from

8     other types of witnesses.  You may consider whether the plea

9     agreement the witness entered into with the government has

10    motivated him to testify falsely against the defendant.  The

11    testimony of a witness who has entered into a plea agreement

12    should be considered with caution.  You should, therefore, give

13    the testimony as much weight as in your judgement it deserves.

14            A defendant in a criminal case has a absolute right

15    not to testify, or to testify in his own defense.  His

16    testimony should not be believed or disbelieved merely because

17    he is a defendant.  In evaluating his testimony, however, you

18    may consider the fact that the defendant has a vital interest

19    in the outcome of this trial.  As with the testimony of any

20    other witness, you should give the defendant's testimony as

21    much weight as in your judgment it deserves.

22            Gregory Craig has introduced testimony from witnesses

23    that in their opinion he's truthful, honest, and law- abiding,

24    and there was evidence from some witnesses that he has a good

25    reputation in the community for truthfulness or honesty.  Such

1    evidence may indicate to you that it is unlikely that a

2    truthful and honest person would commit the crime charged or it

3    may not.  You may consider this evidence along with other

4    evidence in the case, including evidence that contradicts

5    Mr. Craig's character evidence, and give it as much weight as

6    you think it deserves.

7         Notwithstanding the evidence of character, if, after

8    weighing all the evidence, you are convinced beyond a

9    reasonable doubt that Mr. Craig is guilty of the crime charged,

10   it's your duty to find him guilty.  On the other hand, evidence

11   of good character alone may create a reasonable doubt as to a

12   defendant's guilt, although without it the other evidence would

13   be convincing.

14        The indictment charges that the offense of

15   unlawfully, knowingly and willfully falsifying, concealing and

16   covering up by a trick, scheme, and device material facts in a

17   matter within the jurisdiction of the FARA Unit was committed

18   on or about June 3rd, 2013 through January 16, 2014.  The proof

19   need not establish with certainty the exact date of the alleged

20   offense.  It is sufficient if the evidence in the case

21   establishes beyond a reasonable doubt that the offense was

22   committed on a date reasonably near the dates alleged.

23        As I just noted, the indictment charges that from

24   June 3rd, 2013 to January 16, 2014, within the District of

25   Columbia and elsewhere, the defendant, knowingly and willfully,

1   falsified, concealed, or covered up, by a trick, scheme, or

2   device, material facts within the jurisdiction of the FARA

3   Unit.

4           The defendant can be found guilty of this crime only

5   if the government has proven all of the following elements

6   beyond a reasonable doubt:

7           One, that on at least one occasion after October 3rd,

8   2013;

9           Two, the defendant concealed or covered up a fact

10   that he had a legal duty to disclose;

11           Three, that the fact was material;

12           Four, the defendant concealed or covered up the fact

13   by using a trick, scheme, or device;

14           Five, the defendant acted knowingly and willfully,

15   and;

16           Six, the defendant concealed or covered up a material

17   fact in a matter within the jurisdiction of the executive

18   branch of the United States.

19           I'm now going to describe each of these elements in

20   more detail.

21           With respect to the second element, the concealment

22   of something the defendant had a duty to disclose, a person has

23   a duty to disclose if and when he responds to specific

24   questions posed by the government about a particular topic that

25   is the subject of a statute, regulation, or government form.

1             It's important to understand that if individuals or

2     organizations receive inquiries or questions from the FARA

3     unit, though, they do not have any duty to respond to those

4     inquiries at all.

5             And I'm further instructing you that if they decide

6     to answer the questions, they do not have a duty to volunteer

7     or offer information that was not called for.

8             In other words, you cannot find that someone

9     concealed information in violation of a duty to disclose it if

10    he was merely silent, or for a mere failure to volunteer

11    information, or a failure to answer questions that were not

12    asked.

13            But if a person choses to respond to a specific

14    question about a particular topic, he has a legal duty to be

15    truthful in his responses about that topic, and he has a duty

16    not to omit facts that leave his answers false or misleading in

17    their absence.

18            And also, if a person chooses to undertake to

19    persuade the government to make or change a particular

20    determination, he cannot make statements designed to deceive or

21    mislead the decision makers.

22            The third element, that the fact was material, you

23    are instructed that a fact is material if it has the natural

24    tendency to influence or is capable of influencing a decision

25    of the agency or decision-making body to which it is addressed;

1    in this case, the FARA unit.  The government is not required to

2    prove that the statement actually influenced the actions of the

3    FARA Unit, and the question is not whether any particular

4    person was influenced.  The question is whether the concealment

5    of the fact had a natural tendency to or was capable of

6    influencing a decision by a reasonable decision-maker acting on

7    behalf of the FARA unit.  You are further instructed that you

8    must all agree on which material fact was concealed; that is,

9    you may have different opinions as to some, but you must all

10   agree as to at least one.

11        To prove the fourth element, a scheme, trick or

12   device, the government must show that the defendant engaged in

13   an affirmative act to conceal the material fact or facts.  You

14   must find that the defendant took an affirmative step to

15   conceal:  Making false or deliberately misleading statements,

16   omitting facts needed to make a statement not misleading, and

17   other acts of concealment can be affirmative acts.  But one

18   false statement alone is not enough to constitute a scheme, and

19   a mere passive failure to file a form or to volunteer

20   information is not a scheme.

21        This requirement of an affirmative act brings me back

22   to the first element I listed, that you must unanimously find

23   that the defendant engaged in an affirmative act of concealment

24   on at least one occasion after October 3rd, 2013.

25        For the fifth element, a defendant acts knowingly if

1    he acts knowing that a statement was false, fictitious, or

2    fraudulent.  To prove that the defendant acted willfully, the

3    government must prove that he acted with the knowledge that his

4    conduct was unlawful.

5           And, sixth, a matter is within the jurisdiction of

6    the executive branch of the United States if the FARA Unit has

7    the power to exercise authority in that matter.

8           I'm going to tell you a little bit about the Foreign

9    Agents Registration Act.

10          The defendant is not charged in this case with

11   violating any provision of the FARA statute, and you are not

12   being asked to decide whether he did or did not have to

13   register as a foreign agent based on the facts you've heard in

14   this case.  The question is whether he knowingly and willfully

15   concealed or covered up material facts by a trick or scheme in

16   his communications with the FARA Unit on that subject.  But

17   some understanding of what the statute involves may bear upon

18   your determination of what facts were material, and so I will

19   explain it to you now.

20          You are hereby instructed that the Foreign Agents

21   Registration Act provides that a person who acts as an agent of

22   a foreign principal must file a public registration statement

23   that includes certain disclosures.

24          The Ministry of Justice of Ukraine is a foreign

25   principal.

1          The FARA definition of an agent of a foreign

2     principal includes any person who acts as an agent or

3     representative, or acts in any other capacity at the order,

4     request, or under the direction or control of a foreign

5     principal or of any person whose activities are supervised,

6     directed, controlled, or financed by a foreign principal, and

7     who either engages within the United States in political

8     activities for or in the interests of the foreign principal, or

9     acts within the United States as a public relations counsel,

10    publicity agent, or information-service employee for or in the

11    interest of such foreign principal.

12         The term "political activities" means any activity

13    that the person engaging in believes will, or that the person

14    intends to, in any way influence any agency or official of the

15    government of the United States or any section of the public

16    within the United States.

17         The term "public relations counsel" includes any

18    person who engages directly or indirectly in informing,

19    advising, or in any way representing a principal in any public

20    relations matter pertaining to political or public interests,

21    policies, or relations of such principal.

22         And the term "publicity agent" includes any person

23    who engages directly or indirectly in the publication or

24    dissemination of oral, visual, graphic, written, or pictorial

25    information or matter of any kind, including publication by

1    means of advertising, books, periodicals, newspapers, lectures,

2    broadcasts, motion pictures, or otherwise.

3            The term "information-service employee" includes any

4    person who is engaged in furnishing, disseminating, or

5    publishing accounts, descriptions, or information.

6            The statute does not cover political or public

7    relations activity not within the United States or directed

8    towards the United States, or that is intended to influence an

9    official of another country.

10           Finally, it's not against the law to be an agent of a

11   foreign principal or to engage in these activities; what the

12   statute provides is that one who acts as an agent of a foreign

13   principal must register.

14           Someone's intent or knowledge ordinarily cannot be

15   proved directly because there's no way of knowing what a person

16   is actually thinking, but you may infer someone's intent or

17   knowledge from the surrounding circumstances.  You may consider

18   any statement made or acts done or committed by Gregory Craig,

19   and all other facts and circumstances received in evidence,

20   which indicate his intent or knowledge.

21           You may infer, but are not required to infer, that a

22   person intends the natural and probable consequences he

23   intentionally did or intentionally did not do.  It's entirely

24   up to you, however, to decide what facts to find from the

25   evidence received during the trial.  You should consider all

1    the circumstances in evidence that you think are relevant in

2    determining whether the government has proved beyond a

3    reasonable doubt that Mr. Craig acted with the necessary state

4    of mind.

5            A defendant does not act willfully if he believes in

6    good faith that his actions comply with the law; meaning, in

7    this case, that he harbored a good faith belief that he was not

8    acting to conceal and cover up a material fact or facts from

9    the FARA Unit; even if you find that the belief was

10   unreasonable.  A good faith belief is one that is honestly and

11   genuinely held.  However, you may consider the reasonableness

12   of the defendant's belief together -- that says "will," it

13   should be "with," -- together with all of the other evidence to

14   determine whether the defendant held the belief in good faith.

15   If you have a reasonable doubt that Mr. Craig knew that his

16   conduct was unlawful, then you must find Mr. Craig not guilty.

17           The question of possible punishment of the defendant

18   in the event of a conviction is not a concern of yours and

19   should not enter into or influence your deliberations in any

20   way.  The duty of imposing sentence in the event of a

21   conviction rests exclusively with me.  Your verdict should be

22   based solely on the evidence in the case, and you should not

23   consider the matter of punishment at all.

24           The verdict must represent the considered judgment of

25   each juror, and in order to return a verdict, each juror must

1    agree on the verdict.  In other words, your verdict must be

2    unanimous.

3           You will be provided with a verdict form for use when

4    you've concluded your deliberations.  This form itself is not

5    evidence in this case, and nothing in it should be taken to

6    suggest or convey any opinion by me as to what the verdict

7    should be.  Nothing in the form replaces the instructions of

8    law I've just given you, and nothing in it replaces or modifies

9    the instructions about the elements which the government must

10   prove beyond a reasonable doubt.  The form is only meant to

11   assist you in recording your verdict.

12          I will be sending into the jury room with you the

13   exhibits that have been admitted into evidence.  You may

14   examine any or all of them as you consider your verdict.

15   Please keep in mind that exhibits that were only marked for

16   identification but were not admitted into evidence will not be

17   given to you to examine or consider in reaching your verdict.

18          When you return to the jury room, you should first

19   select a foreperson to preside over your deliberations and to

20   be your spokesperson here in court.  There are no specific

21   rules regarding how you should select a foreperson; that's up

22   to you.  However, as you go about the task, be mindful of your

23   mission to reach a fair and just verdict based on the evidence.

24   Consider selecting a foreperson who will be able to facilitate

25   your discussions, who can help you organize the evidence, who

1    will encourage civility and mutual respect among all of you,

2    and who will invite each juror to speak up regarding his or her

3    views about the evidence, and who will promote a fair and full

4    consideration of the evidence.

5           I would like to remind you -- this will sound

6    familiar -- that in some cases, although not necessarily this

7    one, there may be reports in the newspaper or on the radio,

8    internet, or television concerning this case.  If there should

9    be such media coverage in this case, during your deliberations

10   you may be tempted to read, listen to, or watch it.  You must

11   not read, listen to, or watch such reports because you must

12   decide this case solely on the evidence presented in this

13   courtroom.  If any publicity about this trial inadvertently

14   comes to your attention, do not discuss it with other jurors or

15   anyone else.  Just let me know, through Mr. Haley, as soon

16   after it happens as you can, or through the security guard who

17   will be seated outside your deliberations, and I will then give

18   you a chance to briefly discuss it with me.

19          As you retire to the jury room to deliberate, I also

20   want to remind you of an instruction I have given you at the

21   beginning of the trial and every day since.  During

22   deliberations you can talk to each other, finally, but you may

23   not communicate with anyone not on the jury about this case.

24   This includes any electronic communication, such as email or

25   text or blogging about the case.  In addition, you may not

1      conduct any independent investigation during deliberations.

2      This means you may not conduct any research in person or

3      electronically via the internet or in any other way.

4              If it becomes necessary during your deliberations to

5      communicate with me, you may send a note by the clerk or the

6      marshal, signed by your foreperson or by one or more members of

7      the jury.  No member of the jury should try to communicate with

8      me except by such a signed note, and I will never communicate

9      with any member of the jury on any matter concerning the merits

10     of the case, except in writing or orally here in open court.

11             Bear in mind that you are never, under any

12     circumstances, to reveal to any person -- not the clerk, the

13     marshal, or even me -- how jurors are voting until after you've

14     reached a unanimous verdict.  This means that you should never

15     tell me in writing, in a note, or in open court how the jury is

16     divided on any matter; for example we're six to six, seven to

17     five, or eleven to one, or in any other fashion, whether the

18     vote is for conviction or acquittal or on any other issue in

19     the case.

20             Can I see counsel briefly at the bench.

21             (Bench discussion:)

22             THE COURT:  I just want to make sure all the

23     objections to the text of the -- instruction, properly noted

24     yesterday -- but do you have any objections at this point to

25     the way they were read or anything that's been omitted?

1          MR. TAYLOR:  I'm sorry.  In your instructions?

2          THE COURT:  In the instructions, to the reading of

3     the instructions.

4          MR. TAYLOR:  To the reading of them?  No.  I have

5     objection to the content.

6          THE COURT:  To the content as stated.  That's what I

7     said at the beginning.  Okay.  And I guess yesterday we left

8     dangling the venue issue.  Is that an issue in the case?

9          MR. TAYLOR:  No, it's not an issue.

10         THE COURT:  All right.  Thank you.

11         MR. CAMPOAMOR-SANCHEZ:  And I take, before Mr. Taylor

12    goes, that he still would prefer to keep juror number 7.

13         MR. TAYLOR:  Correct.

14         MR. CAMPOAMOR-SANCHEZ:  Okay.

15         THE COURT:  All right.

16         (Open court:)

17         THE COURT:  All right.  Members of the jury, the last

18    thing I must do before you begin your deliberations is to

19    excuse the alternate jurors.  As I told you at the beginning of

20    the trial, the selection of alternates was an entirely random

21    process and it's nothing personal.  We selected two seats to be

22    the alternate seats before any of you entered the courtroom.

23         Since the rest of you have remained healthy and

24    attentive, I can now -- and with some regret, because, like

25    everyone else, you both have been so attentive for so long --

1      but I'm now going to excuse the jurors in seats 13 and 14.

2               Before you two leave, I'm going to ask you to tear

3      out a page from your notebook to write down your name and a

4      daytime phone number and to give it to Mr. Haley.  I do this

5      because it is possible, although unlikely, that we could need

6      to summon you back to rejoin the jury in case something happens

7      to a regular juror.  And since that possibility exists, I also

8      must instruct you that you still may not discuss the case with

9      anyone until we call you.

10              My earlier instruction on the use of the internet

11      still applies.  Do not research the case or communicate about

12      it on the internet.  In all likelihood, we will be calling you

13      to tell you when there has been a verdict and that you are now

14      free to discuss the case.  But there is, however, the small

15      chance that we will need to bring you back to deliberate as

16      part of the jury, and so that is why these instructions pertain

17      to you.

18              I want to thank you both very much for your service,

19      your attention.  Everyone has observed how closely you've paid

20      attention to the case.  And, so, we very much appreciate your

21      service and your commitment to the long trial.  But I'm going

22      to excuse you now and ask you to please report back to the jury

23      office to turn in your badge on the way out.  And Mr. Haley

24      will take you out right now.

25              All right.  I'm going to wait for that process before

1        we take the rest of the jurors back.

2                   JUROR NO. 13:  Thank you, Your Honor.

3                   (Whereupon the two alternate jurors leave the

4        courtroom.)

5                   THE COURT:  All right.  We're going to have Mr. Haley

6        take you back to the jury room now.  He'll bring you the

7        verdict form and the exhibits shortly.

8                   You can each take your notebooks, you can take your

9        copies of the instructions.

10                  And as I mentioned earlier, there will be a point

11       when lunch is delivered to you in the jury room.

12                  Thank you very much.

13                  (Whereupon the jurors leave the courtroom.)

14                  THE COURT:  All right.  Counsel, I want to make

15       sure -- I'm sure he has them -- but if you can all make sure

16       that Mr. Haley has your cell phone numbers and a way to reach

17       you, if there's a communication from the jury.

18                  I also believe that you're going to need to confirm

19       with him that the exhibit list is 100 percent accurate before

20       it goes back to the jury.  I don't know if you've started that

21       process, but you need to do that.  And I'll leave that to you.

22                  Finally, it would -- ordinarily, at the end of the

23       day I would let Mr. Haley excuse them and not necessarily bring

24       them back into the courtroom.  But if they're still

25       deliberating at 5 p.m. this afternoon, given the length of the

1    break, I think it might be appropriate.  But it's up to you if

2    you would like to be here and bring them in at five and

3    instruct them not to talk about the case over the weekend.

4          MR. TAYLOR:  Your Honor, I think I have to put my

5    objections to the charge again on the record before the jury

6    retires.

7          THE COURT:  All the objections that you made at the

8    jury instruction conference?

9          MR. TAYLOR:  Yes.  The rule --

10         THE COURT:  Go ahead.  I don't want to -- I'm pretty

11   certain that no objection has been waived to the jury

12   instructions, but I don't want to not let you make your record.

13         MR. TAYLOR:  The rule is pretty specific.

14         THE COURT:  All right.

15         MR. TAYLOR:  So, to that end, we object to the

16   failure of the Court to give the instructions we requested and

17   discussed yesterday.  We object to the Court's failure to make

18   changes and additions that we requested yesterday at the charge

19   conference.

20         THE COURT:  All right.

21         MR. TAYLOR:  Particularly with regard to the issues

22   of willfulness and duty.  We object specifically to the failure

23   to tell the jury that the evidence must prove Mr. Craig knew he

24   had a duty and knew he was violating it.  And object to any

25   instruction, of course -- any instruction on duty for the

1       reasons which we have explained to the Court since the

2       beginning of the case.

3              With regard to -- and this is intended to preserve

4       each and every objection that we made yesterday, and each and

5       every request that we made yesterday.

6              The instruction on information-service employee as

7       given causes concern to us because it doesn't completely define

8       information-service employee as the statute does and it --

9              THE COURT:  I thought everyone agreed yesterday that

10      when it got to the point "or data" and thereafter, that it was

11      confusing and unnecessary and irrelevant, and that's where we

12      cut it off.  "Information" was the last things in the statute

13      before "or data."

14             MR. TAYLOR:  Well, Your Honor, I'm afraid that it, as

15      given, simply says it includes any person who is engaged in

16      furnishing, disseminating, or publishing accounts,

17      descriptions, or information.  And it doesn't tell them what

18      the other conditions are that follow that.  And it could be

19      interpreted by the jury to mean the -- in furnishing,

20      publishing accounts, description, or information, including the

21      report.  That's why, as I listened to it and I reflected on it,

22      I think that it is -- it is misleading.

23             THE COURT:  Well, you can state that objection at

24      this time.  I believe the record will reflect that yesterday

25      everyone agreed to where we would cut this instruction off.  I

1    would have read the whole thing.  I think the rest of the

2    instruction modifies the word "data" and doesn't modify the

3    things that came before.  And your objection is noted.  But,

4    the record yesterday will say what the record yesterday says.

5              MR. TAYLOR:  May I consult one time?

6              THE COURT:  Yes.

7              (Pause.)

8              MR. TAYLOR:  Your Honor, I think we objected

9    yesterday to giving any instruction on information-service

10   employee.

11             THE COURT:  That will also be noted in the record.

12             MR. TAYLOR:  Thank you, Your Honor.

13             THE COURT:  All right.  I think at this point the

14   most important thing is just to double check the exhibit list

15   so that Mr. Haley can get them to the jury and they can get

16   started.

17             THE COURTROOM DEPUTY:  We'll be back on the record at

18   five?

19             THE COURT:  Yes.

20             MR. CAMPOAMOR-SANCHEZ:  Yes, Your Honor.  We'll

21   certainly do that.  And my understanding is that the Court is

22   using a new system where exhibits will be available

23   electronically for the jury, but I just want to put in our

24   request, we would also like to have the paper copies available

25   to them.

1      The Court may recall, some of the exhibits are

2  originals.  But in addition, I think, it is at least evident to

3  us that some people prefer to do stuff on the screen and some

4  people prefer to have paper.  And so I think it would be

5  helpful for the jurors to also have the paper copies.

6      THE COURT:  Well, if you both have paper and you both

7  have the opportunity to review each other's binders and make

8  sure there's nothing in there that shouldn't be in there, you

9  can do that as well.  I think this is not the first time that

10 we have used the electronic system in this courtroom.  It's

11 been used in a lot of other courtrooms, and I think the jurors

12 find it very user-friendly.

13      So, I'll let you all decide among yourselves what you

14 want to do about the binders, but you can't send any binders

15 back that the defense hasn't had an opportunity to review.

16      MR. CAMPOAMOR-SANCHEZ:  Understood.  Thank you.

17      THE COURT:  All right.  Anything further before I

18 leave the bench?

19      THE COURTROOM DEPUTY:  So we're going to come back at

20 five?

21      THE COURT:  Yes.

22      And I just want to commend everybody for the civility

23 and cooperation that has marked this entire trial.  It's very

24 intense for everyone emotionally.  I know the people on the

25 defense side are very committed to their client, and the people

1    on the government's side are very committed to their case, but

2    everyone acted professionally at every point through an

3    extremely long experience.  And not just the quality of the

4    lawyering it's been a pleasure to see, but also the

5    professionalism of the lawyers has been a pleasure to preside

6    over.  So thank you, everyone, for all of that.

7              (Recess.)

8              THE COURTROOM DEPUTY:  Your Honor, recalling case

9    number 19-125 the United States of America v. Gregory B. Craig.

10   Mr. Craig is present and in the courtroom.

11             THE COURT:  All right.  We've received a note from

12   the jury at 12:15 p.m.  I'm going to read it into the record,

13   but I just want to make sure both sides have had a chance to

14   see it.  Have both sides seen it?

15             MS. GASTON:  Yes, Your Honor.

16             THE COURT:  All right.  The government is nodding.

17   The defense -- has the defense had a chance to see the note?

18             MR. TAYLOR:  Just got it.

19             MR. MURPHY:  Yes.

20             THE COURT:  The note from the jury says:  "Could you

21   clarify why the indictment charges from June 3rd, 2013 to

22   January 16, 2014, but the elements of the offense refers to

23   October 3rd, 2013?"

24             And it's signed by ███████████, foreperson.

25             That's a good question, that we're, obviously, not

1       going to answer directly.  So, what I was proposing -- I

2       decided to give you some language so I wouldn't have to dictate

3       it all, and then we can tinker.  But I was thinking that we

4       should say something to the effect of:  The date of October

5       3rd, 2013 has significance to the case, and the reason for that

6       is a legal issue outside of the jury's concern.  I thought

7       about saying:  And the legal reasons are not a matter for the

8       jury's concern, but that sounded a little condescending.

9              And then I would propose to go on to say, if you

10      think this is appropriate:  The charge under consideration is

11      whether the defendant engaged in the scheme to conceal material

12      facts from on or about June 3rd, 2013 until January 16, 2014.

13      Those exact dates need not be proved with certainty.  But you

14      have been instructed as a matter of law that in order to find

15      him guilty, you must all agree that the government has proved

16      beyond a reasonable doubt that he engaged in an affirmative act

17      of concealment on at least one occasion after October 3rd,

18      2013.

19              MR. TAYLOR:  Your Honor, the defense requests that

20      you modify this instruction as follows:  In the second line

21      from the bottom, strike the words "engaged in an affirmative

22      act of concealment on at least one occasion," and insert the

23      words "concealed a material fact, on which you all agree,"

24      comma.

25              In other words, an act of concealment is not

1    sufficient.  It is the concealment of a material fact which

2    violates the statute that must be proved after October 3rd.

3              THE COURT:  Well, I think, though, that we're more

4    talking about the statute of limitations and the scheme, that

5    what we found under *Bramblett* and *Hubbell* was that you have to

6    take an affirmative step in furtherance of the scheme to bring

7    it within the statute.

8              So, I think -- I don't have a problem with adding

9    "concealment of a material fact," but I think it needs to say

10   that he "affirmatively concealed a material fact" or

11   something --

12             MR. TAYLOR:  Yes.

13             THE COURT:  It can't just be the continuation of the

14   scheme to --

15             MR. TAYLOR:  "Affirmatively concealed a material

16   fact" would be better.

17             THE COURT:  I mean, I was tracking what we said

18   initially.

19             But does the government have any problem with that?

20             MS. GASTON:  One second, please.

21             THE COURT:  All right.

22             (Pause.)

23             MS. GASTON:  The government would have two proposals,

24   Your Honor.  The first is rather than saying, in the first

25   sentence, that the date of October 3rd, 2013 has

```
 1    significance --
 2              MR. TAYLOR:  I'm sorry, Miss Gaston.
 3              MS. GASTON:  This is not working?  Okay.
 4              The first would be in the first sentence, rather than
 5    saying that the date has significance to the case, that we
 6    simply say the reason for the date of October 3rd, 2013 is a
 7    legal issue outside of the jury's concern.  I just worry that
 8    saying that it has significance prompts more curiosity.
 9              THE COURT:  That concerned me, too.  I think that's
10    better.
11              Do you agree?
12              MR. TAYLOR:  That's fine.
13              THE COURT:  All right.  So tell me again, just the
14    reason --
15              MS. GASTON:  The reason for the date of October 3rd,
16    2013 is a legal issue outside of the jury's concern.
17              THE COURT:  I think that's better.
18              MS. GASTON:  And then on what Mr. Taylor just
19    suggested, I would suggest that in the penultimate line after
20    "beyond a reasonable doubt," that it simply say "concealed or
21    covered up a material fact on at least one occasion after
22    October 3rd, 2013," which tracks the element of the offense.
23              THE COURT:  Should we just be complete and say, "You
24    must all agree that the government has proved beyond a
25    reasonable doubt that he concealed or covered up a material
```

1      fact by trick, scheme, or device after October 3rd, 2013"?

2              MR. TAYLOR:  We like the word "affirmatively" that

3      you have in your initial instruction.

4              MS. GASTON:  I don't think that we need the word

5      "affirmatively," and that could lead to confusion.

6              MR. TAYLOR:  I'm sorry?

7              MS. GASTON:  I don't think that we need the word

8      "affirmatively," given the other instructions that they've been

9      provided.

10             THE COURT:  Well, I said, to prove the fourth

11     element, a trick, scheme, or device, the government must show

12     that the defendant engaged in an affirmative act to conceal.

13     And then when I said -- this brings me back to the first

14     element, "You must find that he engaged in an affirmative act

15     of concealment on at least one occasion."  So I've used that

16     language already, and I think either I should say -- because

17     he's not charged with omissions, he's charged with a scheme to

18     conceal, as has been drummed into my head -- that we either

19     need the word "scheme" or "affirmative" when we talk about

20     this.

21             So, I think if we say, "You all must agree that the

22     government has proved beyond a reasonable doubt that he

23     concealed or covered up a material fact by scheme, trick, or

24     device," then that is defined as affirmative and we can do it

25     that way.  Or we can compress it by saying that he

1      "affirmatively concealed or covered up a material fact."

2              I think I've made it very clear to them, in multiple

3      places, it has to be affirmative and not passive.  So I don't

4      have a problem saying that again.

5              MR. TAYLOR:  Well, then we request that you include

6      the language as you did in the second numbered element, "which

7      he had a duty to disclose."  Concealed or covered up a material

8      fact which he had a duty to disclose.

9              THE COURT:  I don't think I need to give all the

10     instructions again.  I'm really just trying to tell them what

11     they have to find.  I, frankly, don't know that I need to say

12     anything, other than the reason for the date of October 3rd,

13     2013 is a legal issue outside the jury's concern, and maybe

14     that way we don't have to figure out which of all the other

15     instructions we want to restate here.

16             MR. TAYLOR:  But if you choose to answer, the answer

17     must be accurate and complete.

18             THE COURT:  I have no choice.

19             MR. TAYLOR:  Your Honor, no, seriously, it seems to

20     me that the correct thing for the Court to do is to essentially

21     restate the -- what you said in the original charge, but that

22     you should restate it now and it should say that he "concealed

23     or covered up a material fact which he had a legal duty to

24     disclose."

25             MS. GASTON:  And the government would support doing

1          what the Court just proposed, which is simply providing the

2          first sentence, which is the direct answer to their question.

3                    THE COURT:  Well, I could do that.  I think they're

4          troubled, confused by this.  So I think I should restate the

5          importance of it and how the two work together.  I think -- and

6          there's some nodding on the defense side of the courtroom.  So

7          I'm going to take it by that that Mr. Murphy, at least, agrees.

8                    MR. MURPHY:  But I don't get a vote, Your Honor.  I'm

9          just one.

10                   THE COURT:  Oh, come on, you matter.

11                   All right.  I don't have a problem with putting it

12         all in.  The charge under consideration is whether the

13         defendant engaged in the scheme to conceal material facts from

14         on or about June 3rd, 2013 until January 16, 2014.  Those exact

15         dates need not be proved with certainty.  But you have been

16         instructed as a matter of law that in order to find him guilty,

17         you must all agree that the government has proved beyond a

18         reasonable doubt that he affirmatively concealed or covered up

19         a material fact he had a duty to disclose on at least one

20         occasion after October 3rd, 2013.

21                   That's what I'm going to tell them.  Should I read it

22         to them or should I write it?  Sir?

23                   MR. MURPHY:  Your Honor, in the second line of that

24         paragraph, could you change the word from "the scheme" to "a

25         scheme"?

1          THE COURT:  All right.  We can bring them in and I

2     can read it to them.  Should we do that?

3          MR. TAYLOR:  I think you should read it and give it

4     to them, Your Honor.

5          THE COURT:  I don't actually have a physical copy, so

6     I'm going to read it to them.  I'm just going to read it to

7     them, otherwise I would write it on the note and send it back

8     in, but -- to have a record that that's exactly what happened.

9          They're probably -- are they eating lunch yet,

10    Mr. Haley?

11         THE COURTROOM DEPUTY:  Lunch came.  They're waiting

12    for this.

13         THE COURT:  Why don't we bring them in and I'll read

14    them the answer, and then they can go back.

15         (Whereupon the jury enters the courtroom.)

16         THE COURT:  All right.  Good afternoon.  I have a

17    note from your foreperson -- who has a wonderfully clear

18    handwriting -- that said, "Could you clarify why the indictment

19    charges from June 3rd, 2013 to January 16, 2014, but the

20    elements of the offense refers to October 3rd, 2013?"

21         My answer is as follows:  The reason for the date of

22    October 3rd, 2013 is a legal issue which is outside of the

23    jury's concern.  The charge under consideration is whether the

24    defendant engaged in a scheme to conceal material facts from on

25    or about June 3rd, 2013 until on or about January 16, 2014.

1    Those exact dates need not be proved with certainty.  But you

2    have been instructed as a matter of law that in order to find

3    him guilty, you must all agree that the government has proved

4    beyond a reasonable doubt that he affirmatively concealed or

5    covered up a material fact he had a duty to disclose on at

6    least one occasion after October 3rd, 2013.

7             I also want to apologize to you.  When I excused you

8    last Thursday afternoon, I told you that when you came back, we

9    would hear closing arguments and instructions and then you

10   would be able to deliberate all day Wednesday and half of

11   Thursday.  After you disbursed, we learned that one juror had

12   relied on my earlier statement during jury selection that both

13   Thursday and Friday we weren't sitting and had made --

14   developed a conflict.  And, so, to accommodate that, we assured

15   that juror that we would go back to what I originally said.

16   And I forgot to tell you that when you all gathered back here

17   yesterday, or again this morning.

18            So that is why when -- I believe it was Mr. Haley,

19   told you, when he took you back to the jury room, that we'll

20   bring you back at 5 p.m., but then you would be excused until

21   Monday.  So I apologize for not keeping you up to date on those

22   things.

23            All right.  Thank you very much.

24            (Whereupon the jurors leave the courtroom.)

25            THE COURTROOM DEPUTY:  They're going to go to lunch.

1    I'm going to release them for an hour, counsel.

2              THE COURT:  Yes.

3              THE COURTROOM DEPUTY:  Counsel, 2 o'clock.  I'll let

4    them go until two, so they can do their lunch.  So you guys

5    don't expect anything from me until 2 o'clock.

6              MR. TAYLOR:  Okay.

7              THE COURT:  All right.  Thank you everybody for

8    gathering quickly.

9              MR. TAYLOR:  Your Honor, are you going to send in a

10   written version of what you just read to them?

11             THE COURT:  I don't think so.  I think I've responded

12   to the note.  I don't think I have to respond in writing and

13   orally.  I think this was an adequate substitute.

14             MR. TAYLOR:  Well, we would request that you do that.

15   I mean, you gave them your other instructions in writing,

16   they've asked for this.

17             THE COURT:  Well, your point of view -- I've never

18   seen that done.  I've seen the other judges scribble on the

19   thing, the note, and send it back, or they bring them in and

20   they answer the question.

21             MR. CAMPOAMOR-SANCHEZ:  Right.  So I thought the

22   choice was because they were here, available, to bring them in

23   and tell them.  I don't think there's a need --

24             THE COURT:  I don't think I need to write it in my

25   handwriting and have them worry about what I just said.  I

1    think I answered the question; basically, is that we're not

2    answering the question.  I don't think there's anything further

3    to do.

4                    MR. TAYLOR:  Very well, Your Honor.

5                    THE COURT:  Thank you.

6                    (Recess.)

7                    THE COURTROOM DEPUTY:  Your Honor, recalling criminal

8    case number 19-125, the United States of America v. Gregory B.

9    Craig.  Mr. Craig is present here in the courtroom.

10                   THE COURT:  All right.  We've received a note from

11   the jury, indicating that they've reached a verdict.  So I'm

12   going to bring the jury in.  And we'll ask the foreperson to

13   tell us what the verdict is, and the parties can -- we're going

14   to bring the jury in and receive the verdict.

15                   I'm going to ask the people in the audience, whatever

16   your reaction is, to save it for after the jury has been

17   excused.

18                   I will -- I make a practice of asking the jurors to

19   return to the jury room and I speak to them briefly afterwards,

20   just to thank them for their service and ask them if there's

21   anything about the way their service was handled that they can

22   tell me that would be helpful for me in the future.  I don't

23   discuss the case with them.

24                   There have been cases in the past where counsel

25   wanted to know if they could talk to them, and I will tell them

1    that each one of them has an individual opportunity to decide

2    if they want to discuss their verdict with anyone or no one.

3    But if they all -- if they are all agreed that they don't want

4    to, then I will convey that information back.

5            But, that's all I expect to do in the jury room.  Is

6    there any reason why we shouldn't bring them in?

7            MR. CAMPOAMOR-SANCHEZ:  No, Your Honor.

8            MR. TAYLOR:  No.

9            THE COURT:  All right.

10           Mr. Haley.

11           (Whereupon the jurors enter the courtroom.)

12           THE COURTROOM DEPUTY:  Jury is all present, Your

13   Honor.

14           THE COURT:  All right.  Members of the jury, we

15   received a note that you've reached a verdict.  Is that

16   correct?

17           THE JURORS:  (Nod heads.)

18           THE COURT:  Will the foreperson please rise?  And you

19   can give the verdict form to Mr. Haley, who will ask you for

20   your verdict.

21           THE COURTROOM DEPUTY:  Will the defendant please

22   rise?

23           As to the charge that Gregory B. Craig did knowingly

24   and willfully conceal and cover up material facts in a matter

25   within the jurisdiction of the FARA Unit by trick, scheme, or

1    device, we, the members of the jury, unanimously find the

2    defendant not guilty.

3              Mr. Foreperson, please rise.

4              Mr. Foreperson, is this the unanimous vote of your

5    jury?

6              THE FOREPERSON:  It is, sir.

7              THE COURT:  Thank you.  Please be seated.

8              I don't think there's anything further that we need

9    from the jury at this time.

10             I'm going to ask you to indulge me one more time,

11   though, and before you leave the building, to just step back

12   into the jury room.  I would like to have the opportunity to

13   thank you for your service personally, and just discuss a few

14   procedural matters about your service, and then you'll be

15   excused.  But thank you very much for the time and the

16   attention you've paid to this case.

17             (Whereupon the jurors leave the courtroom.)

18             THE COURT:  I don't believe there are any further

19   matters for us to take up at this time.  So the parties and

20   counsel are all excused.

21             Thank you very much, everyone.

22             MR. MURPHY:  Thank you, Your Honor.

23                         *   *   *

24

25

3603

CERTIFICATE OF OFFICIAL COURT REPORTER


          I, JANICE DICKMAN, do hereby certify that the above

and foregoing constitutes a true and accurate transcript of my

stenograph notes and is a full, true and complete transcript of

the proceedings to the best of my ability.

                    Dated this 4th day of September, 2019.



                    /s/_____

                    Janice E. Dickman, CRR, RMR, CRC
                    Official Court Reporter
                    Room 6523
                    333 Constitution Avenue NW
                    Washington, D.C. 20001

## /

**/s** [1] - 3603:12

## 1

**100** [2] - 3559:22, 3585:19
**1000** [1] - 3560:3
**12:15** [1] - 3590:12
**13** [2] - 3584:1, 3585:2
**14** [1] - 3584:1
**16** [9] - 3559:5, 3559:8, 3572:18, 3572:24, 3590:22, 3591:12, 3596:14, 3597:19, 3597:25
**1800** [1] - 3560:2
**19-125** [3] - 3561:2, 3590:9, 3600:8
**19-CR-125** [1] - 3559:3

## 2

**2** [2] - 3599:3, 3599:5
**20001** [2] - 3560:9, 3603:15
**20036** [1] - 3560:3
**2013** [22] - 3572:18, 3572:24, 3573:8, 3575:24, 3590:21, 3590:23, 3591:5, 3591:12, 3591:18, 3592:25, 3593:6, 3593:16, 3593:22, 3594:1, 3595:13, 3596:14, 3596:20, 3597:19, 3597:20, 3597:22, 3597:25, 3598:6
**2014** [7] - 3572:18, 3572:24, 3590:22, 3591:12, 3596:14, 3597:19, 3597:25
**2019** [2] - 3559:6, 3603:9
**202** [3] - 3559:15, 3559:19, 3560:4
**202-354-3267** [1] - 3560:9
**20530** [2] - 3559:15, 3559:18
**21202** [1] - 3559:23
**233-0986** [1] - 3559:19
**2440** [1] - 3559:23
**252-7698** [1] - 3559:15

## 3

**333** [2] - 3560:8, 3603:14
**3rd** [23] - 3572:18, 3572:24, 3573:7, 3575:24, 3590:21, 3590:23, 3591:5, 3591:12, 3591:17, 3592:2, 3592:25, 3593:6, 3593:15, 3593:22, 3594:1, 3595:12, 3596:14, 3596:20, 3597:19, 3597:20, 3597:22, 3597:25, 3598:6

## 4

**4** [1] - 3559:6
**410** [1] - 3559:24
**4th** [1] - 3603:9

## 5

**5** [2] - 3585:25, 3598:20
**555** [1] - 3559:14

## 6

**6523** [2] - 3560:8, 3603:14

## 7

**7** [1] - 3583:12
**778-1814** [1] - 3560:4

## 9

**949-1146** [1] - 3559:24
**950** [1] - 3559:18
**9:00** [1] - 3559:7

## A

**a.m** [1] - 3559:7
**Aabelson@zuckerman.com** [1] - 3559:25
**Abelson** [2] - 3559:21, 3561:12
**abiding** [1] - 3571:23
**ability** [2] - 3569:7, 3603:8
**able** [2] - 3580:24, 3598:10
**absence** [1] - 3574:17
**absolute** [1] - 3571:14
**accept** [2] - 3569:23, 3570:23
**acceptable** [1] - 3567:25
**accommodate** [1] - 3598:14
**accounts** [3] - 3578:5, 3587:16, 3587:20
**accuracy** [1] - 3569:4
**accurate** [5] - 3568:23, 3569:24, 3585:19, 3595:17, 3603:6
**accurately** [1] - 3568:16
**accusing** [1] - 3564:20
**acquittal** [1] - 3582:18
**act** [10] - 3567:1, 3575:13, 3575:21, 3575:23, 3579:5, 3591:16, 3591:22, 3591:25, 3594:12, 3594:14
**Act** [5] - 3576:9, 3576:21
**acted** [5] - 3573:14, 3576:2, 3576:3, 3579:3, 3590:2
**acting** [2] - 3575:6, 3579:8
**Action** [1] - 3559:3
**action** [1] - 3561:2
**actions** [2] - 3575:2, 3579:6
**activities** [4] - 3577:5, 3577:8, 3577:12, 3578:11
**activity** [2] - 3577:12, 3578:7
**acts** [10] - 3575:17, 3575:25, 3576:1, 3576:21, 3577:2, 3577:3, 3577:9, 3578:12, 3578:18
**actual** [1] - 3567:10
**Adam** [3] - 3559:17, 3559:21, 3561:12
**adding** [1] - 3592:8
**addition** [2] - 3581:25, 3589:2
**additions** [1] - 3586:18
**addressed** [1] - 3574:25
**adequate** [1] - 3599:13
**admissible** [1] - 3565:6
**admitted** [8] - 3563:1, 3564:3, 3564:5, 3565:15, 3565:16, 3565:23, 3580:13, 3580:16
**advertising** [1] - 3578:1
**advising** [1] - 3577:19
**affect** [1] - 3570:6
**affects** [1] - 3568:19
**affirmatively** [8] - 3592:10, 3592:15, 3594:2, 3594:5, 3594:8, 3595:1, 3596:18, 3598:4
**afraid** [1] - 3587:14
**afternoon** [3] - 3585:25, 3597:16, 3598:8
**afterwards** [1] - 3600:19
**agency** [2] - 3574:25, 3577:14
**agent** [8] - 3576:13, 3576:21, 3577:1, 3577:2, 3577:10, 3577:22, 3578:10, 3578:12
**Agents** [2] - 3576:9, 3576:20
**agree** [10] - 3575:8, 3575:10, 3580:1, 3591:15, 3591:23, 3593:11, 3593:24, 3594:21, 3596:17, 3598:3
**agreed** [6] - 3564:8, 3570:16, 3570:17, 3587:9, 3587:25, 3601:3
**agreement** [6] - 3570:15, 3570:23, 3571:4, 3571:7, 3571:9, 3571:11
**agrees** [1] - 3596:7
**ahead** [1] - 3586:10
**aid** [1] - 3563:21
**alleged** [2] - 3572:19, 3572:22
**alone** [5] - 3563:2, 3563:3, 3568:12, 3572:11, 3575:18
**alternate** [3] - 3583:19, 3583:22, 3585:3
**alternates** [1] - 3583:20
**Amanda** [1] - 3561:8
**America** [4] - 3559:3, 3561:2, 3590:9, 3600:8
**AMY** [1] - 3559:9
**answer** [12] - 3565:9, 3565:11, 3565:12, 3574:6, 3574:11,

3591:1, 3595:16, 3596:2,
3597:14, 3597:21, 3599:20
**answered** [2] - 3565:10, 3600:1
**answering** [1] - 3600:2
**answers** [1] - 3574:16
**apologize** [2] - 3598:7, 3598:21
**appear** [2] - 3565:20, 3565:21
**applies** [2] - 3562:4, 3584:11
**apply** [2] - 3562:5, 3571:2
**appreciate** [2] - 3561:25, 3584:20
**approach** [1] - 3561:4
**appropriate** [2] - 3586:1, 3591:10
**argument** [1] - 3565:1
**arguments** [2] - 3564:16, 3598:9
**asleep** [1] - 3567:23
**asserts** [1] - 3567:10
**assist** [2] - 3564:17, 3580:11
**assume** [2] - 3567:15, 3567:19
**assured** [1] - 3598:14
**attention** [6] - 3562:11, 3570:18, 3581:14, 3584:19, 3584:20, 3602:16
**attentive** [2] - 3583:24, 3583:25
**ATTORNEYS** [1] - 3559:13
**attorneys** [1] - 3563:14
**audience** [1] - 3600:15
**authority** [1] - 3576:7
**available** [3] - 3588:22, 3588:24, 3599:22
**Avenue** [3] - 3559:18, 3560:8, 3603:14

## B

**badge** [1] - 3584:23
**Baltimore** [1] - 3559:23
**based** [7] - 3566:18, 3566:19, 3567:3, 3576:13, 3579:22, 3580:23
**bear** [2] - 3576:17, 3582:11
**becomes** [1] - 3582:4
**BEFORE** [1] - 3559:9
**begin** [1] - 3583:18
**beginning** [5] - 3563:20, 3581:21, 3583:7, 3583:19, 3587:2
**behalf** [1] - 3575:7
**behavior** [1] - 3568:20
**belief** [5] - 3579:7, 3579:9, 3579:10, 3579:12, 3579:14
**believability** [1] - 3563:4
**believes** [2] - 3577:13, 3579:5
**bench** [3] - 3582:20, 3582:21, 3589:18
**BERMAN** [1] - 3559:9
**best** [1] - 3603:8
**better** [3] - 3592:16, 3593:10,

3593:17
**between** [2] - 3569:7, 3569:12
**beyond** [20] - 3566:3, 3566:6, 3566:10, 3566:13, 3566:17, 3567:4, 3567:6, 3568:9, 3571:1, 3572:8, 3572:21, 3573:6, 3579:2, 3580:10, 3591:16, 3593:20, 3593:24, 3594:22, 3596:17, 3598:4
**bias** [1] - 3570:4
**biased** [1] - 3570:3
**Bill** [2] - 3561:11, 3561:12
**binders** [3] - 3589:7, 3589:14
**bit** [1] - 3576:8
**blacked** [2] - 3565:18, 3565:21
**blogging** [1] - 3581:25
**body** [1] - 3574:25
**books** [1] - 3578:1
**bottom** [1] - 3591:21
**Bradley** [1] - 3559:17
**Bramblett** [1] - 3592:5
**branch** [2] - 3573:18, 3576:6
**break** [1] - 3586:1
**briefly** [3] - 3581:18, 3582:20, 3600:19
**bring** [15] - 3561:16, 3570:17, 3584:15, 3585:6, 3585:23, 3586:2, 3592:6, 3597:1, 3597:13, 3598:20, 3599:19, 3599:22, 3600:12, 3600:14, 3601:6
**brings** [2] - 3575:21, 3594:13
**broadcasts** [1] - 3578:2
**building** [1] - 3602:11
**burden** [3] - 3566:3, 3566:12, 3567:6

## C

**Campoamor** [2] - 3559:12, 3561:7
**CAMPOAMOR** [8] - 3561:6, 3561:18, 3583:11, 3583:14, 3588:20, 3589:16, 3599:21, 3601:7
**Campoamor-Sanchez** [1] - 3559:12
**CAMPOAMOR-SANCHEZ** [8] - 3561:6, 3561:18, 3583:11, 3583:14, 3588:20, 3589:16, 3599:21, 3601:7
**cannot** [4] - 3566:22, 3574:8, 3574:20, 3578:14
**capability** [1] - 3570:6
**capable** [2] - 3574:24, 3575:5
**capacity** [1] - 3577:3
**careful** [2] - 3566:20, 3566:25
**case** [47] - 3562:1, 3562:4, 3562:25, 3563:8, 3563:10, 3563:12, 3563:22, 3564:4,

3564:25, 3565:25, 3566:20, 3567:8, 3568:6, 3569:2, 3569:3, 3570:16, 3571:14, 3572:4, 3572:20, 3575:1, 3576:10, 3576:14, 3579:7, 3579:22, 3580:5, 3581:8, 3581:9, 3581:12, 3581:23, 3581:25, 3582:10, 3582:19, 3583:8, 3584:6, 3584:8, 3584:11, 3584:14, 3584:20, 3586:3, 3587:2, 3590:1, 3590:8, 3591:5, 3593:5, 3600:8, 3600:23, 3602:16
**cases** [5] - 3566:13, 3566:15, 3566:16, 3581:6, 3600:24
**causes** [1] - 3587:7
**caution** [1] - 3571:12
**cell** [1] - 3585:16
**certain** [3] - 3564:8, 3576:23, 3586:11
**certainly** [1] - 3588:21
**certainty** [6] - 3567:5, 3568:5, 3572:19, 3591:13, 3596:15, 3598:1
**CERTIFICATE** [1] - 3603:2
**certify** [1] - 3603:5
**chance** [4] - 3581:18, 3584:15, 3590:13, 3590:17
**change** [2] - 3574:19, 3596:24
**changes** [1] - 3586:18
**character** [3] - 3572:5, 3572:7, 3572:11
**charge** [7] - 3586:5, 3586:18, 3591:10, 3595:21, 3596:12, 3597:23, 3601:23
**charged** [6] - 3566:8, 3572:2, 3572:9, 3576:10, 3594:17
**charges** [6] - 3568:9, 3570:17, 3572:14, 3572:23, 3590:21, 3597:19
**check** [1] - 3588:14
**choice** [2] - 3595:18, 3599:22
**choose** [1] - 3595:16
**chooses** [1] - 3574:18
**choses** [1] - 3574:13
**circumstances** [8] - 3567:12, 3569:5, 3569:6, 3569:9, 3578:17, 3578:19, 3579:1, 3582:12
**circumstantial** [7] - 3567:9, 3567:13, 3567:22, 3567:24, 3568:3, 3568:4, 3568:7
**civil** [1] - 3566:13
**civility** [2] - 3581:1, 3589:22
**clarify** [2] - 3590:21, 3597:18
**clear** [2] - 3595:2, 3597:17
**clerk** [2] - 3582:5, 3582:12
**client** [1] - 3589:25
**closely** [1] - 3584:19
**closing** [1] - 3598:9

**colored** [1] - 3570:5
**COLUMBIA** [2] - 3559:1, 3559:14
**Columbia** [1] - 3572:25
**comma** [1] - 3591:24
**commend** [1] - 3589:22
**commit** [1] - 3572:2
**commitment** [1] - 3584:21
**committed** [5] - 3572:17, 3572:22, 3578:18, 3589:25, 3590:1
**communicate** [5] - 3581:23, 3582:5, 3582:7, 3582:8, 3584:11
**communication** [2] - 3581:24, 3585:17
**communications** [1] - 3576:16
**community** [1] - 3571:25
**complete** [3] - 3593:23, 3595:17, 3603:7
**completely** [1] - 3587:7
**comply** [1] - 3579:6
**compress** [1] - 3594:25
**conceal** [9] - 3575:13, 3575:15, 3579:8, 3591:11, 3594:12, 3594:18, 3596:13, 3597:24, 3601:24
**concealed** [18] - 3573:1, 3573:9, 3573:12, 3573:16, 3574:9, 3575:8, 3576:15, 3591:23, 3592:10, 3592:15, 3593:20, 3593:25, 3594:23, 3595:1, 3595:7, 3595:22, 3596:18, 3598:4
**concealing** [1] - 3572:15
**concealment** [10] - 3573:21, 3575:4, 3575:17, 3575:23, 3591:17, 3591:22, 3591:25, 3592:1, 3592:9, 3594:15
**concern** [8] - 3579:18, 3587:7, 3591:6, 3591:8, 3593:7, 3593:16, 3595:13, 3597:23
**concerned** [2] - 3569:3, 3593:9
**concerning** [2] - 3581:8, 3582:9
**concluded** [1] - 3580:4
**conclusions** [1] - 3567:13
**condescending** [1] - 3591:8
**conditions** [1] - 3587:18
**conduct** [5] - 3562:2, 3576:4, 3579:16, 3582:1, 3582:2
**conference** [2] - 3586:8, 3586:19
**confirm** [1] - 3585:18
**conflict** [1] - 3598:14
**confused** [1] - 3596:4
**confusing** [1] - 3587:11
**confusion** [1] - 3594:5
**consequences** [1] - 3578:22
**consider** [31] - 3562:6, 3562:18, 3564:2, 3564:9, 3564:10, 3564:21, 3564:22, 3565:22,

3568:6, 3568:10, 3568:18, 3568:20, 3569:5, 3569:17, 3569:21, 3569:24, 3570:4, 3570:19, 3570:24, 3571:1, 3571:6, 3571:8, 3571:18, 3572:3, 3578:17, 3578:25, 3579:11, 3579:23, 3580:14, 3580:17, 3580:24
**consideration** [6] - 3563:8, 3566:21, 3581:4, 3591:10, 3596:12, 3597:23
**considered** [2] - 3571:12, 3579:24
**considering** [1] - 3571:2
**considers** [1] - 3570:20
**consists** [1] - 3564:4
**constitute** [1] - 3575:18
**constitutes** [1] - 3603:6
**Constitution** [2] - 3560:8, 3603:14
**consult** [1] - 3588:5
**content** [2] - 3583:5, 3583:6
**continuation** [1] - 3592:13
**contradicted** [1] - 3569:25
**contradicts** [1] - 3572:4
**control** [2] - 3563:16, 3577:4
**controlled** [1] - 3577:6
**convenience** [1] - 3562:14
**convey** [2] - 3580:6, 3601:4
**conviction** [3] - 3579:18, 3579:21, 3582:18
**convinced** [2] - 3566:22, 3572:8
**convincing** [1] - 3572:13
**cooperation** [2] - 3570:18, 3589:23
**copies** [3] - 3585:9, 3588:24, 3589:5
**copy** [3] - 3562:9, 3562:15, 3597:5
**correct** [3] - 3583:13, 3595:20, 3601:16
**counsel** [8] - 3577:9, 3577:17, 3582:20, 3585:14, 3599:1, 3599:3, 3600:24, 3602:20
**Counsel** [1] - 3561:4
**country** [1] - 3578:9
**course** [3] - 3565:7, 3565:14, 3586:25
**COURT** [60] - 3559:1, 3561:10, 3561:14, 3561:19, 3561:21, 3561:23, 3582:22, 3583:2, 3583:6, 3583:10, 3583:15, 3583:17, 3585:5, 3585:14, 3586:7, 3586:10, 3586:14, 3586:20, 3587:9, 3587:23, 3588:6, 3588:11, 3588:13, 3588:19, 3589:6, 3589:17, 3589:21, 3590:11, 3590:16, 3590:20, 3592:3, 3592:13,

3592:17, 3592:21, 3593:9, 3593:13, 3593:17, 3593:23, 3594:10, 3595:9, 3595:18, 3596:3, 3596:10, 3597:1, 3597:5, 3597:13, 3597:16, 3599:2, 3599:7, 3599:11, 3599:17, 3599:24, 3600:5, 3600:10, 3601:9, 3601:14, 3601:18, 3602:7, 3602:18, 3603:2
**Court** [9] - 3560:7, 3560:7, 3586:16, 3587:1, 3588:21, 3589:1, 3595:20, 3596:1, 3603:13
**court** [5] - 3567:17, 3580:20, 3582:10, 3582:15, 3583:16
**Court's** [1] - 3586:17
**Courthouse** [1] - 3560:8
**COURTROOM** [10] - 3561:1, 3588:17, 3589:19, 3590:8, 3597:11, 3598:25, 3599:3, 3600:7, 3601:12, 3601:21
**courtroom** [15] - 3561:3, 3561:22, 3581:13, 3583:22, 3585:4, 3585:13, 3585:24, 3589:10, 3590:10, 3596:6, 3597:15, 3598:24, 3600:9, 3601:11, 3602:17
**courtrooms** [1] - 3589:11
**cover** [3] - 3578:6, 3579:8, 3601:24
**coverage** [1] - 3581:9
**covered** [13] - 3573:1, 3573:9, 3573:12, 3573:16, 3576:15, 3593:21, 3593:25, 3594:23, 3595:1, 3595:7, 3595:23, 3596:18, 3598:5
**covering** [1] - 3572:16
**Craig** [20] - 3559:6, 3561:3, 3561:13, 3566:5, 3566:8, 3566:11, 3566:12, 3571:22, 3572:9, 3578:18, 3579:3, 3579:15, 3579:16, 3586:23, 3590:9, 3590:10, 3600:9, 3601:23
**Craig's** [2] - 3564:23, 3572:5
**CRC** [2] - 3560:7, 3603:13
**create** [1] - 3572:11
**credibility** [5] - 3563:4, 3568:11, 3568:14, 3568:19, 3571:3
**credible** [1] - 3570:10
**credit** [1] - 3570:1
**crime** [4] - 3564:21, 3572:2, 3572:9, 3573:4
**Criminal** [1] - 3559:3
**criminal** [5] - 3561:1, 3565:25, 3566:15, 3571:14, 3600:17
**CRR** [2] - 3560:7, 3603:13
**curiosity** [1] - 3593:8

**cut** [2] - 3587:12, 3587:25

# D

**D.C** [1] - 3603:15
**dangling** [1] - 3583:8
**data** [3] - 3587:10, 3587:13, 3588:2
**date** [10] - 3572:19, 3572:22, 3591:4, 3592:25, 3593:5, 3593:6, 3593:15, 3595:12, 3597:21, 3598:21
**Dated** [1] - 3603:9
**dates** [4] - 3572:22, 3591:13, 3596:15, 3598:1
**DAY** [1] - 3559:8
**daytime** [1] - 3584:4
**DC** [5] - 3559:6, 3559:15, 3559:18, 3560:3, 3560:9
**deceive** [1] - 3574:20
**decide** [13] - 3563:1, 3563:2, 3563:3, 3563:7, 3563:10, 3568:2, 3570:9, 3574:5, 3576:12, 3578:24, 3581:12, 3589:13, 3601:1
**decided** [1] - 3591:2
**decision** [6] - 3570:11, 3574:21, 3574:24, 3574:25, 3575:6
**decision-maker** [1] - 3575:6
**decision-making** [1] - 3574:25
**Defendant** [2] - 3559:7, 3559:20
**defendant** [30] - 3561:14, 3565:25, 3566:2, 3568:9, 3571:10, 3571:14, 3571:17, 3571:18, 3572:25, 3573:4, 3573:9, 3573:12, 3573:14, 3573:16, 3573:22, 3575:12, 3575:14, 3575:23, 3575:25, 3576:2, 3576:10, 3579:5, 3579:14, 3579:17, 3591:11, 3594:12, 3596:13, 3597:24, 3601:21, 3602:2
**defendant's** [5] - 3566:22, 3571:1, 3571:20, 3572:12, 3579:12
**defense** [7] - 3571:15, 3589:15, 3589:25, 3590:17, 3591:19, 3596:6
**define** [1] - 3587:7
**defined** [1] - 3594:24
**definition** [1] - 3577:1
**degree** [1] - 3568:5
**deleted** [1] - 3565:18
**deliberate** [3] - 3581:19, 3584:15, 3598:10
**deliberately** [1] - 3575:15
**deliberating** [1] - 3585:25
**deliberations** [15] - 3562:16, 3563:16, 3563:20, 3564:2, 3565:13, 3565:16, 3579:19,

3580:4, 3580:19, 3581:9, 3581:17, 3581:22, 3582:1, 3582:4, 3583:18
**delivered** [1] - 3585:11
**demeanor** [1] - 3568:20
**Department** [1] - 3559:17
**DEPUTY** [10] - 3561:1, 3588:17, 3589:19, 3590:8, 3597:11, 3598:25, 3599:3, 3600:7, 3601:12, 3601:21
**describe** [1] - 3573:19
**described** [1] - 3568:16
**description** [1] - 3587:20
**descriptions** [2] - 3578:5, 3587:17
**deserves** [3] - 3571:13, 3571:21, 3572:6
**designed** [1] - 3574:20
**desire** [1] - 3570:6
**detail** [2] - 3569:19, 3573:20
**details** [1] - 3569:10
**determination** [2] - 3574:20, 3576:18
**determine** [6] - 3562:24, 3563:5, 3567:8, 3568:12, 3570:4, 3579:14
**determining** [4] - 3568:8, 3569:23, 3570:25, 3579:2
**developed** [1] - 3598:14
**device** [8] - 3572:16, 3573:2, 3573:13, 3575:12, 3594:1, 3594:11, 3594:24, 3602:1
**Dickman** [2] - 3560:7, 3603:13
**DICKMAN** [1] - 3603:5
**dictate** [1] - 3591:2
**different** [3] - 3563:15, 3569:12, 3571:7, 3575:9
**differently** [1] - 3569:15
**direct** [8] - 3567:8, 3567:11, 3567:18, 3567:24, 3568:3, 3568:5, 3568:7, 3596:2
**directed** [2] - 3577:6, 3578:7
**direction** [1] - 3577:4
**directly** [4] - 3577:18, 3577:23, 3578:15, 3591:1
**disbelieved** [1] - 3571:16
**disbursed** [1] - 3598:11
**disclose** [9] - 3573:10, 3573:22, 3573:23, 3574:9, 3595:7, 3595:8, 3595:24, 3596:19, 3598:5
**disclosures** [1] - 3576:23
**discredit** [1] - 3569:13
**discrepancies** [1] - 3569:11
**discrepancy** [2] - 3569:17, 3569:19
**discuss** [7] - 3581:14, 3581:18, 3584:8, 3584:14, 3600:23, 3601:2, 3602:13
**discussed** [1] - 3586:17

**discussing** [1] - 3562:1
**discussion** [1] - 3582:21
**discussions** [1] - 3580:25
**dismiss** [1] - 3570:17
**disseminating** [2] - 3578:4, 3587:16
**dissemination** [1] - 3577:24
**DISTRICT** [4] - 3559:1, 3559:1, 3559:10, 3559:14
**District** [1] - 3572:24
**divided** [1] - 3582:16
**done** [3] - 3563:9, 3578:18, 3599:18
**double** [1] - 3588:14
**doubt** [31] - 3566:3, 3566:7, 3566:10, 3566:13, 3566:17, 3566:18, 3566:19, 3566:23, 3566:24, 3567:2, 3567:3, 3567:5, 3567:6, 3568:9, 3571:1, 3572:9, 3572:11, 3572:21, 3573:6, 3579:3, 3579:15, 3580:10, 3591:16, 3593:20, 3593:25, 3594:22, 3596:18, 3598:4
**down** [1] - 3584:3
**draw** [2] - 3564:11, 3564:23
**drawn** [1] - 3567:13
**drummed** [1] - 3594:18
**during** [15] - 3562:16, 3563:2, 3563:16, 3563:17, 3563:19, 3564:2, 3564:7, 3565:7, 3565:14, 3578:25, 3581:9, 3581:21, 3582:1, 3582:4, 3598:12
**duty** [21] - 3562:5, 3566:8, 3566:11, 3572:10, 3573:10, 3573:22, 3573:23, 3574:3, 3574:6, 3574:9, 3574:14, 3574:15, 3579:20, 3586:22, 3586:24, 3586:25, 3595:7, 3595:8, 3595:23, 3596:19, 3598:5

# E

**early** [1] - 3561:25
**East** [1] - 3559:22
**eating** [1] - 3597:9
**effect** [2] - 3569:17, 3591:4
**efficient** [1] - 3562:3
**either** [5] - 3564:22, 3570:3, 3577:7, 3594:16, 3594:18
**elapsed** [1] - 3569:7
**electronic** [2] - 3581:24, 3589:10
**electronically** [2] - 3582:3, 3588:23
**element** [11] - 3566:7, 3566:10, 3573:21, 3574:22, 3575:11, 3575:22, 3575:25, 3593:22,

3594:11, 3594:14, 3595:6
**elements** [5] - 3573:5, 3573:19, 3580:9, 3590:22, 3597:20
**eleven** [1] - 3582:17
**elsewhere** [1] - 3572:25
**Email** [8] - 3559:16, 3559:16, 3559:19, 3559:24, 3559:25, 3559:25, 3560:4, 3560:5
**email** [1] - 3581:24
**emarcus@zuckerman.com** [1] - 3560:5
**emotionally** [1] - 3589:24
**emphasize** [2] - 3564:16, 3570:8
**employee** [5] - 3577:10, 3578:3, 3587:6, 3587:8, 3588:10
**encourage** [1] - 3581:1
**end** [2] - 3585:22, 3586:15
**engage** [1] - 3578:11
**engaged** [11] - 3575:12, 3575:23, 3578:4, 3587:15, 3591:11, 3591:16, 3591:21, 3594:12, 3594:14, 3596:13, 3597:24
**engages** [3] - 3577:7, 3577:18, 3577:23
**engaging** [1] - 3577:13
**enter** [4] - 3561:22, 3570:22, 3579:19, 3601:11
**entered** [6] - 3570:14, 3571:3, 3571:7, 3571:9, 3571:11, 3583:22
**enters** [1] - 3597:15
**entire** [1] - 3589:23
**entirely** [2] - 3578:23, 3583:20
**entitled** [2] - 3564:14, 3570:13
**equal** [1] - 3568:4
**error** [1] - 3569:20
**essentially** [1] - 3595:20
**establish** [1] - 3572:19
**establishes** [1] - 3572:21
**ethnic** [1] - 3563:7
**evaluating** [3] - 3568:14, 3569:4, 3571:17
**evening** [1] - 3562:1
**event** [7] - 3569:5, 3569:7, 3569:8, 3569:10, 3579:18, 3579:20
**evidence** [67] - 3563:2, 3563:3, 3563:8, 3563:15, 3563:22, 3563:23, 3563:25, 3564:3, 3564:5, 3564:9, 3564:10, 3564:13, 3564:17, 3564:18, 3564:19, 3564:22, 3564:23, 3565:2, 3565:5, 3565:15, 3566:5, 3566:20, 3566:21, 3567:7, 3567:8, 3567:9, 3567:11, 3567:13, 3567:18, 3567:22, 3567:24, 3568:1, 3568:2, 3568:4, 3568:5, 3568:7,

3569:25, 3570:25, 3571:24, 3572:1, 3572:3, 3572:4, 3572:5, 3572:7, 3572:8, 3572:10, 3572:12, 3572:20, 3578:19, 3578:25, 3579:1, 3579:13, 3579:22, 3580:5, 3580:13, 3580:16, 3580:23, 3580:25, 3581:3, 3581:4, 3581:12, 3586:23
**evident** [1] - 3589:2
**exact** [4] - 3572:19, 3591:13, 3596:14, 3598:1
**exactly** [1] - 3597:8
**examine** [3] - 3565:19, 3580:14, 3580:17
**example** [4] - 3567:14, 3567:15, 3568:19, 3582:16
**except** [2] - 3582:8, 3582:10
**exclusive** [1] - 3563:13
**exclusively** [1] - 3579:21
**excuse** [4] - 3583:19, 3584:1, 3584:22, 3585:23
**excused** [5] - 3598:7, 3598:20, 3600:17, 3602:15, 3602:20
**executive** [2] - 3573:17, 3576:6
**exercise** [1] - 3576:7
**exhibit** [3] - 3565:16, 3585:19, 3588:14
**exhibits** [8] - 3564:5, 3565:14, 3565:19, 3580:13, 3580:15, 3585:7, 3588:22, 3589:1
**exists** [1] - 3584:7
**expect** [2] - 3599:5, 3601:5
**experience** [3] - 3564:13, 3569:16, 3590:3
**explain** [1] - 3576:19
**explained** [1] - 3587:1
**expressed** [1] - 3563:11
**extent** [1] - 3568:13
**extremely** [1] - 3590:3
**eyewitness** [1] - 3567:10
**Ezra** [2] - 3560:1, 3561:12

---

# F

**facilitate** [1] - 3580:24
**fact** [28] - 3564:9, 3566:14, 3567:10, 3567:25, 3571:18, 3573:9, 3573:11, 3573:12, 3573:17, 3574:22, 3574:23, 3575:5, 3575:8, 3575:13, 3579:8, 3591:23, 3592:1, 3592:9, 3592:10, 3592:16, 3593:21, 3594:1, 3594:23, 3595:1, 3595:8, 3595:23, 3596:19, 3598:5
**factors** [2] - 3570:10, 3571:2
**facts** [23] - 3562:25, 3563:5, 3564:5, 3564:8, 3564:11, 3567:8, 3567:12, 3572:16,

3573:2, 3574:16, 3575:13, 3575:16, 3576:13, 3576:15, 3576:18, 3578:19, 3578:24, 3579:8, 3591:12, 3596:13, 3597:24, 3601:24
**failed** [1] - 3566:9
**failure** [7] - 3569:15, 3574:10, 3574:11, 3575:19, 3586:16, 3586:17, 3586:22
**fair** [4] - 3562:3, 3563:8, 3580:23, 3581:3
**fairly** [2] - 3564:14, 3570:13
**faith** [4] - 3579:6, 3579:7, 3579:10, 3579:14
**falling** [2] - 3567:16, 3567:18
**false** [4] - 3574:16, 3575:15, 3575:18, 3576:1
**falsehood** [1] - 3569:20
**falsely** [1] - 3571:10
**falsified** [1] - 3573:1
**falsifying** [1] - 3572:15
**familiar** [1] - 3581:6
**FARA** [12] - 3572:17, 3573:2, 3574:2, 3575:1, 3575:3, 3575:7, 3576:6, 3576:11, 3576:16, 3577:1, 3579:9, 3601:25
**fashion** [1] - 3582:17
**favor** [1] - 3568:1
**favoritism** [1] - 3563:6
**fear** [1] - 3563:6
**Fernando** [2] - 3559:12, 3561:7
**fernando.campoamor** [1] - 3559:16
**fernando.campoamor-sanchez@usdoj.gov** [1] - 3559:16
**few** [1] - 3602:13
**fictitious** [1] - 3576:1
**fifth** [1] - 3575:25
**figure** [1] - 3595:14
**file** [2] - 3575:19, 3576:22
**filing** [1] - 3570:19
**finally** [3] - 3578:10, 3581:22, 3585:22
**financed** [1] - 3577:6
**fine** [1] - 3593:12
**firmly** [1] - 3566:22
**first** [9] - 3575:22, 3580:18, 3589:9, 3592:24, 3593:4, 3594:13, 3596:2
**five** [5] - 3573:14, 3582:17, 3586:2, 3588:18, 3589:20
**follow** [3] - 3562:7, 3562:19, 3587:18
**following** [1] - 3573:5
**follows** [2] - 3591:20, 3597:21
**FOR** [2] - 3559:1, 3559:13
**foregoing** [1] - 3603:6
**Foreign** [2] - 3576:8, 3576:20
**foreign** [10] - 3576:13, 3576:22,

3576:24, 3577:1, 3577:4,
3577:6, 3577:8, 3577:11,
3578:11, 3578:12
  **FOREPERSON** [1] - 3602:6
  **foreperson** [10] - 3580:19,
3580:21, 3580:24, 3582:6,
3590:24, 3597:17, 3600:12,
3601:18, 3602:3, 3602:4
  **forgot** [1] - 3598:16
  **form** [9] - 3568:1, 3573:25,
3575:19, 3580:3, 3580:4,
3580:7, 3580:10, 3585:7,
3601:19
  **formal** [1] - 3564:20
  **four** [1] - 3573:12
  **fourth** [2] - 3575:11, 3594:10
  **Fourth** [1] - 3559:14
  **frankly** [1] - 3595:11
  **fraudulent** [1] - 3576:2
  **free** [2] - 3562:21, 3584:14
  **Friday** [1] - 3598:13
  **friendly** [1] - 3589:12
  **friendship** [1] - 3569:2
  **full** [3] - 3568:25, 3581:3,
3603:7
  **function** [2] - 3562:2, 3562:24
  **furnishing** [3] - 3578:4,
3587:16, 3587:19
  **furtherance** [1] - 3592:6
  **future** [1] - 3600:22

## G

  **Gaston** [3] - 3559:13, 3561:7,
3593:2
  **GASTON** [9] - 3590:15,
3592:20, 3592:23, 3593:3,
3593:15, 3593:18, 3594:4,
3594:7, 3595:25
  **Gates** [2] - 3570:14, 3570:16
  **Gates's** [1] - 3570:18
  **gathered** [1] - 3598:16
  **gathering** [1] - 3599:8
  **gender** [1] - 3563:7
  **genuinely** [1] - 3579:11
  **given** [7] - 3580:8, 3580:17,
3581:20, 3585:25, 3587:7,
3587:15, 3594:8
  **government** [30] - 3566:2,
3566:6, 3566:9, 3566:12,
3567:4, 3568:8, 3570:15,
3570:17, 3570:25, 3571:9,
3573:5, 3573:24, 3573:25,
3574:19, 3575:1, 3575:12,
3576:3, 3577:15, 3579:2,
3580:9, 3590:16, 3591:15,
3592:19, 3592:23, 3593:24,
3594:11, 3594:22, 3595:25,
3596:17, 3598:3
  **government's** [3] - 3566:16,

3570:22, 3590:1
  **graphic** [1] - 3577:24
  **graver** [1] - 3567:1
  **greater** [1] - 3568:5
  **Gregory** [7] - 3559:6, 3561:2,
3571:22, 3578:18, 3590:9,
3600:8, 3601:23
  **ground** [2] - 3567:20, 3567:21
  **guard** [1] - 3581:16
  **guess** [2] - 3565:23, 3583:7
  **guesswork** [1] - 3567:3
  **guilt** [7] - 3564:23, 3566:23,
3567:4, 3567:6, 3571:1, 3572:12
  **guilty** [12] - 3566:3, 3566:8,
3566:11, 3566:13, 3572:9,
3572:10, 3573:4, 3579:16,
3591:15, 3596:16, 3598:3,
3602:2
  **Gulland** [1] - 3559:13
  **guys** [1] - 3599:4

## H

  **Haley** [13] - 3562:9, 3562:22,
3581:15, 3584:4, 3584:23,
3585:5, 3585:16, 3585:23,
3588:15, 3597:10, 3598:18,
3601:10, 3601:19
  **half** [1] - 3598:10
  **hand** [3] - 3566:9, 3567:11,
3572:10
  **handled** [1] - 3600:21
  **handwriting** [2] - 3597:18,
3599:25
  **harbored** [1] - 3579:7
  **head** [1] - 3594:18
  **heads** [1] - 3601:17
  **healthy** [1] - 3583:23
  **hear** [2] - 3569:14, 3598:9
  **heard** [2] - 3570:14, 3576:13
  **heavily** [1] - 3570:10
  **held** [2] - 3579:11, 3579:14
  **HELD** [1] - 3559:9
  **help** [1] - 3580:25
  **helpful** [2] - 3589:5, 3600:22
  **helps** [1] - 3576:20, 3603:5
  **hereby** [2] - 3576:20, 3603:5
  **herself** [1] - 3570:3
  **hesitate** [1] - 3567:1
  **highly** [1] - 3566:15
  **hold** [1] - 3565:3
  **honest** [3] - 3566:21, 3571:23,
3572:2
  **honestly** [1] - 3579:10
  **honesty** [1] - 3571:25
  **Honor** [25] - 3561:1, 3561:3,
3561:6, 3561:11, 3561:18,
3585:2, 3586:4, 3587:14,
3588:8, 3588:12, 3588:20,
3590:8, 3590:15, 3591:19,

3592:24, 3595:19, 3596:8,
3596:23, 3597:4, 3599:9,
3600:4, 3600:7, 3601:7,
3601:13, 3602:22
  **HONORABLE** [1] - 3559:9
  **hostility** [1] - 3569:3
  **hour** [1] - 3599:1
  **Hubbell** [1] - 3592:5

## I

  **identification** [1] - 3580:16
  **identify** [1] - 3561:4
  **ignore** [5] - 3562:6, 3562:19,
3563:12, 3565:8, 3565:11
  **III** [1] - 3559:21
  **imaginary** [1] - 3567:2
  **impair** [1] - 3569:6
  **impartial** [1] - 3566:21
  **implies** [1] - 3566:18
  **importance** [1] - 3596:5
  **important** [5] - 3564:15, 3567:1,
3569:18, 3574:1, 3588:14
  **impose** [1] - 3570:21
  **imposing** [2] - 3570:20,
3579:20
  **impresses** [2] - 3568:22,
3568:23
  **improbability** [1] - 3569:22
  **improperly** [1] - 3563:6
  **improve** [1] - 3569:6
  **IN** [1] - 3559:1
  **inadvertently** [1] - 3581:13
  **incident** [1] - 3569:14
  **include** [1] - 3595:5
  **includes** [7] - 3576:23, 3577:2,
3577:17, 3577:22, 3578:3,
3581:24, 3587:15
  **including** [4] - 3569:5, 3572:4,
3577:25, 3587:20
  **inconsistencies** [1] - 3569:11
  **inconsistency** [2] - 3569:17,
3569:19
  **independent** [1] - 3582:1
  **indicate** [2] - 3572:1, 3578:20
  **indicated** [1] - 3563:11
  **indicating** [2] - 3563:10,
3600:11
  **indictment** [6] - 3564:20,
3564:21, 3572:14, 3572:23,
3590:21, 3597:18
  **indirectly** [2] - 3577:18,
3577:23
  **individual** [1] - 3601:1
  **individuals** [1] - 3574:1
  **indulge** [1] - 3602:10
  **infer** [3] - 3578:16, 3578:21
  **inference** [1] - 3564:23
  **inferences** [2] - 3564:12,
3567:12

3610

**influence** [4] - 3574:24, 3577:14, 3578:8, 3579:19
**influenced** [3] - 3563:7, 3575:2, 3575:4
**influencing** [2] - 3574:24, 3575:6
**information** [15] - 3574:7, 3574:9, 3574:11, 3575:20, 3577:10, 3577:25, 3578:3, 3578:5, 3587:6, 3587:8, 3587:12, 3587:17, 3587:20, 3588:9, 3601:4
**information-service** [5] - 3577:10, 3578:3, 3587:6, 3587:8, 3588:9
**informing** [1] - 3577:18
**initial** [1] - 3594:3
**innocence** [2] - 3566:1, 3566:5
**innocent** [3] - 3566:1, 3569:15, 3569:20
**inquiries** [2] - 3574:2, 3574:4
**insert** [1] - 3591:22
**instruct** [4] - 3562:4, 3562:5, 3584:8, 3586:3
**instructed** [6] - 3574:23, 3575:7, 3576:20, 3591:14, 3596:16, 3598:2
**instructing** [1] - 3574:5
**instruction** [12] - 3581:20, 3582:23, 3584:10, 3586:8, 3586:25, 3587:6, 3587:25, 3588:2, 3588:9, 3591:20, 3594:3
**instructions** [23] - 3561:17, 3562:6, 3562:9, 3562:16, 3562:17, 3562:18, 3562:19, 3562:20, 3562:22, 3580:7, 3580:9, 3583:1, 3583:2, 3583:3, 3584:16, 3585:9, 3586:12, 3586:16, 3594:8, 3595:10, 3595:15, 3598:9, 3599:15
**intended** [3] - 3564:17, 3578:8, 3587:3
**intends** [1] - 3577:14, 3578:22
**intense** [1] - 3589:24
**intent** [3] - 3578:14, 3578:16, 3578:20
**intentional** [1] - 3569:20
**intentionally** [1] - 3578:23
**interest** [5] - 3562:12, 3569:2, 3571:7, 3571:18, 3577:11
**interests** [2] - 3577:8, 3577:20
**internet** [4] - 3581:8, 3582:3, 3584:10, 3584:12
**interpreted** [1] - 3587:19
**introduced** [1] - 3571:22
**investigation** [1] - 3582:1
**invite** [1] - 3581:2
**involves** [1] - 3576:17
**irrelevant** [2] - 3565:17, 3587:11

**issue** [9] - 3582:18, 3583:8, 3583:9, 3591:6, 3593:7, 3593:16, 3595:13, 3597:22
**issues** [1] - 3586:21
**itself** [1] - 3580:4

## J

**JACKSON** [1] - 3559:9
**James** [1] - 3559:20
**JANICE** [1] - 3603:5
**Janice** [2] - 3560:7, 3603:13
**January** [7] - 3572:18, 3572:24, 3590:22, 3591:12, 3596:14, 3597:19, 3597:25
**Jason** [2] - 3559:17, 3561:7
**jason.mccullough@usdoj.gov** [1] - 3559:19
**judge** [4] - 3570:19, 3570:20, 3570:21
**JUDGE** [2] - 3559:9, 3559:10
**judgement** [1] - 3571:13
**judges** [3] - 3562:25, 3568:11, 3599:18
**judging** [1] - 3568:14
**judgment** [5] - 3564:14, 3568:18, 3570:13, 3571:21, 3579:24
**June** [7] - 3572:18, 3572:24, 3590:21, 3591:12, 3596:14, 3597:19, 3597:25
**Junghans** [2] - 3560:1, 3561:12
**jurisdiction** [5] - 3572:17, 3573:2, 3573:17, 3576:5, 3601:25
**juror** [2] - 3579:25, 3581:2, 3583:12, 3584:7, 3598:11, 3598:15
**JUROR** [1] - 3585:2
**JURORS** [1] - 3601:17
**jurors** [17] - 3561:22, 3561:24, 3563:17, 3563:23, 3581:14, 3582:13, 3583:19, 3584:1, 3585:1, 3585:3, 3585:13, 3589:5, 3589:11, 3598:24, 3600:18, 3601:11, 3602:17
**JURY** [2] - 3559:4, 3559:8
**jury** [44] - 3561:16, 3562:24, 3563:19, 3580:12, 3580:18, 3581:19, 3581:23, 3582:7, 3582:9, 3582:15, 3583:17, 3584:6, 3584:16, 3584:22, 3585:6, 3585:11, 3585:17, 3585:20, 3586:5, 3586:8, 3586:11, 3586:23, 3587:19, 3588:15, 3588:23, 3590:12, 3590:20, 3597:15, 3598:12, 3598:19, 3600:11, 3600:12, 3600:14, 3600:16, 3600:19, 3601:5, 3601:12, 3601:14,

3602:1, 3602:5, 3602:9, 3602:12
**jury's** [6] - 3591:6, 3591:8, 3593:7, 3593:16, 3595:13, 3597:23
**Justice** [2] - 3559:17, 3576:24
**justified** [1] - 3564:12

## K

**keep** [2] - 3580:15, 3583:12
**keeping** [1] - 3598:21
**kind** [5] - 3562:10, 3564:22, 3566:24, 3570:22, 3577:25
**knowing** [2] - 3576:1, 3578:15
**knowingly** [6] - 3572:15, 3572:25, 3573:14, 3575:25, 3576:14, 3601:23
**knowledge** [5] - 3567:10, 3576:3, 3578:14, 3578:17, 3578:20

## L

**lack** [1] - 3566:20
**language** [3] - 3591:2, 3594:16, 3595:6
**last** [3] - 3583:17, 3587:12, 3598:8
**law** [13] - 3562:4, 3562:5, 3566:4, 3567:24, 3567:25, 3571:23, 3578:10, 3579:6, 3580:8, 3591:14, 3596:16, 3598:2
**lawyer** [2] - 3565:2, 3565:3
**lawyer's** [2] - 3565:4, 3565:8
**lawyering** [1] - 3590:4
**lawyers** [5] - 3564:16, 3564:19, 3564:25, 3570:9, 3590:5
**lead** [1] - 3594:5
**learned** [1] - 3598:11
**least** [11] - 3573:7, 3575:10, 3575:24, 3589:2, 3591:17, 3591:22, 3593:21, 3594:15, 3596:7, 3596:19, 3598:6
**leave** [9] - 3574:16, 3584:2, 3585:3, 3585:13, 3585:21, 3589:18, 3598:24, 3602:11, 3602:17
**lectern** [1] - 3561:4
**lectures** [1] - 3578:1
**left** [1] - 3583:7
**legal** [9] - 3573:10, 3574:14, 3591:6, 3591:7, 3593:7, 3593:16, 3595:13, 3595:23, 3597:22
**length** [1] - 3585:25
**lenient** [1] - 3570:20
**life** [1] - 3567:2
**light** [1] - 3564:12
**likelihood** [1] - 3584:12

**likely** [1] - 3566:14
**limitations** [1] - 3592:4
**line** [3] - 3591:20, 3593:19, 3596:23
**list** [2] - 3585:19, 3588:14
**listed** [2] - 3571:2, 3575:22
**listen** [2] - 3581:10, 3581:11
**listened** [1] - 3587:21
**LLP** [2] - 3559:22, 3560:2
**looked** [2] - 3567:15, 3567:19
**lunch** [5] - 3581:11, 3597:9, 3597:11, 3598:25, 3599:4

## M

**maker** [1] - 3575:6
**makers** [1] - 3574:21
**manner** [2] - 3562:3, 3568:21
**Marcus** [2] - 3560:1, 3561:12
**marked** [2] - 3580:15, 3589:23
**marshal** [2] - 3582:6, 3582:13
**material** [28] - 3572:16, 3573:2, 3573:11, 3573:16, 3574:22, 3574:23, 3575:8, 3575:13, 3576:15, 3576:18, 3579:8, 3591:11, 3591:23, 3592:1, 3592:9, 3592:10, 3592:15, 3593:21, 3593:25, 3594:23, 3595:1, 3595:7, 3595:23, 3596:13, 3596:19, 3597:24, 3598:5, 3601:24
**mathematical** [1] - 3567:5
**matter** [17] - 3569:18, 3570:11, 3572:17, 3573:17, 3576:5, 3576:7, 3577:20, 3577:25, 3579:23, 3582:9, 3582:16, 3591:7, 3591:14, 3596:10, 3596:16, 3598:2, 3601:24
**matters** [5] - 3567:2, 3568:16, 3569:1, 3602:14, 3602:19
**McCullough** [2] - 3559:17, 3561:7
**MD** [1] - 3559:23
**mean** [3] - 3587:19, 3592:17, 3599:15
**meaning** [1] - 3579:6
**means** [6] - 3567:25, 3568:14, 3577:12, 3578:1, 3582:2, 3582:14
**meant** [1] - 3580:10
**media** [1] - 3581:9
**member** [2] - 3582:7, 3582:9
**members** [4] - 3582:6, 3583:17, 3601:14, 3602:1
**memory** [7] - 3563:15, 3563:16, 3563:22, 3563:23, 3563:24, 3568:23, 3569:4
**mentioned** [1] - 3585:10
**mere** [2] - 3574:10, 3575:19
**merely** [3] - 3564:20, 3571:16,

3574:10
**merits** [1] - 3582:9
**might** [2] - 3570:21, 3586:1
**mind** [3] - 3579:4, 3580:15, 3582:11
**mindful** [1] - 3580:22
**Ministry** [1] - 3576:24
**mislead** [1] - 3574:21
**misleading** [4] - 3574:16, 3575:15, 3575:16, 3587:22
**misrecollection** [1] - 3569:15
**Miss** [1] - 3593:2
**mission** [1] - 3580:23
**modifies** [2] - 3580:8, 3588:2
**modify** [2] - 3588:2, 3591:20
**Molly** [2] - 3559:13, 3561:7
**molly.gaston@usdoj.gov** [1] - 3559:16
**Monday** [1] - 3598:21
**morning** [6] - 3561:6, 3561:10, 3561:11, 3561:14, 3561:23, 3598:17
**most** [2] - 3570:10, 3588:14
**motion** [1] - 3578:2
**motivated** [1] - 3571:10
**motive** [1] - 3568:24
**MR** [44] - 3561:6, 3561:11, 3561:18, 3561:20, 3583:1, 3583:4, 3583:9, 3583:11, 3583:13, 3583:14, 3586:4, 3586:9, 3586:13, 3586:15, 3586:21, 3587:14, 3588:5, 3588:8, 3588:12, 3588:20, 3589:16, 3590:18, 3590:19, 3591:19, 3592:12, 3592:15, 3593:2, 3593:12, 3594:2, 3594:6, 3595:5, 3595:16, 3595:19, 3596:8, 3596:23, 3597:3, 3599:6, 3599:9, 3599:14, 3599:21, 3600:4, 3601:7, 3601:8, 3602:22
**MS** [9] - 3590:15, 3592:20, 3592:23, 3593:3, 3593:15, 3593:18, 3594:4, 3594:7, 3595:25
**multiple** [1] - 3595:2
**Murphy** [3] - 3559:20, 3561:12, 3596:7
**MURPHY** [4] - 3590:19, 3596:8, 3596:23, 3602:22
**must** [33] - 3564:21, 3565:3, 3565:9, 3566:16, 3566:17, 3568:9, 3575:8, 3575:9, 3575:12, 3575:14, 3575:22, 3576:3, 3576:22, 3578:13, 3579:16, 3579:24, 3579:25, 3580:1, 3580:9, 3581:10, 3581:11, 3583:18, 3584:8, 3586:23, 3591:15, 3592:2, 3593:24, 3594:11, 3594:14,

3594:21, 3595:17, 3596:17, 3598:3
**mutual** [1] - 3581:1

## N

**name** [2] - 3566:18, 3584:3
**natural** [3] - 3574:23, 3575:5, 3578:22
**near** [1] - 3572:22
**necessarily** [2] - 3581:6, 3585:23
**necessary** [3] - 3566:14, 3579:3, 3582:4
**need** [16] - 3572:19, 3584:5, 3584:15, 3585:18, 3585:21, 3591:13, 3594:4, 3594:7, 3594:19, 3595:9, 3595:11, 3596:15, 3598:1, 3599:23, 3599:24, 3602:8
**needed** [1] - 3575:16
**needs** [1] - 3592:9
**never** [5] - 3566:4, 3582:8, 3582:11, 3582:14, 3599:17
**new** [1] - 3588:22
**newspaper** [1] - 3581:7
**newspapers** [1] - 3578:1
**NO** [1] - 3585:2
**note** [15] - 3561:14, 3561:23, 3562:21, 3582:5, 3582:8, 3582:15, 3590:11, 3590:17, 3590:20, 3597:7, 3597:17, 3599:12, 3599:19, 3600:10, 3601:15
**notebook** [1] - 3584:3
**notebooks** [2] - 3563:18, 3585:8
**noted** [4] - 3572:23, 3582:23, 3588:3, 3588:11
**notes** [5] - 3563:18, 3563:21, 3563:24, 3563:25, 3603:7
**notetaker's** [1] - 3563:25
**nothing** [5] - 3580:5, 3580:7, 3580:8, 3583:21, 3589:8
**Notwithstanding** [1] - 3572:7
**number** [5] - 3565:14, 3583:12, 3584:4, 3590:9, 3600:8
**numbered** [1] - 3595:6
**numbers** [1] - 3585:16
**NW** [5] - 3559:14, 3559:18, 3560:2, 3560:8, 3603:14

## O

**o'clock** [2] - 3599:3, 3599:5
**object** [5] - 3565:5, 3586:15, 3586:17, 3586:22, 3586:24
**objected** [2] - 3564:25, 3588:8
**objecting** [1] - 3565:2
**objection** [6] - 3565:8, 3583:5,

3586:11, 3587:4, 3587:23, 3588:3

**objections** [5] - 3565:3, 3582:23, 3582:24, 3586:5, 3586:7

**obligation** [1] - 3571:4

**observe** [1] - 3568:25

**observed** [2] - 3568:16, 3584:19

**obviously** [1] - 3590:25

**occasion** [8] - 3573:7, 3575:24, 3591:17, 3591:22, 3593:21, 3594:15, 3596:20, 3598:6

**occurred** [1] - 3565:17

**October** [16] - 3573:7, 3575:24, 3590:23, 3591:4, 3591:17, 3592:2, 3592:25, 3593:6, 3593:15, 3593:22, 3594:1, 3595:12, 3596:20, 3597:20, 3597:22, 3598:6

**OF** [4] - 3559:1, 3559:8, 3559:14, 3603:2

**offense** [8] - 3566:7, 3566:10, 3572:14, 3572:20, 3572:21, 3590:22, 3593:22, 3597:20

**offer** [1] - 3574:7

**offered** [1] - 3565:1

**office** [1] - 3584:23

**OFFICE** [1] - 3559:13

**official** [2] - 3577:14, 3578:9

**OFFICIAL** [1] - 3603:2

**Official** [2] - 3560:7, 3603:13

**omissions** [2] - 3565:20, 3594:17

**omit** [1] - 3574:16

**omitted** [1] - 3582:25

**omitting** [1] - 3575:16

**one** [29] - 3562:1, 3566:16, 3567:15, 3568:1, 3570:8, 3570:14, 3573:7, 3575:10, 3575:17, 3575:24, 3578:12, 3579:10, 3581:7, 3582:6, 3582:17, 3588:5, 3591:17, 3591:22, 3592:20, 3593:21, 3594:15, 3596:9, 3596:19, 3598:6, 3598:11, 3601:1, 3601:2, 3602:10

**open** [3] - 3582:10, 3582:15, 3583:16

**opinion** [4] - 3563:11, 3570:11, 3571:23, 3580:6

**opinions** [1] - 3575:9

**opportunity** [5] - 3568:25, 3589:7, 3589:15, 3601:1, 3602:12

**oral** [1] - 3577:24

**orally** [2] - 3582:10, 3599:13

**order** [5] - 3577:3, 3579:25, 3591:14, 3596:16, 3598:2

**orderly** [1] - 3562:3

**ordinarily** [2] - 3578:14, 3585:22

**organizations** [1] - 3574:2

**organize** [1] - 3580:25

**origin** [1] - 3563:7

**original** [1] - 3595:21

**originally** [1] - 3598:15

**originals** [1] - 3589:2

**otherwise** [3] - 3570:21, 3578:2, 3597:7

**outcome** [2] - 3569:2, 3571:19

**outside** [6] - 3581:17, 3591:6, 3593:7, 3593:16, 3595:13, 3597:22

**own** [5] - 3563:15, 3563:23, 3563:24, 3563:25, 3571:15

---

# P

**p.m** [3] - 3585:25, 3590:12, 3598:20

**page** [1] - 3584:3

**paid** [2] - 3584:19, 3602:16

**paper** [4] - 3588:24, 3589:4, 3589:5, 3589:6

**papers** [1] - 3570:19

**paragraph** [1] - 3596:24

**paralegal** [1] - 3561:8

**part** [2] - 3565:12, 3584:16

**particular** [6] - 3562:18, 3568:2, 3573:24, 3574:14, 3574:19, 3575:3

**particularly** [1] - 3586:21

**parties** [4] - 3564:6, 3564:7, 3600:13, 3602:19

**parts** [2] - 3565:15, 3565:18

**party** [1] - 3565:4

**passive** [2] - 3575:19, 3595:3

**past** [1] - 3600:24

**Paula** [2] - 3560:1, 3561:12

**pause** [2] - 3588:7, 3592:22

**pay** [1] - 3562:11

**penalty** [1] - 3571:5

**Pennsylvania** [1] - 3559:18

**penultimate** [1] - 3593:19

**people** [6] - 3569:3, 3589:3, 3589:4, 3589:24, 3589:25, 3600:15

**percent** [1] - 3585:19

**periodicals** [1] - 3578:1

**perjury** [1] - 3571:5

**permitted** [4] - 3563:17, 3564:10, 3568:3, 3570:22

**person** [23] - 3562:10, 3564:21, 3566:25, 3567:15, 3568:22, 3572:2, 3573:22, 3574:13, 3574:18, 3575:4, 3576:21, 3577:2, 3577:5, 3577:13, 3577:18, 3577:22, 3578:4, 3578:15, 3578:22, 3582:2,

3582:12, 3587:15

**personal** [2] - 3563:25, 3583:21

**personally** [1] - 3602:13

**persons** [1] - 3569:14

**persuade** [1] - 3574:19

**pertain** [1] - 3584:16

**pertaining** [1] - 3577:20

**pertains** [1] - 3569:18

**phone** [2] - 3584:4, 3585:16

**physical** [1] - 3597:5

**pictorial** [1] - 3577:24

**pictures** [1] - 3578:2

**pjunghans@zuckerman.com** [1] - 3560:4

**places** [1] - 3595:3

**Plaintiff** [2] - 3559:4, 3559:12

**play** [1] - 3565:12

**plea** [5] - 3570:15, 3570:23, 3571:4, 3571:8, 3571:11

**pleasure** [2] - 3590:4, 3590:5

**point** [8] - 3562:8, 3565:22, 3582:24, 3585:10, 3587:10, 3588:13, 3590:2, 3599:17

**policies** [1] - 3577:21

**political** [4] - 3577:7, 3577:12, 3577:20, 3578:6

**portion** [1] - 3562:18

**portions** [1] - 3565:22

**posed** [1] - 3573:24

**possibility** [1] - 3584:7

**possible** [2] - 3579:17, 3584:5

**power** [1] - 3576:7

**powerful** [1] - 3566:17

**practice** [1] - 3600:18

**Pratt** [1] - 3559:22

**prefer** [3] - 3583:12, 3589:3, 3589:4

**prejudice** [2] - 3563:5, 3570:5

**prejudiced** [1] - 3570:3

**present** [6] - 3561:3, 3561:15, 3561:24, 3590:10, 3600:9, 3601:12

**presented** [2] - 3568:7, 3581:12

**preserve** [1] - 3587:3

**preside** [2] - 3580:19, 3590:5

**presumed** [1] - 3565:25

**presumption** [1] - 3566:1

**pretty** [2] - 3586:10, 3586:13

**principal** [11] - 3576:22, 3576:25, 3577:2, 3577:5, 3577:6, 3577:8, 3577:11, 3577:19, 3577:21, 3578:11, 3578:13

**probability** [1] - 3569:22

**probable** [2] - 3566:15, 3578:22

**problem** [4] - 3592:8, 3592:19, 3595:4, 3596:11

**procedural** [1] - 3602:14

**proceedings** [1] - 3603:8

**process** [3] - 3583:21, 3584:25, 3585:21
**produce** [1] - 3566:5
**professionalism** [1] - 3590:5
**professionally** [1] - 3590:2
**promote** [1] - 3581:3
**prompts** [1] - 3593:8
**proof** [2] - 3566:16, 3572:18
**proper** [1] - 3565:2
**properly** [2] - 3564:3, 3582:23
**proposals** [1] - 3592:23
**propose** [1] - 3591:9
**proposed** [1] - 3596:1
**proposing** [1] - 3591:1
**prove** [12] - 3566:5, 3566:9, 3566:14, 3567:4, 3567:6, 3575:2, 3575:11, 3576:2, 3576:3, 3580:10, 3586:23, 3594:10
**proved** [14] - 3566:3, 3568:8, 3570:25, 3578:15, 3579:2, 3591:13, 3591:15, 3592:2, 3593:24, 3594:22, 3596:15, 3596:17, 3598:1, 3598:3
**proven** [3] - 3564:11, 3566:6, 3573:5
**provided** [3] - 3562:15, 3580:3, 3594:9
**provides** [2] - 3576:21, 3578:12
**providing** [1] - 3596:1
**proving** [2] - 3566:12, 3567:25
**provision** [1] - 3576:11
**public** [7] - 3576:22, 3577:9, 3577:15, 3577:17, 3577:19, 3577:20, 3578:6
**publication** [2] - 3577:23, 3577:25
**publicity** [3] - 3577:10, 3577:22, 3581:13
**publishing** [3] - 3578:5, 3587:16, 3587:20
**punishment** [2] - 3579:17, 3579:23
**pursuant** [1] - 3570:15
**put** [2] - 3586:4, 3588:23
**putting** [1] - 3596:11

## Q

**quality** [1] - 3590:3
**questions** [7] - 3562:3, 3562:20, 3564:18, 3573:24, 3574:2, 3574:6, 3574:11
**quickly** [1] - 3599:8

## R

**race** [1] - 3563:7
**radio** [1] - 3581:7
**random** [1] - 3583:20

**rather** [2] - 3592:24, 3593:4
**reach** [2] - 3580:23, 3585:16
**reached** [3] - 3582:14, 3600:11, 3601:15
**reaching** [2] - 3568:6, 3580:17
**reaction** [1] - 3600:16
**read** [16] - 3562:10, 3562:11, 3562:12, 3581:10, 3581:11, 3582:25, 3588:1, 3590:12, 3596:21, 3597:2, 3597:3, 3597:6, 3597:13, 3599:10
**reading** [3] - 3562:12, 3583:2, 3583:4
**ready** [1] - 3561:16
**really** [1] - 3595:10
**reason** [10] - 3566:19, 3567:4, 3591:5, 3593:6, 3593:14, 3593:15, 3595:12, 3597:21, 3601:6
**reasonable** [28] - 3564:12, 3566:3, 3566:7, 3566:10, 3566:13, 3566:17, 3566:18, 3566:23, 3566:24, 3566:25, 3567:6, 3567:12, 3568:9, 3571:1, 3572:9, 3572:11, 3572:21, 3573:6, 3575:6, 3579:3, 3579:15, 3580:10, 3591:16, 3593:20, 3593:25, 3594:22, 3596:18, 3598:4
**reasonableness** [2] - 3569:21, 3579:11
**reasonably** [1] - 3572:22
**reasons** [2] - 3587:1, 3591:7
**recalled** [1] - 3568:16
**recalling** [2] - 3590:8, 3600:7
**receive** [4] - 3564:14, 3570:13, 3574:2, 3600:14
**received** [5] - 3578:19, 3578:25, 3590:11, 3600:10, 3601:15
**recess** [1] - 3590:7
**Recess** [1] - 3600:6
**recollection** [2] - 3568:23, 3569:16
**recollections** [1] - 3569:8
**record** [11] - 3561:5, 3561:24, 3586:5, 3586:12, 3587:24, 3588:4, 3588:11, 3588:17, 3590:12, 3597:8
**recording** [1] - 3580:11
**redacted** [1] - 3565:21
**refer** [2] - 3562:17
**reference** [1] - 3563:14
**refers** [2] - 3590:22, 3597:20
**reflect** [1] - 3587:24
**reflected** [1] - 3587:21
**reflection** [1] - 3567:1
**refuse** [1] - 3562:7
**regard** [3] - 3586:21, 3587:3
**regarding** [2] - 3580:21, 3581:2
**register** [2] - 3576:13, 3578:13

**Registration** [2] - 3576:9, 3576:21
**registration** [1] - 3576:22
**regret** [1] - 3583:24
**regular** [1] - 3584:7
**regulation** [1] - 3573:25
**rejoin** [1] - 3584:6
**relations** [5] - 3577:9, 3577:17, 3577:20, 3577:21, 3578:7
**release** [1] - 3599:1
**relevant** [2] - 3565:16, 3579:1
**relied** [1] - 3598:12
**rely** [1] - 3563:24
**remained** [1] - 3566:1
**remains** [1] - 3566:1
**remember** [1] - 3569:7
**remind** [2] - 3581:5, 3581:20
**replace** [1] - 3563:23
**replaces** [2] - 3580:7, 3580:8
**report** [2] - 3584:22, 3587:21
**Reporter** [3] - 3560:7, 3560:7, 3603:13
**REPORTER** [1] - 3603:2
**reports** [2] - 3581:7, 3581:11
**represent** [1] - 3579:24
**representative** [1] - 3577:3
**representing** [1] - 3577:19
**represents** [1] - 3565:4
**reputation** [1] - 3571:25
**request** [5] - 3577:4, 3587:5, 3588:24, 3595:5, 3599:14
**requested** [2] - 3586:16, 3586:18
**requests** [1] - 3591:19
**require** [2] - 3566:4, 3568:5
**required** [4] - 3565:17, 3567:4, 3575:1, 3578:21
**requirement** [1] - 3575:21
**research** [2] - 3582:2, 3584:11
**researching** [1] - 3562:1
**respect** [2] - 3573:21, 3581:1
**respond** [3] - 3574:3, 3574:13, 3599:12
**responded** [1] - 3599:11
**responds** [1] - 3573:23
**responses** [1] - 3574:15
**responsibility** [3] - 3563:1, 3563:13, 3565:5
**rest** [3] - 3583:23, 3585:1, 3588:1
**restate** [4] - 3595:15, 3595:21, 3595:22, 3596:4
**rests** [1] - 3579:21
**results** [1] - 3569:19
**retire** [1] - 3581:19
**retires** [1] - 3586:6
**return** [4] - 3562:22, 3579:25, 3580:18, 3600:19
**returned** [1] - 3562:23

**reveal** [1] - 3582:12
**review** [2] - 3589:7, 3589:15
**Richard** [1] - 3570:14
**rise** [3] - 3601:18, 3601:22, 3602:3
**RMR** [2] - 3560:7, 3603:13
**Rohde** [1] - 3561:8
**room** [10] - 3563:19, 3580:12, 3580:18, 3581:19, 3585:6, 3585:11, 3598:19, 3600:19, 3601:5, 3602:12
**Room** [2] - 3560:8, 3603:14
**rule** [3] - 3562:3, 3586:9, 3586:13
**ruled** [1] - 3565:11
**rules** [1] - 3580:21

## S

**Sanchez** [1] - 3559:12
**SANCHEZ** [8] - 3561:6, 3561:18, 3583:11, 3583:14, 3588:20, 3589:16, 3599:21, 3601:7
**sanchez@usdoj.gov** [1] - 3559:16
**save** [1] - 3600:16
**saw** [4] - 3567:16, 3567:18, 3567:19, 3567:20
**scheme** [21] - 3572:16, 3573:1, 3573:13, 3575:11, 3575:18, 3575:20, 3576:15, 3591:11, 3592:4, 3592:6, 3592:14, 3594:1, 3594:11, 3594:17, 3594:19, 3594:23, 3596:13, 3596:24, 3596:25, 3597:24, 3601:25
**scientific** [1] - 3567:5
**screen** [1] - 3589:3
**scribble** [1] - 3599:18
**seated** [2] - 3581:17, 3602:7
**seats** [3] - 3583:21, 3583:22, 3584:1
**second** [5] - 3573:21, 3591:20, 3592:20, 3595:6, 3596:23
**section** [1] - 3577:15
**security** [1] - 3581:16
**see** [6] - 3565:19, 3569:14, 3582:20, 3590:4, 3590:14, 3590:17
**select** [2] - 3580:19, 3580:21
**selected** [1] - 3583:21
**selecting** [1] - 3580:24
**selection** [2] - 3583:20, 3598:12
**send** [6] - 3562:21, 3582:5, 3589:14, 3597:7, 3599:9, 3599:19
**sending** [1] - 3580:12
**sentence** [5] - 3570:20, 3579:20, 3592:25, 3593:4,

3596:2
**sentencing** [1] - 3570:18
**September** [2] - 3559:6, 3603:9
**seriously** [1] - 3595:19
**service** [11] - 3577:10, 3578:3, 3584:18, 3584:21, 3587:6, 3587:8, 3588:9, 3600:20, 3600:21, 3602:13, 3602:14
**seven** [1] - 3582:16
**shifts** [1] - 3566:4
**shortly** [1] - 3585:7
**show** [2] - 3575:12, 3594:11
**shown** [1] - 3570:2
**side** [5] - 3565:1, 3570:3, 3589:25, 3590:1, 3596:6
**sides** [2] - 3590:13, 3590:14
**signed** [3] - 3582:6, 3582:8, 3590:24
**significance** [4] - 3591:5, 3593:1, 3593:5, 3593:8
**silent** [1] - 3574:10
**similarly** [1] - 3564:18
**simply** [4] - 3587:15, 3593:6, 3593:20, 3596:1
**sitting** [1] - 3598:13
**six** [3] - 3573:16, 3582:16
**sixth** [1] - 3576:5
**sleep** [1] - 3567:20
**small** [1] - 3584:14
**snow** [4] - 3567:16, 3567:18, 3567:20
**snowed** [1] - 3567:22
**sole** [3] - 3562:25, 3563:12, 3568:11
**solely** [3] - 3563:8, 3579:22, 3581:12
**someone** [1] - 3574:8
**sometimes** [4] - 3564:25, 3565:15, 3565:20, 3565:21
**soon** [1] - 3581:15
**sorry** [4] - 3561:21, 3583:1, 3593:2, 3594:6
**sound** [1] - 3581:5
**sounded** [1] - 3591:8
**SPAEDER** [2] - 3559:22, 3560:2
**specialist** [1] - 3561:8
**specific** [4] - 3573:23, 3574:13, 3580:20, 3586:13
**specifically** [1] - 3586:22
**speculate** [1] - 3565:9
**speculation** [1] - 3567:3
**spokesperson** [1] - 3580:20
**stand** [1] - 3568:21
**started** [2] - 3585:20, 3588:16
**state** [2] - 3579:3, 3587:23
**statement** [9] - 3565:18, 3565:19, 3575:2, 3575:16, 3575:18, 3576:1, 3576:22, 3578:18, 3598:12

**statements** [3] - 3564:16, 3574:20, 3575:15
**STATES** [2] - 3559:1, 3559:10
**States** [14] - 3559:3, 3560:8, 3561:2, 3561:8, 3573:18, 3576:6, 3577:7, 3577:9, 3577:15, 3577:16, 3578:7, 3578:8, 3590:9, 3600:8
**statute** [10] - 3573:25, 3576:11, 3576:17, 3578:6, 3578:12, 3587:8, 3587:12, 3592:2, 3592:4, 3592:7
**stenograph** [1] - 3603:7
**step** [3] - 3575:14, 3592:6, 3602:11
**still** [4] - 3583:12, 3584:8, 3584:11, 3585:24
**stipulated** [2] - 3564:6, 3564:8
**stipulation** [1] - 3564:9
**Street** [3] - 3559:14, 3559:22, 3560:2
**stricken** [1] - 3565:11
**strike** [1] - 3591:21
**stuff** [1] - 3589:3
**subject** [2] - 3573:25, 3576:16
**substitute** [1] - 3599:13
**sufficient** [2] - 3572:20, 3592:1
**suggest** [2] - 3580:6, 3593:19
**suggested** [1] - 3593:19
**Suite** [2] - 3559:23, 3560:3
**summon** [1] - 3584:6
**supervised** [1] - 3577:5
**support** [1] - 3595:25
**supported** [1] - 3569:25
**surrounding** [2] - 3569:5, 3578:17
**sustained** [1] - 3565:7
**sworn** [1] - 3564:4
**sympathy** [1] - 3563:6
**system** [2] - 3588:22, 3589:10

## T

**task** [1] - 3580:22
**Taylor** [4] - 3559:21, 3561:11, 3583:11, 3593:18
**TAYLOR** [32] - 3561:11, 3561:20, 3583:1, 3583:4, 3583:9, 3583:13, 3586:4, 3586:9, 3586:13, 3586:15, 3586:21, 3587:14, 3588:5, 3588:8, 3588:12, 3590:18, 3591:19, 3592:12, 3592:15, 3593:2, 3593:12, 3594:2, 3594:6, 3595:5, 3595:16, 3595:19, 3597:3, 3599:6, 3599:9, 3599:14, 3600:4, 3601:8
**tear** [1] - 3584:2
**television** [1] - 3581:8
**tempted** [1] - 3581:10

**tendency** [2] - 3574:24, 3575:5
**term** [4] - 3577:12, 3577:17, 3577:22, 3578:3
**testified** [5] - 3567:17, 3568:10, 3568:15, 3568:17, 3569:1
**testify** [4] - 3570:16, 3571:10, 3571:15
**testifying** [1] - 3568:21
**testimony** [20] - 3564:4, 3564:6, 3567:11, 3567:17, 3567:21, 3568:10, 3569:11, 3569:12, 3569:13, 3569:23, 3570:5, 3570:12, 3570:23, 3571:11, 3571:13, 3571:16, 3571:17, 3571:19, 3571:20, 3571:22
**text** [2] - 3581:25, 3582:23
**THE** [74] - 3559:1, 3559:1, 3559:9, 3559:13, 3561:1, 3561:10, 3561:14, 3561:19, 3561:21, 3561:23, 3582:22, 3583:2, 3583:6, 3583:10, 3583:15, 3583:17, 3585:5, 3585:14, 3586:7, 3586:10, 3586:14, 3586:20, 3587:9, 3587:23, 3588:6, 3588:11, 3588:13, 3588:17, 3588:19, 3589:6, 3589:17, 3589:19, 3589:21, 3590:8, 3590:11, 3590:16, 3590:20, 3592:3, 3592:13, 3592:17, 3592:21, 3593:9, 3593:13, 3593:17, 3593:23, 3594:10, 3595:9, 3595:18, 3596:3, 3596:10, 3597:1, 3597:5, 3597:11, 3597:13, 3597:16, 3598:25, 3599:2, 3599:3, 3599:7, 3599:11, 3599:17, 3599:24, 3600:5, 3600:7, 3600:10, 3601:9, 3601:12, 3601:14, 3601:17, 3601:18, 3601:21, 3602:6, 3602:7, 3602:18
**thereafter** [1] - 3587:10
**therefore** [1] - 3571:12
**they've** [3] - 3594:8, 3599:16, 3600:11
**thinking** [2] - 3578:16, 3591:3
**third** [1] - 3574:22
**thoughtful** [1] - 3566:25
**three** [1] - 3573:11
**throughout** [2] - 3566:2, 3566:4
**Thursday** [3] - 3598:8, 3598:11, 3598:13
**tinker** [1] - 3591:3
**together** [3] - 3579:12, 3579:13, 3596:5
**took** [2] - 3575:14, 3598:19
**topic** [3] - 3573:24, 3574:14, 3574:15
**toward** [1] - 3569:3
**towards** [1] - 3578:8

**tracking** [1] - 3592:17
**tracks** [1] - 3593:22
**transaction** [1] - 3569:4
**TRANSCRIPT** [1] - 3559:8
**transcript** [2] - 3603:6, 3603:7
**trial** [19] - 3562:2, 3563:2, 3563:17, 3563:21, 3564:3, 3564:7, 3565:7, 3565:14, 3566:2, 3566:4, 3570:4, 3571:19, 3578:25, 3581:13, 3581:21, 3583:20, 3584:21, 3589:23
**TRIAL** [2] - 3559:4, 3559:8
**trick** [9] - 3572:16, 3573:1, 3573:13, 3575:11, 3576:15, 3594:1, 3594:11, 3594:23, 3601:25
**troubled** [1] - 3596:4
**true** [4] - 3566:14, 3569:24, 3603:6, 3603:7
**truth** [4] - 3566:15, 3568:24, 3570:7, 3571:4
**truthful** [4] - 3568:22, 3571:23, 3572:2, 3574:15
**truthfully** [2] - 3568:15, 3570:16
**truthfulness** [1] - 3571:25
**try** [1] - 3582:7
**trying** [1] - 3595:10
**turn** [2] - 3570:23, 3584:23
**two** [9] - 3567:7, 3569:13, 3573:9, 3583:21, 3584:2, 3585:3, 3592:23, 3596:5, 3599:4
**types** [2] - 3567:7, 3571:8

## U

**U.S** [2] - 3559:13, 3559:17
**Ukraine** [1] - 3576:24
**unanimous** [3] - 3580:2, 3582:14, 3602:4
**unanimously** [2] - 3575:22, 3602:1
**uncommon** [1] - 3569:16
**under** [9] - 3569:9, 3571:4, 3571:5, 3577:4, 3582:11, 3591:10, 3592:5, 3596:12, 3597:23
**understood** [1] - 3589:16
**undertake** [1] - 3574:18
**undisputed** [1] - 3564:9
**unimportant** [1] - 3569:18
**Unit** [7] - 3572:17, 3573:3, 3575:3, 3576:6, 3576:16, 3579:9, 3601:25
**unit** [4] - 3574:3, 3575:1, 3575:7
**UNITED** [2] - 3559:1, 3559:10
**United** [14] - 3559:3, 3560:8, 3561:2, 3561:8, 3573:18, 3576:6, 3577:7, 3577:9, 3577:15, 3577:16, 3578:7,

3578:8, 3590:9, 3600:8
**unlawful** [2] - 3576:4, 3579:16
**unlawfully** [1] - 3572:15
**unless** [1] - 3566:2
**unlikely** [2] - 3572:1, 3584:5
**unnecessary** [1] - 3587:11
**unreasonable** [1] - 3579:10
**unreasonableness** [1] - 3569:22
**up** [24] - 3567:21, 3570:8, 3572:16, 3573:1, 3573:9, 3573:12, 3573:16, 3576:15, 3578:24, 3579:8, 3580:21, 3581:2, 3586:1, 3593:21, 3593:25, 3594:23, 3595:1, 3595:7, 3595:23, 3596:18, 3598:5, 3598:21, 3601:24, 3602:19
**user** [1] - 3589:12
**user-friendly** [1] - 3589:12

## V

**venue** [1] - 3583:8
**verdict** [24] - 3562:23, 3563:12, 3568:6, 3579:21, 3579:24, 3579:25, 3580:1, 3580:3, 3580:6, 3580:11, 3580:14, 3580:17, 3580:23, 3582:14, 3584:13, 3585:7, 3600:11, 3600:13, 3600:14, 3601:2, 3601:15, 3601:19, 3601:20
**version** [1] - 3599:10
**via** [1] - 3582:3
**view** [1] - 3599:17
**views** [1] - 3581:3
**violates** [1] - 3592:2
**violating** [2] - 3576:11, 3586:24
**violation** [1] - 3574:9
**visual** [1] - 3577:24
**vital** [1] - 3571:18
**volunteer** [3] - 3574:6, 3574:10, 3575:19
**vote** [3] - 3582:18, 3596:8, 3602:4
**voting** [1] - 3582:13
**vs** [1] - 3559:5

## W

**wait** [1] - 3584:25
**waiting** [1] - 3597:11
**waived** [1] - 3586:11
**Washington** [6] - 3559:6, 3559:15, 3559:18, 3560:3, 3560:9, 3603:15
**watch** [2] - 3581:10, 3581:11
**Wednesday** [1] - 3598:10
**weekend** [1] - 3586:3
**weigh** [1] - 3570:10

**weighing** [2] - 3569:16, 3572:8
**weight** [8] - 3563:2, 3564:13, 3568:2, 3568:4, 3570:12, 3571:13, 3571:21, 3572:5
**whole** [3] - 3562:6, 3562:19, 3588:1
**willfully** [7] - 3572:15, 3572:25, 3573:14, 3576:2, 3576:14, 3579:5, 3601:24
**willfulness** [1] - 3586:22
**William** [2] - 3559:20, 3559:21
**window** [2] - 3567:16, 3567:19
**wish** [1] - 3563:20
**witness** [32] - 3565:10, 3567:9, 3568:12, 3568:13, 3568:15, 3568:17, 3568:19, 3568:20, 3568:21, 3568:22, 3568:24, 3568:25, 3569:1, 3569:9, 3569:12, 3569:23, 3569:24, 3570:2, 3570:5, 3570:6, 3570:12, 3570:14, 3570:24, 3571:3, 3571:5, 3571:6, 3571:9, 3571:11, 3571:20
**witness's** [5] - 3567:10, 3568:14, 3568:21, 3569:4, 3569:6
**witnesses** [8] - 3563:4, 3564:4, 3568:10, 3568:12, 3569:12, 3571:8, 3571:22, 3571:24
**witnessing** [1] - 3569:14
**wmurphy@zuckerman.com** [1] - 3559:24
**woke** [1] - 3567:21
**wonderfully** [1] - 3597:17
**word** [7] - 3565:20, 3588:2, 3594:2, 3594:4, 3594:7, 3594:19, 3596:24
**words** [5] - 3574:8, 3580:1, 3591:21, 3591:23, 3591:25
**worry** [2] - 3593:7, 3599:25
**write** [4] - 3584:3, 3596:22, 3597:7, 3599:24
**writing** [4] - 3582:10, 3582:15, 3599:12, 3599:15
**written** [2] - 3577:24, 3599:10
**wtaylor@zuckerman.com** [1] - 3559:25

## Y

**yesterday** [12] - 3582:24, 3583:7, 3586:17, 3586:18, 3587:4, 3587:5, 3587:9, 3587:24, 3588:4, 3588:9, 3598:17
**yourself** [1] - 3561:5
**yourselves** [1] - 3589:13

## Z

**ZUCKERMAN** [2] - 3559:22, 3560:2